## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

USAMA JAMIL HAMAMA,
ATHEER FAWOZI ALI,
ALI AL-DILAMI,
HABIL NISSAN,
JIHAN ASKER,
MOAYAD JALAL BARASH,
SAMI ISMAEL AL-ISSAWI, on behalf
of themselves and all those similarly
situated,

        Petitioners,

v.

REBECCA ADDUCCI, Director of the
Detroit District of Immigration and
Customs Enforcement,

        Respondent.

Case No. 2:17-cv-11910-MAG-DRG

Hon. Mark A. Goldsmith
Mag. David R. Grand

Class Action

## PETITIONERS' REPLY IN SUPPORT OF MOTION FOR A TEMPORARY RESTRAINING ORDER AND/OR A STAY OF REMOVAL

Michael J. Steinberg (P43085)
Kary L. Moss (P49759)
Bonsitu A. Kitaba (P78822)
Mariam J. Aukerman (P63165)
AMERICAN CIVIL LIBERTIES
 UNION FUND OF MICHIGAN
2966 Woodward Avenue
Detroit, Michigan 48201
(313) 578-6814
msteinberg@aclumich.org

Judy Rabinovitz* (NY Bar JR-1214)
Lee Gelernt (NY Bar NY-8511)
Anand Balakrishnan* (Conn. Bar 430329)
ACLU FOUNDATION
 IMMIGRANTS' RIGHTS PROJECT
125 Broad Street, 18th Floor
New York, NY 10004
(212) 549-2618
jrabinovitz@aclu.org

Kimberly L. Scott (P69706)
Wendolyn Wrosch Richards (P67776)
Cooperating Attorneys, ACLU Fund
 of Michigan
MILLER, CANFIELD, PADDOCK
 & STONE, PLC
101 N. Main St., 7th Floor
Ann Arbor, MI 48104
(734) 668-7696
scott@millercanfield.com

Susan E. Reed (P66950)
MICHIGAN IMMIGRANT RIGHTS
 CENTER
3030 S. 9th St. Suite 1B
Kalamazoo, MI 49009
 (269) 492-7196, ext. 535
susanree@michiganimmigrant.org

Margo Schlanger (N.Y. Bar #2704443)
Samuel R. Bagenstos (P73971)
Cooperating Attorneys, ACLU Fund
 of Michigan
625 South State Street
Ann Arbor, Michigan 48109
734-615-2618
margo.schlanger@gmail.com

Nora Youkhana (P80067)
Nadine Yousif (P80421)
Cooperating Attorneys, ACLU Fund
 of Michigan
CODE LEGAL AID INC.
 27321 Hampden St.
Madison Heights, MI 48071
(248) 894-6197
norayoukhana@gmail.com

*Attorneys for All Petitioners*

\* Application for admission forthcoming.

William W. Swor (P21215)
WILLIAM W. SWOR & ASSOCIATES
1120 Ford Building
615 Griswold Streat
Detroit, MI 48226
wwswor@sworlaw.com
*Attorney for Petitioner Usama Hamama*

In response to Petitioners' Motion for a Temporary Restraining Order/Stay of Removal, the Respondent offers only arguments opposing this Court's jurisdiction. These are wrong for the reasons set out below. Respondent offers no argument whatsoever on the applicability of the factors for entry of an emergency order to preserve the status quo—nothing contesting merits of the claim, the obvious irreparable harm, the balance of the equities, or the public interest. The question before this Court in this emergency posture is not who prevails on the merits or even a final decision as to jurisdiction, but whether Petitioners satisfy the standards for emergency relief. They do—and the stakes for them could not be higher. This TRO stands between them and persecution and torture.

Respondent's jurisdictional argument is wrong because it fails to take into account the precise nature of Petitioners' claims. Petitioners' claims could not have been raised in petitions for review in the court of appeals, because the claims arose *after* their prior administrative processes were completed and are based on current conditions in Iraq. Further, Petitioners are not asking this Court to review an exercise of prosecutorial *discretion*, but instead whether their removal would violate mandatory legal duties imposed by the Constitution and federal law, including the Convention Against Torture (CAT). Given the precise nature of Petitioners' claims, this Court has jurisdiction.  And there is no question that this

1

Court has jurisdiction while determining its own jurisdiction, and to enter a stay to preserve the status quo, thereby preventing irreparable harm to Petitioners.

1. Respondent contends that district courts lack jurisdiction over immigration removal orders. That general rule, however, is subject to a settled and constitutionally-required exception: district courts have jurisdiction over claims that could not have been raised in the initial petition for review, and would otherwise go without judicial scrutiny. That is precisely the situation here, where Petitioners claim that their removal, without process, would violate the Constitution and federal law in light of the *current* conditions in Iraq. Thus, the very basis for the claim arose *after* any petition-for-review process was over.

Where a claim could not have been raised by petition for review, district courts have jurisdiction. *See* ECF #11 at pp. 14-17; *Singh v. Gonzales*, 499 F.3d 969, 979 (9th Cir. 2007) (finding jurisdiction over claim based on ineffective assistance of counsel that arose after removal order, explaining that "a successful habeas petition will lead to nothing more than 'a day in court' . . . , which is consistent with Congressional intent underlying the REAL ID Act"); *Ilyabaev v. Kane*, 847 F. Supp. 2d 1168, 1174 (D. Ariz. 2012) (finding habeas jurisdiction over claim that "could not have been raised in their removal proceedings").

Notably, Respondent does not argue that Petitioners' claims can be insulated from review in any court by any means. The Suspension Clause requires review of

2

legal and constitutional claims. *See INS v. St. Cyr*, 533 U.S. 289, 300 (2001) (reaffirming that "some judicial intervention in deportation cases is unquestionably required" by Suspension Clause); *id.* at 304, 306-08, 311-12; *Boumediene v. Bush*, 553 U.S. 723, 779 (2008) (finding that at minimum, the Suspension Clause guarantees review of proper "'application or interpretation' of relevant law").

Instead, Respondent suggests that Petitioners can simply file motions to reopen, and if those motions are denied, can petition the courts of appeals for review of those denials. But, under these circumstances, that is an inadequate alternative absent intervention by this Court to stay Petitioners' removal.

Petitioners' claim that they are entitled to process to determine whether their removal would violate the Constitution and federal law. They do *not* claim that this Court is the *only* forum where that process can occur. The Habeas Corpus Class Action Petition and opening brief made clear that the motion to reopen process may be sufficient. But that process is *only* a sufficient alternative if Petitioners are kept in this country so they can file their motions to reopen and seek administrative stays. If they are removed before that occurs, or before the Board of Immigration Appeals can decide their motions and stay applications, they may be tortured or killed. Thus, Petitioners cannot pursue reopening from outside the country under the circumstances of this case. In short, Petitioners are prepared to access the

3

requisite process through motions to reopen if this Court prohibits their removal while they pursue that avenue of review.

2. Respondent also contends that even if the district court has jurisdiction, INA 242(g), 8 U.S.C. § 1252(g), precludes review over the "execution" of a removal order. But as the Supreme Court, Sixth Circuit and numerous other courts have held, section 242(g) applies *only* to the government's exercise of prosecutorial discretion. It does not apply where, as here, the Petitioners claim that their removal would violate mandatory legal duties, including the prohibition on removal without process to a country where torture or persecution is probable.

As the Supreme Court explained in *Reno v. Am-Arab Anti-Discrimination Comm.* ("*AADC*"), the government may exercise its prosecutorial discretion and decline to execute a removal order for humanitarian reasons. That discretionary decision may not be reviewed under 242(g). *AADC,* 525 U.S. 471, 485 (1999). But the Supreme Court made clear that only the exercise of *discretion* is insulated from review. *Id.* at 485 n.9 ("Section 242(g) was directed against a particular evil: attempts to impose judicial constraints upon prosecutorial discretion.").

Section 242(g) does not insulate review where, as here, noncitizens are raising non-discretionary claims and arguing that their removal would, without process, violate a mandatory duty not to deport them to a place of persecution or torture. *See Mustata v. U.S. Dep't of Justice*, 179 F.3d 1017, 1022–23 (6th Cir.

4

1999) (holding that 242(g) did not bar due process claim based on ineffective assistance of counsel, because the claim was not a challenge to government's discretion); *Madu v. U.S. Atty. Gen.*, 470 F.3d 1362, 1368 (11th Cir. 2006) ("While [242(g)] bars courts from reviewing certain exercises of discretion . . . it does not proscribe substantive review of the underlying legal bases for those discretionary decisions and actions." (citing *AADC*, 525 U.S. at 485 n.9)); *Flores-Ledezma v. Gonzales*, 415 F.3d 375, 380 (5th Cir. 2005) (finding no 242(g) bar where petitioner "challenges the constitutionality of the statutory scheme allowing for such discretion").[1]

Significantly, the Respondent cites no case rejecting jurisdiction over non-discretionary CAT and withholding claims like those raised by Petitioners here. The government has no discretion to send someone back in violation of CAT or other mandatory legal prohibitions. Accordingly, section 242(g) does not apply.

3. Finally, the Respondent does not dispute that this Court "has jurisdiction to determine its own jurisdiction." *In re Pioneer Inv. Servs. Co.*, 21 F.3d 428 (6th

---

[1] *See also Jama v. I.N.S.*, 329 F.3d 630, 632 (8th Cir. 2003), *aff'd sub nom. Jama v. Immigration & Customs Enf't*, 543 U.S. 335 (2005) (holding that challenge to government's authority to deport petitioner to a country without a functioning government is not barred by 242(g) because the court's "role here . . . is not to second-guess the Attorney General's exercise of his discretion; it is to address a purely legal question of statutory construction"); *Chmakov v. Blackman*, 266 F.3d 210, 215 (3d Cir. 2001) ("[242(g)] limits the power of federal courts to review the discretionary decisions of the Attorney General to commence proceedings, adjudicate cases, or execute removal orders.").

Cir. 1994). Instead, it says that "there is no authority that would permit a court, *after* determination that it lacked subject jurisdiction, to nonetheless, enter orders." Response at 9 (emphasis added). But Petitioners are not arguing that the Court should enter a stay "after" it determines that it lacks jurisdiction. The point is that the Court has jurisdiction to *determine* whether it has jurisdiction. And if on this expedited TRO schedule, the Court cannot make that determination definitively, it can preserve the status quo while it assesses its own jurisdiction to order further relief. *See, e.g.*, *United States v. United Mine Workers of Am.*, 330 U.S. 258, 290 (1947) ("[T]he District Court unquestionably had the power to issue a restraining order for the purpose of preserving existing conditions pending a decision upon its own jurisdiction."); *Am. Fed'n of Musicians v. Stein*, 213 F.2d 679, 689 (6th Cir. 1954) (finding that "grave and difficult" jurisdictional questions "justified the district court in its issuance of the preliminary injunction in order to reserve its decision on jurisdiction" after "a hearing, adequate study and reflection").

4. The Respondent argues that Petitioners have an adequate and effective mechanism for relief from removal based on the changed country conditions in Iraq, because they can file motions to reopen. Petitioners are working diligently to file such motions. But the task is far more onerous and time consuming than the Respondent acknowledges. The Declaration of Nadine Yousif (Ex. A) catalogs the herculean efforts underway to link the class of Petitioners with counsel. Even

6

among those with counsel, many are not yet in a position to file a motion to reopen, which must be accompanied by a fully developed application for the underlying relief sought. *See id.*; 8 C.F.R. § 1003.2(c); BIA Practice Manual 5.6, available at https://www.justice.gov/eoir/file/431306/download. The Declaration of Susan Reed (Ex. B) similarly demonstrates the inadequacy of the government's blithe dismissal of the onerous components of an immigration court or Board of Immigration Appeals motion to reopen.

Petitioners also provide Declarations of Mark Lattimer (Ex. C) and Rebecca Heller (Ex. D), to further substantiate the life-threatening danger faced in Iraq by Christians, other minorities, and American-affiliated persons—that is, by people like Petitioners. These Declarations were not included in the Petitioners' initial filing because of the shortage of time. They are chilling expositions of the irreparable harm this Court can avert.

## CONCLUSION

The Court has jurisdiction and should grant the Motion for a Temporary Restraining Order and/or Stay of Removal.

Respectfully submitted,

/s/Michael J. Steinberg
Michael J. Steinberg (P43085)

By: /s/Kimberly L. Scott
Kimberly L. Scott (P69706)

/s/ Margo Schlanger
Margo Schlanger (NY Bar #2704443)

/s/Judy Rabinovitz
Judy Rabinovitz* (NY Bar JR-1214)
Lee Gelernt (NY Bar NY-8511)
Anand Balakrishnan* (CT Bar 430329)

* Application for admission forthcoming

Dated: June 22, 2017

7

## CERTIFICATE OF SERVICE

I hereby certify that on June 22, 2017, I electronically filed the foregoing papers with the Clerk of the Court using the ECF system which will send notification of such filing to counsel of record.

By: /s/Kimberly L. Scott
Kimberly L. Scott (P69706)
Cooperating Attorneys, ACLU Fund
  of Michigan
MILLER, CANFIELD, PADDOCK
  & STONE, PLC
101 N. Main St., 7th Floor
Ann Arbor, MI 48104
(734) 668-7696
scott@millercanfield.com