UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

USAMA J. HAMAMA, et al.,

        Petitioners,                      Case No. 17-cv-11910

vs.                                                 HON. MARK A. GOLDSMITH

REBECCA ADDUCCI, et al.,

        Respondents.
_____/

## ORDER EXTENDING STAY OF ENFORCEMENT OF REMOVAL ORDERS PENDING COURT'S REVIEW OF JURISDICTION

On June 22, 2017, the Court stayed the removal of Petitioners and all members of the class, which at that time included only Iraqi nationals within the jurisdiction of the Detroit ICE Field Office with final orders of removal, who have been, or will be, arrested and detained by ICE, including those detained in Michigan and transferred outside of Michigan to other detention locations. See 6/22/2017 Op. & Order at 6 (Dkt. 32). The Court entered a stay of class members' removal for 14 days pending the Court's jurisdictional determination. Id. On June 26, 2017, the Court expanded the stay to include a class of individuals defined as all Iraqi nationals in the United States with final orders of removals, who have been, or will be, arrested and detained by ICE as a result of Iraq's recent decision to issue travel documents to facilitate U.S. removal. See 6/26/2017 Op. & Order at 6 (Dkt. 43). Removal was stayed for 14 days for the expanded class, meaning that the stay of removal orders for all class members is set to expire on July 10, 2017.[1]

---

[1] Although, theoretically, it might be argued that the initial 14-day period expires today for the initial class members, and on July 10, 2017 for the additional members added to the class, the Government agrees that it "makes sense" to use July 10, 2017 as the expiration date for all class members. See 7/5/2017 Tr. at 21 (Dkt. 59). That is the view of Petitioners, as well.

1

At the July 5, 2017 hearing on Petitioners' motion to extend the stay and expedite briefing (Dkt. 50), the Government took the position that the Court could extend the stay for an additional 14 days beyond July 10, 2017, i.e., until July 24, 2017.  7/5/2017 Tr. at 21.  This was based on Federal Rule of Civil Procedure 65(b)(2), which states that a temporary restraining order "expires at the time after entry – not to exceed 14 days – that the court sets, unless before that time the court, for good cause, extends it for a like period[.]"  Plaintiffs questioned whether the time limits in that section of the court rule apply in our circumstances -- where notice was given and a hearing conducted -- given that the limits appear to apply to a temporary restraining order issued without notice.  Id. at 28.

The Court need not resolve this dispute, inasmuch as it undisputed that the Court may extend the stay at least until July 24, 2017.  And any extension thereafter would not raise an issue regarding the power of the Court to extend, but only whether an additional extension would make the stay appealable as of right.

Both sides agree that good cause is required for extending the stay.  Courts have found good cause established where the conditions that warranted initial equitable relief are still present. See 11A Wright & Miller, Fed. Prac. & Proc. Civ. § 2953 (3d ed.).  The Court entered the initial and expanded stays to evaluate whether it has subject-matter jurisdiction.  In light of the complexity of the issue involved and the time necessary to prepare an opinion – along with the essentially unchanged facts relative to the equitable factors that were taken into account – the Court is faced with the same circumstances that were extant when the stays were entered. Furthermore, the pendency of other emergency matters on the Court's docket have made it difficult to issue an opinion on jurisdiction – another circumstance establishing good cause.  See Am. Sys. Consulting, Inc. v. Devier, 514 F. Supp. 2d 1001, 1010 (S.D. Ohio 2007) ("It would be inequitable for Plaintiff

to lose a lawfully obtained injunction . . . simply based on the circumstances of scheduling issues.").

As a result, there is good cause to extend the stay order beyond July 10, 2017. The Court orders that the stay of removal for all members of the class, both original members and those added by way of the expanded definition, shall now expire on July 24, 2017 at 11:59 p.m., unless otherwise ordered by the Court.

By this Order, the Court grants, in part, Petitioners' motion for extension of stay (Dkt. 50). The additional request in that motion for accelerated briefing on a forthcoming motion for preliminary injunction and Petitioners' motion to expedite discovery (Dkt. 51) will be addressed in a further order.

SO ORDERED.

Dated: July 6, 2017  s/Mark A. Goldsmith
Detroit, Michigan  MARK A. GOLDSMITH
 United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 6, 2017.

 s/Karri Sandusky
 Case Manager