UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

USAMA JAMIL HAMAMA,
ATHEER FAWOZI ALI,
ALI AL-DILAMI,
HABIL NISSAN,
JIHAN ASKER
MOAYAD JALAL BARASH,
SAMI ISMAEL AL-ISSAWI, on behalf
of themselves and all those similarly
situated,

     Petitioners,                        Civil No. 17-11910

v.                                    Honorable Mark A. Goldsmith
                                    Mag. Judge David R. Grand

REBECCA ADDUCCI, Director of the
Detroit District of Immigration and
Customs Enforcement,,

     Respondent.
_____/

---

## RESPONDENT'S BRIEF IN OPPOSITION TO PETITIONERS' EMERGENCY MOTION TO EXPAND ORDER STAYING REMOVAL TO PROTECT NATIONWIDE CLASS OF IRAQI NATIONALS FACING IMMINENT REMOVAL TO IRAQ

---

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................... iii

COUNTER-STATEMENT OF ISSUES PRESENTED ........................................ iv

MOST CONTROLLING AUTHORITY ................................................................ v

I. INTRODUCTION ...................................................................................... 1

II. BACKGROUND ........................................................................................ 2

III. LAW AND ANALYSIS ............................................................................ 3

A. Roman v. Ashcroft is dispositive of this motion and requires denial of

Petitioners' motion to extend this Court's TRO nationwide.

B. This Court lacks subject matter jurisdiction and Petitioners' claims

should be denied................................................................................... 9

C. The application of 1252(g) does not violate the Suspension Clause. ...... 10

IV. CONCLUSION ........................................................................................ 12

# TABLE OF AUTHORITIES

<u>CASES</u>

*Demjanjuk v. Meese*, 784 F.2d 1114........................................................................5, 6

*Muka v. Baker*, 559 F.3d 480 (6th Cir. 2009).........................................................11

*Nken v. Holder*, 556 U.S. 418 (2009) (D.C. Cir. 1986)............................................8

*Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S. 471 (1999) ...................10

*Roman v. Ashcroft*, 340 F.3d 314 (6th Cir. 2003)............................................*passim*

*Swain v. Pressley*, 430 U.S. 372 (1977).................................................................11

*Vakeesan v. Holder*, 343 Fed.Appx. 117 (6th Cir. 2009) ........................................9

*Watson v. Cartee*, 817 F.3d 299 (6th Cir. 2016).....................................................9

<u>STATUTES AND REGULATIONS</u>

8 C.F.R. 1208.13(b)(2)(iii)........................................................................................9

8 U.S.C. § 1252(g) ............................................................................................*passim*

## COUNTER-STATEMENT OF ISSUES PRESENTED

1.     Should this Court permit Petitioners to add new respondents to this action who are not immediate custodians for the purpose of applying a Temporary Restraining Order nationwide that was entered only so this Court can determine if it has jurisdiction?

2.     Should this Court dismiss this action where it lacks jurisdiction to enjoin the execution of Petitioners' removal pursuant to 8 U.S.C. § 1252(g) and no Suspension Clause violation exists?

## MOST CONTROLLING AUTHORITY

*Roman v. Ashcroft*, 340 F.3d 314 (6th Cir. 2003)

8 U.S.C. § 1252(g)

# I.   INTRODUCTION

Petitioners' motion is an attempt to forum shop because they received a Temporary Restraining Order in this district. According to Petitioners, the Director of U.S. Immigration and Customs Enforcement and the Secretary of the Department of Homeland Security are proper respondents to this action. Yet, Petitioners chose not to name them until they received a TRO.  Rather than risk a different result in another district court, Petitioners seek to improperly extend this Court's TRO nationwide by adding additional respondents. This Court lacks jurisdiction not only to hear Petitioners' claims, but also to enforce its order nationwide on a class that has not been certified and respondents who have not been served.

Petitioners' claims that they are entitled to injunctive relief from this Court while they seek relief from their orders of removal in the immigration court falls squarely within 8 U.S.C. 1252(g) of the REAL ID Act of 2005, and this Court lacks subject matter jurisdiction. This does not deprive Petitioners of a venue to seek to reopen their removal proceedings as they may seek such relief, and have, in the immigration court or Board of Immigration Appeals (BIA). Many have also obtained stays of their removal from the immigration court. Petitioners are also not deprived of judicial review, because the REAL ID Act provides that the court of appeals can review the decision on their motion to reopen their removal

proceedings and that such review continues even after removal. Petitioners cannot argue 1252(g) cannot be applied under the Suspension Clause because they have an adequate and effective opportunity for judicial review, and the compressed time frame to obtain that review is not caused by application of 1252(g), but by Petitioners' decision not to seek available relief sooner.

Although Respondent contends the plain language of 1252(g) controls, the Court entered a temporary restraining order staying Petitioners' removal for up to 14 days while it determines if it has subject matter jurisdiction. In a case where the district court admittedly is unsure whether it even has subject matter jurisdiction to enter any lawful orders, Petitioners ask the Court to find there are "extraordinary circumstances" that permit the Court to ignore the "immediate custodian" rule, and order that this Court's TRO enjoin removal of all Iraqi nationals nationwide. As argued by Respondent in response to Petitioners' motion for TRO (Dkt. #17), this Court lacks subject matter jurisdiction to hear Petitioners' claims under any provision of law pursuant to the REAL ID Act. Even if the Court had subject matter jurisdiction, it lacks personal jurisdiction to apply the TRO nationwide. Accordingly, Respondent requests this Court deny Petitioners' motion and dismiss this case for lack of jurisdiction and lack of service to the proposed respondents.

## II.    BACKGROUND

Respondent realleges and incorporates the background section contained in

her response in opposition to Petitioners' motion for TRO. (Dkt. #17). On June 22, 2017, this Court entered a TRO staying removal of Petitioners identified in the Petition (Dkt. #1), so that the Court could determine if it has subject matter jurisdiction. (TRO, Dkt. #32). On Saturday, June 24, 2017, Petitioners filed an amended petition to add petitioners not under the jurisdiction of Respondent, to add Thomas Homan, Acting Director of ICE and John Kelly, Secretary of the U.S. Department of Homeland Security as respondents, and on the basis of their addition as respondents, seek application of this Court's TRO nationwide. *See* Dkt. #35-36. Petitioners have not served proposed respondents with their amended petition. Nonetheless, citing time constraints, Petitioners sought a hearing on their motion for Monday, June 26, 2017. (Pet. Mot., Dkt. #36, Pg ID 554). Respondent seeks denial of Petitioners' motion and immediate dismissal of their claims for lack of subject matter jurisdiction.

## III.   LAW AND ANALYSIS

### A.   Roman v. Ashcroft is dispositive of this motion and requires denial of Petitioners' motion to extend this Court's TRO nationwide.

Petitioners' motion should be denied because they cannot add the Director of ICE or the Secretary of DHS as respondents to a habeas petition because those individuals do not have "immediate custody" of detainees. In *Roman v. Ashcroft*, 340 F.3d 314 (6th Cir. 2003), the Sixth Circuit reversed a district court finding that

the Attorney General was the proper respondent in a habeas petition seeking relief from an order of removal. The court noted that a writ of habeas corpus is directed to "the person having custody of the person detained." *Id*. at 319 (citing 28 U.S.C. § 2243). Therefore, "a court has jurisdiction over a habeas corpus petition only if it has personal jurisdiction over the petitioner's custodian." *Id*. "As a general rule, a petitioner should name as a respondent to his habeas corpus petition 'the individual having day-to-day control over the facility in which the alien is being detained.'" *Id*. Known as the "immediate custodian rule," it recognizes that "only the petitioner's immediate or direct custodian" is the proper respondent. *Id*. at 319-20. Accordingly, the court held that for purposes of "alien habeas corpus petitioners…the INS District Director for the district where the detention facility is located" is the proper respondent. *Id*. at 320-21.

Despite the immediate custodian rule, the petitioner in *Roman* sought to name the Attorney General as respondent because he was transferred several times during his detention, making it difficult to pursue his habeas petition in one jurisdiction as the proper respondent was subject to change. *Id*. at 321. The petitioner also claimed the backlog of cases in the proper jurisdiction would deprive him of adjudication of his petition before removal. Id. He argued that a broader definition of "custodian" should apply "where a detainee would otherwise be deprived of his right to habeas review." *Id*. at 323. The court noted that applying

a broader definition of custodian to include "other officials with control over the alien's detention and release – such as the Commissioner of the INS or the Attorney General" would make habeas petitions "considerably more difficult to administer" because "several courts would have personal jurisdiction over an alien's custodians." *Id*. at 322. The court was concerned that with such a broad interpretation "[a]liens could then engage in forum shopping, choosing among several different districts as long as personal jurisdiction existed over at least one of the various custodians." *Id*.

Although the court applied the immediate custodian rule in *Roman*, it did note the "possibility of exceptions" under "extraordinary circumstances." *Id*. at 322-23. The petitioner in *Roman* argued that such extraordinary circumstances existed in his case because he was transferred several times during his detention and "there was a risk that [he] might be removed from the United States before his petition could be heard on the merits." *Id*. at 325. The court held that "under extraordinary circumstances where it is necessary to preserve a person's access to habeas corpus relief, we may recognize the Attorney General as a respondent to an alien's habeas corpus petition." *Id*. The court cited a case where the Attorney General was the proper respondent because the petitioner was held at an undisclosed location and his attorneys were unaware of the location. *Id*. at 325 (citing *Demjanjuk v. Meese*, 784 F.2d 1114, 1116 (D.C. Cir. 1986)). However, in

*Demjanjuk*, jurisdiction over the Attorney General terminated once the petitioner's presence in a particular jurisdiction was known. *Id*.

In *Roman*, the court found that the petitioner's claim that he was transferred several times since detention and his habeas petition may not be heard before his removal, did not amount to "extraordinary circumstances." *Id*. at 325-26. "[W]e do not believe that the possibility of an alien's removal prior to the adjudication of his habeas petition amounts to an effective denial of the petitioner's opportunity to seek meaningful habeas corpus relief." *Id*. at 327. The court held that "the mere possibility of successive transfers would [not] justify an exception to the immediate custodian rule." *Id*. at 326. The court noted that an exception may be appropriate where "the government improperly manipulated its authority in an attempt to deny [the petitioner] a meaningful opportunity for relief" as in *Demjanjuk*. *Id*. at 326. But the court declined to apply an exception in *Roman* because "[a]liens remaining in detention for extended periods are often transferred several times during their detention," and the INS did not "exercise its transfer power in a clear effort to evade an alien's habeas petition[]." *Id*.

*Roman* is dispositive of this motion. Petitioners seek an exception to the immediate custodian rule to broaden the definition of custodian to include the Director of ICE and the Secretary of DHS, as a means of getting the TRO applied nationwide. (Pet. Mot., Dkt. #36). Petitioners exemplify the Sixth Circuit's concern

about forum shopping as they could have asserted those individuals as respondents when they filed the action if they were truly the proper respondents, but chose to wait until the result of their motion for TRO. *See Roman*, 340 F.3d at 322. Now that they received a stay of removal, albeit temporary, they allege that there are "extraordinary circumstances" because detainees' transfers make it more difficult to avail themselves of habeas relief and they could be removed before their claims are adjudicated. (Pet. Mot., Dkt. #36, Pg ID 567-71).

As the court found in *Roman*, these are not extraordinary circumstances. *See Roman*, 340 F.3d at 326. ICE, as a matter of course for operational needs, transfers detainees during detention. *Id*. There is no allegation that ICE transferred detainees to evade habeas relief. Indeed, for purposes of the Petition (Dkt. #1),[1] ICE voluntarily agreed to forgo personal jurisdiction defenses at the hearing on Petitioners' motion for TRO for those Petitioners who were no longer in Respondent's jurisdiction due to transfers. Nor do Petitioners allege ICE failed to disclose the location of any detainees in an attempt to deny relief. Any logistical difficulties facing detainees in seeking habeas relief during their detention is the same difficulty faced by any ICE detainee, and cannot support a finding of "extraordinary circumstances." Accordingly, this Court should deny Petitioners' motion to extend the TRO nationwide because the Director of ICE and the

---

[1] ICE has not made a similar concession for the Amended Petition.

Secretary of DHS are not proper respondents and the Court, therefore, lacks personal jurisdiction.

This analysis does not change because Petitioners now claim to be filing a "complaint" in addition to their habeas petition. (Am. Pet., Dkt. #35). First, the TRO was sought on the basis of Petitioners' habeas claims for relief and should not be applied to newly proposed parties on the basis of newly asserted claims in a complaint that has not been served. Second, Petitioners' claims for declaratory relief, mandamus, etc., are not new as they were asserted in the original habeas petition. (Pet., Dkt. #1, Pg ID 5, ¶ 10). Third, no class has been certified in this case. See Fed. R. Ci. P. 23.

Petitioners also presume to make an argument that a stay of removal is requested by all detainees, which may not be the case. Even if it is, a stay of removal is "not a matter of right, even if irreparable injury might result" and "[t]he propriety of its issue is dependent upon the circumstances of the particular case." *Nken v. Holder*, 556 U.S. 418, 433 (2009). There has not been an individualized finding as required by *Nken* that Petitioners are entitled to a stay of removal, and all Iraqi detainees cannot be presumed to have similar merits where they have individualized circumstances that impact their eligibility for relief in the immigration court. *See* Decisions Denying Motions to Reopen Removal Proceedings, attached as Ex. A. The relief Petitioners wish to seek, withholding or

deferral of removal pursuant to the Convention Against Torture, is an individualized form of relief that must be raised and eligibility established before an immigration court.  See, e.g., *Vakeesan v. Holder*, 343 Fed.Appx. 117, 125 (6th Cir. 2009) ("To demonstrate a well-founded fear of future persecution, an alien generally must show that, if deported, a reasonable possibility exists that he or she will be singled out individually for persecution.") (emphasis added).  Even where individuals seek reopening based on a fear of harm due to an alleged pattern or practice of harm against a specific class of persons, the individual is still responsible for establishing to the appropriate immigration court that such a pattern or practice exists and proving that he or she is a member of the targeted group.  *See* 8 C.F.R. 1208.13(b)(2)(iii). Because the TRO was entered only so the Court could determine whether it has subject matter jurisdiction and did not make individualized findings, the Court should not extend the TRO nationwide.

**B.    This Court lacks subject matter jurisdiction and Petitioners' claims should be denied.**

Although Petitioners claim the only issue in this motion is whether the irreparable harm concerns noted by the Court apply to all Iraqi nationals, whether this Court has subject matter jurisdiction is the foremost issue. *See Watson v. Cartee*, 817 F.3d 299, 302–03 (6th Cir. 2016) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Under the REAL ID Act of 2005, this Court lacks jurisdiction to hear Petitioners' claims,

and this action should be dismissed.

Congress divested district courts of subject matter jurisdiction over "any cause or claim…arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien." *See* 8 U.S.C. § 1252(g). Inasmuch as Petitioners ask this Court to read 1252(g) as only applying where the decision is discretionary, that interpretation requires application of 1252(g). ICE has discretion to execute removal orders. The Supreme Court concluded that it was precisely ICE's discretion of whether and when to execute removal orders that precipitated the enactment of 1252(g) by Congress. *See Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 483 (1999) (noting that Congress enacted 1252(g) specifically to protect ICE's discretion in execution of removal orders because it was frequently sued where it deferred removal in certain cases and not others). The only decision in this case is ICE's decision to execute Petitioners' orders of removal. Because that is the very discretionary decision that Congress and the Supreme Court has found district courts lack subject matter jurisdiction to adjudicate under 1252(g), this action should be immediately dismissed.

### C. The application of 1252(g) does not violate the Suspension Clause.

Petitioners cannot avoid Congress' clear mandate by asserting it would be a Suspension Clause violation to apply 1252(g) in this case. The Suspension Clause

requires only that if habeas relief is suspended, there be a collateral remedy that is adequate and effective. *See Swain v. Pressley*, 430 U.S. 372, 381 (1977) ("[W]e hold in this case, that the substitution of a collateral remedy which is neither inadequate nor ineffective to test the legality of a person's detention does not constitute a suspension of the writ of habeas corpus."). The Suspension Clause does not require that a petitioner have the ability to fully exhaust any opportunities before removal. *Id*. In this case, the Sixth Circuit has already found that the REAL ID Act does not violate the Suspension Clause because it provides an adequate and effective remedy in the court of appeals. *See Muka v. Baker*, 559 F.3d 480, 485 (6th Cir. 2009).

Petitioners' only argument to avoid application of 1252(g) is that if it is applied to deny habeas relief in this case, they may not be able to exhaust their administrative remedies and seek judicial review (which may or may not ultimately be successful in avoiding their removal)[2] before removal to Iraq. This does not state a Suspension Clause violation. The Sixth Circuit holds that concerns about the ability to adjudicate requests for relief before removal do not equate to a denial of relief. *See Roman*, 340 F.3d at 327 ("[W]e do not believe that the possibility of an alien's removal prior to the adjudication of his habeas petition amounts to an

---

[2] *See* Exhibit A, attaching decisions from an Immigration Judge finding no material changed country conditions in Iraq for Chaldean Christians and declining to grant relief under the Convention Against Torture, that Petitioners claim is "mandatory" on June 19, 2017, and June 13, 2017.

effective denial of the petitioner's opportunity to seek meaningful habeas corpus relief."). Petitioners have had years to exhaust their remedies based on changed country conditions. It is not the REAL ID Act that created the circumstance where Petitioners may not get the relief they seek before their removal, it was Petitioners' decision not to seek relief sooner. While there may have been logical considerations in that decision, it does not permit an exception to application of 1252(g). Petitioners have, and most have pursued, an appropriate avenue for relief from removal. *See* Declaration of Robert Lynch, attached as Ex B (79 Petitioners have filed motions to reopen their removal proceedings and 27 have received stays of their removal orders). Accordingly, Petitioners cannot establish any exception to 1252(g) and this Court lacks subject matter jurisdiction.

## IV.   CONCLUSION

Petitioners cannot seek to add the Director of ICE or the Secretary of DHS to this action as additional respondents where they do not have immediate custody of the detainees and no extraordinary circumstances exist. Nor can Petitioners add detainees as petitioners over whom the Court lacks personal jurisdiction. Moreover, because this Court lacks subject matter jurisdiction to enjoin Respondent's decision to execute Petitioners' orders of removal, this motion and this action should be dismissed.

Respectfully Submitted,

DANIEL L. LEMISCH
Acting United States Attorney


*/s/ Jennifer L. Newby*
JENNIFER L. NEWBY (P68891)
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, Michigan  48226
(313) 226-0295
Jennifer.Newby@usdoj.gov

Dated: June 26, 2017

13

## CERTIFICATION OF SERVICE

I hereby certify that on June 26, 2017, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send notification of such filing to all ECF participants in this case.

*/s/ Jennifer L. Newby*
JENNIFER L. NEWBY (P68891)
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, Michigan 48226
(313) 226-0295
Jennifer.Newby@usdoj.gov