UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

USAMA J. HAMAMA, et al.,

        Petitioners,                    Case No. 17-cv-11910
vs.                                         HON. MARK A. GOLDSMITH

REBECCA ADDUCCI,

        Respondent.
_____/

## ORDER REGARDING FURTHER PROCEEDINGS

On September 19, 2017, the Court met with the parties regarding issues that have arisen since the Court's preliminary injunction was issued on July 24, 2017. See 7/24/2017 Op. & Order (Dkt. 87). The parties stated in their September 15, 2017 joint status report (Dkt. 107) that they have disputes regarding the following issues: (i) the procedure for determining whether a putative class member's desire to return to Iraq is knowing and voluntary; (ii) transmittal of alien files ("A-Files") and records of proceedings ("ROPs") to putative class members; (iii) notice to the putative class; (iv) definition of the putative class; (v) communication by Immigration and Customs Enforcement ("ICE") agents with putative class members regarding this litigation; (vi) information regarding hunger strikes by putative class members; (vii) revision of the Court's protective order in order to address case coordination at the administrative level; (viii) method for determining detainee location; and (ix) future briefing schedules. The Court will address each issue below, with the exception of the protective order (which Petitioners have indicated they no longer wish to revise at this time) and the method for determining detainee location (which the Government asserts it has now addressed).

**A. Procedure for Determining Whether a Putative Class Member's Desire to Return to Iraq is Knowing and Voluntary**

1

To ensure that a putative class member's decision to return is Iraq is made knowingly and voluntarily, the Court adopts Petitioners' position on this issue. Their proposed forms are more easily understandable, and the process they propose will more likely result in detainees making an informed and voluntary choice whether to forego the protections afforded by the preliminary injunction.

The Government shall distribute Petitioners' "Detainee Request for Prompt Removal to Iraq" form to all detainees. See Ex. 1.A to Joint Status Report (Dkt. 107-2). This distribution shall take place on or before October 2, 2017; it shall be distributed to any person detained after September 25, 2017 ("new detainee") within seven days of his or her detention. This form instructs those putative class members with attorneys to contact counsel for both Petitioners and the Government, and provides a process for those without counsel to speak with an independent, pro bono attorney prior to removal. The form makes clear that detainees are under no obligation to meet with an attorney. If a putative class member does elect to meet with an attorney, the attorney will explain the putative class member's available options, confirm that the decision to return is not the product of coercion, and ensure that the decision was made knowingly and voluntarily. If, after this meeting, the putative class member still wishes to return to Iraq, he shall sign a second form, a "Detainee Stipulation to Prompt Removal to Iraq." See Ex. 1.B. to Joint Status Report (Dkt. 107-2). Further, the attorney who has met with the detainee shall submit a declaration affirming that the putative class member's decision to return to Iraq was made knowingly and voluntarily. These forms will then serve as the basis for the parties to file a stipulation and proposed order stating that the putative class member is no longer covered by the Court's preliminary injunction.

**B. Transmittal of A-Files and ROPs to Putative Class Members**

Although it has been some two months since entry of the preliminary injunction, the Government has not yet transmitted A-Files and ROPs to any detainee. Petitioners note that, in other cases where such documents are sought through FOIA, the documents have been produced in less than two months. The Government responds that another agency within the Department of Homeland Security processes FOIA requests at a faster pace because of its expertise, in contrast to the less experienced personnel tasked for the assignment in the present case; it further explains the delay because of the review necessary to exclude matters of privilege and privacy. The Court finds neither explanation persuasive. If there are more experienced personnel to handle these matters, they should be utilized. If more personnel need to be enlisted in the effort, then that it what the Government should do to comply with this Court's order. And while sorting for privilege and privacy takes time, the same sorting is required for responses to FOIA requests. In short, the Government will have to prioritize this effort.

Therefore, the Government shall comply with the following schedule for production of A-Files and ROPs:

- The Government shall produce the A-Files and ROPs for those putative class members who have already filed motions to reopen (whether granted, pending, or denied) by October 16, 2017.

- The Government shall produce the A-Files and ROPs for those putative class members who have not filed a motion to reopen, but have counsel who have made an appearance since March 2017, by November 6, 2017.

- The Government shall produce the A-Files and ROPs for the remaining unrepresented putative class members by November 27, 2017.

- The Government shall produce the A-File and ROP for any new detainee within 21 days of detention.

**C. Notice to Putative Class**

Because this order disposes of the issues delaying notice to the putative class, the Court orders that notice shall be given by October 2, 2017. The notice shall explain the Court's preliminary injunction, and how the putative class members can receive legal assistance. The notice shall also explain how putative class members can express their desire to be returned to Iraq, as well as information regarding when they can expect to receive their A-Files and ROPs.

**D. Definition of Putative Class**

The putative class is defined as "all Iraqi nationals in the United States who had final orders of removal on June 24, 2017, and who have been, or will be, detained for removal by ICE." The Government has interpreted this definition to exclude those whose motions to reopen were granted prior to June 24, 2017, and those who have yet to be detained. Consequently, the Government has excluded those individuals from its production of A-Files and ROPs and its bi-weekly disclosures. Pursuant to the agreement of the parties, the Court does not amend the putative class definition, but instead clarifies the Government's obligations as follows:

- The Government need not provide biweekly disclosures for those individuals whose motions to reopen have already been granted, including those whose motions were granted prior to June 24, 2017. However, the Government shall notify Petitioners' counsel, by October 2, 2017, of the identity of those individuals whose motions have already been granted. And going forward, if a putative class member's motion to reopen is granted, that member shall be excluded from the biweekly disclosures, except that the Government shall inform Petitioners' counsel that the motion has been granted within seven days of the entry of the order granting the motion.

- All detained putative class members shall be entitled to his or her A-File and ROP, regardless of whether his or her motion to reopen has been granted.

- The Government need not provide those who have not been detained with their A-Files or ROPs. The Government also need not include those individuals in its biweekly disclosures.

**E. Communications by ICE With Putative Class Members Regarding This Litigation**

Petitioners have presented evidence that certain detainees have been subject to coercion and harassment as a result of this litigation. The Government has provided evidence that ICE has since instructed its personnel not to discuss the litigation with detainees, other than to instruct them to speak with their attorneys, or how to contact a pro bono attorney. Petitioners do not ask for further direction to ICE personnel, and the Court deems the current instruction sufficient. The Court agrees with Petitioners regarding notice to detainees, and orders that ICE shall post a notice in each facility, by September 28, 2017, instructing detainees on how to notify Petitioners' counsel regarding any future instances of coercion or harassment related to this litigation.

### F. Hunger Strikes

Petitioners have received limited reports of detainees engaging in hunger strikes. Petitioners now seek information regarding those detainees. While the Government believes such information to be beyond the scope of this litigation, the Court finds that it is relevant to Petitioners' ability to pursue the protections afforded by the injunction and otherwise assist in prosecution of this case. The Government acknowledges that it collects information on the identity of hunger strikers, as well as more detailed information that may contain private medical information. Petitioners' counsel is entitled to the former, but not the latter. Therefore, the Government shall provide Petitioners' counsel, by September 28, 2017, any information it currently has regarding the identity of putative class members engaging in hunger strikes; it shall provide such information for new hunger strikers within three business days of collecting such information.

### G. Briefing Schedule

The Court establishes the following briefing schedule with regard to the Government's forthcoming motion to dismiss and Petitioners' pending motion for class certification (Dkt. 83):

5

- The Government shall file its motion to dismiss not earlier than one week following the conclusion of the of all settlement conferences with Magistrate Judge Grand (including the initial conference and such additional conferences as he may convene). Any response and reply shall be submitted in accordance with the Local Rules.

- The Government shall file its response to Petitioners' motion for class certification three weeks after this Court issues its ruling on the Government's motion to dismiss. Any reply to the Government's response shall be submitted in accordance with the Local Rules.

SO ORDERED.

Dated:  September 25, 2017        s/Mark A. Goldsmith
        Detroit, Michigan         MARK A. GOLDSMITH
                                  United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 25, 2017.

                                  s/Karri Sandusky
                                  Case Manager