# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**USAMA JAMIL HAMAMA,** et al.,

    Petitioners and Plaintiffs,

v.

**REBECCA ADDUCCI**, et al.,

    Respondents and Defendants.

Case No. 2:17-cv-11910
Hon. Mark A. Goldsmith
Mag. David R. Grand
Class Action

## PETITIONERS'/PLAINTIFFS' STATUS REPORT
## FOR NOVEMBER 3, 2017 STATUS CONFERENCE

Since the last status conference with the Court, several issues have arisen, some relating to the implementation of the Court's orders. The parties have attempted to resolve the issues without success. Petitioners first raised most of the issues nearly a month ago, but for most, no response has been forthcoming. Petitioners last raised them on October 25th, and have received a response on just a small portion of the many items listed here. Petitioners respectfully request that the Court address these issues during the status conference scheduled for November 3, 2017. Below is a list of the issues to discuss.

1

1. **Proposed A-File/ROP Process and Order**

At the status conference on September 28, 2017, this Court asked the parties to submit to the Court a proposed order on issues resolved during the status conference pertaining to the process of producing A-Files and ROPs. Petitioners' counsel drafted a proposed order and sent it to Respondents' counsel on October 4 for review and comment. Petitioners have followed up with Respondents several times since, most recently on October 25. Respondents still have not provided any response. A proposed order is attached as Exhibit A; it is modified from the October 4th proposal to take account of the passage of time and to include several other issues that subsequently arose and were raised separately with the Government. Petitioners request that the Court include the proposed order as a topic during the upcoming status conference.

2. **Class Notice for Non-English Speaking Detainees**

On September 27, 2017, this Court ordered the parties to provide specified notice to all the detained class members (ECF 110, 113). This notice was duly distributed by the government.  It included a cover memo, a Know Your Rights document, and several privacy waiver forms relating to choice of designees to receive A-Files and Records of Proceedings.  However, no provisions were made for notice to non-English speaking class members.  Petitioners' counsel believe there are a number of such detainees, whose primary language is Arabic, and that

ICE has records identifying this group of detainees. Accordingly, Petitioners have translated the cover memo and Know Your Rights document, as well as the case-specific form, into Arabic (see Exhibit B). Respondents have suggested that ICE may be working on translating the other privacy forms, but have not confirmed this, or provided a copy of the translation or a date expected for completion. Petitioners first raised this issue on October 6 and most recently on October 25.

Petitioners ask the Court to order Respondents to distribute, by November 6, the documents at Exhibit B to the detainees who have limited English proficiency and speak Arabic. This is time sensitive because the forms must be filled out in time for the Government to provide the A-Files and ROPs to the detainees' designees by November 27.

### 3. A-File and ROP for Named Petitioner Al Sokaini

Petitioners request that the A-File and ROP for named plaintiff/petitioner Abbas Al Sokaini be produced by November 6, rather than by November 27. Petitioners first raised this issue with the Government on October 19, and most recently on October 25; there has been no response. The reason for the request is that Mr. Al Sokaini's records may be useful in the litigation of the soon-to-be-filed Preliminary Injunction.

## 4. Prompt Removal Process

On September 25, 2017, this Court has ordered a process by which class members who want to be promptly removed can so notify the parties and obtain an appropriate court order (ECF 110). Under the process, the Government notifies Petitioners' counsel that a class member has stated that he or she may wish to be promptly removed by providing a copy of the signed Request for Prompt Removal form (*id.*). Petitioners' counsel then attempt to locate a pro bono lawyer to meet with those individuals who do not have legal representation, with a goal of filing the appropriate papers with the Court in the three weeks that follow the notification.

Petitioners request that once Respondents are informed that a pro bono lawyer has agreed to visit a facility for this purpose, and told the date the lawyer plans to make the visit, the Government hold the relevant detainee at that facility without transferring him, until the visit is made. In addition, Petitioners request to receive notice when the individuals in question are either removed or otherwise released from detention. Petitioners raised the first of these issues with the Government on October 25 and the second on October 26, and have received no reply.

## 5. Data Disclosure Issues

### a) Individuals whose motions to reopen were granted before June 24, 2017

4

In its order dated September 25, 2017, the Court required the Respondents to notify Petitioner's counsel by October 2, 2017, of the identity of those individuals whose motions have already been granted, including those whose motions were granted prior to June 24, 2017:

> The Government need not provide biweekly disclosures for those individuals whose motions to reopen have already been granted, including those whose motions were granted prior to June 24, 2017. However, the Government shall notify Petitioners' counsel, by October 2, 2017, of the identity of those individuals whose motions have already been granted. (ECF 110, Pg.ID# 2818.)

Respondents identified no individuals on October 2. On October 11, after Petitioners' query, the Government provided a list of individuals whose information had already been included in bi-weekly disclosures. But even when pressed, the Government has not so far confirmed that there are no additional individuals covered by the Court's order. Petitioners ask the Court to order Respondents to provide a list of *all* Iraqi nationals with an MTR granted in 2017 (whether granted directly by the IJ or BIA, or on appeal by the BIA) by November 7, 2017. For those individuals, we request their names, A#s, country of birth, immigration court, lawyer information, and MTR procedural information—the same information included in the bi-weekly disclosures, but just one time.

b) **Interlocutory appeals filed by the Government**

In the same order, ECF 110, the Court relieved the Government of its obligation to provide biweekly information about class members whose motions to

5

reopen are granted. Subsequently, ICE has filed a number of interlocutory appeals, seeking Board of Immigration Appeals review of reopenings granted by the Immigration Court. If those interlocutory appeals are granted, the individuals in question will again have final orders of removal. In order to allow Petitioners to accurately track the status of class members and their coverage by this Court's stay of removal, Petitioners request that the Government be directed to report in their bi-weekly data disclosures whether any such interlocutory appeal has been filed and the disposition of those appeals. Petitioners first raised this issue with the Government on October 9, and have repeated it several times but have received no response.

c) **EOIR data**

For two detained individuals with final orders of removal, the Government has failed to provide information in its biweekly disclosures. They are Wamidh Al-Idani and Ali Hammoodi. For each, Petitioners request the required disclosures. Petitioners have raised this issue numerous times with the Government over a period of several months. Most recently, Respondents' counsel explained that the reason for the omission has to do with the procedural posture of the two cases; apparently their information is not included in the same data system in the same format as others. This is not a sufficient reason for a failure to comply with this

Court's disclosure order. There are only two affected individuals, so it would not be burdensome for the information to be retrieved separately.

### d) Current Detention Information and Country of Birth

In September, Petitioners agreed to forego receiving bi-weekly detention location information for individuals whose Motions to Reopen have been granted based on the belief such information could readily be obtained, without special Government disclosures, from ICE's Online Detainee Locator System. However, it turns out that use of the online locator requires knowing each detainee's country of birth. For nearly all—but not quite all—the class members, that is Iraq. For those class members born elsewhere in a country unknown to Petitioners, Petitioners' counsel cannot monitor which class members are in detention—monitoring that is necessary both in order to communicate with them and in order to provide appropriate information to this Court.

In light of this misunderstanding about the online locator's functioning, Petitioners need the country of birth for each potentially detained class member, so that on any relevant date, counsel can determine whether and where that class members is detained. In response to this request, the Government has provided non-Iraq country of birth for a number of currently detained class members. But the information seems to be incomplete—and it will not allow Petitioners to check, in the future, on the detention status of class members whose Motions to Reopen

7

have been granted and who are not currently detained. Therefore, Petitioners request the Government be ordered to produce the country of birth for all class members, whether or not currently detained, to allow Petitioners to use the online locator to check their detention status and location, in the future.

**e) Missing Attorney Information.**

The data disclosed by the Government seems to be missing the name and other information on file for any attorney for one class member, Hassan Al-Atawna. Petitioners requested this information from Respondents' counsel on October 18, but have received no reply.

Respectfully submitted,

| | |
|---|---|
| Michael J. Steinberg (P43085) | Judy Rabinovitz (NY Bar JR-1214) |
| Kary L. Moss (P49759) | Lee Gelernt (NY Bar NY-8511) |
| Bonsitu A. Kitaba (P78822) | Anand Balakrishnan* (Conn. Bar 430329) |
| Miriam J. Aukerman (P63165) | ACLU FOUNDATION |
| AMERICAN CIVIL LIBERTIES |   IMMIGRANTS' RIGHTS PROJECT |
|   UNION FUND OF MICHIGAN | 125 Broad Street, 18th Floor |
| 2966 Woodward Avenue | New York, NY 10004 |
| Detroit, Michigan 48201 | (212) 549-2618 |
| (313) 578-6814 | jrabinovitz@aclu.org |
| msteinberg@aclumich.org | |
| | Margo Schlanger (N.Y. Bar #2704443) |
| Kimberly L. Scott (P69706) | Samuel R. Bagenstos (P73971) |
| Wendolyn Wrosch Richards (P67776) | Cooperating Attorneys, ACLU Fund |
| Cooperating Attorneys, ACLU Fund |   of Michigan |
|   of Michigan | 625 South State Street |
| MILLER, CANFIELD, PADDOCK | Ann Arbor, Michigan 48109 |
|   & STONE, PLC | 734-615-2618 |

101 N. Main St., 7th Floor
Ann Arbor, MI 48104
(734) 668-7696
scott@millercanfield.com
Nora Youkhana (P80067)
Nadine Yousif (P80421)
Cooperating Attorneys, ACLU Fund
  of Michigan
CODE LEGAL AID INC.
 27321 Hampden St.
Madison Heights, MI 48071
(248) 894-6197
norayoukhana@gmail.com

María Martínez Sánchez (NM Bar 126375)
AMERICAN CIVIL LIBERTIES
  UNION OF NEW MEXICO
1410 Coal Ave. SW
Albuquerque, NM 87102
msanchez@aclu-nm.org

margo.schlanger@gmail.com

Susan E. Reed (P66950)
MICHIGAN IMMIGRANT RIGHTS
  CENTER
3030 S. 9th St. Suite 1B
Kalamazoo, MI 49009
 (269) 492-7196, ext. 535
susanree@michiganimmigrant.org

Lara Finkbeiner (NY Bar 5197165)
Mark Doss (NY Bar 5277462)
Mark Wasef (NY Bar 4813887)
INTERNATIONAL REFUGEE
  ASSISTANCE PROJECT
Urban Justice Center
40 Rector St., 9th Floor
New York, NY 10006
(646) 602-5600
lfinkbeiner@refugeerights.org

*Attorneys for All Petitioners and Plaintiffs*

William W. Swor (P21215)
WILLIAM W. SWOR
  & ASSOCIATES
1120 Ford Building
615 Griswold Street
Detroit, MI 48226
wwswor@sworlaw.com

*Attorney for Petitioner/Plaintiff Usama Hamama*

Date:  November 1, 2017


* Application for admission forthcoming

9

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 1, 2017, I electronically filed the foregoing papers with the Clerk of the Court using the ECF system which will send notification of such filing to all ECF filers of record.

By: */s/Kimberly L. Scott*
Kimberly L. Scott (P69706)
   Cooperating Attorney, ACLU Fund of Michigan
Miller, Canfield, Paddock & Stone, PLC
101 N. Main St., 7th Floor
Ann Arbor, MI 48104
(734) 668-7696
scott@millercanfield.com