## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**USAMA JAMIL HAMAMA,** et al.,

      Petitioners and Plaintiffs,

v.

**REBECCA ADDUCCI**, et al.,

      Respondents and Defendants.

Case No. 2:17-cv-11910

Hon. Mark A. Goldsmith
Mag. David R. Grand

Class Action

## RULE 26(f) REPORT AND DISCOVERY PLAN

This Court determined it was "prudent for the parties to conduct a conference pursuant to Federal Rule of Civil Procedure 26(f), given the time sensitivities of the detention issues raised by Petitioners." Dkt. 153 Pg.ID# 3936. The Court ordered the parties to complete the conference by December 5, 2017, and to submit the Joint 26(f) Report and Discovery Plan by December 12, 2017. *Id.* Pg.ID# 3937.

The parties conducted the conference on December 4, 2017, at 10:30 a.m. via telephonic conference and a further conference on December 11, 2017, at 9:00 a.m. Margo Schlanger and Kimberly Scott, counsel for Petitioners, and William Silvis, counsel for Respondents, participated in the conferences.

The parties submit the following Joint Rule 26(f) Report and Discovery Plan.

## I.    SUMMARY OF THE CASE

**A. Petitioners' Claims.** Petitioners bring this class action habeas petition and complaint for declaratory, injunctive, and mandamus relief on behalf of themselves and those similarly situated, who are Iraqi nationals who have or had final orders of removal and have been or will be detained by U.S. Immigration and Customs Enforcement (ICE). Petitioners and class members challenge their removal, detention, and transfer.

The removal claims challenge Petitioners' removal without a reasonable opportunity to present their INA and CAT/FARRA claims, as well as other defenses, in immigration court and the courts of appeals. Petitioners ask that the Court clarify its July 24 Order so that Petitioners who filed their motions to reopen before receipt of their immigration files and documents have time to supplement their previously filed motions and receive rulings on those supplementations.

For the detention claims, Petitioners allege that their detention is not authorized since there is no significant likelihood they will be removed to Iraq in the reasonably foreseeable future. Alternatively, if Iraq will, in fact, accept repatriation, Petitioners allege the detention is unauthorized because it is unknown how long the repatriation process, and because resolution of Petitioners'

underlying immigration cases will take many more months or years. Petitioners challenge their prolonged detention under both 8 U.S.C. §§ 1231 and 1226(c), allege that their continued detention is unreasonable, and that their continued detention without a neutral inquiry into whether flight risk or danger justifies such detention is illegal. Petitioners further challenge their detention under § 1226(c) as not authorized by the statute.

The transfer claims are based on the Petitioners' difficulty in obtaining legal representation and filing motions to reopen due to the government's repeated transfers of Petitioners from one detention facility to another, and one jurisdiction to another. Petitioners' claim that the government cannot lawfully use the transfer process to substantially interfere with (1) existing attorney-client relationships, (2) access to and retention of counsel, (3) attorney-client communications, or (4) their ability to file motions to reopen and habeas petitions.

**B. Respondents' Defenses.** This Court, and all federal district courts, lack jurisdiction over Petitioners' removal claims. Congress has created an administrative process to consider the precise claims Petitioners assert here. That process, which specifically precludes review in this court, provides the availability of judicial review in the U.S. Court of Appeals, has been upheld as adequate and effective in courts across the country.

Concerning Petitioners' detention claims, Respondents' position is that detention is part of the lawful scheme created by Congress under the INA for individuals in removal proceedings and for individuals subject to final removal orders, and that this authority is constitutional.

**C. Status of Case.** The Court granted Petitioners' motion for preliminary injunction on their removal claims on July 24, 2017. *See* ECF 87. The Court "preliminarily enjoined Respondents from enforcing final orders of removal directed to any and all Iraqi nationals in the United States who had final orders of removal on June 24, 2017, and who have been, or will be, detained for removal by ICE." *Id.* Pg.ID# 2355. The preliminary injunction terminates when (1) a class member fails to file a motion to reopen not later than ninety (90) days after receiving their A-Files/ROPs, (2) a class member fails to timely appeal to the BIA or the courts of appeals a final adverse ruling, (3) a denial of a motion to stay by a court of appeals, or (4) a class member's consent that the preliminary injunction should be terminated as to that class member. *Id.* Pg.ID# 2356. At the same time, the Court ordered Respondents to produce A-Files and Records of Proceedings to class members, and, on a biweekly schedule, certain information to Petitioners' counsel. *Id.*

On September 29, 2017, the Court issued an order permitting the parties to serve discovery requests and to file objections to those requests so the parties can

begin their discussions about discovery and inform the Court of their respective positions. ECF 115. The parties exchanged discovery requests on October 13, 2017, and objections on October 27. *See* ECF 127-132.

The Respondents objected to any discovery proceeding before a Rule 26(f) conference was held and the Court ruled on their motion to dismiss. The Court held status conferences on November 8, 13, and 20 to discuss the requests and objections. The Court determined it was not prudent to proceed with discovery while the Respondents' response to the preliminary injunction and class certification motions were pending. ECF 153 Pg.ID# 3936. The Court, however, ordered the parties to proceed with the Rule 26(f) conference, saying it was "prudent for the parties to conduct a conference . . . given the time sensitivities of the detention issues raised by Petitioners." *Id.*

**C. Pending Motions.** There are several outstanding motions that will be fully briefed by the time this report is filed:

- Petitioners' motion for preliminary injunction on the detention issues (ECF 138);
- Petitioners' motion for class certification (ECF 139);
- Respondents' motion to dismiss (ECF 135);
- Respondents' motion to lift the preliminary injunction as to G. Arthur and others with final orders of expedited removal (ECF 134); and
- Respondents' motion to lift the preliminary injunction as to M. Al-Bidairi (ECF 143).

5

**D. Appeal Pending in the Sixth Circuit Court of Appeals.** On September 21, 2017, Respondents/Appellants filed a notice of appeal. Respondents/ Appellants' opening brief  was filed in the Sixth Circuit on November 22, 2017, challenging this Court's jurisdiction over Petitioners' claims and the Court's preliminary injunction staying Petitioners' removal to Iraq. Petitioners/Appellees' response brief is due January 22, 2018, and Respondents' reply brief is due February 5, 2018. The Court of Appeals has not set a date for a hearing.

## II.    BASIS FOR SUBJECT MATTER JURISDICTION

Petitioners allege jurisdiction exists under habeas corpus jurisdiction pursuant to 28 U.S.C. §§ 2241 *et seq.*; Art. I § 9, cl. 2 of the United States Constitution (Suspension Clause); 28 U.S.C. § 1331; 28 U.S.C. § 1361 (mandamus statute); 5 U.S.C. §§ 701 *et seq.* (Administrative Procedures Act); Art. III of the United States Constitution; Amendment V to the United States Constitution; and the common law. Petitioners further believe that this Court may grant relief pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.*, and the All Writs Act, 28 U.S.C. § 1651, and has the ability to enjoin federal officials pursuant to *Ex Parte Young*, 209 U.S. 123 (1908). *See Philadelphia Co. v. Stimson*, 223 U.S. 605, 619–21 (1912) (applying *Ex Parte Young* to federal official); *Goltra v. Weeks*, 271 U.S. 536, 545 (1926) (same).

6

Respondents contend that this Court does not have jurisdiction. Respondents' objections to this Court's jurisdiction over the removal claims are set out in their opposition to Petitioners' first motion for a temporary restraining order (ECF 17), opposition to Petitioners' motion to expand the restraining order (ECF 38), opposition to Petitioners' first motion for a preliminary injunction (ECF 81), and Respondents' motion to dismiss (ECF 135).

The Court issued two opinions setting forth its jurisdiction over the removal claims – the Opinion and Order Regarding Jurisdiction (ECF 64) and Opinion and Order Granting Petitioners' Motion for Preliminary Injunction (ECF 87 Pg.ID# 2334-43). That issue is on appeal in the Sixth Circuit. Briefing on the appeal will be complete by February 5, 2018.

In their Motion to Dismiss, Respondents renewed their challenge to jurisdiction over the removal and transfer claims, and argued the Court also does not have jurisdiction over the detention claims (*see* ECF 135 Pg.ID# 3284-93). Petitioners opposed Respondents' jurisdictional challenges (*see* ECF 154 Pg.ID# 3952-59). Briefing will be completed on December 12, 2017.

## III.    RELATIONSHIP OF THIS CASE TO OTHER CASES

Some putative class members have filed individual habeas corpus petitions seeking release from ICE detention. Petitioners know of the following pending petitions that were filed by putative class members; Respondents may know of others:

- Bassil Yousif, 1:17-cv-01038 (W.D. Mich., filed  Nov. 27, 2017);

- Abidoon Al Dilaimi, 1:17-cv-01037 (W.D. Mich., filed Nov. 27, 2017);

- Salman Saiyad, 1:17-cv-00995 (W.D. Mich., filed Nov. 13, 2017);

- George Phillip Arthur, 1:17-cv-23343 (S.D. Fla., filed Sept. 5, 2017);

- Maytham Al Bidairi, 4:17-cv-00824 (N.D. Ala., filed May 19, 2017);

- Hussain Al-Jabari, 4:17-cv-01972 (N.D. Ala., filed Nov. 22, 2017);

- Hussain Al Kinani, 4:17-cv-01021 (N.D. Ala., filed June 19, 2017);

- Mohammed Al Asady, 4:17-cv-01970 (N.D. Ala., Filed Nov. 22, 2017); and

- Khalef Abdullah-Hussein, 17-cv-05214 (D. Minn., filed Nov. 27, 2017).

In addition, Petitioners recently became aware of an additional case, filed by the U.S. Attorney's office:

- In re Issam Polus, 3:17-mc-00373 (W.D. Tex., filing date unknown).

## IV.   CONTEMPLATED AMENDMENT(S) OF PLEADINGS

At this time Petitioners do not contemplate amending the pleading. However, Petitioners will assess going forward if any amendments should be made in light of the Court's rulings on the motion to dismiss, motion to certify the class, and motion for preliminary injunction on the detention issues, or in light of further factual developments or information obtained in discovery.

## V.   ANTICIPATED DISCOVERY DISPUTES AND DISCOVERY PROGRESS

The parties exchanged discovery requests on October 13, 2017, and objections on October 27 (*see* ECF 127-132), which assisted the parties with framing the statements in this section.

**A.   Timing of Discovery.** The parties disagree whether discovery should be bifurcated, and what the timing of discovery should be in relation to the Sixth Circuit appeal.

**1.   Petitioners' Position.** Petitioners seek bifurcated discovery. Discovery on the removal claims should be stayed until resolution of the Respondents' appeal in the Sixth Circuit. By contrast, the timing for discovery on the detention claims turns on whether the Court determines that Petitioners need additional factual support for their pending motions for class certification and preliminary injunction.

9

Petitioners believe discovery on the removal claims should wait until after resolution of the Respondents' appeal in the Sixth Circuit Court of Appeals. Should the Sixth Circuit agree with the Respondents and vacate this Court's preliminary injunction, discovery on the removal claims will be entirely unnecessary and not relevant to the detention issues remaining before this Court. Should the Sixth Circuit affirm this Court's preliminary injunction, discovery on the removal claims can proceed.

Neither party will be prejudiced if discovery on the removal claims is stayed pending resolution of the Sixth Circuit appeal, whereas both Petitioners and Respondents will be prejudiced if discovery proceeds. The Respondents previously argued, a party "would be harmed if they are either forced to litigate motions or engage in discovery in a case that the Court will likely dismiss for lack of subject-matter jurisdiction." ECF 54 Pg.ID# 856. The Respondents also argued:

> Fed. R. Civ. P. 1 requires that all rules of civil procedure "be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Requiring Respondents [or, here, Petitioners] to engage in further litigation in a case that must be dismissed for subject-matter jurisdiction (and for which a decision is presumably imminent) is both unnecessary and inefficient. Thus, the Court should deny Petitioners' motions [for discovery] – or hold them in abeyance – as Petitioners [or, here, Respondents] will not be harmed if they are required [to seek discovery] only if the Court determines it has subject-matter jurisdiction.

*Id.* Pg.ID# 859. The same logic applies for discovery of the removal claims when the Respondents are contesting whether this court has jurisdiction over those claims. Given the large number of issues before the Court in this case, the resources of the Court and the parties should be devoted to issues that are not on appeal.

The appropriate schedule for discovery related to the detention claims and class certification will be significantly impacted by this Court's decision on the pending Motion for Preliminary Injunction on Detention Issues, Amended Motion for Class Certification, and Motion to Dismiss. If the Court finds that the existing record is insufficient to grant the requested preliminary injunction or if the Court denies or postpones a certification ruling for want of certain factual information, it will be of utmost urgency to proceed with discovery on a fast-track in order to obtain the relief needed (for example, three months).

By contrast, if the Court grants the preliminary injunction and certifies the class, Petitioners believe discovery could proceed on a slower track (such as four to six months), barring unforeseen circumstances. Although Petitioners had originally sought expedited discovery in order to support their recently-filed motions, Petitioners have—even without discovery—been able to assemble an evidentiary record that they believe fully supports the grant of preliminary relief on the detention claims and fully supports class certification. Depending on the

11

Court's reasoning in deciding the pending motions, discovery may not be necessary at all. Or the Court's ruling could significantly narrow the areas where discovery is needed. Finally, if the Court were to grant the Motion to Dismiss, even in part, that would affect the discovery plan. Any additional appeals would also need to be factored in to whether and how discovery should proceed.

For this reason, Petitioners request that the Court order the parties to submit a proposed case schedule within 7 days after entry of the Court's ruling on the Motion to Dismiss, the Motion for Preliminary Injunction on Detention Issues, and the Motion for Class Certification.  If the Court does not rule on all of these motions at once, the proposed case schedule should be due 7 days after a ruling on the Motion for Preliminary Injunction on Detention Issues.

2. **Respondents' Position.**  There is not good cause to bifurcate discovery in this case. Respondents would agree to a stay of all discovery in this case pending the appeal to the Sixth Circuit, especially since Petitioners' removal claims are based largely on legal issues. But if discovery is to proceed after the Court rules on the pending motions, it should proceed on all pending claims. Otherwise, the parties and the Court will essentially have to go through discovery twice—once on the detention claims and a second time on the removal claims—if the Sixth Circuit affirms this Court's decision. The parties should be able to complete all discovery in six months.

**B. Subjects of Discovery.** Currently, each party contemplates discovery seeking documents and information as set forth below. The parties acknowledge that discovery regarding topics and documents beyond those identified below may be necessary as litigation proceeds. Neither party intends this report and discovery plan to limit either party's discovery to the topics and documents listed below.

      1. **<u>Petitioners' Position.</u>** As noted above, Petitioners request that discovery be bifurcated. During the initial "Detention Discovery" phase, Petitioners would seek discovery related to their pending Preliminary Injunction Motion on Detention on the general topics and documents listed below. Petitioners may also seek discovery, if necessary, related to class and sub-class composition in support of their Amended Motion for Class Certification. The list is in addition to the discovery that the Court has already ordered the Respondents to produce. *See* ECF 87 Pg.ID# 2356. This list is in no way intended to limit the topics of discovery that Petitioners may pursue, including those that are contained in Petitioners' outstanding discovery requests.

      a. The Agreement between Iraq and the United States.

      b. The basis for or denial of release from detention, including post-order custody reviews, bond hearing reviews, and other reasons for release from or continuing detention.

    c.  Statements made in declarations submitted in support of Respondents' briefs, and documents relied on by the declarants.

    d.  The process or steps, and length of time required, for the repatriation of Iraqi nationals.

    e.  The training, guidance, policy, or directions provided to ICE staff in conducting custody reviews or bond hearings for the class members.

    f.  Information on the size and composition of the proposed class and sub-classes.

Some of these topics are more fully explored in the discovery requests that Petitioners have previously filed with the Court (*see* ECF 129-132), and in the proposed stipulations Petitioners drafted during early discovery negotiations (*see* ECF 146).

        **2.**   **Respondents' Position.** Without limiting additional topics of discovery that Respondents may pursue, below is a current list of planned discovery topics:

    a.  The immigration histories of the named Petitioners and putative class members.

    b.  The grounds for relief that named Petitioners and putative class members are pursuing.

14

    c.  Statements made in declarations submitted in support of Petitioners' briefs, and documents relied on by the declarants.

    d.  The circumstances of alleged barriers between detainees and their families and counsel.

    e.  Any barriers or impediments Petitioners encountered filing motions to reopen.

    f.  The costs and fees associated with pursing relief in immigration court and before the U.S. Court of Appeals.

**C. Anticipated Discovery Disputes.** The parties conferred on December 8, 2017 in an attempt to resolve each party's objections to the other's discovery requests filed in October 2017 (ECF 127-132). Respondents' discovery requests (ECF 127-128) relate to Petitioners' removal claims. Although Petitioners had objections to Respondents' discovery requests, it is not necessary for the Court to resolve them at this time. Other discovery disputes may arise at a later date that are not contemplated now.

The parties agree that, before moving for an order relating to discovery, the movant must request a conference with the court in an effort to resolve any disputes.

**1. Petitioners' Anticipated Discovery Disputes.** Respondents objected to every discovery request issued by Petitioners on the detention claims

15

(*see* ECF 129-132). The parties were unable to resolve these objections during the Rule 26(f) conference, and Petitioners anticipate the Court will need to address the following objections before any meaningful discovery can proceed:

    a.  Whether discovery related to the Iraqi agreement regarding repatriation of Iraqi nationals in 2017 should be allowed.

    b.  Whether discovery of records and information should be allowed for a "timeframe that extends beyond" or "predate[s]" the commencement of this action.

    c.  Whether Respondents should be required to conduct a "manual search to gather" information to respond to interrogatories.

    d.  Whether numerous terms and phrases are vague or "not described with reasonable particularity for Respondents to meaningfully assess the scope of the request."

    e.  Whether Respondents should be required to produce requested discovery that is in the possession, custody, or control of Respondent Department of Justice or other governmental entities.

    f.  Whether certain documents and information are "outside the scope" of Petitioners' complaint, including the following:

   i)     policies, directives, and guidelines on conducting custody reviews and bond hearings;

   ii)    results of custody reviews;

   iii)   results of bond hearings and appeals of ICE's determinations;

   iv)   the 2017 Iraq and U.S. agreement to repatriate Iraqi nationals;

   v)    facts and statements made in declarations submitted by Respondents in support of their briefs;

   vi)    efforts to obtain travel documents or approval of repatriation from Iraqi;

   vii)   the types of travel documents or other documentation that Iraq requires or will accept before approving repatriation, and efforts to obtain the documents for class members;

   viii)  information that Respondents possess about the repatriation process that will be implemented by Iraq, such as the number of Iraqis whose repatriation Iraq can process per month;

   ix)   whether Respondents have been informed that Iraq will or will not accept repatriation of any class member; and

x)   the criteria used to determine which Iraqi nationals would be arrested and detained;

xi)   the custody reviews of class members;

xii)   class members' Orders of Supervision, Notices of Conditional Release, and notices of revocation of release; and

xiii)   assurances from the Iraqi government to the U.S. government regarding the safety or treatment of Iraqis removed to Iraq.

g. The extent any discovery will be shielded from disclosure on the basis that it is pre-decisional and protected by the deliberative process privilege.

h. The extent any discovery will be shielded from disclosure on the basis that it is protected by the law enforcement privilege.

i. Whether Respondents should produce discovery even if the requested documents are purportedly in the class members' possession.

j. The extent to which Respondents can omit responsive documents from their privilege log.

18

2. **Respondents' Anticipated Discovery Disputes.** Petitioners have filed specific objections to Respondents' initial sets of interrogatories and document requests. *See* ECF Nos. 127, 128. Respondents anticipate that these objections and others may eventually need to be resolved by the Court. In particular, the parties appear to disagree on whether there should be discovery on the claims that are currently on appeal to the U.S. Court of Appeals for the Sixth Circuit on this Court's order granting a preliminary injunction. Respondents may agree to a stay of all discovery pending the appeal, but will not agree to bifurcate discovery.

E. **Discovery Limits.** The parties agree on the discovery limits for depositions and interrogatories, but not requests for documents and requests for admissions. Each party's proposal is set forth below.

1. **Petitioners' Position.** The Petitioners propose the following discovery limits for discovery related to the detention claims:

     a.  Requests for documents: No limit.

     b.  Depositions: Limited to 50 depositions per side, including depositions under Rule 30(b)(6) or expert depositions.

     c.  Interrogatories: 25 per party.

     d.  Requests for admissions: No limit.

2. **Respondents' Position.**

a. Requests for documents: 50.

b. Depositions: Limited to 50 depositions per side, including depositions under Rule 30(b)(6) or expert depositions.

c. Interrogatories: 25 per party.

d. Requests for admissions: 50.

**F. Electronically Stored Information.**

1. **Petitioners' Position.** The parties have not had the opportunity to discuss Respondents' ESI, including: (a) the locations of responsive ESI; (b) the custodians with potentially responsive ESI; (c) the methodologies that will be used to search for responsive ESI; or (d) the sources of relevant ESI that are not reasonably accessible as defined by Rule 26(b)(2)(B). Petitioners request that the Court instruct the parties to engage in a meaningful conference on these topics, and to supplement this report and discovery plan by December 19, 2017.

2. **Respondents' Position.** Respondents' agree that additional time is needed to discuss ESI, and that those discussions should occur after the Court rules on the pending motions, which will likely impact the scope of discovery in this case.

**H. Claims of Privilege or Trial Preparation Materials.** Discovery in this case will involve the production of protected personal and other confidential

information. The production of documents and information is governed by the Amended Stipulated Order for the Protection of Confidential Information (ECF #91). In addition, the Court has ruled that certain information should be redacted from filings (*see* ECF 60, 62).

**I. Other Orders.**  No other orders under Rule 26(c) or Rule 16(b) or (c) are needed at this time.

## VI.    FACILITATION/ARBITRATION/CASE EVALUATION

The parties agree that facilitation, arbitration, or case evaluation will not assist with resolution of this case at this time.

## VII.   ANTICIPATED MOTION PRACTICE

Pursuant to the Court's September 25, 2017 Order (ECF 110), stipulations and motions have been filed seeking the lifting of the preliminary injunction for certain class members who seek to be voluntarily removed to Iraq. The parties do not know how many more such motions or stipulations will be filed.

**1. <u>Petitioners' Statement.</u>**

Petitioners do not currently anticipate any dispositive motions beyond those currently pending, other than summary judgment motions before trial. In light of the fast pace and complexity of this litigation, Petitioners do anticipate that additional as-yet-undetermined motions will become necessary. For example, if the Court, in ruling on Petitioners' Motion for a Preliminary Injunction on Detention

21

issues, finds Petitioners' detention unlawful, additional motions and briefing may be necessary to determine the nature of the relief to be granted. Similarly, if the Court certifies the class and grants Petitioners' request for notice to the class, additional motions and briefing may be necessary—if the parties cannot agree—regarding the content of that notice.

Petitioners have also been seeking to resolve significant problems with Respondents' production of the A-files and Records of Proceedings: files were not sent, were sent to the wrong individuals, were sent to detainees when they should have been sent to counsel, were (in at least one instance) sent to facilities where detainees were no longer located, and were sent in a format that could not be opened by detainees' counsel. While Petitioners will continue to work to resolve these issues without Court intervention, there is a significant likelihood that such intervention will be necessary.

2. **Respondents' Statement.** Given the pending appeal before the Sixth Circuit as well as the pending motions identified above, it is difficult for Respondents to predict what additional motions may be necessary until those items are resolved. Should any of Petitioners claims survive, however, Respondents would likely file a motion for summary judgment on the surviving claims before trial.

## VIII. SETTLEMENT

The parties engaged in settlement discussions on October 5, 2017, before Magistrate Judge Grand. The parties were unable to reach settlement. The parties will continue to explore in good faith the possibility of a prompt settlement or resolution of this case.

## IX.   MODIFICATION

This agreement may be modified by an agreement signed by the parties or by the Court.

Dated: December 12, 2017

Respectfully Submitted,

*Attorneys for All Petitioners*
*and Plaintiffs*

Michael J. Steinberg (P43085)
Kary L. Moss (P49759)
Bonsitu A. Kitaba (P78822)
Miriam J. Aukerman (P63165)
American Civil Liberties Union Fund Of
  Michigan
2966 Woodward Avenue
Detroit, Michigan 48201
(313) 578-6814
msteinberg@aclumich.org

*Attorneys for Respondents*

Chad A. Readler
Acting Assistant Attorney General

William C. Peachey
Director

Vinita B. Andrapalliyal
Michael A. Celone
Joseph A. Darrow
Trial Attorneys

Judy Rabinovitz (NY Bar JR-1214)
Lee Gelernt (NY Bar NY-8511)
ACLU Foundation
  Immigrants' Rights Project
125 Broad Street, 18th Floor
New York, NY 10004
(212) 549-2618
jrabinovitz@aclu.org

Margo Schlanger (N.Y. Bar #2704443)
Samuel R. Bagenstos (P73971)
Cooperating Attorneys, ACLU Fund
  of Michigan
625 South State Street
Ann Arbor, Michigan 48109
734-615-2618
margo.schlanger@gmail.com

*/s/ Kimberly L. Scott*
Kimberly L. Scott (P69706)
Wendolyn Wrosch Richards (P67776)
Cooperating Attorneys, ACLU Fund
  of Michigan
Miller, Canfield, Paddock
  & Stone, PLC
101 N. Main St., 7th Floor
Ann Arbor, MI 48104
(734) 668-7696
scott@millercanfield.com

Nora Youkhana (P80067)
Nadine Yousif (P80421)
Cooperating Attorneys, ACLU Fund
  of Michigan
Code Legal Aid Inc.
 27321 Hampden St.
Madison Heights, MI 48071
(248) 894-6197
norayoukhana@gmail.com

*/s/ William C. Silvis*
William C. Silvis
Assistant Director
United States Department of Justice
Office of Immigration Litigation
District Court Section
PO Box 868 Ben Franklin Station
Washington, DC 20044
Tel: (202) 307-4693
Fax: (202) 305-7000

24

Susan E. Reed (P66950)
Michigan Immigrant Rights
  Center
3030 S. 9th St. Suite 1B
Kalamazoo, MI 49009
 (269) 492-7196, ext. 535
susanree@michiganimmigrant.org

María Martínez Sánchez (NM Bar 126375)
American Civil Liberties Union
  Of New Mexico
1410 Coal Ave. SW
Albuquerque, NM 87102
msanchez@aclu-nm.org

Lara Finkbeiner (NY Bar 5197165)
Mark Doss (NY Bar 5277462)
Mark Wasef (NY Bar 4813887)
International Refugee
  Assistance Project
Urban Justice Center
40 Rector St., 9th Floor
New York, NY 10006
(646) 602-5600
lfinkbeiner@refugeerights.org

*Attorney for Petitioner/Plaintiff Usama Hamama*

William W. Swor (P21215)
William W. Swor & Associates
1120 Ford Building
615 Griswold Street
Detroit, MI 48226
wwswor@sworlaw.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 12, 2017, I electronically filed the foregoing papers with the Clerk of the Court using the ECF system which will send notification of such filing to all ECF filers of record.

<div style="margin-left: 40%">

By:    <u>*/s/Kimberly L. Scott*</u>
Kimberly L. Scott (P69706)
Cooperating Attorneys, ACLU Fund
 of Michigan
MILLER, CANFIELD, PADDOCK
 & STONE, PLC
101 N. Main St., 7th Floor
Ann Arbor, MI 48104
(734) 668-7696
scott@millercanfield.com

</div>