IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**USAMA JAMIL HAMAMA**, *et al.*,

      Petitioners/Plaintiffs,

v.

**REBECCA ADDUCCI**, *et al.*,

      Respondents/Defendants.

Case No. 2:17-cv-11910-MAG-DRG

Hon. Mark A. Goldsmith
Mag. David R. Grand

Class Action

**PETITIONERS/PLAINTIFFS' RESPONSE TO
RESPONDENTS/DEFENDANTS' SUPPLEMENTAL FILING ON
PRELIMINARY INJUNCTION ON DETENTION ISSUES**

Respondents' latest carefully worded declaration unsuccessfully attempts to rebut Petitioners' showing that removal is not significantly likely in the reasonably foreseeable future. Like its predecessor, this declaration fails to state that Iraq *will* accept the hundreds of Iraqi nationals ICE seeks to remove, or even that there is anything approaching an existing agreement with Iraq to accept such persons. It only asserts that "ICE *believes* that the central government of Iraq in Bagdad will permit the entry of detained Iraqi nationals subject to final orders of removal if the injunction is lifted." Bernacke Decl., ECF 184-2, Pg.ID# 5073 at ¶ 12 (emphasis added).

ICE's disembodied belief rests on the hope that Iraq will, if the injunction is lifted, approve charter flight manifests for some as-yet-unknown number of as-yet-

unnamed Iraqis. *Id.*, Pg.ID# 5071 at ¶ 6. And that hope is highly contingent: there is no written agreement, but only an amorphous arrangement that is subject to "*ongoing* diplomatic negotiations" which are apparently so fragile that even a simple request for travel documents "has the potential to jeopardize the present agreement." *Id.*, Pg.ID# 5070-72 at ¶¶ 4, 10 (emphasis added). The declarant does not claim Iraq has agreed to accept all 1,400 Iraqis who had final orders, but only that the fluid unwritten agreement does not "contemplate any numeric limitation." *Id.*, Pg.ID# 5071 at ¶ 5. While he asserts that Iraq will not require travel documents, Iraq will need to approve flight manifests. *Id.* at ¶ 6. The declarant fails, however, to provide a list of detainees whom Iraq has approved for inclusion on such manifests, or even to explain how Iraq will determine which detainees can be repatriated in that way.

Petitioners' removal is not reasonably foreseeable for two reasons: 1) Petitioners' immigration cases will take months or years to conclude; and 2) the government has not shown that, despite Petitioners' earlier non-repatriatability, they could be removed if the injunction were lifted (assuming they still have final orders at that time). The government concedes the first point, which alone establishes a *Zadvydas* claim. On the second, the government now admits that it will not even begin working with Iraq to determine which detainees Iraq will accept unless the injunction is lifted. If that occurs at all, it is unlikely to occur

before spring, at which point the detainees will have been detained almost a year. Respondents' plan to detain the class indefinitely while they work out whether they can repatriate is impermissible under *Zadvydas*.


Respectfully submitted,


Date: December 23, 2017


| | |
|---|---|
| Michael J. Steinberg (P43085) | Judy Rabinovitz (NY Bar JR-1214) |
| Kary L. Moss (P49759) | Lee Gelernt (NY Bar NY-8511) |
| Bonsitu A. Kitaba (P78822) | ACLU Foundation |
| Miriam J. Aukerman (P63165) |  Immigrants' Rights Project |
| American Civil Liberties Union Fund | 125 Broad Street, 18th Floor |
|  of Michigan | New York, NY 10004 |
| 2966 Woodward Avenue | (212) 549-2618 |
| Detroit, Michigan 48201 | jrabinovitz@aclu.org |
| (313) 578-6814 | |
| msteinberg@aclumich.org | Margo Schlanger (N.Y. Bar #2704443) |
| | Samuel R. Bagenstos (P73971) |
| */s/Kimberly L. Scott* | Cooperating Attorneys, |
| Kimberly L. Scott (P69706) |  ACLU Fund of Michigan |
| Wendolyn Wrosch Richards (P67776) | 625 South State Street |
| Cooperating Attorneys | Ann Arbor, Michigan 48109 |
|  ACLU Fund of Michigan | 734-615-2618 |
| Miller, Canfield, Paddock & Stone, PLC | margo.schlanger@gmail.com |
| 101 N. Main St., 7th Floor | |
| Ann Arbor, MI 48104 | Susan E. Reed (P66950) |
| (734) 668-7696 | Michigan Immigrant Rights Center |
| scott@millercanfield.com | 3030 S. 9th St. Suite 1B |
| | Kalamazoo, MI 49009 |
| | (269) 492-7196, ext. 535 |
| | susanree@michiganimmigrant.org |

Nora Youkhana (P80067)
Nadine Yousif (P80421)
Cooperating Attorneys
  ACLU Fund of Michigan
Code Legal Aid Inc.
27321 Hampden St.
Madison Heights, MI 48071
(248) 894-6197
norayoukhana@gmail.com

María Martínez Sánchez (NM Bar 126375)
American Civil Liberties Union
  of New Mexico
1410 Coal Ave. SW
Albuquerque, NM 87102
msanchez@aclu-nm.org

Lara Finkbeiner (NY Bar 5197165)
Mark Doss (NY Bar 5277462)
International Refugee Assistance
  Project, Urban Justice Center
40 Rector St., 9th Floor
New York, NY 10006
(646) 602-5600
lfinkbeiner@refugeerights.org

*Attorneys for All Petitioners and Plaintiffs*

William W. Swor (P21215)
William W. Swor & Associates
1120 Ford Building
615 Griswold Street
Detroit, MI 48226
wwswor@sworlaw.com

*Attorney for Petitioner/Plaintiff Usama Hamama*

-4-

## CERTIFICATE OF SERVICE

I hereby certify that on December 23, 2017, I electronically filed the foregoing papers with the Clerk of the Court using the ECF system which will send notification of such filing to all ECF filers of record.

By: */s/Kimberly L. Scott*
Kimberly L. Scott (P69706)
Cooperating Attorneys, ACLU Fund of Michigan
Miller, Canfield, Paddock & Stone, PLC
101 N. Main St., 7th Floor
Ann Arbor, MI 48104
(734) 668-7696
scottt@millercanfield.com

1