# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**USAMA JAMIL HAMAMA,** et al.,

       Petitioners and Plaintiffs,

v.

**REBECCA ADDUCCI**, et al.,

       Respondents and Defendants.

Case No. 2:17-cv-11910

Hon. Mark A. Goldsmith

Mag. David R. Grand

Class Action

---

## PROPONENT'S MOTION IN SUPPORT OF THEIR
## BRIEF PROPOSING A FRAMEWORK FOR A COMPETENCY EXAM
## <u>FOR CLASS MEMBER WISAM IBRAHIM</u>

This motion is being submitted pursuant to the Court's Order, ECF #210.

The basis for Proponent's brief is fully explained therein.  For the reasons set forth in the motion, Proponents respectfully request that the Court provide the relief specified.

Dated: January 26, 2018          Respectfully submitted,


/s/  Glenn Eric Sproull          /s/  Nour G. Chammas
Glenn Eric Sproull               Nour G. Chammas*
(IL Bar 6276310)                 (CA Bar 244214)
Attorney At Law                  Attorney At Law
6650 Joy Road                    6 Parklane Blvd., Suite 104
Dexter, MI 48130                 Dearborn, MI 48126
(312) 919-9335                   (313) 752-1064
esproull@gmail.com               nour@chammasjurado.com

                                 *Application for Admission forthcoming

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**USAMA JAMIL HAMAMA**, et al.,

    Petitioners and Plaintiffs,

v.

**REBECCA ADDUCCI**, et al.,

    Respondents and Defendants.

Case No. 2:17-cv-11910
Hon. Mark A. Goldsmith
Mag. David R. Grand
Class Action

# PROPONENT'S BRIEF PROPOSING A FRAMEWORK FOR A COMPETENCY EXAM FOR CLASS MEMBER WISAM IBRAHIM

# TABLE OF CONTENTS

Page

STATEMENT OF ISSUES PRESENTED..................................................................ii

LIST OF CONTROLLING AUTHORITIES ..........................................................iv

TABLE OF AUTHORITIES ..................................................................... v

FACTUAL BACKGROUND ...................................................... ............1

ARGUMENT ...................................................................................2

    I.    MR. WISAM IBRAHIM HAS A RIGHT TO FULL AND
        MEANINGFUL PARTICIPATION IN HIS REMOVAL
        PROCEEDINGS.......................................................................2

    II.   EXISTING IMMIGRATION LAW PROVIDES INADEQUATE
        PROTECTION OF THE RIGHT TO MEANINGFUL
        PARTICIPATION FOR INCOMPENTENT DETAINEES ....................4

    III.  EXISTING EXECUTIVE BRANCH POLICY IS ALSO
        INADEQUATE TO GUARANTEE MR. IBRAHIM'S RIGHT
        TO FULL AND MEANINGFUL PARTICIPATION IN HIS
        REMOVAL PROCEEDINGS ................................................5

    IV.  MR. IBRAHIM'S RIGHTS TO FULL AND MEANINGFUL
        PARTICIPATION IN HIS  REMOVAL PROCEEDINGS
        UNDER 8 U.S.C. § 1229a(b)(4)(B) AND THE REHABILITATION
        ACT OF 1973 HAVE BEEN VIOLATED .............................................7

CONCLUSION ........................................................................8

CERTIFICATE OF SERVICE ..................................................... 12

## STATEMENT OF ISSUES PRESENTED

1. Whether *Hamama* class member Mr. Wisam Ibrahim is entitled to the right of full and meaningful participation in his removal and detention proceedings under The Immigration and Nationality Act , 8 U.S.C. 1229a(b)(4)(B)?

Proponent's Answer: Yes.

2. Whether Mr. Ibrahim is protected by Section 504 of the Rehabilitation Act of 1973 from being excluded on the basis of his medical condition from full and meaningful participation in his removal and detention hearings?

Proponent's Answer: Yes.

3. Whether Mr. Ibrahim is entitled to a determination of mental competency (and the "safeguards" that would follow from a determination of incompetency) under existing BIA precedent *Matter of M-A-M- (2011)*, *Matter of J-S-S- (2015)*, and *Matter of M-J-K-* (2016) and existing Executive Branch Department of Justice, Executive Office of Immigration Review, and Department of Homeland Security implementation policies?

Proponent's Answer: Yes.

4. Whether the existing BIA precedent and existing Executive Branch implementation policies were sufficient to ensure Mr. Ibrahim's ability to exercise his right under § 504 of the Rehabilitation Act to meaningful participation in his removal and detention proceedings?

Proponent's Answer: No.

5. Whether adoption by this Court of the systems for mental health screening and assessment in detention, information sharing by ICE, and judicial competency inquiries and forensic competency evaluations enacted in *Franco-Gonzalez v. Holder* would ensure that Mr. Ibrahim (as well as all *Hamama* class members) could exercise his right to meaningful participation under § 504 of the Rehabilitation Act?

Proponent's Answer: Yes.

## CONTROLLING OR MOST APPROPRIATE AUTHORITY

*Mr. Ibrahim is entitled to meaningful participation in his removal proceedings.*

The Immigration and Nationality Act, 8 U.S.C. § 1229a(b)(4)(B)

The Rehabilitation Act of 1973, 29 U.S.C. § 794(a)


*Meaningful participation requires either competence or qualified representation.*

Franco-Gonzalez v. Holder, CV 10-02211 (C.D. CA,  April 23, 2013)


*Mr. Ibrahim is entitled to a competency determination and appropriate safeguards.*

Franco-Gonzalez v. Holder, CV 10-02211 (C.D. CA,  October 29, 2014)


*Preponderance of the evidence is the correct standard for a judicial competency determination.*

Matter of J-S-S-, 26 I&N Dec. 679 (BIA 2015)

## TABLE OF AUTHORITIES

**Cases**

*Matter of M-A-M-*, 25 I&N Dec. 474 (BIA 2011) ...............................................4,

*Matter of J-S-S-,* 26 I&N Dec. 679 (BIA 2015) ............................................iv, 4,

*Matter of M-J-K-*, 26 I&N Dec. 773 (BIA 2016) ..............................................5,

*Franco-Gonzalez v. Holder*, CV 10-02211 (C.D. CA,  April 23, 2013) ........iv, 7

*Franco-Gonzalez v. Holder*, CV 10-02211 (C.D. CA,  October 29, 2014)  ...iv, 8

*Lovell v. Chandler*, 303 F.3d 1039 (9th Cir. 2002)  ...............................................7

*Mason el rel. Marson v. Vasquez*, 5 F.3d 1220 (9th Cir. 1993) ............................4

**Statutes**

8 U.S.C. § 1229a(b)(3) .......................................................................................3,

8 U.S.C. § 1229a(b)(4)(B)  ...........................................................................iv, 3,

29 U.S.C. § 794(a) .......................................................................................iv, 3, 7

42 U.S.C. § 12102(1) ...........................................................................................3,

**Other Authorities**

MEMORANDUM: *Guidance for New Identification and Information-
        Sharing Procedures Related to Unrepresented Detainees with
        Serious Mental Disorders or Conditions*, John Morton, Director
        of U.S. Immigration and Customs Enforcement, April 22, 2013 ..............5


MEMORANDUM: *Nationwide Policy to provide Enhanced procedural
        Protections to Unrepresented Detained Aliens with Serious*

*Mental disorders or Conditions*, Brian M. O'Leary, Chief
Immigration Judge, The Office of the Chief Immigration Judge,
EOIR, April 22, 2013 ................................................................................6


NOTICE: *Department of Justice and the Department of Homeland
Security Announce Safeguards for Unrepresented Immigration
Detainees with Serious Mental Disorders or Conditions*,
DOJ/DHS, April 22, 2013 .......................................................................6


GUIDANCE: *Phase I of Plan to Provide Enhanced Procedural Protections
to Unrepresented Detained Respondents with Mental Disorders*, EOIR,
December 31, 2013 ...................................................................................8


*The Department Of Justice Open Government Progress Report*, U.S.
Department of Justice, April 2015 ..........................................................9

Proponent submits this brief in support of their Urgent Motion To Vacate
Stipulated Order Lifting The Preliminary Injunction (ECF 87) For Wisam Ibrahim.

## FACTUAL BACKGROUND

Proponent, Saeeb Ibrahem Mansy, is the father of *Hamama et. al v. Adducci et.
al* class member Wisam Ibrahim. Mr. Ibrahim was born in Iraq on June 28, 1977.
At the age of fifteen, Wisam immigrated to the United States with his family and
was admitted as a Legal Permanent Resident.  In 2001, Mr. Ibrahim was ordered
removed by an Immigration Judge.  Because the government was unable to remove
him to Iraq, Mr. Ibrahim was released under order of supervision.

Sometime in 2004, Mr. Ibrahim was diagnosed with Paranoid Schizophrenia
and Anxiety Disorder and was prescribed medications including Perphenazine and
Clonazepam which he is required to take regularly. (ECF 207). Mr. Ibrahim's
mental disorder has caused him to behave irrationally and erratically, sometimes
violently, and has led him to develop a hostile and suspicious attitude toward those
closest to him. On or about June 12, 2017, Mr. Ibrahim was arrested by ICE
officers and placed in detention in Youngstown, Ohio.  Although a certified
*Hamama* class member, he did not seek to retain counsel or attempt to file a
Motion to Reopen his prior removal proceedings, and refused to meet with an
attorney retained by his family in July of 2017. On October 30, 2017, Mr. Ibrahim
signed a stipulation for prompt removal to Iraq.  (ECF 151-2). On November 20,

1

2017, this Honorable Court issued an order lifting the stay of removal for Mr. Wisam Ibrahim. Mr. Ibrahim's family was not informed of the signed stipulation, or of this Honorable Court's order lifting the stay for Mr. Ibrahim. Mr. Mansy learned of his son's imminent removal in a call from Mr. Ibrahim on or about January 15, 2018, (ECF 207), and again in a call from an ICE agent on or about January 17, 2018.

On Tuesday, January 23, 2018, Mr. Mansy filed an urgent motion to vacate this Honorable Court's order lifting the stay of removal for his son Mr. Ibrahim, arguing that Mr. Ibrahim's mental condition rendered him incompetent to waive his right to remain in the United States. (ECF 207). An emergency hearing was conducted and this Honorable Court issued a temporary stay and requested that Mr. Mansy submit a brief setting forth the standard and framework under which Ibrahim's competency would be determined. (ECF 210). Finally, we have learned most recently that Mr. Ibrahim may have changed his mind and no longer wishes to be removed to Iraq.

## ARGUMENT

I.   MR. WISAM IBRAHIM HAS A RIGHT TO FULL AND MEANINGFUL PARTICIPATION IN HIS REMOVAL PROCEEDINGS

The Immigration and Nationality Act (INA) affords the right to full participation of detainees in their removal and detention proceedings. Under the

INA, "the alien shall have a reasonable opportunity to examine the evidence against the alien, to present evidence on the alien's own behalf, and to cross-examine witnesses presented by the Government." 8 U.S.C. 1229a(b)(4)(B). However, the INA does not include specific protections for mentally incompetent aliens, other than to require immigration judges to provide safeguards to protect the rights and privileges of an alien should the alien be unable to appear due to the alien's mental incompetence. 8 U.S.C. 1229a(b)(3).

The Rehabilitation Act of 1973, however, mandates that protections be afforded to incompetent detainees.  The Act prescribes that "[n]o otherwise qualified individual with a disability in the United States … shall, solely by reason of his or her disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance or under any program or activity conducted by any Executive agency." 29 U.S.C. § 794(a). "Disability" is defined as "(A) a physical or mental impairment that substantially limits one or more major life activities of [the] individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(1).

The question here is how to determine whether Mr. Ibrahim suffers from a mental impairment and whether that impairment would prevent Mr. Ibrahim from full participation in his proceedings absent adequate safeguards.

3

II.    EXISTING IMMIGRATION LAW PROVIDES INADEQUATE
       PROTECTION OF THE RIGHT TO MEANINGFUL PARTICIPATION
       FOR INCOMPENTENT DETAINEES

The Board of Immigration Appeals (BIA) provides some framework, if

limited, for determining an alien's mental competence.  Primarily, the BIA has

found that an alien is presumed to be competent to participate in removal

proceedings, and that absent 'indicia of mental incompetence,' an immigration

judge is under no obligation to analyze an alien's competency.  *Matter of M-A-M-,*

25 I&N Dec. 474, 477 (BIA 2011).

Indicia of incompetency may include such things as the behavior of the

alien, any history of medical illness from medical records, reports, or evaluations,

or from criminal proceedings, or evidence from other sources such as schools.  *Id.*

at 479.  Once 'indicia of incompetency' become apparent, an immigration judge

must then take measures to determine whether a respondent is mentally competent

to participate in proceedings.  *Id.* at 480.  Those measures *could* include a mental

competency evaluation by mental health professional.  *Id*. at 481.  In making such

determination, neither party has the burden of proof, but rather a general standard

of preponderance of the evidence is to be followed by the immigration court.

*Matter of J-S-S-*, 26 I&N Dec. 679 (BIA 2015), citing *Mason el rel. Marson v.*

*Vasquez*, 5 F.3d 1220 (9th Cir. 1993). The BIA has given immigration judges broad

4

discretion to determine which safeguards may be appropriate for a particular case. *Matter of M-J-K-*, 26 I&N Dec. 773 (BIA 2016).

However, the safeguards prescribed by the BIA appear to be inadequate under the circumstances, as many do not apply to Mr. Ibrahim's circumstance of signing a waiver while in detention. It is not known if the Department of Homeland Security was aware of his mental illness, or took any steps to ensure that Mr. Ibrahim's right to full and meaningful participation was protected. More adequate screening was therefore necessary to ensure that Mr. Ibrahim was mentally competent to sign a stipulation for prompt removal to Iraq and to meaningfully participate as a class member in the underlying class action.

III.   EXISTING EXECUTIVE BRANCH POLICY IS ALSO INADEQUATE TO GUARANTEE MR. IBRAHIM'S RIGHT TO FULL AND MEANINGFUL PARTICIPATION IN HIS REMOVAL PROCEEDINGS.

Current Executive Branch policies do not require adequate in-detention screening for mental incompetence. On April 22, 2013, *Department of Justice and the Department of Homeland Security Announce Safeguards for Unrepresented Immigration Detainees with Serious Mental Disorders or Conditions*, was released by DOJ.[1] The same day, ICE also issued a memorandum titled *Guidance for New Identification and Information-sharing Procedures Related to Unrepresented*

---

[1] https://www.justice.gov/eoir/pages/attachments/2015/04/21/safeguards-unrepresented-immigration-detainees.pdf

5

*Detainees with Serious Mental Disorders or Conditions.*[2] This memo was a request for Enforcement and Removal Operations to "begin developing procedures to ensure that … all immigration detainees will be initially screened when they enter the facility and will receive a more thorough medical and mental health assessment within 14 days of their admission." (Id at 2). Also that day, EOIR announced a *Nationwide Policy to provide Enhanced Procedural Protections to Unrepresented Detained Aliens with Serious Mental Disorders or Conditions*[3] to "begin implementation of a system that will accomplish" Competency Hearings and Mental Competency Examinations, and the availability of a Qualified Representative for an unrepresented detained alien who is not mentally competent to represent him- or herself. (*Id.*) In April of 2015, DOJ released the *Department Of Justice Open Government Progress Report.*[4] This report *again* focused solely on safeguards in immigration proceedings rather than in detention, and revealed that the new policies had only been implemented thus far for Immigration Judges in Arizona, California, and Washington – not nationwide. These new policy directives have still not been implemented in Michigan or Ohio, and have failed to ensure that Mr. Ibrahim is able to fully participate in his removal proceedings.

---

[2] https://www.ice.gov/doclib/detention-reform/pdf/11063.1_current_id_and_infosharing_detainess_mental_disorders.pdf.

[3] http://nwirp.org/Documents/ImpactLitigation/EOIRDirective04-22-2013.pdf t

[4] https://www.justice.gov/open/department-justice-open-government-progress-report-april-2015 - eoir).

IV.    MR. IBRAHIM'S RIGHTS TO MEANINGFUL PARTICIPATION IN HIS
       REMOVAL PROCEEDINGS UNDER 8 U.S.C. § 1229a(b)(4)(B) AND
       THE REHABILITATION ACT OF 1973 HAVE BEEN VIOLATED.

Mr. Ibrahim is protected under Section 504 of the Rehabilitation Act, as he

can establish that: (1) he is a person with disabilities within the meaning of the

Rehabilitation Act; (2) he was "otherwise qualified for the benefit or services

sought"; (3) he was "denied the benefit or services solely by reason" of his

disability; and (4) the entity to provide the benefit receives federal funding. 29

U.S.C. § 794(a); *See Franco-Gonzalez,* Order #592 at 6, quoting *Lovell v.*

*Chandler*, 303 F.3d 1039, 1052 (9th Cir. 2002). There is a reason the Executive

Branch policy directives were issued on April 22, 2013 and apply only to

Immigration Courts under the jurisdiction of the U.S. District Court for the Central

District of California. On April 23, 2013, that Court issued a Permanent Injunction

(*Franco-Gonzalez v. Holder*, No. 10-02211, Dkt. No. 593, April 23, 2013) and an

accompanying Order implementing that Permanent Injunction (*Franco-Gonzalez v.*

*Holder*, No. 10-02211, Dkt. No. 592 (C.D. Cal. April 23, 2013) regarding a class

of potentially incompetent detainees. The Court found that "the 'safeguards' set

forth in *M-A-M-* are insufficient" and that "Plaintiffs are entitled to the reasonable

accommodation of appointment of a Qualified Representative to assist them in

their removal and detention proceedings under Section 504 of the Rehabilitation

Act." (*Id*. at 17). The Court subsequently issued an additional Order in which it

7

clarified that "[n]othing in EOIR's nationwide policy is intended to negate or alter

the obligations of EOIR under the orders of the Court in *Franco-Gonzalez v*

*Holder*." (See *Franco-Gonzalez v. Holder*, No. 10-02211, Dkt. No. 786 (C.D. Cal.

October 29, 2014). This subsequent Order required all ICE Detention Centers in its

jurisdiction to implement new policies "with the purpose of accurately identifying

"individuals who are or will be in DHS custody for immigration proceedings in

California, Arizona and Washington who have been identified by or to medical

personnel, DHS, or an Immigration Judge, as having a serious mental disorder or

defect that may render them incompetent to represent themselves in immigration

proceedings, and who presently lack counsel in their immigration proceedings."

(*Id.* at 2). The Court ordered implementation of a system including mental health

screening of detainees upon arrival at detention facilities, mental health

assessments, an Information Sharing System to provide relevant documents and

information regarding detainees' mental health to Immigration Judges, and an

Evaluation System that shall include Judicial Competency Inquiries, Forensic

Competency Evaluations, and Competency Reviews. (See *Id.* 2-19).

## CONCLUSION

This Court should issue an order requiring an immediate mental health

assessment of Mr. Ibrahim while in detention. The factual information regarding

his prior diagnoses of Paranoid Schizophrenia and Anxiety Disorder, his wildly

fluctuating statements about whether he wishes to be represented by counsel and whether or not he desires to be removed to Iraq, and his father's sworn declaration as to his mental health history clearly indicate that Mr. Ibrahim is exhibiting evidence of a serious mental disorder or condition.

There are three available frameworks for determining the standard for whether Mr. Ibrahim was competent to waive the stay of removal – the BIA precedent, the DOJ/EOIR guidelines, and the system required under *Franco-Gonzalez.* It is Proponent's position that neither the BIA standard "where indicia of incompetency are identified, the Immigration Judge should determine if a preponderance of the evidence establishes that the respondent is competent," nor the EOIR policy guidelines regarding Judicial Competency Hearings are sufficient, as they omit critical mental health evaluations while in detention, and instead focus on Judicial determinations of legal competency in removal proceedings. The system set forth under *Franco-Gonzalez* is much more appropriate for an in-custody mental health assessment, and would be conducted by a qualified mental health professional familiar with diagnosing mental disorders such as Paranoid Schizophrenia, for example, which render a detainee incompetent to represent themselves in detention or removal proceedings.

Evaluation in this manner, while in ICE detention, is appropriate to ensure that Mr. Ibrahim is not left unrepresented, yet simultaneously incompetent to

9

represent himself on matters such as signing a waiver of a stay of removal – a clear violation of his right to full and meaningful participation.

Cost does not seem to be a factor, as all three available frameworks allocate the financial burden on the Defendants, and the *Franco-Gonzalez* system also expressly states that "the inconvenience or expense to defendants associated with obtaining a trained mental health professional at additional cost" is *not* an exigent circumstance that would circumvent the requirements of the order. (*Franco-Gonzalez,* Dkt. No. 786 at 18).

Proponent believes that the result of such a mental health assessment will be a determination that Mr. Ibrahim was not competent to waive his Stay of Removal. In order to ensure his ability to exercise his right to full and meaningful participation in his removal and bond proceedings, Mr. Ibrahim should then be afforded a Competency Hearing in front of an Immigration Judge. Here, the three available frameworks mostly converge and would each require a judicial determination on whether Mr. Ibrahim is competent to represent himself in immigration proceedings, or whether he must be afforded a Qualified Representative or Attorney.

Dated: January 26, 2018

RESPECTFULLY SUBMITTED,

/s/  Glenn Eric Sproull              /s/  Nour G. Chammas

Glenn Eric Sproull                   Nour G. Chammas*

(IL Bar 6276310)                     (CA Bar 244214)

Attorney At Law                      Attorney At Law

6650 Joy Road                        6 Parklane Blvd., Suite 104

Dexter, MI 48130                     Dearborn, MI 48126

(312) 919-9335                       (313) 752-1064

esproull@gmail.com                   nour@chammasjurado.com

                                     *Application for Admission
                                     forthcoming.

11

## CERTIFICATE OF SERVICE

I hereby certify that on January 26, 2018, I electronically filed the foregoing papers

with the Clerk of the Court using the ECF system which will send notification of

such filing to all ECF filers of record.

/s/  Glenn Eric Sproull
Glenn Eric Sproull
(IL Bar 6276310)
Attorney At Law
6650 Joy Road
Dexter, MI 48130
(312) 919-9335
esproull@gmail.com