UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**USAMA JAMIL HAMAMA,** et al.,

    Petitioners and Plaintiffs,

v.

**REBECCA ADDUCCI**, et al.,

    Respondents and Defendants.

Case No. 2:17-cv-11910
Hon. Mark A. Goldsmith
Mag. David R. Grand
Class Action

**RESPONDENTS' RESPONSE TO PROPONENT'S[1] MOTION PROPOSING A FRAMEWORK FOR A COMPETENCY EXAM FOR WISAM IBRAHIM**

This court has already resolved the procedures for determining whether a class member's desire to opt out of a stay of removal is knowing and voluntary. *See* Order Regarding Further Proceedings, ECF 110 at 2 ("To ensure that a putative class member's decision to return to Iraq is made knowingly and voluntarily, the Court adopts Petitioners' [proposed procedures]."). Upon receipt of a detainee's form indicating a possible interest in removal, Petitioners' counsel identifies a pro bono lawyer to visit the detainee to "(a) advise the detainee about available options, (b) confirm that no pressure is being exerted, and (c) ensure that any decision to forego the protections of this Court's stay [of removal] is knowing

---

[1] Proponent, Saeeb Ibrahem Mansy, is the father of Wisam Ibrahim.

1

and voluntary." Joint Status Report, ECF No. 107 at 6. Petitioners explicitly noted that "[t]he pro bono lawyer can also be alert to the possibility of any *indicia of incompetency*." *Id*. (emphasis added). And the Court acknowledged that this process "will more likely result in detainees making an informed and voluntary choice whether to forego the protections afforded by the preliminary injunction." Order Regarding Further Proceedings, ECF 110 at 2.

Petitioner Wisam Ibrahim ("Ibrahim") has been afforded the benefit of this court-approved process "designed to ensure that the Court has sufficient assurance . . . that . . . individuals have made knowing and voluntary choices to be removed." Joint Status Report, ECF No. 107 at 7. Specifically, on October 30, 2017, Ibrahim consulted with counsel to discuss his rights under the preliminary injunction, signed the Detainee Stipulation for Prompt Removal to Iraq, and by all indications had knowingly and voluntarily waived his protections under the preliminary injunction. *See* Order Lifting the Preliminary Injunction for Wisam Ibrahim, ECF 151. Given the current evidence regarding his competency to make such a waiver, and absent specific evidence to rebut it, Ibrahim is entitled to no further processes to establish his competency (and in fact has not requested it), and this court thus need not determine any such framework for a competency exam.

# ARGUMENT

## I. PROPONENT LACKS STANDING TO INTERVENE ON IBRAHIM'S BEHALF

Proponent lacks standing to intervene in this litigation to challenge the court-approved procedures for opting out of a stay of removal. As such, this court need not entertain Proponent's proposed framework for a mental competency exam.[2] While the government has no reason to believe Proponent is not attempting to represent Ibrahim's interests, he has the burden to clearly "establish the propriety of his status and thereby justify the jurisdiction of the court." *Franklin v. Francis*, 144 F.3d 429, 432 (6th Cir. 1998). He has not yet met this burden, and thus does not have standing to disrupt the proceedings of this action.

In *Whitmore v. Arkansas,* the Supreme Court held that "one necessary condition for 'next friend' standing in federal court is a showing by the proposed 'next friend' that the real party in interest is unable to litigate his own cause due to mental incapacity." 495 U.S. 149, 165 (1990). This prerequisite is not satisfied when, as here, a court has already determined that an individual "has given a knowing, intelligent, and voluntary waiver of his right to proceed." *Demosthenes v. Baal*, 495 U.S. 731, 734 (1990) (quoting *Whitmore,* 495 U.S. at 165). Thus, unless the standards of *Whitmore* are met, Ibrahim "is entitled to be free from being

---

[2] The court should similarly reject Proponent's challenge to the sufficiency of Respondents' procedures and policies for assessing an alien's mental competency in connection with removal proceedings as those issues are entirely outside of the scope of this litigation.

3

dragged about for mental examinations, hearings, and the like, in processes that he has not invoked, even if purportedly for his benefit." *West v. Bell*, 242 F.3d 338, 342 (6th Cir. 2001).

## II. PROPONENT'S PROPOSED COMPETENCY STANDARDS INAPPROPRIATELY CONFLATE IMMIGRATION COURT PROCEEDINGS WITH HABEAS CORPUS PROCEEDINGS

### a. Ibrahim Is Not In Immigration Court Proceedings

For the following reasons, this court should reject Proponent's motion to require Respondents to assess whether Ibrahim is competent to opt-out of the protections afforded by the court's preliminary injunction under the framework in *Franco-Gonzales v. Holder,* No. 10-02211, Dkt. No. 786 (C.D. Cal. Oct. 29, 2014).

First, the permanent injunction in *Franco-Gonzalez* applies only to unrepresented individuals detained for immigration court proceedings within the jurisdictions of California, Washington, and Arizona. *Id*. at 24. It does not apply to individuals like Ibrahim who are detained elsewhere and who are not in immigration court proceedings.

Second, the *Franco-Gonzalez* framework is designed to serve a specific purpose: to assess whether an unrepresented detained individual is competent to represent him or herself before an immigration judge in immigration proceedings. *Id*. at 13. During this inquiry, the immigration judge assesses whether the

4

individual is able to meaningfully participate in immigration court proceedings and perform additional functions necessary for self-representation. *Id*. The *Franco-Gonzalez* framework cannot (and should not) be extended to the very different context of assessing whether an individual, like Ibrahim, has made a knowing and voluntary decision to opt-out of a federal habeas class action.[3]

This is especially true in these circumstances, where Ibrahim is subject to a final order of removal and is not in immigration court proceedings. As the Sixth Circuit has articulated, "[t]he only time a competency hearing may be required in the immigration context is to determine whether an *unrepresented* alien shows sufficient evidence of incompetency to require an attorney or guardian to represent the alien's interests at the proceedings." *Jaadan v. Gonzales*, 211 F. App'x 422, 430 (6th Cir. 2006) (emphasis in original). In short, an individual's "competency rights are limited to a determination of whether his incompetency requires that he have a representative at his deportation proceedings, not whether his incompetency precludes deportation altogether." *Id*. at 431.

Finally, the *Franco-Gonzalez* litigation sought procedural safeguards to help individuals in immigration proceedings who are mentally incompetent and without legal representation. *Franco-Gonzales No*. 10-02211, Dkt. No. 786 at 24. Here, in

---

[3] Immigration Judges are not trained, or otherwise authorized, to assess whether an individual, like Ibrahim, is competent to make decisions in connection with federal litigation. As such, Proponent's proposals further illustrate why such a framework is inapplicable.

5

addition to Ibrahim not being in immigration proceedings, he cannot be said to be without legal representation for the purposes of the question at issue. As a putative class member, he is represented in this litigation by class counsel, who designed the specific procedural safeguards guiding his waiver of this court's stay of removal to Iraq. Further, and pursuant to this court's ordered procedures, prior to signing the waiver, pro-bono attorney Melanie Goldberg met with Ibrahim "to provide assurance that such waiver was knowing and voluntary." Declaration of Melanie D. Goldberg, ECF 151-1, ¶ 5. On the basis of counsel's conversations with Ibrahim, it was believed "that he wishes to be promptly removed to Iraq, and that this waiver of the protections provided by the Hamama Preliminary Injunction is both knowing and voluntary." *Id*. at ¶ 8.

There is no indication or allegation that Ibrahim was not previously afforded his right to a full and meaningful participation in his removal proceedings.[4] By virtue of his final order of removal, he is not an individual in immigration proceedings. Thus, any of Proponent's proposed standards with respect to Board

---

[4] Proponent has not established a *prima facie* case under Section 504 of the Rehabilitation Act as he has not shown that Ibrahim was "denied the benefit or services [sought] solely by reason of [his] disability". 29 U.S.C. § 794(a). While *Franco-Gonzalez* determined that "the exercise of rights to present evidence, cross-examine witnesses, and make legal arguments against the Government's charges constitute a 'benefit or services' to which all individuals in immigration proceedings . . . are entitled[,]" *Franco-Gonzalez v. Holder*, 2013 WL 3674492 *4 fn. 2, Proponent has presented no evidence that Ibrahim was not afforded such benefits in his prior removal proceedings. Moreover, as Ibrahim is not in immigration proceedings, Proponent cannot establish that Ibrahim is now "otherwise qualified for the benefit or services sought" to make out a current claim under Section 504 of the Rehabilitation Act.

6

of Immigration Appeals precedent, Executive Office for Immigration Review guidelines, or *Franco-Gonzalez* are grossly misapplied.

### b. Ibrahim is in Habeas Corpus Proceedings

As a putative class member in a habeas corpus proceeding, a more applicable standard for assessing Ibrahim's competency to waive his stay of removal should only be found in the habeas corpus context.

Since "a non-capital habeas petitioner does not have either a constitutional or statutory right to competence during the pendency of his habeas petition, he does not have a right to an evidentiary hearing to determine his present competence." *Ciavone v. Mackie*, No. 11-CV-14641, 2012 WL 12953936, at *3 (E.D. Mich. June 18, 2012). However, the Supreme Court has articulated the following legal standard to be applied when a death row inmate seeks to withdraw his or her habeas appeal: "whether he has [the] capacity to appreciate his position and make a rational choice with respect to continuing or abandoning further litigation or on the other hand whether he is suffering from a mental disease, disorder, or defect which may substantially affect his capacity in the premises." *Rees v. Peyton,* 384 U.S. 312, 314 (1966).

Here, while Proponent has shown the potential for some conceivable difficulties in Ibrahim's mental health, there is no evidence that, in the words of

*Rees,* Ibrahim does not have "capacity to appreciate his position and make a rational choice with respect to continuing or abandoning further litigation or . . . suffer[s] from a mental disease, disorder, or defect which may substantially affect his capacity in the premises." *Rees,* 384 U.S. at 314. Thus, even if there were an articulated standard for assessing competency for making a waiver in the non-capital habeas context, Proponent has failed to establish that Ibrahim lacks sufficient capacity to waive his rights under the preliminary injunction.

### III. IBRAHIM HAS ESTABLISHED COMPETENCY TO WAIVE HIS RIGHTS

While "the law generally places restrictions on the ability of incompetent individuals to accomplish voluntary and legally binding acts," *United States v. Mandycz,* 447 F.3d 951, 964 (6th Cir. 2006), the provision of particular procedural safeguards have been found to ensure an individual's competence to make such decisions. For instance, when it comes to waiving one's fundamental right to a jury trial, "there must be no doubt that any waiver of the right is made knowingly, intelligently and voluntarily." *United States v. Martin,* 704 F.2d 267, 272 (6th Cir.1983). In *Martin,* the Sixth Circuit found that a defendant "possessed the mental capacity to make an intelligent waiver" of a jury trial if (1) the waiver is in writing, (2) the government attorney consents to the waiver, (3) the trial court consents to the waiver and (4) the defendant's waiver is voluntary, knowing and

8

intelligent. *Id*. at 274. For a waiver to be voluntary, knowing and intelligent, the individual "must possess a minimum amount of knowledge concerning his . . . right and the mental capacity to understand the implications of waiver of that right." *Spytma v. Howes*, 313 F.3d 363, 370 (6th Cir. 2002).

Here, the parties have structured, and this court has approved, a process for opting out of the stay of removal that meets all four of the *Martin* court's standards for establishing competency to make an intelligent waiver. Considering that the procedural safeguards employed here would be sufficient to establish mental capacity to waive one's constitutional right to a jury trial, they are therefore more than adequate to establish competency to waive one's right to a stay of removal.

## CONCLUSION

Notwithstanding Proponent's lack of standing, this court need not decide any applicable standards for establishing competency in these proceedings. Ibrahim is not in removal proceedings. As such, the adoption of any of Proponent's proposed frameworks regarding the assessment of competency in removal proceedings would be grossly misplaced. More importantly, this court need not consider the framework for a competency exam since Proponent has not shown that Ibrahim lacks the capacity to appreciate the nature of his waiver or to make a rational choice with respect to continuing or abandoning further litigation.

DATED:  February 5, 2018

Respectfully submitted,

By: /s/ *Michael A. Celone*
MICHAEL A. CELONE

CHAD A. READLER
Acting Assistant Attorney General
Civil Division
WILLIAM C. PEACHEY
Director
WILLIAM C. SILVIS
Assistant Director
SARAH STEVENS WILSON
Assistant United States Attorney
NICOLE N. MURLEY
JOSEPH A. DARROW
MICHAEL A. CELONE
Trial Attorneys
Office of Immigration Litigation
U.S. Department of Justice, Civil Division
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
Tel:  (202) 305-2040
*Counsel for Respondents*

# **CERTIFICATE OF SERVICE**

I hereby certify that on this date, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system. I certify that all participants are CM/ECF users and that service will be accomplished by the CM/ECF system.

Dated: February 5, 2018　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　By: */s/ Michael A. Celone*
　　　　　　　　　　　　　　　　MICHAEL A. CELONE
　　　　　　　　　　　　　　　　Trial Attorney
　　　　　　　　　　　　　　　　U.S. Department of Justice
　　　　　　　　　　　　　　　　Civil Division
　　　　　　　　　　　　　　　　Office of Immigration Litigation
　　　　　　　　　　　　　　　　P.O. Box 868, Ben Franklin Station
　　　　　　　　　　　　　　　　Washington, DC 20044
　　　　　　　　　　　　　　　　Tel: (202) 305-2040

　　　　　　　　　　　　　　　　*Counsel for Respondents*