## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**USAMA JAMIL HAMAMA,** et al.,

      Petitioners and Plaintiffs,

v.

**REBECCA ADDUCCI**, et al.,

      Respondents and Defendants.

Case No. 2:17-cv-11910
Hon. Mark A. Goldsmith
Mag. David R. Grand
Class Action

## SECOND AMENDED STIPULATED ORDER FOR THE PROTECTION OF CONFIDENTIAL INFORMATION

I.        Except as otherwise ordered by this Court, this Order for the Protection of Confidential Information ("Order") shall apply to all documents and information produced and all discovery responses given or filed in this action by the parties and any non-party that produces discovery in this case pursuant to a discovery demand, subpoena, agreement or order of the Court.  For purposes of this Order, "documents, information and discovery responses" shall include, but not be limited to, documents and tangible things, responses to requests for production of documents or other things, responses to interrogatories, responses to requests for admissions, deposition testimony and exhibits, and all copies, extracts, summaries, or compilations.

II.      Any party or non-party from whom production is sought may designate the following as CONFIDENTIAL:

- documents, information, and discovery responses that the designating party or non-party reasonably believes not to be in the public domain;
- personal information covered by the Privacy Act, 5 U.S.C. § 552a and Federal Rule of Civil Procedure 5.2;
- an individual's birth date, social security number, tax identification number, alien registration number ("A number"), passport numbers, driver's license numbers, and any similar numbers assigned to an individual by a federal/national, state, or local government of the United States or any other country if not subject to privilege or other restrictions prohibiting disclosure even under protective order; and
- names, locations of, and any other identifying information which would allow the identification of the particular individual(s) to whom the information relates, or testimony on the record, of individuals not related to this litigation.

III.   Any party or non-party from whom production is sought may designate the following as HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY (referred to herein as "HIGHLY CONFIDENTIAL"):

- extremely sensitive documents, information, and discovery responses, disclosure of which to another party or non-party would create a substantial risk of serious harm that could not be avoided by less restrictive means, including information which, if disclosed, could adversely impact foreign relations or result in a party or material witness deciding not to testify out of fear of adverse immigration or criminal consequences;
- documents, information, and discovery responses which the Court has ordered produced under this designation;
- names, phone numbers and email addresses of federal employees unless subject to the law enforcement privilege; and

2

- travel document requests, drafts of flight manifests, sensitive communications with the Iraqi government if those communications relate to the removal process, and/or any document that contains information that is law enforcement sensitive, for instance, information which may be protected from public disclosure under the Freedom of Information Act, 5 U.S.C. § 552, et seq., and are not subject to the law enforcement privilege or other restrictions on disclosure.

IV.   Any document, information and discovery response given or filed in this action may be designated by stamping or otherwise marking (in such manner as will not interfere with the legibility of the document) each page of a document containing confidential information with the notation "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

V.   Any copies or reproductions, excerpts, summaries, or other documents or media that paraphrase, excerpt, or contain CONFIDENTIAL or HIGHLY CONFIDENTIAL information shall also be treated as CONFIDENTIAL or HIGHLY CONFIDENTIAL information pursuant to this Order.

VI.   This Order does not preclude Counsel of Record for Plaintiffs/Petitioners and Defendants/Respondents from disclosing non-personal identifying aspects of CONFIDENTIAL or HIGHLY CONFIDENTIAL information, such as the fact that certain CONFIDENTIAL or HIGHLY CONFIDENTIAL information exists or aggregated data and information about the proposed class or members of the class if the class is certified (such as, but not limited to, the number of proposed or actual class members, composition of the

proposed or actual class, analysis or summaries about the experiences of proposed or actual class members) that are derived from the CONFIDENTIAL or HIGHLY CONFIDENTIAL documents, information and discovery responses. Any disclosure of aggregated CONFIDENTIAL or HIGHLY CONFIDENTIAL documents, information, and discovery responses shall not contain any personally identifying information (such as an individual's name, Alien Number, or birthdate) that would allow the public to associate any aspect of the aggregated data with an individual.

VII.     In the event deposition testimony concerns matters that a party or non-party deems CONFIDENTIAL or HIGHLY CONFIDENTIAL, the entity seeking such protection may designate that portion of the transcript as such (a) during the course of the deposition (in which case participation in that portion of the deposition may be limited to those persons who are authorized to receive such information pursuant to this Order) or (b) by written designation made within fifteen (15) days of receipt of the relevant transcript. The 15-day period is subject to enlargement or shortening either by consent of all interested entities, such consent not to be unreasonably withheld, or by order of the Court. The parties shall treat each deposition transcript as if designated CONFIDENTIAL or HIGHLY CONFIDENTIAL until the period for the confidentiality designation of

such transcript has expired, after which time the parties shall honor all confidentiality designations in such transcript as provided in this Order.

A.     Regardless of the manner in which deposition designation as CONFIDENTIAL or HIGHLY CONFIDENTIAL is initially made, such written designation shall be accomplished by clearly marking on a copy of that transcript each portion of the transcript containing CONFIDENTIAL or HIGHLY CONFIDENTIAL information by placing the legend on the page of each portion of the transcript to be so designated.

B.     At any deposition session, when counsel for a party or the deponent deems that the answer to a question will result in the disclosure of CONFIDENTIAL or HIGHLY CONFIDENTIAL information, counsel shall have the option, in lieu of taking other steps available under the Federal Rules of Civil Procedure, to request that all persons other than the reporter, counsel, and those who have access to the appropriate category of information, leave the deposition room during that portion of the deposition.  The failure of such other persons to comply with such a request shall constitute substantial justification for counsel to advise the witness that he or she need not answer the question pending.

VIII.     It is the responsibility of counsel for each party to this action to take reasonable precautions to prevent the unauthorized or inadvertent disclosure of any materials containing CONFIDENTIAL or HIGHLY CONFIDENTIAL

information obtained from any party or non-party by maintaining the information in a secure and appropriate manner so as to allow access to the information only to such persons as are permitted pursuant to this Order.

      IX.      This order does not authorize the filing of any documents or other matter under seal. Documents or other matter may be sealed only if authorized by statute, rule, or order of the Court. A party seeking to file records with the Court that have been designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL shall coordinate with the designating party (if not the filing party) to provide to the Court, either by motion or proposed stipulated order, the parties' positions regarding sealing, including

    i.   the authority asserted for sealing;

    ii.   an identification and description of each item proposed for sealing;

    iii.   the parties' position on whether the record should be sealed is necessary;

    iv.   the parties' position on whether means other than sealing are unavailable or unsatisfactory to preserve the interest advanced by the movant in support of sealing; and

    v.   a memorandum of legal authority supporting each party's position.

*See* Local Rule 5.3. The designating party shall have the responsibility of establishing that sealing is necessary. A party shall not file or otherwise tender to the Clerk any item proposed for sealing unless the Court has granted the motion or

entered the proposed stipulated order required by this section.  Neither their stipulation to entry of this Order nor the fact that a party has not challenged, through the procedures in Section XVIII, the designation of the information sought to be filed under seal as CONFIDENTIAL or HIGHLY CONFIDENTIAL shall be construed as agreement that such documents are properly considered CONFIDENTIAL or HIGHLY CONFIDENTIAL, as consent to filing such material under seal or as a waiver of that party's ability to object to sealing. *See Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016).

X.       Except with the prior written consent of the party asserting confidential treatment or prior order of the Court, any CONFIDENTIAL or HIGHLY CONFIDENTIAL document or discovery response, and the information contained therein, may not be disclosed other than in accordance with this Order. All persons to whom CONFIDENTIAL or HIGHLY CONFIDENTIAL information is disclosed shall be required to abide by the terms of this Order.

XI.       CONFIDENTIAL information may be disclosed to the following individuals:

A.       Counsel of Record for Plaintiffs/Petitioners and Defendants/Respondents, and employees and students working under the

supervision of such counsel, but only after such students have completed the certification contained in Exhibit A, Acknowledgment Regarding the Order;

B.      The Court and its personnel;

C.      Court reporters and other personnel engaged to record depositions;

D.      Persons engaged by Counsel of Record for the limited purpose of making copies of documents or organizing or processing documents, including outside vendors hired to process electronically stored documents;

E.      Consultants, investigators, or experts employed by the parties or Counsel of Record for the parties to assist in the preparation and trial of this action, but only after such persons have completed the certification contained in Exhibit A, Acknowledgment Regarding the Order;

F.      The author or recipient of the document (not including a person who received the document in the course of litigation);

G.      Other persons upon order of the Court;

H.      For confidential information relating to proposed members of the class or members of the class if the class is certified, the institutions and individuals, to be designated by Counsel of Record from the American Civil Liberties Union Fund of Michigan, who will coordinate access for the proposed or actual class members to independent legal representation, but only after such

persons have completed the certification contained in Exhibit A, Acknowledgment Regarding the Order;

      I.     For information designated as CONFIDENTIAL relating to proposed members of the class or members of the class if the class is certified, the individual class member and counsel who represent individual class members (or who will represent individual class members once a formal engagement is executed). The individual class member and counsel shall only be provided CONFIDENTIAL information relating to the individual class member, and may not provide the individual any information pertaining to other class members; and

      J.     Any prospective counsel that is evaluating whether to take on the representation of a proposed member of the class or a member of the class if the class is certified, however, the CONFIDENTIAL information disclosed to the prospective counsel will be limited to name, Alien number, and detention location for the prospective client. Before receiving this limited CONFIDENTIAL information, prospective counsel must execute Exhibit A, the Acknowledgment Regarding the Order. Once prospective counsel is retained by an individual class member or will represent an individual class member once a formal engagement is executed, all CONFIDENTIAL information about their client may be disclosed to the counsel as permitted under Section XI.I.

XII.   HIGHLY CONFIDENTIAL information may be disclosed to the individuals listed in paragraphs XI.A. to XI.G.

XIII.      Nothing in this Order shall preclude any party to this lawsuit or its counsel: (a) from showing any CONFIDENTIAL or HIGHLY CONFIDENTIAL document or discovery response to an individual who either prepared, authored, or received the document or discovery response prior to the filing of this action; (b) from disclosing or using, in any manner or for any purpose, any information or documents from the party's own files that that party itself has designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL; or (c) from disclosing or using, in any manner or for any purpose, any information or documents obtained legally from a source not governed by this Order.

XIV.      A party disclosing CONFIDENTIAL information to a person described in paragraph XI.E and XI.H or HIGHLY CONFIDENTIAL information to a person described in paragraph XI.E must first: (i) advise the recipient that the information has been designated CONFIDENTIAL or HIGHLY CONFIDENTIAL pursuant to this Order, and may only be used in connection with this action; (ii) provide the recipient with a copy of this Order; and (iii) have that person execute Exhibit A, the Acknowledgment Regarding the Order.

XV.      In the event that a party receiving CONFIDENTIAL or HIGHLY CONFIDENTIAL documents or information receives a subpoena, a request for the

production of documents in connection with another litigation, or other compulsory process for any such CONFIDENTIAL or HIGHLY CONFIDENTIAL documents or information from any court or local, state, or federal government entity, the receiving party shall provide notice of the subpoena in writing to the party that produced the information within two (2) business days of receipt of such subpoena, request for production, or other process.  The notice will set forth the information subpoenaed or requested, the person requesting the information, and attach a copy of the subpoena or other process.  The purpose of the notice is to provide an opportunity for the party that had produced and designated the CONFIDENTIAL or HIGHLY CONFIDENTIAL information to challenge the subpoena, request, or other process.  The receiving party shall not produce any CONFIDENTIAL or HIGHLY CONFIDENTIAL information in response to such subpoena, request, or other compulsory process without the prior written consent of the party that produced such information, unless in response to an order of a court or an administrative tribunal of competent jurisdiction.

XVI.     All documents, information, and discovery responses designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL subject to this Order shall be used solely and exclusively for purposes of this action in accordance with the provisions of this Order.  No documents, information and discovery response shall be used in or for other cases, proceedings, or disputes, or for any commercial,

business, competitive, or other purpose whatsoever, without further order of this Court, with the exception of individual class members' immigration files and other information provided to the individual or their immigration counsel under Section XI.I, which can be used in their individual cases.

XVII. Use by the parties of any CONFIDENTIAL or HIGHLY CONFIDENTIAL information at pre-trial hearings and at trial shall be governed as follows:

A. In the event that any CONFIDENTIAL or HIGHLY CONFIDENTIAL information is used in any pre-trial hearing or proceeding in this action, and there is any dispute as to whether such information continues to be CONFIDENTIAL or HIGHLY CONFIDENTIAL, the parties will meet and confer in an effort to resolve such dispute. If the CONFIDENTIAL or HIGHLY CONFIDENTIAL information at issue was produced by a non-party, and/or designated by a non-party, the party intending to use the information shall give such non-party ten (10) business days' written notice and an opportunity to participate in the meet and confer. If the dispute cannot be resolved by agreement, the party producing the information bears the burden of proving the information at issue is CONFIDENTIAL or HIGHLY CONFIDENTIAL within the definition(s) of those term(s) set forth above.

B.     The parties shall confer and attempt to agree, before trial or other hearing, on the procedures under which CONFIDENTIAL or HIGHLY CONFIDENTIAL information may be introduced into evidence or otherwise used at such trial or hearing.

C.     Absent agreement, the Court shall be asked to issue an order governing the use of CONFIDENTIAL or HIGHLY CONFIDENTIAL information at trial or other hearing upon reasonable notice to all parties and non-parties who have produced such CONFIDENTIAL or HIGHLY CONFIDENTIAL information.

D.     Notice of the potential use at trial or other hearing of any CONFIDENTIAL or HIGHLY CONFIDENTIAL information produced or designated by non-parties shall be provided to such non-parties by the party intending to the use information, along with the terms of any agreement or Court order issued pursuant to paragraph XVIII of this Order, if and when any such materials are listed as potential exhibits in the required filings prior to commencement of trial.  The party intending to use the information shall give notice as soon as practicable after any CONFIDENTIAL or HIGHLY CONFIDENTIAL information which is not listed on an exhibit list is determined to be likely to be used by counsel for a party in the course of trial or other hearing

subject to an agreement or Court order issued pursuant to paragraph XVIII of this Order.

XVIII.    Any party who wishes to challenge another party's designation of information as CONFIDENTIAL or HIGHLY CONFIDENTIAL, including any challenge to the designation of any record or any portion of a record that otherwise can be made public pursuant to a request under the Freedom of Information Act, 5 U.S.C. § 552, et seq., may proceed as follows:

A.    Any party receiving any information or documents that have been designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL may object in writing to such designation by providing notice to all parties (and to a non-party if that is the designating entity), and identify the desired de-designation by specifying the information or material that the challenging party contends was improperly designated.  The designating party (or any other interested party or non-party) shall then have ten (10) days to reject the desired de-designation by so informing the challenging party, in writing, on notice to all parties.  (The 10-day period in which to respond is subject to enlargement or shortening by either consent of all interested entities, such consent not to be unreasonably withheld, or the Court.)   Absent a timely rejection of the desired de-designation, the information shall be deemed to be de-designated in accordance with the challenging party's notice of de-designation.  If such objection cannot be resolved,

14

in good faith, by agreement, the objecting party may file a motion with the Court or ask the Court for a status conference and a date to submit a joint statement of issues setting forth the parties' positions on the confidentiality challenge to determine the propriety of the designation.

B.     The objecting party shall:  (a) certify that he or she has sought in good faith to confer with opposing counsel and has been unable to resolve the dispute by agreement; and (b) list by document number, deposition page and line number, or other appropriate designation of material lacking bates numbers, the information that the party claims was improperly designated CONFIDENTIAL or HIGHLY CONFIDENTIAL.

C.     If the objecting party files a motion, the other party may file a response opposing the motion of up to twenty (20) pages in length within ten (10) days after service of such motion.  The party seeking the de-designation shall have leave to submit a twenty (20) page reply.  The burden of establishing the factual and legal basis for confidential treatment of any information rests with the party requesting such confidentiality.

D.     If such motion is timely made, until the motion is ruled upon by the Court, the designation of confidentiality shall remain in full force and effect and the information shall continue to be accorded the treatment required by this Order.

XIX.    Disclosure by the producing party or non-party of CONFIDENTIAL or HIGHLY CONFIDENTIAL information without proper designation at the time of disclosure shall not be deemed a waiver, in whole or in part, of any party's or non-party's claim to confidentiality, either as to the specific information disclosed or as to any other information relating to the subject matter of the information disclosed.  Upon learning of the disclosure of CONFIDENTIAL or HIGHLY CONFIDENTIAL information without proper designation, the party or non-party seeking protection of the information shall, within ten (10) days, properly designate such information; provided, however, that no party shall be deemed to be in breach of this Order by reason of any use or disclosure of such information, inconsistent with such later designation, that occurred prior to notification of such later designation.

XX.    Nothing contained in this Order shall affect the right of any party or producing entity to make any objection, claim privilege, or otherwise contest any request for production of documents, subpoena, interrogatory, request for admission, or question at a deposition as permitted by the Federal Rules of Civil Procedure.  Nothing in this Order shall constitute an admission or waiver, in whole or in part, of any claim, privilege, or defense by any party or producing entity.

XXI.    If a producing party or non-party inadvertently produces privileged material, upon learning of the inadvertent disclosure, it shall promptly

so notify in writing those persons to whom it produced that material.  Upon receipt of such notification, the receiving persons shall immediately return to the producing party or non-party all copies of such material in its possession and shall immediately delete all electronic copies of such material.  The receiving persons shall also immediately inform any person to whom disclosure of such material was made of the inadvertent disclosure, and shall request that each such person immediately destroy and/or delete all copies of such material within its possession and shall expunge from any other document or material information solely derived from the inadvertently produced information except where the document or information has been made part of the record or a filing in the action in which case the burden of seeking removal or expungement shall be on the designating party.

XXII.    If a person who receives CONFIDENTIAL or HIGHLY CONFIDENTIAL information realizes that any of that information is subject to the attorney-client, work-product, or other privilege, that person shall promptly notify the producing party, return the privileged information, delete all electronic copies of such information, and shall expunge from any other document or material the information solely derived from the inadvertently produced privileged information except where the document or information has been made part of the record or a filing in the action in which case the burden of seeking removal or expungement shall be on the designating party.  Those persons shall also immediately inform any

other person to whom disclosure of such material was made, and shall request that each such person immediately destroy and/or delete all copies of such material within its possession.

XXIII.    Any party shall be free to move to modify this Order.

XXIV.    A failure to challenge the propriety of a designation of confidentiality at the time the designation is made shall not preclude or detract from a subsequent challenge thereto.

XXV.    All materials containing CONFIDENTIAL or HIGHLY CONFIDENTIAL information that are submitted to the Court or used in any pretrial proceeding before this Court shall continue to be entitled to the protection provided by this Order.

XXVI.    Each person who receives CONFIDENTIAL or HIGHLY CONFIDENTIAL information agrees to subject himself or herself to the jurisdiction of this Court for the purpose of any proceedings relating to the performance under, compliance with, or violation of, this Order.

XXVII.    Not later than 120 calendar days after conclusion of this action and any appeal related to it, all CONFIDENTIAL or HIGHLY CONFIDENTIAL information of any type, all copies thereof, and all excerpts therefrom shall be returned to counsel for the party or non-party producing the documents, or destroyed, at the producing entity's option, except that outside counsel for each of

Plaintiffs and Defendants may retain one copy of all CONFIDENTIAL or HIGHLY CONFIDENTIAL information, and except as this Court may otherwise order or to the extent such information has been used as evidence at any trial or hearing.  Notwithstanding this obligation to return or destroy information, counsel may retain any attorney work product.

XXVIII.    After termination of this action, the provisions of this Order shall continue to be binding, except with respect to those documents and information that become a matter of public record.  This Court retains and shall have jurisdiction over the parties and recipients of CONFIDENTIAL or HIGHLY CONFIDENTIAL information of any type for enforcement of the provisions of this Order following termination of this litigation.

XXIX.    A breach of the provisions of this Order shall be subject to sanctions, in the discretion of the Court as within or authorized by any statute, rule, or inherent power of the Court, or as otherwise provided by law.

XXX.    This Order shall have no effect on whether a document or information is discoverable.  This Order shall not be used as a basis to expand the scope of discovery permitted by applicable law.  Any agreement of the parties embodied in this Order does not constitute an admission or agreement that any document or information designated CONFIDENTIAL or HIGHLY CONFIDENTIAL by a party or non-party: (a) is entitled to any confidentiality; (b)

is competent, relevant, or material; (c) is subject to discovery; or (d) is admissible as evidence in this case.  Designation of any information subject to this Order shall have no meaning or effect with respect to the substantive issues in this proceeding for the claims or defenses of any party hereto.

XXXI.    This Order does not require production of (a) work product material or information or (b) materials or information covered by the attorney-client or other applicable, state or other, privileges.  Such material may continue to be withheld from discovery by any party, unless the Court orders otherwise.

SO ORDERED.

Dated:  June 19, 2018                    s/Mark A. Goldsmith
      Detroit, Michigan                MARK A. GOLDSMITH
                                   United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on June 19, 2018.

                                 s/Karri Sandusky
                                 Case Manager

SO STIPULATED.


Dated: June 1, 2018

By: /s/ *William C. Silvis* (with consent)
William C. Silvis
Unites States Department of Justice
Office of Immigration Litigation –
   District Court
P.O. Box 868 Ben Franklin Station
Washington, D.C. 20044
(202) 307-4693
William.silvis@usdoj.gov

*Attorney for Defendants/Respondents*

By: /s/ *Kimberly L. Scott*
Kimberly L. Scott (P69706)
Cooperating Attorneys, ACLU Fund
   of Michigan
MILLER, CANFIELD, PADDOCK
   & STONE, PLC
101 N. Main St., 7th Floor
Ann Arbor, MI 48104
(734) 668-7696
scott@millercanfield.com

*Attorney for Plaintiffs/Petitioners*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

**USAMA JAMIL HAMAMA,** et al.,

      Petitioners and Plaintiffs,

v.

**REBECCA ADDUCCI**, et al.,

      Respondents and Defendants.

Case No. 2:17-cv-11910
Hon. Mark A. Goldsmith
Mag. David R. Grand
Class Action

## EXHIBIT A

## ACKNOWLEDGMENT REGARDING THE ORDER FOR THE PROTECTION OF CONFIDENTIAL INFORMATION

I, _____, have read and understand the Order for the Protection of Confidential Information ("Order") entered by the Court in this case and agree to be bound by the provisions of that Order. I agree to subject myself to the jurisdiction of this Court for purposes of any proceedings relating to performance under, compliance with or violation of the Order.

_____
Signature

_____
Print Name

Dated: _____