# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| **USAMA JAMIL HAMAMA,** et al.,<br><br>Petitioners and Plaintiffs,<br><br>v.<br><br>**REBECCA ADDUCCI**, et al.,<br><br>Respondents and Defendants. | Case No. 2:17-cv-11910<br>Hon. Mark A. Goldsmith<br>Mag. David R. Grand<br>Class Action |

### RESPONDENT ICE'S MOTION FOR MODIFICATION OF THE COURT'S DISCOVERY ORDER (ECF No. 304)

Respondent U.S. Immigration and Customs Enforcement ("ICE") respectfully requests that the Court modify the document production schedule set forth in the Court's June 12, 2018 Order, ECF No. 304, to excuse ICE from the requirement of producing 1,000 pages per week, and instead allow ICE to review 3,800 documents per week, producing responsive documents to Petitioners on a weekly basis until August 3, 2018, when ICE estimates the production will be complete.

In relevant part, the Court's June 12 Order requires that "Respondents shall produce documents weekly on the following rolling basis: 1,000 pages of documents on each of the following dates: (i) June 19, 2018; (ii) June 26, 2018; (iii) July 3, 2018; and (iv) July 10, 2018." *Id*. at 6-7. The Court further held that "[f]ailure to produce documents on this schedule will be construed, presumptively, as bad faith,

unless Respondents can establish by clear and convincing evidence that there is exceptional good cause for not meeting the schedule." *Id.* Respondents seek a modification of this schedule for a number of reasons.

First, due to technical limitations, it is very difficult for ICE to work production deadlines based on the number of pages to be produced because that number is difficult to ascertain until the documents are ready for production. The Office of the Principal Legal Advisor's (OPLA) e-discovery platform, Relativity, only identifies the total number of documents in the system and is not able to provide the total number of pages until the documents are ready for production. *See* Declaration of Scott A. Whitted, Deputy Chief of the District Court Litigation Division, Office of the Principal Legal Advisor ("OPLA"), U.S. Immigration and Customs Enforcement, U.S. Department of Homeland Security ("Whitted Decl."), ¶ 7, (attached hereto as "Exhibit A"). ICE has identified 19,000 potentially responsive documents, and to date had conducted a first-line review of over 3,000 documents, but it cannot accurately predict what the total production will be in pages, or guarantee that, even if it reviews 3,000 documents per week, that this will result in 1,000 pages to produce on a weekly basis. *Id.* Accordingly, ICE requests that Court modify the production schedule to require it to review 3,800 documents per week,[1]

---

[1] In paragraph 11 of his declaration, Mr. Whitted mistakenly refers to ICE's proposal to "increase first-line review completion goals to 3800 pages per week,"

and produce responsive documents to Petitioners on a weekly basis. Whitted Decl. ¶ 11. At this rate, barring any technical difficulties, ICE believes it will complete its document production by August 3, 2018.

Second, ICE requests that the Court find that there is good cause for excusing it from meeting the 1000 page deadline on June 19, 2018, based on ICE's good faith efforts to date, multiple technical difficulties with ICE's production software, the time and effort spent negotiating a protective order that would govern the documents produced in this case, and the various other litigation tasks in this case and others that are currently being required of a relatively small number of attorneys at DCLD. Whitted Decl. ¶¶ 5, 8-9. Unlike a typical case involving discovery, this matter requires significant ICE resources to comply with the requirements of the two preliminary injunctions, as well as the various issues that have arisen from the implementation of the injunctions and petitioners' subsequent motions.

## DISCOVERY IN THIS CASE TO DATE

On January 2, 2018, the Court granted Petitioners' motion for class certification and a preliminary injunction on Petitioners' detention claims, and permitted the parties to engage in "discovery directed to the *Zadvydas* claims," including "depositions of appropriate government personnel with knowledge of the Iraq

---

but, consistent with the relief requested in this motion, meant to state 3800 *documents* per week. A revised declaration will be provided to the Court and counsel.

3

repatriation agreement or program, and production of documents pertaining to that subject." ECF No. 191.

Petitioners served amended discovery requests on January 14, 2018. The parties filed a Joint Statement of the Issues on February 1, 2018, ECF No. 217, and February 16, 2018, ECF No. 235, identifying disputes related to Petitioners' discovery requests. The Court held a status conference on March 7, 2018 and entered an Order Regarding Further Proceedings on March 13, 2018 resolving several discovery disputes between the parties. ECF No. 254.

On March 23, 2018, Respondents informed Petitioners of ICE's technological difficulties. ECF No. 266-1. On March 30, 2018, Respondents informed the Court of ongoing technological difficulties that made document review difficult. ECF No. 266. Those issues were resolved on April 20, 2018. ECF No. 272.

The parties subsequently engaged in an additional meet and confer process that involved another joint statement of the issues and status conferences. ECF No. 286. That process was completed on May 25, 2018. *See* ECF No. 304.

Respondents first approached Petitioners regarding the need to amend the protective order in this case to cover the document production and the issues raised with the government's withholding certain names and information on April 10, 2018. The Court entered the Second Amended Stipulated Order for the Protection of Confidential Information on June 19, 2018. ECF No. 313.

I.  **Respondent ICE does not know the number of responsive pages for production and is continuing to review more than 19,000 documents for responsiveness.**

On April 20, 2018, Respondent ICE identified a preliminary number of over 15,000 potentially responsive documents. Decl. of Scott A. Whitted, ECF No. 272-1 ¶ 7, Pg.ID#6601. The revised estimate of potentially responsive documents now totals over 28,000 documents. Ex. A, Whitted Decl., ¶ 7. After threading emails (a threaded e-mail is one that includes the original e-mail, plus all replies and forwards: the last e-mail in a chain, essentially), the total number of potentially relevant documents collected is more than 19,000. *Id.*

Respondent ICE's ability to review documents was impeded by multiple factors. First, as set forth in prior filings, Respondents experienced technological difficulties with their discovery platform Relativity. Those issues impeded Respondent's ability to input any documents into the discovery platform. That issue was largely resolved on April 20, 2018, although the platform continues to experience intermittent issues. Second, Respondent ICE's ability to review documents was impeded by the lengthy negotiating process the parties embarked on to amend the protective order in this case. "Additionally, after a lengthy negotiation process, the Second Amended Protective Order was not issued until June 4, 2018 (ECF No. 299) to allow OPLA to begin conducting review." *Id.* ¶ 8. The Second Amended Protective Order was then renegotiated and refiled on June 19, 2018. *See* ECF No. 313. Because the document

5

review process takes time, Respondent ICE has continued to need to determine whether each document is responsive to Petitioners' requests for production. ECF No. 272-1 ¶ 8, Pg.ID#6602. Additionally, time has been needed for Respondent ICE to decide whether any document, or portion of any document, should be redacted based on a privilege, as well as placed into a privilege log. *Id.*

Currently, OPLA has completed first-line review of over 3,000 of the documents which yielded approximately 580 potentially responsive documents. Ex. A, Whitted Decl., ¶ 7. OPLA completed second-line review of approximately 110 of the potentially responsive documents and determined that only 49 documents were responsive. *Id.* ¶ 7. Due to technical issues, only 25 of the 49 responsive documents have been able to be produced, yielding approximately 100 pages for production. *Id*.

In light of the volume of discovery at issue in this case, OPLA has now assigned a number of attorneys from DCLD, other divisions, and field offices nationwide to work on the discovery. *Id*. ¶ 9. OPLA has approximately 12 individuals from OPLA HQ and its field offices who have been working on the review and redaction of the documents. *Id*. This number varies during the discovery process depending on OPLA's workload, including additional litigation demands and immigration court appearances. *Id*. Because these reviewers have other workload demands, they are

6

available only part-time, an estimated ten hours per week, to perform document review. *Id.*

Respondent ICE also has a heavy case load outside of discovery in this case. *Id.* ¶ 5. OPLA is currently handling document review and other discovery responses for a number of cases, all with competing deadlines. *Id.* ¶ 3.

## II. Respondent ICE's proposed document production and review schedule.

In light of the number of documents, and for good cause shown, ICE hereby requests that it we allowed under August 3, 2018, to complete its document production. Whitted Decl. ¶ 11. Under ICE's proposed schedule, it will review 3,800 documents per week, producing responsive documents on a weekly basis. *Id.* At this time ICE cannot predict how many documents are responsive, or how many pages can be produced on a weekly basis. However, based on the overall volume of documents, which is over 19,000, and the resources available to devote to this review, and in light of the potentially sensitive nature of these documents, completing this production by August 3, 2018, is a good faith, and reasonable proposal based the challenging circumstances of this case.

Dated: June 19, 2018          Respectfully submitted,

                                                  Chad A. Readler
                                                  Acting Assistant Attorney General

William C. Peachey
Director

William C. Silvis
Assistant Director

Nicole N. Murley
Trial Attorney

*/s/ Cara E. Alsterberg*
Cara E. Alsterberg
Trial Attorney
United States Department of Justice
Office of Immigration Litigation
District Court Section
PO Box 868, Ben Franklin Station
Washington, DC 20044
Tel: (202) 532-4667
Fax: (202) 305-7000

## LOCAL RULE 7.1 CERTIFICATION

Pursuant to Local Rule 7.1, Respondents' counsel reached out to counsel for Petitioners, Kimberly L. Scott, on June 19, 2018 to discuss the filing of this motion. Respondents' counsel also notified Petitioners' counsel of this motion in person on June 18, 2018.  Petitioners' counsel have not yet responded as to their position.

## CERTIFICATE OF SERVICE

I hereby certify that on June 19, 2018, I electronically filed the foregoing document with the Clerk of the Court using the electronic filing system, which will send notification of such filing to all counsel of record.

By: */s/ Cara E. Alsterberg*
Cara E. Alsterberg
Trial Attorney

8