# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**USAMA JAMIL HAMAMA**, et al.,

    Petitioners and Plaintiffs,

v.

**REBECCA ADDUCCI**, et al.,

    Respondents and Defendants.

Case No. 2:17-cv-11910
Hon. Mark A. Goldsmith
Mag. David R. Grand
Class Action

## ORDER REGARDING PETITIONERS/PLAINTIFFS' EMERGENCY MOTION REGARDING
## COERCION AND INTERFERENCE WITH CLASS MEMBERS (ECF 307)

At a session of the Court held on June 18, 2018, the Court considered Petitioners' Emergency Motion Regarding Coercion and Interference with Class Members (ECF 307) and Respondents' Opposition to that Motion (ECF 311). This Court instructed the parties to meet and confer regarding the relief requested in the Motion. This Order documents the agreements reached by the parties during that meet-and-confer and the Court's decision where the parties were unable to reach agreement.

After hearing argument and considering the parties' positions, the Court finds the relief set forth below is appropriate:

The requirements in this Order apply to all consular interviews that have taken

place since May 1, 2017 and all consular interviews going forward, unless otherwise specified below.

The term "class member" used in this Order shall mean any member of the Primary Class, as defined in this Court's January 2, 2018 Order, ECF 191, Pg.ID #5359-60.

A. Respondents shall provide 7 days' notice to Class Counsel prior to any Iraqi consular interviews to be scheduled or conducted going forward so that Class Counsel can arrange for prompt class member meetings. Respondents shall provide the following information:

> a. the names of class members, which, if a transfer is involved, can be provided after their transfer has occurred but at least 48 hours before Class Counsel's meeting with the class members;
> b. if consular interviews are being facilitated by detainee transfers, the approximate number of class members being transferred;
> c. the facility where consular interviews are being conducted; and
> d. the anticipated date(s) of arrival if the interviews are being facilitated by detainee transfers; and
> e. the anticipated date(s) of the consular interviews.

The notice may be designated as Highly Confidential under the Second Amended Protective Order. Class Counsel may share this information only in order to make appropriate arrangements for client meetings under Paragraph B. The 7-day period for arranging class member meetings under Paragraph B starts once Respondents have provided all of the information in A(b) to A(e).

B. Respondents shall permit Class Counsel or their designees to meet with class members in group and individual client meetings at Class Counsel's discretion prior to Iraqi consular interviews, so that detainees have accurate information and can make knowing and informed choices about what documents to sign. The parties shall work together on scheduling to ensure that Class Counsel or their designees have sufficient time with and access to all class members, and that the meetings with Class Counsel or their designees can be completed within the 7-day window prior to when the consular interviews commence.

C. [Language from this section has been moved to Paragraph H.]

D. Respondents shall facilitate confidential phone calls or, when available, video communications with class members, and facilitate Class Counsel's ability to obtain signatures on documents by class members, within 48 hours of Class Counsel's request. Before requesting such facilitation, Petitioners shall first make reasonable efforts to obtain a confidential call or signature by contacting the facility directly.

E. Immigration and Customs Enforcement (ICE) and Department of Homeland Security (DHS) employees, agents, or contractors (including all detention facility staff) shall not:
  a. communicate about this litigation in any way with class members; or
  b. make any statement
     i. threatening prosecution;
     ii. projecting or suggesting how long an individual might remain in detention;
     iii. projecting or suggesting an individual's likelihood of removal to Iraq;
     iv. regarding the consequences of signing the prompt removal documents, ECF 110, Pg.ID# 2815-16;
     v. about the impact that being part of the *Hamama* case has on the likelihood of removal or length of detention; or
     vi. suggesting that an individual will be returned to Iraq (unless Respondents have an order from this Court stating that the Court's stay of removal has been lifted).

ICE and DHS employees, agents, or contractors (including all detention facility staff) may provide a copy of the notice in paragraph G which sets out a detainee's obligations under 8 U.S.C. § 1253(a) and explain the requirements under the law that aliens are obligated to cooperate with ERO to obtain removal documents, but, if they do so, ICE and DHS must verbally notify detainees at the same time that they will not be penalized under 8 U.S.C. § 1253(a) or otherwise if they refuse to state that they wish to be removed to Iraq, and shall refer the detainee to his/her immigration counsel for any questions.

F. Because the Government stated on the record during the June 18, 2018 motion hearing that it would not be appropriate to prosecute a detainee under 8 U.S.C. § 1253(a)(1) for refusing to state that he/she wishes to be returned to Iraq, the Court need not award any relief in that regard at present.

G. ICE shall post a notice, approved by Petitioners or by the Court, in all facilities housing *Hamama* class members in a location visible to all class members, and to hand deliver that notice to each detained class member who has a met with Iraqi embassy or consular officials since May 1, 2017.

That notice shall inform class members that:

   a. ICE officers are not allowed to communicate with them about their immigration cases, length of their detention, or prospect of removal to Iraq;
   b. While detainees with final orders must cooperate with obtaining passports or travel documents, they cannot be required to state that they wish to return to Iraq, and they will not be penalized under 8 U.S.C. § 1253(a) or otherwise if they refuse to state that they wish to be removed to Iraq and;
   c. Detainees should direct questions about their immigration cases, length of detention, and prospect of removal to class counsel or their attorneys, rather than ICE officers.

Within 24 hours after entry of this Order, the parties shall provide to the Court their respective proposals for the notice, or a joint proposed notice if the parties can agree. Respondents shall post the notice within 24 hours of the Court's approval of the notice language, and shall hand deliver the notice within 48 hours to the detained class members who have met with Iraqi embassy or consular staff since May 1, 2017. Respondents shall, within 5 days of hand delivery of the notice submit a declaration confirming the posting and hand delivery of the notice, identifying each facility and location(s) within each facility where the notice is posted and the name and A-number of the individuals that received hand delivery of the notice.

H. For all class members who have signed or been asked to sign any document expressing a desire to be removed to Iraq, Respondents shall produce to Petitioners:
   i. a list of the names and A-numbers, noting which individuals have signed the document and which have not;
   ii. the date the individual was asked to sign the document;
   iii. whether Iraq has issued travel documents for those individuals;
   iv. the individual's estimated date of removal to Iraq (which information may be designated as Highly Confidential under the Second Amended Protective Order);
   v. copies of all travel documents or documents expressing a desire to

4

return to Iraq that are in Respondents' possession; and

Respondents shall provide the above information to Petitioners within 24 hours of entry of this Order for all detained class members who had consular interviews from May 1, 2018 to the date this Order is entered. As Respondents come into possession of further responsive information, for those class members, Respondents shall provide that information to Petitioners within 24 hours after Respondents' receipt. Likewise, for consular interviews that take place after the entry of this Order, Respondents shall provide the above information to Petitioners within 24 hours after Respondents' receipt.

To the extent not disclosed above, Respondents shall also provide to Petitioners with 24 hours the names and A numbers all individuals who participated in consular interviews that took place at the Stewart Detention Facility in May 2018, noting who signed or did not signed the document expressing a desire to return to Iraq, and whether Iraq has or has not provided travel documents.

I. Respondents are ordered to produce for a deposition in this case Michael Bernacke and John Schultz no later than July 13, 2018. Respondents may also notice depositions to be conducted by July 13, 2018.

SO ORDERED.

Dated: June 20, 2018            s/Mark A. Goldsmith
    Detroit, Michigan           MARK A. GOLDSMITH
                                          United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on June 20, 2018.

                                            s/Karri Sandusky
                                            Case Manager