UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

USAMA J. HAMAMA, et al.,

        Petitioners,                      Case No. 17-cv-11910
vs.                                            HON. MARK A. GOLDSMITH

REBECCA ADDUCCI, et al.,

        Respondents.
_____/

**ORDER DENYING RESPONDENTS' MOTION FOR MODIFICATION OF THE COURT'S DISCOVERY ORDER (Dkt. 315)**

In its June 12, 2018 Order, the Court set forth the following schedule for the Government's document production:

> Respondents shall produce documents weekly on the following rolling basis: 1,000 pages of documents on each of the following dates: (i) June 19, 2018; (ii) June 26, 2018; (iii) July 3, 2018; and (iv) July 10, 2018. The balance of documents shall be produced July 17, 2018.

See 6/12/2018 Order at 6-7, PageID. 7239-7240 (Dkt. 304). The Court stated that the Government's failure to produce documents on this schedule "will be construed, presumptively, as bad faith, unless Respondents can establish by clear and convincing evidence that there is exceptional good cause for not meeting the schedule." Id. at 7, PageID. 7240.

In its motion, the Government states that ICE is not able to produce documents on the Court's schedule because its e-discovery platform "only identifies the total number of documents in the system and is not able to provide the total number of pages until the documents are ready for production." In light of this issue, the Government argues that the Court's discovery schedule should be amended to require that, instead of producing 1,000 pages on a weekly basis, ICE shall

1

review 3,800 documents per week, and produce responsive documents to Petitioners on a weekly basis. ICE asserts that under this proposed schedule "barring any technical difficulties, ICE believes it will complete its document production by August 3, 2018."

ICE also argues that it has demonstrated exceptional good cause for not meeting the June 19, 2018 document production requirement "based on ICE's good faith efforts to date, multiple technical difficulties with ICE's production software, the time and effort spent negotiating a protective order that would govern the documents produced in this case, and the various other litigation tasks in this case and others that are currently being required of a relatively small number of attorneys[.]"

The Court finds that ICE has not demonstrated exceptional good cause for failing to meet the Court's production deadline. A review of the Government's conduct in response to Petitioners' document requests makes plain why the Government should not be further excused from its discovery obligations. Petitioners' document requests were served on January 14, 2018; under Federal Rule of Civil Procedure 34, production of the documents, as well as any written responses or objections, were due by February 13, 2018. This deadline was not met in light of the Government's insistence that Court's "meet and confer" process altered the typical discovery schedule. After the Government's failure to respond was discussed at a March 7, 2018 status conference, the Court ordered the Government to begin document production by March 30, 2018. See 3/13/2018 Order (Dkt. 254). On March 30, 2018, the day document production was ordered to begin, the Government informed the Court that it could not produce documents due to technological issues with its e-discovery platform (Dkt. 266). Petitioners state that on that same day, the Government provided them with four pages of documents.

The Government filed another status report on April 6, 2018, in which it indicated that it had located 20,000 potentially responsive documents, and would be able to complete production by July 2018 (Dkt. 267). According to Petitioners, on April 16, 2018, they received forty-six pages of nonresponsive documents from the Government. The Court was provided with a final status report on April 20, 2018, in which the Government stated that it had resolved its technological issues and estimated that it would take eleven weeks (until the first week of July), to complete its document production (Dkt. 272).

The Court thereafter conducted a status conference on May 25, 2018, during which the Government stated that it would begin producing a significant number of documents following entry of the second amended protective order. Petitioners state that since that order was entered on June 19, ICE has only produced 150 pages of documents, well short of the 1,000 page requirement set forth in the Court's June 12, 2018 order.

As discussed, Petitioners' discovery requests have been pending since January, and the Court was provided assurances in the Government's April 20, 2018 filing that all technical issues with the Government's e-discovery platform had been resolved, and that all document production would be completed within eleven weeks of the filing. While the Government now insists that its production was delayed until the second amended protective order was entered, the Court does not find this justification persuasive. As noted by Petitioners, the language in the protective order is meant to address a small subset of documents at issue; nothing was preventing ICE from conducting its review of documents that would not be designated as confidential.

The Court also declines to adopt ICE's proposed amended schedule for future document production. The Court issued its production order in response to the Government's continued failure to meaningfully respond to Petitioners' longstanding discovery requests. Any burden faced

by ICE in producing documents can be alleviated by temporarily designating additional personnel to meet the Court's deadline, or temporarily increasing the hours for those already assigned to the project in order to comply with the Court's order.  ICE has stated that it has assigned twelve individuals to work ten hours per week; this is insufficient given the significance of the issues at stake, and the five months that Petitioners have already waited for production.  The failure to assign a sufficient number of personnel and hours to this discovery indicates to the Court that other matters have been prioritized over this case.  It is worth noting that any burden faced in complying with the Court's requirement is far outweighed by Petitioners' right to basic discovery.

To substantially achieve the document production set forth in the Court's June 12, 2018 order, the Court orders that ICE shall produce a total of 3,000 pages by July 3, 2018; 1,000 pages by July 10, 2018; and the balance of the pages by July 17, 2018. If ICE prefers to count "documents" as opposed to "pages," it is free to do so.

Failure to comply with the Court's order may be cause for the Court to direct that the facts necessary to support Petitioners' <u>Zadvydas</u> claim are established, or prevent the Government from opposing the <u>Zadvydas</u> claim, or issue other appropriate relief.  <u>See</u> Fed. R. Civ. P. 37(b)(2)(A).

SO ORDERED.

Dated:  June 22, 2018  　　　　　　　　　　　　s/Mark A. Goldsmith  
 　　　　Detroit, Michigan  　　　　　　　　　　MARK A. GOLDSMITH  
 　　　　　　　　　　　　　　　　　　　　　　　United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on June 22, 2018.

 　　　　　　　　　　　　　　　　　　　　　　　s/Karri Sandusky  
 　　　　　　　　　　　　　　　　　　　　　　　Case Manager

4