UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

USAMA J. HAMAMA, et al.,

        Petitioners,                               Case No. 17-cv-11910

vs.                                                    HON. MARK A. GOLDSMITH

REBECCA ADDUCCI, et al.,

        Respondents.
_____/

## OPINION & ORDER
## SUSTAINING IN PART AND OVERRULING IN PART RESPONDENTS' ASSERTION OF DELIBERATIVE PROCESS PRIVILEGE

On March 13, 2018, this Court issued an order which addressed the process for resolving discovery disputes based on the assertion of privilege. See 3/13/2018 Order at 10-12, PageID.6231-6233 (Dkt. 254). The process allows Petitioners, after receiving the Government's documents and accompanying privilege log, to challenge any privilege assertions. If challenges are made, the Government is to submit the challenged documents to the Court for an in camera review, along with a memorandum explaining its basis for asserting the privilege. In accordance with this process, the Government, after being notified that Petitioners were challenging its assertion of the deliberative process privilege over certain documents produced in discovery, submitted to the Court the challenged documents on July 4, 2018.[1] An updated version of these documents was submitted to the Court on July 9, 2018, after the Government withdrew its assertion of privilege as to certain documents. The Government also provided a memorandum explaining its privilege assertions, along with a declaration by Matthew King, a DHS official (Dkt. 328). The

---

[1] Petitioners also originally challenged the decision to withhold certain information on the basis of executive privilege. They have since withdrawn that challenge.

1

Department of State, noting that the documents in question contained communications from its officials, also asserts the deliberative process privilege, and has filed a privilege memorandum and accompanying declaration (Dkt. 330). The Court has since reviewed the documents and, for the reasons that follow, sustains in part and overrules in part the Government's assertion of the deliberative process privilege.

## I. ANALYSIS

"The deliberative process privilege protects from discovery 'documents reflecting advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulated.'" E.E.O.C. v. Burlington N. & Santa Fe Ry. Co., 621 F. Supp. 2d 603, 606 (W.D. Tenn. 2009) (quoting NLRB v. Sears, Roebuck & Co., 421 U.S. 132, 149 (1975)). "The primary purpose served by the deliberative process privilege is to encourage candid communications between subordinates and superiors." Schell v. U.S. Dep't of Health & Human Servs., 843 F.2d 933, 939 (6th Cir. 1988). To fall within the privilege, the information must be both (i) pre-decisional and (ii) deliberative. Id. at 940. "A document is predecisional when it is 'received by the decisionmaker on the subject of the decision prior to the time the decision is made.'" Id. at 940 (quoting Sears, 421 U.S. at 151). A document is deliberative when it "reflects the give-and-take of the consultative process," meaning it "covers recommendations, draft documents, proposals, suggestions, and other subjective documents which reflect the personal opinions of the writer rather than the policy of the agency." Id. (internal citation and quotations omitted).

It is clear that the information at issue is pre-decisional. It involves discussions among American governmental officials regarding how to best engage with a foreign government in order

to achieve certain diplomatic objectives. There does not appear to be any expression within the documents of any final policy decision.

The Court's determination thus turns on whether all of the redacted information can be characterized as deliberative. It is well-settled that the deliberative process privilege "protects internal communications of a governmental agency when they are deliberative in nature, but not when they are purely factual." Burlington, 621 F. Supp. 2d at 606 (citing Sears, 421 U.S. at 149). "Factual materials are generally not privileged unless they are inextricably intertwined with policy-making processes." Id. (quoting Trentadue v. Integrity Comm., 501 F.3d 1215, 1227 (10th Cir. 2007)). "[P]urely factual, investigative matters that are severable without compromising the private remainder of the documents do not enjoy the protection of the exemption." Norwood v. F.A.A., 993 F.2d 570, 577 (6th Cir. 1993) (citations and quotations omitted).

Courts are to apply a "flexible, commonsense approach to factual/deliberative classifications" and "must be careful not to become victims of their own semantics." Trentadue v. Integrity Comm., 501 F.3d 1215, 1227 (10th Cir. 2007). "In some circumstances . . . the disclosure of even purely factual material may so expose the deliberative process within an agency that it must be deemed exempted." Id. "[T]he Ninth Circuit has adopted a 'process-oriented' or 'functional' test that exempts '[f]actual materials . . . to the extent that they reveal the mental processes of decisionmakers.'" Id. (quoting Nat'l Wildlife Fed'n v. U.S. Forest Serv., 861 F.2d 1114, 1119 (9th Cir. 1988)). By contrast, the Eleventh Circuit has explicitly rejected that approach, holding instead that "[t]he fact/opinion distinction continues to be an efficient and workable standard for separating out what is, and what is not, deliberative." Id. at 1228 (quoting Fla. House of Representatives v. U.S. Dep't of Commerce, 961 F.2d 941, 949 (11th Cir. 1992)).

Applying the above principles, the Court holds that the information withheld in

DHSHAMAMA000048-49 falls within the deliberative process privilege. This information reflects "advisory opinions, recommendations and deliberations" regarding how to proceed following a meeting with an Iraqi government official. Burlington, 621 F. Supp. 2d at 606. Similar discussions are contained on DHSHAMAMA000097-98 and DHSHAMAMA000100-102, 121-122, and thus such information is properly withheld as privileged.[2]

However, the Court holds that certain portions of the information withheld in DHSHAMAMA000103, 111-113, and 116-118 do not fall within the deliberative process privilege, because they are purely factual in nature. They involve factual statements made by Iraqi government officials, as well as facts regarding the logistics of repatriation. While these statements of fact are contained within documents that also contain deliberative statements, it cannot be said that the facts at issue "are inextricably intertwined with policy-making processes." Id. Rather, this factual information can be severed from the deliberative discussions "without compromising the private remainder of the documents." Norwood, 993 F.2d at 577.

## II. CONCLUSION

---

[2] The Court notes that the deliberative process privilege is not absolute, and that a party seeking the discovery has the opportunity to show that its needs for the information outweighs the government's interest in confidential, deliberative communications. In making this determination, courts consider "(1) the relevance of the evidence sought to be protected; (2) the availability of other evidence; (3) the seriousness of the litigation and the issues involved; (4) the role of the government in the litigation; and (5) the possibility of future timidity by government employees who will be forced to recognize that their secrets are violable." Burlington, 621 F. Supp. 2d at 607. The Court finds that the information is not particularly relevant, as it simply evidences internal, preliminary discussions regarding how to engage with a foreign government, rather than a final policy of either government regarding repatriation of Iraqi nationals. There is also other evidence available, as the Government has disclosed information within the documents that bears on Petitioners' Zadvydas claim. While this litigation involves serious issues and the Government is a party, these factors are outweighed by the risk that disclosure will chill future intra-governmental communication. As such, as to the information contained in DHSHAMAMA000097-98 and DHSHAMAMA000100-102, 121-122, Petitioners' interest in disclosure does not outweigh the Government's interest in deliberative communication.

For the foregoing reasons, the Court sustains the Government's assertion of the deliberative process privilege as to the information contained in DHSHAMAMA000097-98 and DHSHAMAMA000100-102, 121-122.  The Court sustains in part and overrules in part the assertion of the privilege as to the information contained in DHSHAMAMA000103, 111-113, and 116-118.

SO ORDERED.

Dated: July 11, 2018                                      s/Mark A. Goldsmith
Detroit, Michigan                                         MARK A. GOLDSMITH
                                                          United States District Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 11, 2018.

                                                          s/Karri Sandusky
                                                          Case Manager