UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

USAMA J. HAMAMA, et al.,

        Petitioners,                        Case No. 17-cv-11910

vs.                                               HON. MARK A. GOLDSMITH

REBECCA ADDUCCI, et al.,

        Respondents.

_____/

**ORDER REGARDING SEPTEMBER 5, 2018 STATUS CONFERENCE**

      The Court held a status conference on September 5, 2018 to discuss, among other things, contested issues raised in the parties' August 27, 2018 Joint Statement of Issues (Dkt. 373). The parties are endeavoring to resolve most of the issues and will provide the Court with a proposed order and supplemental briefing in the near future. However, the parties were unable to resolve Respondents' objections to Petitioners' July 6, 2018 interrogatories. Respondents objected to most of the interrogatories as exceeding the limits prescribed in Federal Rule of Civil Procedure 33(a)(1).

      Rule 33(a)(1) provides that "[u]nless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts." Some courts have noted that the plain meaning of Rule 33(a)(1) supports a "per-party" rule for interrogatories. See Trevino v. ACB American, Inc., 232 F.R.D. 612, 614 (N.D. Cal. 2006) ("According to the Federal Rules, each plaintiff may serve each defendant with 25 interrogatories."); see also St. Paul Fire & Marine Insurance Co. v. Birch, Stewart, Kolasch & Birch, LLP, 217 F.R.D. 288, 289 (D. Mass. 2003) (finding that three defendants were each entitled to serve 25 interrogatories on the plaintiff, for a total of 75 questions). Other courts, however, have

1

noted that such a literal reading of the Rule can lead to absurd results.  See Zito v. Leasecomm Corp., 233 F.R.D. 395, 399 (S.D.N.Y. 2006) (noting that under the plain meaning of the Rule, the plaintiffs would be entitled to propound more than 5,000 interrogatories).

Petitioners argue that under the per-party construction of Rule 33(a)(1), the July 6, 2018 interrogatories, propounded by a different petitioner than the first set of interrogatories, are proper. Respondents, in their objections to the July 6, 2018 interrogatories, take a per-side construction of Rule 33(a)(1) and conclude that Petitioners have exceeded the 25 interrogatory limit.  Whatever may be the appropriate construction of Rule 33(a)(1), the Court need not decide the issue at this time.  The Court may grant leave to serve additional interrogatories to the extent they are consistent with Federal Rule of Civil Procedure 26(b)(1) and (2).  Fed. R. Civ. P. 33(a)(1).

The Court has reviewed Petitioners' second round of interrogatories and finds that in light of the complex issues presented in this matter, the important liberty interests at stake, and the great public interest in the issues raised by the parties, the July 6, 2018 interrogatories are relevant and proportional to the needs of this case.  Fed. R. Civ. P. 26(b)(1).  The Court will therefore allow the number of interrogatories served on Respondents.

Accordingly, it is **ORDERED** that Petitioners' interrogatories are deemed non-objectionable based on the number served.  Respondents shall serve their responses to Petitioners' July 6, 2018 interrogatories **on or before September 19, 2018**.

SO ORDERED.

Dated:  September 6, 2018  
    Detroit, Michigan

s/Mark A. Goldsmith  
MARK A. GOLDSMITH  
United States District Judge

3

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 6, 2018.

                                                s/Karri Sandusky
                                                Case Manager