UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

USAMA J. HAMAMA, et al.,

        Petitioners,                        Case No. 17-cv-11910

vs.                                              HON. MARK A. GOLDSMITH

REBECCA ADDUCCI, et al.,

        Respondents.
_____/

## OPINION & ORDER
## SUSTAINING IN PART AND OVERRULING IN PART RESPONDENTS' ASSERTIONS OF THE DELIBERATIVE PROCESS PRIVILEGE, THE LAW ENFORCEMENT PRIVILEGE, AND NON-RESPONSIVENESS

On March 13, 2018, this Court issued an order which addressed the process for resolving discovery disputes based on the assertion of privilege. See 3/13/2018 Order at 10-12, PageID.6231-6233 (Dkt. 254). The process allows Petitioners, after receiving the Government's documents and accompanying privilege log, to challenge any privilege assertions. If challenges are made, the Government is to submit the challenged documents to the Court for an in camera review, along with a memorandum explaining its basis for asserting the privilege. In accordance with this process, the Government, after being notified that Petitioners were challenging its assertion of non-responsiveness, the deliberative process privilege, and the law enforcement privilege over certain documents produced in discovery, submitted to the Court the challenged documents on July 31, 2018. The Government also provided a memorandum explaining its privilege assertions, along with a declaration by Nathalie R. Asher, the Deputy Executive Associate Director for Enforcement and Removal Operations (ERO) at U.S. Immigration and Customs Enforcement ("ICE") (Dkt. 354). The Court has since reviewed the documents and, for

1

the reasons that follow, sustains in part and overrules in part the Government's assertions of non-responsiveness, the deliberative process privilege, and law enforcement privilege.

As an initial matter, the documents submitted to the Court lack any identifiable system of Bates stamping on the documents themselves. The documents are separated into seventy tabs preceded by a table of contents. The table of contents includes a system of Bates stamping that does not appear to correspond to the number of pages in the documents. Therefore, the Court will address the documents both by tab numbers and Bates numbers identified in the table of contents.

The Government submitted two documents that contain no redactions, and the Government does not appear to be asserting any privilege as to these documents. According to the Government, the documents were included in this review because they had been mistakenly left in the Government's privilege log. Mem. In Supp. of Priv. n.1, PageID.8068. Therefore, the Court will not address Tab 6 (ICE-0272533,ICE-0296297) and Tab 51 (ICE-0297438).

The Government also submitted a small number of documents as to which it asserts the attorney-client privilege and the work product doctrine. Neither privilege was discussed in the Government's memorandum in support of privilege claims (Dkt. 354). The Court cannot determine whether the attorney-client privilege or the work product doctrine applies without some explanation by the Government as to how the privileges apply. Moreover, "[t]he burden of establishing the existence of the privilege rests with the person asserting it." United States v. Dakota, 197 F.3d 821, 825 (6th Cir. 1999). The Court will require supplemental briefing by the Government on this matter.

# I. ANALYSIS

### 1. Deliberative Process Privilege

"The deliberative process privilege protects from discovery 'documents reflecting advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulated.'" E.E.O.C. v. Burlington N. & Santa Fe Ry. Co., 621 F. Supp. 2d 603, 606 (W.D. Tenn. 2009) (quoting NLRB v. Sears, Roebuck & Co., 421 U.S. 132, 149 (1975)). "The primary purpose served by the deliberative process privilege is to encourage candid communications between subordinates and superiors." Schell v. U.S. Dep't of Health & Human Servs., 843 F.2d 933, 939 (6th Cir. 1988). To fall within the privilege, the information must be both (i) pre-decisional and (ii) deliberative. Id. at 940.

"A document is predecisional when it is 'received by the decisionmaker on the subject of the decision prior to the time the decision is made.'" Id. at 940 (quoting Sears, 421 U.S. at 151). However, the privilege does not turn "on the ability of an agency to identify a specific decision in connection with which a memorandum is prepared. Agencies are, and properly should be, engaged in a continuing process of examining their policies; this process will generate memoranda containing recommendations which do not ripen into agency decisions." Sears, 421 U.S. at 153 n.18.

A document is deliberative when it "reflects the give-and-take of the consultative process," meaning it "covers recommendations, draft documents, proposals, suggestions, and other subjective documents which reflect the personal opinions of the writer rather than the policy of the agency." Id. (internal citation and quotations omitted). It is well-settled that the deliberative process privilege "protects internal communications of a governmental agency when they are deliberative in nature, but not when they are purely factual." Burlington, 621 F. Supp. 2d at 606

(citing Sears, 421 U.S. at 149). "Factual materials are generally not privileged unless they are inextricably intertwined with policy-making processes." Id. (quoting Trentadue v. Integrity Comm., 501 F.3d 1215, 1227 (10th Cir. 2007)). "[P]urely factual, investigative matters that are severable without compromising the private remainder of the documents do not enjoy the protection of the exemption." Norwood v. F.A.A., 993 F.2d 570, 577 (6th Cir. 1993) (citations and quotations omitted).

Courts are to apply a "flexible, commonsense approach to factual/deliberative classifications" and "must be careful not to become victims of their own semantics." Trentadue v. Integrity Comm., 501 F.3d 1215, 1227 (10th Cir. 2007). "In some circumstances . . . the disclosure of even purely factual material may so expose the deliberative process within an agency that it must be deemed exempted." Id. "[T]he Ninth Circuit has adopted a 'process-oriented' or 'functional' test that exempts '[f]actual materials . . . to the extent that they reveal the mental processes of decisionmakers.'" Id. (quoting Nat'l Wildlife Fed'n v. U.S. Forest Serv., 861 F.2d 1114, 1119 (9th Cir. 1988)). By contrast, the Eleventh Circuit has explicitly rejected that approach, holding instead that "[t]he fact/opinion distinction continues to be an efficient and workable standard for separating out what is, and what is not, deliberative." Id. at 1228 (quoting Fla. House of Representatives v. U.S. Dep't of Commerce, 961 F.2d 941, 949 (11th Cir. 1992)).

Applying the above principles, the Court holds that the information withheld in the following documents fall within the deliberative process privilege: Tab 1 (ICE-0267326,ICE-0295560) (addressing the validity of a travel document denial and citizenship documents); Tab 2 (ICE-0267363,ICE-0296234) (recommending how to proceed with an Ambassador); Tab 11 (ICE-0295953) (discussing how to proceed with an MOU); Tabs 17-18 and 62 ((ICE-0296029) (ICE-0296031) (ICE-0297509)) (Unredacted portions of memoranda "Recommendation to Initiate the

Process to Invoke Visa Sanctions under Section 243(d) of the Immigration and Nationality Act against Iraq"). The information within these documents asserted to be privileged reflects "advisory opinions, recommendations and deliberations." Burlington, 621 F. Supp. 2d at 606. Additionally, in Tab 3 (ICE-0272336,ICE-0296210), the third question under each country heading, but not the bullet point information, is properly withheld under the deliberate process privilege.

However, the Court holds that the remainder of the information contained in documents submitted to the court that the Government seeks to protect does not fall within the deliberative process privilege, because it is purely factual in nature. The items sought to be protected by the Government involve factual statements related to the current status of repatriation efforts and the logistics of repatriation. While some of these statements of fact are contained within documents that also contain deliberative statements, it cannot be said that the facts at issue "are inextricably intertwined with policy-making processes." Burlington, 621 F. Supp. 2d at 606. Rather, this factual information can be severed from the deliberative discussions "without compromising the private remainder of the documents." Norwood, 993 F.2d at 577.

Additionally, there are documents containing email communications regarding the preparation of declarations in this case. Preparing declarations for litigation is hardly "engag[ing] in a continuing process of examining [agency] policies," which may "ripen into agency decisions." Sears, Roebuck & Co., 421 U.S. at 153 n.18. Furthermore, the email communications do not stray into the realm of "documents reflecting advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulated." Sears, Roebuck & Co., 421 U.S. at 149. The emails are, therefore, neither pre-decisional nor deliberative.

### 2. Law Enforcement Privilege

"The federal law enforcement privilege is 'a qualified privilege designed to prevent disclosure of information that would be contrary to the public interest in the effective functioning of law enforcement.'" In re Packaged Ice Antitrust Litig., No. 08-01952, 2011 WL 1790189, at *6 (E.D. Mich. May 10, 2011) (quoting In re Micron Tech., Inc. Sec. Litig., 264 F.R.D. 7, 10 (D.D.C. 2010)). "The purpose of the law enforcement privilege is to prevent disclosure of law enforcement techniques and procedures, to preserve the confidentiality of sources, to protect witness and law enforcement personnel, to safeguard the privacy of individuals involved in an investigation, and otherwise to prevent interference with an investigation." MacNamara v. City of New York, 249 F.R.D. 70, 78 (S.D.N.Y. 2008) (internal citations and quotations omitted).

Three requirements must be met by the Government to prevail on its claim of privilege: "(1) there must be a formal claim of privilege by the head of the department having control over the requested information; (2) assertion of the privilege must be based on actual personal consideration by that official; and (3) the information for which the privilege is claimed must be specified, with an explanation why it properly falls within the scope of the privilege." In re Sealed Case, 856 F.2d 268, 271 (D.C. Cir. 1988).

There is no dispute that Deputy Executive Associate Director Nathalie R. Asher has asserted the privilege after personal consideration of the issue. Thus, the Government's claim turns on the third requirement: whether the information sought falls within the scope of the privilege.

The Government asserts that Tab 11 (ICE-0295953) and Tab 12 (ICE-0295970) are protected by the law enforcement privilege. The Court already found that the deliberate process

privilege applies to Tab 11 and therefore need not address it here. Tab 12, however, is another matter.

The Government maintains that the information in Tab 12 identifies ICE internal processes and procedures for making recommendations and decisions related to how the Government encourages countries to accept the prompt, lawful return of their nationals who are subject to removal from the United States, and evaluating Iraq's removal efforts. Ex. A to Mem. In Supp. of Priv., Asher Decl. ¶ 10, PageID.8075. The second paragraph in Tab 12 describes generally how ICE engages with countries resistant to accepting the timely return of their nationals. The remainder of the document contains factual assertions and ultimately a recommendation to sanction Iraq under the Immigration and Nationality Act, which do not describe law enforcement processes and procedures. With regard to paragraph two, the Court sustains the Government's objection based on the law enforcement privilege; the Court overrules the objection as to the remainder of the document.

### 3. Non-responsive

The Government also asserts that some of the documents challenged by Petitioners are simply non-responsive, because they relate to information regarding countries other than Iraq. The Government is correct in most cases. The relevant portions of Tabs 15 (ICE-0296000), 19 (ICE-0296033), and 42 (ICE-0297354) are non-responsive because they concern countries other than Iraq. However, as to Tab 16 (ICE-0296003), the bullet point on the second page that begins with "While the injunction remains in place . . ." is responsive to Petitioners' Amended First Set of Requests for Production.

Additionally, Tab 69 (ICE-0297563) is an email chain related to a number of Hamama class members, but the email chain is not responsive to any of Petitioners' Amended First Set of Requests for Production and is, therefore, properly designated as non-responsive.

## II. CONCLUSION

For the foregoing reasons, the Court **SUSTAINS** the Government's assertion of the deliberative process privilege as to the information contained in Tab 1 (ICE-0267326,ICE-0295560); Tab 2 (ICE-0267363,ICE-0296234); Tab 11 (ICE-0295953); Tab 17 (ICE-0296029); Tab 18 (ICE-0296031); and Tab 62 (ICE-0297509); as well as the third question under each country heading, but not the bullet point information, contained in Tab 3 (ICE-0272336,ICE-0296210). The Court **OVERRULES** all other assertions of the deliberative process in the remaining documents submitted for in camera review.

The Court **SUSTAINS** the Government's assertion of the law enforcement privilege as to the second paragraph in Tab 12 (ICE-0295970) only. All other assertions of the law enforcement privilege in Tab 12 are **OVERRULED**.

The Court **SUSTAINS** the Government's assertion of non-responsiveness in the relevant portions of Tabs 15 (ICE-0296000), 19 (ICE-0296033), 42 (ICE-0297354), and 69 (ICE-0297563). The Court **OVERRULES** the non-responsive designation as to the bullet point on the second page of Tab 16 (ICE-0296003) that begins with "While the injunction remains in place . . . ."

The Court **ORDERS** the Government to produce documents submitted to the Court for in camera review to Petitioners consistent with this order **on or before September 11, 2018**. The Government must also submit, by the same date, a courtesy copy to the Court of the documents produced to Petitioners. The Government must also file a supplemental memorandum in support

8

of its assertions of the attorney-client privilege and the work product doctrine **on or before September 12, 2018**.

Regarding any future submission of documents for the Court's resolution of discovery disputes, the documents must bear some form of page identification system, such as Bates stamping.

SO ORDERED.

Dated: September 7, 2018                   s/Mark A. Goldsmith
     Detroit, Michigan               MARK A. GOLDSMITH
                                                           United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 7, 2018.

                                                          s/Susan Pinkowski
                                                          Case Manager