UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

USAMA J. HAMAMA, et al.,

               Petitioners,                          Case No. 17-cv-11910

vs.                                            HON. MARK A. GOLDSMITH

REBECCA ADDUCCI, et al.,

               Respondents.

_____/

**OPINION & ORDER**
**GRANTING IN PART PETITIONERS' MOTION FOR LEAVE TO FILE**
**DOCUMENTS PUBLICLY (Dkt. 382)**

This matter is before the Court on Petitioners' motion for leave to file documents publicly (Dkt. 382). Respondents ("the Government") have designated documents and deposition testimony as "CONFIDENTIAL" and "HIGHLY CONFIDENTIAL," which Petitioners rely on in their renewed motion for a preliminary injunction (Dkt. 376) and their motion for sanctions (Dkt. 381). Documents attached to the response briefs and reply briefs in support of the motions also contain documents designated as "CONFIDENTIAL" and "HIGHLY CONFIDENTIAL." The designations are based on a protective order entered on June 10, 2018 (Dkt. 313). Other than limited redactions related to sensitive personally identifiable information, Petitioners do not believe that any of the documents or testimony should be sealed. The Government opposes releasing the information into the public domain. For the reasons stated below, the Court grants in part Petitioners' motion.

**I. BACKGROUND**

On November 11, 2017, Petitioners filed a motion for preliminary injunction on detention issues (Dkt. 138). In that motion, Petitioners brought a claim under Zadvydas v. Davis, 533 U.S.

678 (2001), asserting that there was no significant likelihood of removal in the reasonably foreseeable future, because there was no definitive agreement that Iraq will accept repatriation, and because there was no foreseeable end to the removal proceedings. Petitioners asked the Court to order that they be returned to the community under orders of supervision, unless the Government provided individualized evidence that they can be repatriated to Iraq.

On January 2, 2018, the Court issued an opinion addressing the preliminary injunction motion, but deferred ruling on Petitioners' Zadvydas claim because there was insufficient evidence in the record to determine whether Iraq was willing to accept class-wide repatriation. 1/2/2018 Op. at 7. The Court ordered that the parties could engage in discovery regarding the Zadvydas claim, including depositions of government personnel with knowledge of the Iraq repatriation agreement or program, and production of documents pertaining to that subject. Id. at 45.

The parties engaged in discovery and on June 19, 2018, the Court entered a second amended stipulated order for the protection of confidential information (Dkt. 313) ("Protective Order"). The Protective Order permits the parties to designate as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" (referred to herein as "HIGHLY CONFIDENTIAL")" certain categories of documents.

The Protective Order specifies that any party or non-party from whom production is sought may designate the following as CONFIDENTIAL:

- documents, information, and discovery responses that the designating party or non-party reasonably believes not to be in the public domain;

- personal information covered by the Privacy Act, 5 U.S.C. § 552a and Federal Rule of Civil Procedure 5.2;

- an individual's birth date, social security number, tax identification number, alien registration number ("A number"), passport numbers, driver's license numbers, and any similar numbers assigned to an individual by a federal/national, state, or local government of the United States or any other country if not subject to privilege or other restrictions prohibiting disclosure even under protective order; and

- names, locations of, and any other identifying information which would allow the identification of the particular individual(s) to whom the information relates, or testimony on the record, of individuals not related to this litigation.

6/19/2018 Second Am. Stip. Prot. Order at 2-3.

The Protective Order further provides that any party or non-party from whom production is sought may designate the following as HIGHLY CONFIDENTIAL:

- extremely sensitive documents, information and discovery responses, disclosure of which to another Party or non-party would create a substantial risk of serious harm that could not be avoided by less restrictive means, including information which, if disclosed, could adversely impact foreign relations or result in a party or material witness deciding not to testify out of fear of adverse immigration or criminal consequences;

- documents, information and discovery responses for which the Court has ordered produced under this designation;

- names, phone numbers and email addresses of federal employees unless subject to the law enforcement privilege; and

- travel document requests, drafts of flight manifests, sensitive communications with the Iraqi government if those communications relate to the removal process, and/or any document that contains information that is law enforcement sensitive, for instance, information which may be protected from public disclosure under the Freedom of Information Act, 5 U.S.C. § 552, et seq., and are not subject to the law enforcement privilege or other restrictions on disclosure.

Id. at 3-4.

On August 29, 2018, Petitioners filed their renewed motion for preliminary injunction under Zadvydas (Dkt. 376), and on August 31, 2018, Petitioners filed a motion for sanctions (Dkt. 381). Attached to the parties' briefing papers are exhibits that were disclosed under the second amended stipulated protective order. The parties provisionally filed their respective exhibits under seal. Petitioners seek to make the exhibits public; the Government believes the records should remain sealed.

## II. STANDARD OF DECISION

Sealing court records is the exception, not the rule in federal courts.  There is a "'strong presumption in favor of openness' as to court records." <u>Shane Grp., Inc. v. Blue Cross Blue Shield of Michigan</u>, 825 F.3d 299, 305 (6th Cir. 2016) (quoting <u>Brown & Williamson Tobacco Corp. v. F.T.C.</u>, 710 F.2d 1165, 1180 (6th Cir. 1983)).  "The burden of overcoming that presumption is borne by the party that seeks to seal them." <u>Id.</u> (citing <u>In re Cendant Corp.</u>, 260 F.3d 183, 194 (3d Cir. 2001)).  "The burden is a heavy one: 'Only the most compelling reasons can justify non-disclosure of judicial records.'" <u>Id.</u> (quoting <u>In re Knoxville News–Sentinel Co.</u>, 723 F.2d 470, 476 (6th Cir. 1983).  "And even where a party can show a compelling reason why certain documents or portions thereof should be sealed, the seal itself must be narrowly tailored to serve that reason." <u>Id.</u>  "The proponent of sealing therefore must 'analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations.'" <u>Id.</u> at 305-306 (quoting <u>Baxter Int'l, Inc. v. Abbott Labs.</u>, 297 F.3d 544, 548 (7th Cir. 2002)).

The Sixth Circuit has recognized that "there is a stark difference between . . . 'protective orders' entered pursuant to the discovery provisions of Federal Rule of Civil Procedure 26, on the one hand, and orders to seal court records, on the other." <u>Id.</u>; <u>see also</u> <u>Rudd Equip. Co., Inc. v. John Deere Constr. & Forestry Co.</u>, 834 F.3d 589, 593 (6th Cir. 2016).  "The confidentiality agreement between the parties does not bind the court in any way." <u>Brown & Williamson Tobacco</u>, 710 F.2d at 1180.  "'Secrecy is fine at the discovery stage, before the material enters the judicial record.'" <u>Shane Grp.</u>, 825 F.3d at 305 (quoting <u>Baxter Int'l,</u> 297 F.3d at 545).  "The line between these two stages, discovery and adjudicative, is crossed when the parties place material in the court record." <u>Id.</u>

At the adjudicative stage, the public has an interest in, among other things, whether a right exists, whether a statute is constitutional, and whether a member of the public is impacted by the

Court's decisions.   Id. (citing Joy v. North, 692 F.2d 880, 893 (2d Cir. 1982)).  "The public is entitled to assess for itself the merits of judicial decisions."  Id.  And "in class actions—where by definition 'some members of the public are also parties to the [case]'—the standards for denying public access to the record 'should be applied . . . with particular strictness.'"  Id. (quoting Cendant Corp., 260 F.3d at 194).

## III. ANALYSIS

The Government makes two arguments in favor of sealing documents.  First, as part of its Shane analysis for sealing, it argues that Petitioners have not shown any objective public interest that would be served in publicizing the protected materials in this case.  Resp. at 1 and 12 (Dkt. 416).  Second, independent of any Shane analysis, it argues that the documents Petitioners seek to publicize are protected under the deliberative process privilege.  Id. at 1, 19.  Neither argument is persuasive.

### A.  Public Interest

The Government falls well short of satisfying its burden in overcoming the strong presumption favoring public access.  As an initial matter, it is important to clarify the posture of this case with respect to which party has the burden to justify sealing court records.  The Government argues that this case is not at the adjudicative stage and that Petitioners have the burden to unseal court records.  It is mistaken on both counts.

The line between the discovery and adjudicative stage "is crossed when the parties place material in the court record."  Shane Grp., 825 F.3d at 305.  It appears that the Government is arguing that because the Court "has not set a schedule for briefing motions for summary judgment or set a trial date," Resp. at 11, that this case has not entered the adjudicative stage, id. at 13; see also id. at 17 ("even assuming, arguendo, that discovery is complete and this case is in the

'adjudicative' stage . . .").  But adjudication is not confined to the final resolution of a claim or defense.  A decision on a preliminary injunction motion has potentially grave consequences for the parties, even though what is at stake is interim relief.  Furthermore, there is a recognized connection between resolving the question of interim relief and the final hearing on the merits, given that the court rules allow evidence admitted at the injunction hearing to be used at trial.  Fed. R. Civ. P. 65(a)(a) ("[E]vidence that is received on [a preliminary injunction] motion and that would be admissible at trial becomes part of the trial record and need not be repeated at trial.").  Because the Court will adjudicate the propriety of interim relief, the line between the discovery and adjunctive stages has been crossed.

The Government also makes the curious argument that Petitioners have not pled or shown any objective public interest in publicizing the contested records.  Resp. at 12, 18-19.  Although this matter is before the Court on Petitioners' motion, the Government is the party seeking to seal court records.  It is, therefore, the Government's burden to overcome the strong presumption of openness in court records by showing compelling reasons to justify sealing judicial records.  Shane Grp., 825 F.3d at 305.  Accordingly, Petitioners' preliminary injunction motion is squarely in the adjudicative stage, and it is the Government that bears the heavy burden of justifying non-disclosure of judicial records.  Id.

The Government has not set forth any justifications to seal the judicial record in this case in the light of the public interest.  The Government notes correctly that "the greater the public interest in the litigation's subject matter, the greater the showing necessary to overcome the presumption of access."  Id.  It further states that "the burden on the party seeking non-disclosure is diminished where there is minimal public interest in learning the non-disclosed information."  Signature Mgmt. Team, LLC v. Doe, 876 F.3d 831, 836–37 (6th Cir. 2017) (citing Shane Grp.,

825 F.3d at 305).   What the Government fails to appreciate is that, irrespective of how heavy a burden it bears, it still has a burden to overcome the presumption that judicial records should be publicly available.

The Government also attempts to distinguish <u>Shane Group</u> and <u>Brown & Williamson Tobacco</u> by arguing that the public interest in this case is far less than in those cases.  Resp. at 16-19.  Petitioners obviously disagree.  Reply at 2-4 (Dkt. 424).  Nonetheless, the Government's analysis is incomplete.  Even if the Court were to accept the Government's argument that its burden is diminished, it still has a burden to overcome.  Other than taking the incredible position that this case affects only a "handful" of people, which if true would only diminish its burden, the Government does not affirmatively state any compelling reason to seal the court records.  Accordingly, unless the deliberative process privilege applies, all of the records filed in connection with the parties' briefing on Petitioners' renewed motion for a preliminary injunction and motion for sanctions must be made publicly available.

## B. Deliberative Process Privilege

Without any apparent connection to its <u>Shane</u> analysis, the Government argues that several documents relied on by the parties are protected by the deliberative process privilege and, therefore, should be sealed.  Resp. at 19.  Petitioners argue that the Court has already overruled the Government on privilege as to some documents, the Government has waived the privilege as to the remainder of the documents, and, in any case, the privilege simply does not apply.  Reply at 4, 6.

With respect to documents that the Court has already determined the deliberate process privilege does not apply, the Court will not revisit its previous rulings.  <u>See</u> 7/112018 and 9/7/2018 Orders on Privilege (Dkts. 333 and 386).  Therefore, other than the limited redactions already

approved by the Court, the following documents must be made publicly available: DHSHamama000097-000104, 000111-000120, and ICE-0296029-0296031.

The Government for the first time asserts the deliberative process privilege as to the remaining documents.  When the documents were initially disclosed to Petitioners, the Government did not assert the deliberative process privilege.  For that reason, Petitioners argue that the Government has waived the privilege with respect to the remaining documents.  See In re McKesson Governmental Entities Average Wholesale Price Litig., 264 F.R.D. 595, 598-599 (N.D. Cal. 2009) (deliberative process privilege waived where agency (1) failed to object in initial response and (2) produced documents under a protective order in another case).  The issue of waiver was raised in Petitioners' reply brief.  The Government's position on waiver is unknown, because no Government surreply has been filed.  However, the waiver issue need not be decided now because, based on the Court's review of the documents, the privilege does not apply to any of the documents, except two documents – one in its entirety and one as to one sentence only.  The privileged language in those two documents is irrelevant to the resolution of the pending motions. Because the Court will not consider those documents, the issue of waiver need not be reached.

"The deliberative process privilege is a qualified privilege and can be overcome by a sufficient showing of need."  In re Sealed Case, 121 F.3d 729, 737 (D.C. Cir. 1997).  "The deliberative process privilege protects from discovery 'documents reflecting advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulated.'"  E.E.O.C. v. Burlington N. & Santa Fe Ry. Co., 621 F. Supp. 2d 603, 606 (W.D. Tenn. 2009) (quoting NLRB v. Sears, Roebuck & Co., 421 U.S. 132, 149 (1975)). "The primary purpose served by the deliberative process privilege is to encourage candid communications between subordinates and superiors."  Schell v. U.S. Dep't of Health & Human

Servs., 843 F.2d 933, 939 (6th Cir. 1988).  To fall within the privilege, the information must be both (i) pre-decisional and (ii) deliberative.  Id. at 940.

"A document is predecisional when it is 'received by the decisionmaker on the subject of the decision prior to the time the decision is made.'" Id. at 940 (quoting Sears, 421 U.S. at 151).  However, the privilege does not turn "on the ability of an agency to identify a specific decision in connection with which a memorandum is prepared.  Agencies are, and properly should be, engaged in a continuing process of examining their policies; this process will generate memoranda containing recommendations which do not ripen into agency decisions." Sears, 421 U.S. at 153 n.18.

A document is deliberative when it "reflects the give-and-take of the consultative process," meaning it "covers recommendations, draft documents, proposals, suggestions, and other subjective documents which reflect the personal opinions of the writer rather than the policy of the agency." Id. (internal citation and quotations omitted).  It is well-settled that the deliberative process privilege "protects internal communications of a governmental agency when they are deliberative in nature, but not when they are purely factual." Burlington, 621 F. Supp. 2d at 606 (citing Sears, 421 U.S. at 149).  "Factual materials are generally not privileged unless they are inextricably intertwined with policy-making processes." Id. (quoting Trentadue v. Integrity Comm., 501 F.3d 1215, 1227 (10th Cir. 2007)).  "[P]urely factual, investigative matters that are severable without compromising the private remainder of the documents do not enjoy the protection of the exemption." Norwood v. F.A.A., 993 F.2d 570, 577 (6th Cir. 1993) (citations and quotations omitted).

Courts are to apply a "flexible, commonsense approach to factual/deliberative classifications" and "must be careful not to become victims of their own semantics." Trentadue v.

9

Integrity Comm., 501 F.3d 1215, 1227 (10th Cir. 2007). "In some circumstances . . . the disclosure of even purely factual material may so expose the deliberative process within an agency that it must be deemed exempted." Id. "[T]he Ninth Circuit has adopted a 'process-oriented' or 'functional' test that exempts '[f]actual materials . . . to the extent that they reveal the mental processes of decisionmakers.'" Id. (quoting Nat'l Wildlife Fed'n v. U.S. Forest Serv., 861 F.2d 1114, 1119 (9th Cir. 1988)). By contrast, the Eleventh Circuit has explicitly rejected that approach, holding instead that "[t]he fact/opinion distinction continues to be an efficient and workable standard for separating out what is, and what is not, deliberative." Id. at 1228 (quoting Fla. House of Representatives v. U.S. Dep't of Commerce, 961 F.2d 941, 949 (11th Cir. 1992)).

The Government does not cite any authority for the proposition that the deliberate process privilege is a suitable basis to seal court records. Nonetheless, in support of its assertion of the deliberative process privilege, the Government provides the declaration of James W. McCament, ICE Deputy Undersecretary for Strategy, Policy & Plans, Ex. A to Resp. (Dkt. 416-2), and the declaration of Nathalie R. Asher, Deputy Executive Associate Director for Enforcement and Removal Operations at ICE, and the Acting Executive Associate Director overseeing programs and operations to identify and apprehend removable aliens, to detain these individuals when necessary, and to remove illegal aliens from the United States, Ex. B to Resp. (Dkt. 416-3).

With respect to Mr. McCarment, his declaration largely does not address the deliberative process privilege. His declaration raises issues with the law enforcement privilege and other issues related to diplomatic discussions with Iraq. However, other than the deliberative process privilege, the Government does not raise any other privileges. As noted above, "[t]he primary purpose served by the deliberative process privilege is to encourage candid communications between subordinates

and superiors." Schell, 843 F.2d at 939.  The law enforcement and diplomatic concerns are not material to the assertion of the deliberative process privilege.

As to the deliberative process privilege, Mr. McCarment says that "[d]isclosure of the protected material also could chill the open and candid discussion of ideas by those who participate in the decision-making process regarding policy options, hinder open exchange of ideas between DHS and foreign government officials, and impede DHS's ability to carry out its mission, which includes the repatriation of foreign nationals with final orders of removal."  McCarment Decl. ¶ 8. This boilerplate statement of the deliberative process privilege is repeated verbatim with respect to each contested document.  Id.  However, the declaration does not explain why each document is pre-decisional and deliberative, and it is not obvious to the Court.

The contested documents already have some redactions, which Petitioners are not challenging.  Because neither of the parties nor the Court will rely on these redacted portions to resolve the disputes in this case, the redactions do not raise public disclosure issues.  As to the challenged redactions within the documents, the documents contain factual recitations of events related to the logistics of repatriation, internal administrative matters, and statements regarding Iraq's readiness to move on voluntary repatriation.  As to the discovery responses, the responses contain factual assertions, but nothing about the responses can be characterized as deliberative or describing deliberations.  The contested documents are not deliberative and it is not clear if any of the matters can be fairly said to be pre-decisional.

As to Ms. Asher's declaration, it also does not squarely address the deliberative process privilege.  Similar to Mr. McCarment's declaration, Ms. Asher makes the boilerplate assertion that "[d]isclosure of the protected material also could chill the open and candid discussion of ideas by those who participate in the decision-making process regarding policy options, hinder open

11

exchange of ideas between ICE/DHS and foreign government officials, and impede ICE's ability to carry out its mission, which includes the repatriation of foreign nationals with final orders of removal."  Asher Decl., Ex. B to Resp., ¶ 8.  However, the ICE documents relate to the logistics of repatriation efforts, various government employee reports on the current state of repatriation efforts from several different agencies, the exchange of drafts of documents, discovery responses, and depositions transcripts.[1]  Again, these documents do not reflect a deliberative process.

With the exception of two documents, the Court holds that the documents attached to the parties' briefs do not fall within the deliberative process privilege, because they are largely factual in nature and lack any deliberations on policy.  Exhibit 1-3 to Petitioners' renewed motion for a preliminary injunction contains a single sentence that initiates a deliberation on a policy; the sentence begins with "Can we explore . . . ."  Exhibit 1-14 is a proposal on how to move forward on a particular matter, which is clearly within the deliberative process privilege.  The deliberative statement contained in Exhibit 1-3 is not relied on by either party, and Exhibit 1-14 is relied on marginally by Petitioners as a "see also" citation in their chronology.  The Court holds that the sentence in Exhibit 1-3 may be redacted and Exhibit 1-14 may be sealed, because the Court will not rely on the redacted or sealed material in making its rulings on the motions.

## IV. CONCLUSION

For the reasons set forth above, the Court GRANTS IN PART Petitioners' motion for leave to file documents publicly (Dkt. 382), except that sensitive personally identifiable information identified under Federal Rule of Civil Procedure 5.2, A-numbers and information restricted from public disclosure under the Privacy Act of 1974 (5 U.S.C. § 552a), irrelevant information related

---

[1] Some of the documents contain information related to other countries, which has no bearing on this matter.  Although not raised in its motion, the Government may redact information related to countries other than Iraq consistent with the redactions approved by the Court in other documents.

to countries other than Iraq, as well as information described in (Dkt. 338), shall be sealed and shall remain redacted in public filings in accordance with Rule 5.2 and this Court's prior orders. Exhibit 1-3 to Petitioner's motion for preliminary injunction shall be redacted to exclude the sentence beginning with "Can we explore . . ." and Exhibit 1-14 to Petitioners' motion for a preliminary injunction shall be filed under seal; while the Court will not rely on these documents, they will be in the record for other purposes such as appellate review if necessary.  To ensure an orderly docket, Petitioners must refile their motion for a preliminary injunction and motion for sanctions consistent with this order on October 24, 2018, the Government must refile their response briefs on October 25, 2018, and Petitioners must refile their reply briefs on October 26, 2018.

SO ORDERED.

Dated:  October 23, 2018                                   s/Mark A. Goldsmith
            Detroit, Michigan                              MARK A. GOLDSMITH
                                                           United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on October 23, 2018.

                                                           s/Karri Sandusky
                                                           Case Manager