# EXHIBIT 1-47

*PII Redacted Pursuant to Fed. R. Civ. P. 5.2*

Office of Enforcement and Removal Operations

U.S. Department of Homeland Security
500 12th Street, SW
Washington, D.C. 20536



U.S. Immigration
and Customs
Enforcement

June 15, 2018

Ambassador Fareed Yasseen
Embassy of the Republic of Iraq
3421 Massachusettes Avenue
Washington, DC 20007

Dear Ambassador Yasseen,

I greatly appreciate your staff meeting with United States Immigration and Customs Enforcement (ICE) on June 15, 2018 to address the agency's outstanding concerns related to travel document issuance.

Please consider this an urgent request from ICE for the immediate issuance of the outstanding travel documents that have been requests for the six Iraqi Nationals named below. These six men are currently detained by ICE and have been issued final orders of removal by a U.S. Immigration Judge. On May 23, 2018, they were interviewed in person by the Consulate Section of the Iraq Embassy at the Stewart Detention Center in Lumpkin, Georgia. During the interviews, it was determined by the Consulate Section of the Iraq Embassy that they are all citizens of Iraq but these individuals declined to sign a declaration form wherein they state their desire to return to Iraq. As a result, it is our understanding that additional approval from Baghdad is necessary to complete the issuance of these travel documents.

It is the responsibility of ICE to execute the warrant of removal of these Iraqi Nationals in a safe and timely manner regardless of their desire to return to Iraq. As you know, your country is a party to the Convention on International Civil Aviation. Annex 9 of the Convention states in Chapter 5.26 through 5.29:

> 5.26 A Contracting State shall, when requested to provide travel documents to facilitate the return of one of its nationals, respond within a reasonable period of time and not more than 30 days after such a request was made either by issuing a travel document or by satisfying the requesting State that the person concerned is not one of its nationals.
>
> 5.27 A Contracting State shall not make the signing by the person concerned of an application for a travel document a prerequisite for the issuance of that document.
>
> 5.28 When a Contracting State has determined that a person for whom a travel document has been requested is one of its nationals but cannot issue a passport within 30 days of the request, the State shall issue an emergency travel document that attests to the nationality of the person concerned and that is valid for readmission to that State.

www.ice.gov

Respondents' Ex 1

Page 2 of 2

      5.29 A Contracting State shall not refuse to issue a travel document to or otherwise thwart the return of one of its nationals by rendering that person stateless.

The men named below have all completed their Iraqi passport applications, have been interviewed in person by the Consulate Section of the Embassy of Iraq and it has been determined that they are all Iraqi Nationals.

Regarding:

| Name | Number | DOB |
|---|---|---|
| A█ S███, S███ A█ | ███798 | 11/21/1963 |
| C████, A███ | ███985 | 07/03/1985 |
| Ol███, D███ | ███561 | 04/27/1983 |
| K██████, A█ | ███689 | 04/15/1968 |
| A█, A████, R█ | ███978 | 11/01/1977 |
| P███, K███ | ███207 | 01/01/1979 |

Additionally, ICE is again requesting that the Consulate Section of the Embassy of Iraq no longer require Iraqi Nationals to sign the declaration form wherein they state their desire to return to Iraq. This form conflicts with the Convention on International Civil Aviation, as the signing of an application for a travel document cannot be a prerequisite for the issuance of that document.

I look forward to the expeditious issuance of these travel documents. Please feel free to contact Officer James Maddox at (202) 732-5111 anytime if you have any questions.

Sincerely,

Michael Bernacke
Unit Chief
U.S. Immigration and Customs Enforcement
Enforcement and Removal Operation