# EXHIBIT 12

*Redacted per Court's Order ECF 338*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

USAMA JAMIL HAMAMA, et al.,

    *Petitioners/Plaintiffs*,

v.

REBECCA ADDUCCI, et al.,

    *Respondents/Defendants*

Case No. 2:17-cv-11910
Hon. Mark A. Goldsmith
Mag. David R. Grand

Class Action

### DECLARATION OF KEVIN J. PIECUCH

I, Kevin J. Piecuch, hereby declare, I make this declaration based upon my own personal knowledge and if called to testify, I could and would do so competently as follows:

1. I am an attorney licensed to practice in the state of Michigan and I represent Firas Nissan, a class member in the above-captioned action. As Mr. Nissan's attorney, I filed a motion to reopen his initial removal order, which was granted August 15, 2017. Since he entered the United States as an arriving alien, Mr. Nissan was considered ineligible for a bond hearing pursuant to this court's order. I am personally familiar with the facts regarding Mr. Nissan's case through discussions with his friends and family members, and through analysis of the documents contained in his A-file and Record of Proceedings.

2. Mr. Nissan first arrived in this country on or about January 10, 2001, at the San Ysidro, California port of entry from Iraq. Mr. Nissan was the last of his family to leave Iraq. While his parent and siblings left Iraq as refugees, Mr. Nissan remained behind to take care of a family business and property. After receiving a series of threats and a brief detention in Iraq, Mr. Nissan decided he could remain in Baghdad no longer and fled the country without immigration documents.

3. Mr. Nissan was recently divorced from his U.S. citizen wife but they remain an in an amicable relationship. Together they have two minor children, a ▮▮ year-old son and a ▮▮ year old daughter. Mr. Nissan also provides support to his aged U.S. citizen parents. He has five brothers and two sisters, all who live in the U.S.

4. Following his initial entry in the United States, Mr. Nissan filed Form I-589, Application for Asylum and Withholding of Removal. At his individual hearing on August 11, 2004, Mr. Nissan was represented by counsel but was not physically present due to illness. The Court decided his illness should not have prevented him from attending his hearing and Mr. Nissan was ordered removed *in absentia*. Despite his order of removal, Mr. Nissan was released from ICE custody pursuant to an order of supervision with which he complied for 13 years.

5. Until June, 2017 he was gainfully employed at the Charlevoix Market, one of a series of jobs he held to support his family.

6. Mr. Nissan was taken into ICE custody on June 6, 2017 and remains in custody today. He has been in custody for nearly fifteen months. During this time, he was moved to several facilities, including detention centers in Florence, Arizona and Battle Creek, Michigan.

7. I was retained on June 16, 2017. I filed a motion to reopen Mr. Nissan's 2004 removal order on June 20, 2017, which was granted on August 15, 2017.

8. I also represented Mr. Nissan at his individual merits hearing on December 28, 2017. Following that hearing, the immigration court required that we file written closing briefs. Ultimately, the immigration court ordered removal on April 5, 2018. I filed a detailed appeal with the Board of Immigration Appeals which remains pending as of this date.

9. Although detention has taken a significant toll on my client, he wants to continue fighting his case and has expressed a desire to appeal any adverse decision he receives from the courts or the Board of Immigration Appeals.

10. Mr. Nissan was never granted a bond hearing because of his status as an arriving alien. However, if he been granted a hearing, he likely would have been given a bond based on the nature of his conviction, his ties to the

community, and his lack of flight risk.

11. Detention has caused a significant hardship on Mr. Nissan personally and for his family as well. Specifically, his two minor U.S. citizen children and his aged U.S. citizen parents have been deprived of the person who provided them financial and emotional support. He was the sole person supporting his wife and two children before his detention.

12. Mr. Nissan was recently diagnosed with ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Before he was detained, he visited his doctor almost every other month to manage his health conditions. While in detention, he does not receive the same level of medical care.

13. Further, being incarcerated more than 120 miles from his friends, family and attorneys has limited Mr. Nissan's contact with loved ones and has hampered my ability to provide timely legal support.

14. Recent altercations with other inmates at the detention facility have created even more stress for Mr. Nissan. He is kept separated from other inmates in solitary confinement for 21 hours every day, adding to his emotional and physical hardship.

15. Mr. Nissan has a current pending appeal with the Board of Immigration Appeals, which will likely take several months to complete. And, following the BIA decision, there will be additional appeals no matter the outcome. I

anticipate that if he is not released, he could remain in detention for potentially two more years until his immigration case is fully resolved.

16. Mr. Nissan attempted to apply for travel documents from Iraq and was denied. He currently has no identity documents which prove that he is a citizen of Iraq and holds no passport to any country

Pursuant to 28 U.S.C. § 1746, I state under penalty of perjury under the laws of the United States that the above statements are true and correct to the best of my knowledge, information, and belief.

Date: August 24 , 2018

Kevin J. Piecuch