# EXHIBIT 15

*Redacted per Court's Order ECF 338*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **USAMA JAMIL HAMAMA**, et al., *Petitioners/Plaintiffs,* <br> v. <br> **REBECCA ADDUCCI**, et al., *Respondents/Defendants.* | Case No. 2:17-cv-11910 <br> Hon. Mark A. Goldsmith <br> Mag. David R. Grand <br><br> Class Action |

### DECLARATION OF RONALD KAPLOVITZ, ATTORNEY FOR SALMAN DAOOD SAIYAD A█████

I, Ronald Kaplovitz, hereby declare, I make this declaration based upon my own personal knowledge and if called to testify, I could and would do so competently as follows:

1. I am an attorney licensed to practice in the state of Michigan and I represent Salman Daood Saiyad, a class member in the above-captioned action. As his attorney, I filed a motion to reopen his removal order as well as several supplemental pleadings. I also represented him in the bond hearing which he was afforded pursuant to this court's order. I am personally familiar with the facts regarding his case through discussions with Mr. Saiyad and family members and through analysis of the documents contained in his A-file and Record of Proceedings.

2. Salman Saiyad first arrived in this country in 1968 at the age of 15 from Iraq. He entered the country as an immigrant to join his parents and siblings, all of whom are now U.S. citizens or permanent residents. Mr. Saiyad also has two U.S. citizen children and two U.S. citizen grandchildren.

3. Mr. Saiyad was ordered removed on October 09, 1989 following a conviction for two crimes involving moral turpitude. Despite his order of removal, Mr. Saiyad was released from ICE custody pursuant to an order of supervision with which he complied for 20+ years.

4. Mr. Saiyad was taken into ICE custody on June 11, 2017 and remains in custody to this date.

5. Mr. Saiyad was granted a bond hearing on February 14, 2018 and was granted bond in the sum of One Hundred Thousand Dollars ($100,000.00) cash. The court found that Mr. Saiyad is not a danger to the community. His last crime occurred in the early 1990's. Nevertheless, the court set an extremely high bond on the grounds that Mr. Saiyad is allegedly a flight risk.

6. The court's finding that Mr. Saiyad is a flight risk is totally at odds with the evidence presented at the bond hearing. Mr. Saiyad is a 65-year old man who until detention lived with his brother and sister-in-law. His brother and sister-in-law and his daughters submitted letters to court describing Mr. Saiyad as a kind, generous man deeply connect to his family and the Chaldean Catholic community. Prior to detention he socialized with friends at the Arabic Country Club and at the Center of Hope. He was involved in the lives of his daughters and grandchildren. These strong community ties demonstrated compellingly that Mr. Saiyad posed no flight risk. Indeed, he complied with an order of supervision for over 20 years. As his daughters stated to the court, he wanted nothing more than to return to his family life while his case was litigated.

7. Declarations by Michael Bernacke, Acting Deputy Assistant Director, and John

2

A. Schultz, Jr., Deputy Assistant Director were filed by the Government and likely contributed to the Court's decision to set such a high bond. The Government used the declarations to argue because – but for the injunction – Mr. Saiyad could be quickly removed, he would likely flee.

8. As of the date of this Declaration, neither Mr. Saiyad, who is indigent, or his family has been able to post the bond.

9. The Immigration Court noted in the bond order that "if the Board reopens the case to consider 212(c), the Court will reconsider bond." On May 25, 2018, the Board of Immigration Appeals granted respondent's Motion to Reopen and allowed for possible consideration of 212(c) Relief and specifically noted that at footnote #2 "insofar as this Respondent alleges ▓▓▓▓▓▓▓▓▓▓ which cannot be mitigated by Counsel, that question may be further explored at the Trial level if appropriate. See matter of *M-A-M-,* 25 I&N. Dec. 474(BIA-2011)(Ex-1).

10. On May 31, 2018, respondent filed a Motion for Bond with the Detroit Immigration Court based upon the BIA decision, remanding the case to the San Diego Immigration Court. The government filed a Motion to Change Venue to the Detroit Immigration Court as Mr. Saiyad was being housed in Michigan and had his bond case in the Detroit Immigration Court.

11. On June 08, 2018, the San Diego immigration judge certified the case back to the BIA for technical reasons and as a result, the Detroit immigration judge denied respondent's bond motion indicating the case had not been remanded from the BIA.

12. Detention has caused significant hardship on Mr. Saiyad and his numerous family

3

members, some of whom live out of state and have no access to him. Mr. Saiyad suffers from ████████████████████████ and has a Fifth grade education.

13. After fourteen plus months of detention, Mr. Saiyad's Motion to Reopen remains where it started at the BIA. It is likely that litigation just on the Motion to Reopen litigation could last for another year, to be followed by litigation on the merits if the Motion to Reopen is granted. Mr. Saiyad could be facing an unknown number of years of detention.

Pursuant to 28 U.S.C. § 1746, I state under penalty of perjury under the laws of the United States that the above statements are true and correct to the best of my knowledge, information, and belief.

Date: <u>August 23, 2018</u>   _____