# EXHIBIT 16

*Redacted per Court's Order ECF 338*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **USAMA JAMIL HAMAMA**, et al.,<br><br>*Petitioners/Plaintiffs,*<br><br>v.<br><br>**REBECCA ADDUCCI**, et al.,<br><br>*Respondents/Defendants.* | Case No. 2:17-cv-11910<br>Hon. Mark A. Goldsmith<br>Mag. David R. Grand<br><br>Class Action |

## **DECLARATION OF GREGORY VANDERWOUDE**

I, Gregory VanderWoude, hereby declare, I make this declaration based upon my own personal knowledge and if called to testify, I could and would do so competently as follows:

1. I am an attorney licensed to practice both in the state of Michigan and in the District of Columbia, and I represent Farried Jassiem, a class member in the above-captioned action.

2. I am personally familiar with the facts regarding Mr. Jassiem's case through discussions with Mr. Jassiem personally and through analysis of the documents contained in his A-file and Record of Proceedings.

3. As Mr. Jassiem's attorney, I filed a motion to reopen his initial removal order, and his motion to reopen was granted. I also represented him in the bond hearing which he was afforded pursuant to this court's order.

4. Mr. Jassiem first arrived in this country on March 19, 1994 at Kennedy Airport in New York City as a B1/B2 Visitor for Pleasure from Iraq. Mr. Jassiem is a Sunni Muslim. Prior to his arrival in the United States, Mr. Jassiem had been living in Germany for approximately five to six years. He was granted asylum in Germany due to his fear of returning to Iraq, but he no longer possesses any right to return to Germany.

5. Mr. Jassiem is currently married to C.B., who is a United States citizen.

6. Mr. Jassiem was first ordered removed on November 14, 2003, when the Immigration Judge denied his application for adjustment of status. Despite his order of removal, Mr. Jassiem was placed on an order of supervision with which he complied for approximately 12 years.

7. Until June 2017, Mr. Jassiem was self-employed as a limousine driver, a position which he had held for approximately 19 years.

8. Mr. Jassiem was taken into ICE custody on June 21, 2017 and remains in custody at the Farmville Detention Center in Farmville, Virginia. He has been in custody for approximately 14 months.

9. I was retained in August of 2017. I filed a motion to reopen Mr. Jassiem's November 14, 2003 removal order on October 24, 2017. The Immigration Judge reopened Mr. Jassiem's proceedings on January 11, 2018, finding that Mr. Jassiem had a reasonable possibility of persecution based on his religion

and possibly his imputed political opinion. In the order reopening the case, the Immigration Judge also noted that Sunni Muslims in Iraq currently face persecution by ISIS. The Immigration Judge heard testimony from Mr. Jassiem regarding his asylum application on April 12, 2018 and May 23, 2018. In a decision dated July 30, 2018, the Immigration Judge denied Mr. Jassiem's application for asylum, his application for withholding of removal, and his application for protection under the Convention Against Torture.

10. Although detention has taken a significant toll on my client, he wants to continue fighting his case and has decided to appeal the Immigration Judge's decision. The Immigration Judge denied relief, stating that Mr. Jassiem had not met his burden. However, the record of evidence in Mr. Jassiem's case clearly shows it is more likely than not that Mr. Jassiem will be harmed and tortured if removed to Iraq. As noted earlier, the Immigration Judge referenced the reasonable possibility of harm to Mr. Jassiem in the order reopening his case.

11. Fourteen months of detention has been very hard on Mr. Jassiem. He has been on at least two hunger strikes, and he has also been placed on ▓▓▓▓ ▓▓▓▓ at least one occasion. He has been on these hunger strikes because he believes the detention center has failed to respond to his requests for medical attention. In my non-expert opinion, he may suffer from an

███████████████████ He has made countless requests to the Farmville Detention Center for medical attention, including requests for ███████ and ███████. Although Mr. Jassiem did receive ███████, he has not received the ███████ that he has requested. Mr. Jassiem fears that his ███ could be permanently affected without this ███████. Mr. Jassiem has required the assistance of a crutch.

12. Mr. Jassiem was granted a bond hearing on February 1, 2018 but was denied bond because the Immigration Judge found that he was a danger to the community. The decision to deny Mr. Jassiem's bond was at odds with the fact that he has complied with his order of supervision for approximately twelve years, has lived in the United States for many years, and has no felony convictions.

13. Due to the distance of the Farmville Detention Center from my office in Arlington, Virginia, it has been difficult preparing his case. It is roughly a three hour drive by car to reach the Farmville Detention Center. Additionally, Mr. Jassiem is limited in the amount of time that he can speak on the phone with me because he has limited funds to pay for use of the phone.

14. I have recently filed Mr. Jassiem's Notice of Appeal with the Board of Immigration Appeals. I anticipate that if he is not released, he could remain

in detention for another six months or more on top of the already 14 months he has been in detention, until his immigration case is fully resolved.

15. Mr. Jassiem currently possesses no form of Iraqi identification.

Pursuant to 28 U.S.C. § 1746, I state under penalty of perjury under the laws of the United States that the above statements are true and correct to the best of my knowledge, information, and belief.

Date: August 22, 2018         _____
                              Gregory VanderWoude