# EXHIBIT 18
*Redacted per Court's Order ECF 338*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| Hussain AL KINANI )<br>    Petitioner )<br>     )<br>v. )<br>     )<br>John E. Kelly, et al., )<br>    Respondents )<br>_____ ) | Case No. 4:17-cv-01021-KOB-JHE |

## DECLARATION

I, Bryan S. Pitman, declare under penalty of perjury the following:

1. I am employed as a Supervisory Detention and Deportation Officer (SDDO) with the United States Department of Homeland Security (DHS), United States Immigration and Customs Enforcement (ICE) in the New Orleans Field Office. I am currently assigned to the Etowah County Detention Center (ECDC), in Gadsden, Alabama.

2. In my capacity as a SDDO, I supervise the deportation officer having docket control over Hussain Habash AL KINANI's case. Hussain Habash AL KINANI, identified as "Petitioner," has been assigned alien registration number A█████████.

3. I have reviewed the file for the Petitioner and this declaration is based on that review, information obtained from other individuals employed by ICE, and information obtained from DHS records.

4. Petitioner is a native and citizen of Iraq. On September 12, 1997, Petitioner was paroled into the United States at New York City, NY as a refugee with permission to remain until December 31, 1999.

5. On April 21, 2000, Petitioner was arrested by the Chattanooga Police Department in Chattanooga, Tennessee for Driving under the Influence 2nd.

6. On May 9, 2001, Petitioner was arrested by the Catoosa County Sheriff's Office in Ringgold, Georgia for Driving while license was suspended or revoked. On May 22, 2001, Catoosa County Georgia Probate Court found Petitioner guilty for Driving while license suspended or revoked.

7. On June 23, 2001, Petitioner was arrested by Dalton Police Department in Dalton, Georgia for Driving under the Influence of Alcohol. On June 25, 2001, Petitioner was found guilty in Dalton Municipal Court and sentenced to 4 days confinement; 12 months probation; and $1120 fine.

8. On December 6, 2001, Petitioner was arrested by Dalton Police Department for Probation Violation. On December 7, 2001, Petitioner was sentenced to 5 days confinement and continued on original probation or parole order.

9. On January 2, 2007, Petitioner was arrested by the Chattanooga Police Department in Chattanooga, Tennessee for Possession of Marijuana, Possession of Cocaine, Possession of Ecstasy, and a Registration Violation.

10. August 4, 2011, Petitioner was arrested by the Catoosa County Sheriff's Office in Ringgold, Georgia for the sale of a Schedule I or II Controlled Substance and Use of Communication Facility in Commission of a felony Involving Controlled Substances.

11. On September 8, 2011, Petitioner was arrested by U.S. Marshal Service in Chattanooga, Tennessee, for Dangerous Drugs.

12. On November 21, 2016, Petitioner was convicted in the U.S. District Court, Eastern District of Tennessee, of Conspiracy to Distribute Narcotics and money laundering, and sentenced to 36 months of supervised release.

13. On November 22, 2016, Petitioner was arrested by ICE/ERO Oakdale, LA, and was issued a Notice to Appear (I-862) charging him as removable under § 212(a)(2)(A)(i)(II); 212(a)(2)(C); and 212(a)(2)(I)(i) of the Immigration and Nationality Act.

14. On December 8, 2016, Petitioner was ordered removed to Iraq by an Immigration Judge (IJ) in Oakdale, LA. Petitioner did not reserve the right to appeal. At no time did Petitioner seek asylum or withholding of removal under the Convention against Torture.

15. January 11, 2017, Petitioner was booked out of the LaSalle Detention Facility in Jena, Louisiana and transferred to the Etowah County Detention Center (ECDC) in Gadsden, Alabama.

16. On January 12, 2017, a Travel Document (TD) request packet was sent to the Iraq Consulate General in Washington, D.C., and on January 26, 2017, Petitioner was served a Notice of File Custody Review, a Warning for Failure to Depart (I-229); and an instruction sheet

17. On February 27, 2017, Petitioner was afforded a 90 day Post Order Custody Review (POCR) by the Field Office and a decision to continue detention was issued on March 4, 2017, based on a significant likelihood of removal in the reasonably foreseeable future.

18. On June 13, 2017, Petitioner was afforded a POCR by Headquarters Removal and International Operations unit (HQRIO) in Washington, D.C. and a decision to continue detention was sent to Florence, Arizona to be served on the Petitioner.

19. On June 15, 2017, Petitioner filed a habeas with the United States District Court Northern District of Alabama Middle Division.

20. On June 19, 2017, Petitioner was transferred from the Etowah County Detention Center in Gadsden, Alabama to the LaSalle Detention Facility in Jena, Louisiana.

21. On June 20, 2017, Petitioner was transferred from the LaSalle Detention Facility in Jena, Louisiana to the Alexandria Staging Facility in Alexandria, Louisiana.

22. On June 21, 2017, Petitioner was transferred from the Alexandria Staging Facility in Alexandria, Louisiana to the Florence Staging Facility in Florence, Arizona for removal to Iraq.

23. On June 22, 2017, Petitioner was transferred from the Florence Staging Facility in Florence, Arizona to the Florence Correctional Facility in Florence, Arizona. The Petitioner was scheduled to be removed to Iraq on an ICE charter flight set to depart the United States in the end of June of 2017.

24. On June 26, 2017, the District Court in Detroit, Michigan issued a temporary restraining order barring ICE/ERO Detroit from removing Iraqi nationals to Iraq and that order was expanded to prohibit such removals nationwide. The case is *Hamama, et al. v. Adducci*, No. 17-11910 (E.D. Mich. filed June 15, 2017). But for the *Hamama* case, Petitioner would have been removed to Iraq.

25. Iraq has issued travel documents for individuals who have voluntarily opted out of the putative class from *Hamama*.

26. On August 2, 2017, Petitioner was transferred from the Florence Correctional Facility in Florence, Arizona to the Florence Staging Facility in Florence, Arizona and on August 3, 2017, Petitioner was transferred from the Florence Staging Facility to the LaSalle Detention Facility in Jena, Louisiana.

27. On September 6, 2017, Petitioner was afforded a POCR by HQRIO in Washington, District of Columbia and a decision to continue detention was issued on September 26, 2017, based on a significant likelihood of removal in the reasonably foreseeable future.

28. On October 12, 2017, Petitioner was served a notice of class membership, which included a Know Your Rights informational sheet and a voluntary removal packet that contained procedures to opt out of the putative class from *Hamama, et al. v. Adducci*, No. 17-11910 (E.D. Mich. filed June 15, 2017).

29. On October 23, 2017, Petitioner was transferred from the LaSalle Detention Facility in Jena, Louisiana to the Pine Prairie Correctional Center in Pine Prairie, Louisiana, where he is currently being detained.

30. *Hamama et al. v. Adducci*, No. 17-11910 (E.D. Mich. filed June 15, 2017) sets forth requirements for the Government to serve putative class members their alien file (A-file) and record of proceedings (ROP). Petitioner will be served with a copy of his A file soon. My understanding is that the Department of Justice's Executive Office for Immigration Review (EOIR) is responsible for production of the ROP. Once the putative class member has been served, he or she has 90 days to file a Motion to Reopen with the Executive Office for Immigration Review (EOIR). If a Motion to Reopen is not filed with EOIR within 90 days after the A-file and ROP have been served, the Iraqi national will no longer be considered a putative class member of *Hamama, et al. v. Adducci*, No. 17-11910 (E.D. Mich. filed June 15, 2017) and the Stay of Removal for the Iraqi national will be lifted.

31. Based upon this officer's experience and expertise, I believe that ICE will remove Petitioner to Iraq in the reasonably foreseeable future once the Stay of Removal for Iraqi nationals is dismissed or the Plaintiff is removed from the class.

32. The Government of Iraq has already demonstrated its willingness to accept back Iraqi nationals with final orders of removal from the United States.

I hereby declare under penalty of perjury that the above statements are true and correct to the best of my knowledge and belief.

NOV 0 6 2017
Date

Bryan S. Pitman, SDDO
DHS/ICE/ERO
Gadsden, Alabama