# EXHIBIT 21

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

**USAMA JAMIL HAMAMA,** et al.,

      Petitioners and Plaintiffs,

v.

**REBECCA ADDUCCI**, et al.,

      Respondents and Defendants.

Case No. 2:17-cv-11910
Hon. Mark A. Goldsmith
Mag. David R. Grand
Class Action

**RESPONDENT U.S. DEPARTMENT OF HOMELAND SECURITY'S
RESPONSES AND OBJECTIONS TO
PETITIONERS' SECOND SET OF REQUESTS FOR
<u>PRODUCTION OF DOCUMENTS AND THINGS TO RESPONDENTS</u>**

Pursuant to Federal Rule of Civil Procedure 26 and 34, Respondent Department of Homeland Security ("DHS"), by and through undersigned counsel, hereby respond and object to Petitioners' Second Set of Requests for Production of Documents and Things.

**GENERAL OBJECTIONS**

1.    The following General Objections apply to and are incorporated in each individual response.

2.    Respondent DHS objects to the extent that Petitioners seek information protected from disclosure by the attorney-client privilege, attorney work product doctrine, deliberative process privilege, law enforcement / investigatory files privilege, self-critical analysis privilege, executive privilege, the *Machin* privilege (*see Machin v. Zuckert*, 316 F.2d 336 (D.C. Cir. 1963)), and other applicable privileges or prohibitions on disclosure. Respondent DHS also objects to the extent that Petitioners' second requests for production of documents and things seeks information not covered by the Amended

1

Protective Order in this case and that may be otherwise protected from disclosure under the Privacy Act, 5 U.S.C. § 552a, DHS/DOJ policy regarding the application of the Privacy Act to "visitors and aliens," the Freedom of Information Act, 5 U.S.C. 552, the Inspector General Act of 1978, 5 U.S.C. App. 3, §7(b), and other statutes, regulations or directives regarding the protection of privacy, confidential information or medical information, or under regulations preventing disclosure of specific alien information (such as, but not limited to: 8 U.S.C. §§ 1160(b)(5),(6), 1186A(c)(4), 1202(f), 1254a(c)(6), 1255A(c)(4),(5), 1304(b), and 1367(a)(2),(b),(c),(d), 22 U.S.C. §7105(c)(1)(C), 8 C.F.R. §§ 208.6, 210.2(e), 216.5(e)(3)(iii), 236.6, 244.16, 245a.2(t), 245a.3(n), 245a.21, 1003.46, and 1208.6), many of which would subject Respondent DHS to civil or criminal penalties or other sanctions in the event of unauthorized disclosure. Inadvertent disclosure of privileged information is not intended to be, and may not be construed as, a waiver of any applicable privilege. Respondent DHS further objects to the extent that Petitioners seek information created in response to this lawsuit.

3. This response is made without waiver of, and with express reservation of all questions as to competency, relevancy, materiality, and admissibility of the responses to production requests as evidence for any purpose in any further proceedings in this action (including the trial of this action) or in any other action.

4. Respondent DHS's responses to Petitioners' requests are based upon the information available at this stage of the litigation. Respondent DHS reserves the right to rely upon any facts, documents, or other evidence which may develop or come to its attention subsequent to this response. Likewise, Respondent DHS's objections to Petitioners' second requests for production of documents and things are based upon the information presently known by Respondent DHS, and are made without prejudice to Respondent DHS's right to assert additional objections in the event that additional grounds for objections should be discovered by Respondent DHS subsequent to this response.

2

5.     The general objections and qualifications set forth above apply to each request.  For convenience, they are not repeated after each request, but rather are set forth here and are incorporated into each response.  The assertion of the same, similar, or additional objections or the provision of partial answers in the individual responses to these requests does not waive or modify any of Respondent DHS's general objections. All documents withheld from production by DHS will be identified on a privilege log.

6.     Without waiving the above objections, Respondent DHS will provide responses subject to the requirements of Fed. R. Civ. P. 34, and for supplementation of responses contained in Fed. R. Civ. P. 26(e), and subject to the terms of the Amended Protective Order.  Respondent DHS reserves the right to supplement its objections to these requests at a later date.

## DOCUMENT REQUESTS

1.     Documents relied on, identified, or cited by Respondents in answering any interrogatory.

## RESPONSE:

Respondent DHS objects to any production of documents covered by an appropriate privilege or prohibition on disclosure, and by responding here, Respondents have not waived the right to assert such privilege if and when it arises. Subject to and without waiving any objections, DHS responds as follows: DHS refers Plaintiffs/Petitioners to its previous document productions in this case and states that it has no additional documents responsive to this request.

2.     All versions of the GOI "voluntary removal declaration" that Respondents have received, in Arabic and English. In particular, please provide the version referred to in ICE-0270696 ("They provided us an untranslated copy of the voluntary removal declaration to serve on the aliens as part of the updated application packet. We had it translated and verified the document was the declaration that we will not be serving to the detainees. Julius advised the embassy accordingly."); the version this document was intended to replace; and any subsequent versions.

**RESPONSE:**

DHS has no documents responsive to this request.

3.      Documents referencing or otherwise relating to requests for "approval from Baghdad," as that term is used in Interrogatory–First Set No. 3, ICE's Supplemental Responses, or the "different internal GOI process" referred to in James Maddox's declaration, ECF 311-3, ¶ 11.b, and discussions and communications with the GOI about such "approvals from Baghdad" or the "different internal GOI process."

**RESPONSE:**

DHS refers Plaintiffs/Petitioners to its previous document productions in this case and states that it has no additional documents responsive to this request.

4.      Documents referencing or otherwise relating to the GOI's denial of repatriation or decision not to issue travel documents—either permanently or provisionally—to any Iraqi National.

**RESPONSE:**

DHS refers Plaintiffs/Petitioners to its previous document productions in this case and states that it has no additional documents responsive to this request.

5.      All drafts and any final version of the MOU referenced in DHSHAMAMA000089.

**RESPONSE:**

DHS has no documents responsive to this request.

6.      Any demarches issued to the GOI relating to repatriation of Iraqi Nationals, since 2015. *See* ICE-0271074.

**RESPONSE:**

DHS has no documents responsive to this request.

7.      Documents referencing or otherwise relating to the GOI's position regarding involuntary repatriation of Iraqi Nationals, including GOI documents in the possession of

Respondents that relate to the GOI's position on the voluntary or involuntary repatriation of Iraqi Nationals.

**RESPONSE:**

DHS refers Plaintiffs/Petitioners to its previous document productions in this case and states that it has no additional documents responsive to this request.

8.      All ICE custody reviews of Iraqi Nationals since February 2018.

**RESPONSE:**

DHS has no documents responsive to this request.

9.      For any Iraqi National for whom ICE or a federal judge has found no significant likelihood of removal in the reasonably foreseeable future, since July 24, 2018, all documents referring or relating to that determination.

**RESPONSE:**

DHS has no documents responsive to this request.

7.      Any cables issued by the Department of State relating to repatriation, including the cable issued during or about March 2017 summarizing the outcomes of a meeting between the U.S. Embassy, Baghdad, and the Iraq Ministry of Foreign Affairs (MFA). *See* ICE-0270599.

**RESPONSE:**

DHS refers Plaintiffs/Petitioners to its previous document productions in this case and states that it has no additional documents responsive to this request.

Dated:        August 20, 2018                Respectfully submitted,

                                             CHAD A. READLER
                                             Acting Assistant Attorney General
                                             Civil Division

                                             WILLIAM C. PEACHEY
                                             Director, District Court Section
                                             Office of Immigration Litigation

                                             WILLIAM C. SILVIS
                                             Assistant Director
                                             Office of Immigration Litigation

                                             NICOLE MURLEY
                                             Trial Attorney
                                             Office of Immigration Litigation

                                             */s/Cara E. Alsterberg*
                                             CARA E. ALSTERBERG
                                             Office of Immigration Litigation
                                             District Court Section
                                             P.O. Box 868, Ben Franklin Station
                                             Washington, D.C. 20044
                                             Tel: (202) 532-4667
                                             Fax: (202) 305-7000
                                             Email: Cara.E.Alsterberg@usdoj.gov

                                             Attorneys for Defendants-Respondents

## <u>CERTIFICATE OF SERVICE</u>

Case No. 2:17-cv-11910

I hereby certify that on August 20, 2018, I served the foregoing on Petitioners' lead counsel of record via electronic mail:

Kimberly L. Scott (P69706)
Cooperating Attorneys,
ACLU Fund of Michigan
MILLER, CANFIELD, PADDOCK
& STONE, PLC
101 N. Main St., 7th Floor
Ann Arbor, MI 48104
(734) 668-7696
scott@millercanfield.com

Margo Schlanger (P82345)
Cooperating Attorney,
ACLU Fund of Michigan
625 South State Street
Ann Arbor, Michigan 48109
(734) 615-2618
margo.schlanger@gmail.com


*/s/ Cara E. Alsterberg*
Cara E. Alsterberg

U.S. Department of Justice