UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

USAMA J. HAMAMA, et al.,

        Petitioners,                         Case No. 17-cv-11910

vs.                                                        HON. MARK A. GOLDSMITH

REBECCA ADDUCCI, et al.,

        Respondents.
_____/

## ORDER DENYING RESPONDENTS' REQUEST TO REDACT A PORTION OF THEIR RESPONSE TO PETITIONERS' MOTION FOR SANCTIONS AND THE DECLARATION IN SUPPORT OF THEIR RESPONSE BRIEF

On October 23, 2018, the Court granted in part Petitioners' motion for leave to file documents publicly (Dkt. 453). The Court ordered Petitioners to refile their motion for a preliminary injunction and motion for sanctions, Respondents to refile their response briefs, and Petitioners to refile their reply briefs consistent with the Court's opinion. 10/23/2018 Op. at 13. After the parties filed their respective papers, two issues arose: (i) Respondents redacted portions of their response to the motion for sanctions and one of the attached exhibits, and (ii) Respondents asked that telephone numbers and email addresses be redacted in exhibits attached to several exhibits. As to the second matter, the telephone numbers and email addresses are not relevant to the merits of the pending motions, will not be considered by the Court, and may, therefore, be redacted to prevent further dissemination of direct contact information for public officials.

As to the first issue, Respondents contacted the Court by email on October 26, 2018 notifying the Court that, on their own initiative, they were redacting a portion of both their response brief and the declaration of John Schultz. The redacted portions relate to a memorandum with the subject line "Recommendation of Initiate the Process to Invoke Visa Sanctions under Section

1

243(d) of the Immigration and Nationality Act against Iraq" ("Sanctions Memorandum").  Ex. 1-36 to Pet'rs PI Mot. (Dkt. 457-38).  In a subsequent telephone conference, Respondents explained that they believed the redactions were appropriate, because the Court had sustained their assertion of the deliberate process privilege as to the content of the Sanctions Memorandum.  Shortly thereafter, Respondents sent the Court another email belatedly seeking to also redact portions of Schultz's deposition transcript for the same reason.  Respondents are mistaken.

"The deliberative process privilege protects from discovery 'documents reflecting advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulated.'"  E.E.O.C. v. Burlington N. & Santa Fe Ry. Co., 621 F. Supp. 2d 603, 606 (W.D. Tenn. 2009) (quoting NLRB v. Sears, Roebuck & Co., 421 U.S. 132, 149 (1975)).  "The primary purpose served by the deliberative process privilege is to encourage candid communications between subordinates and superiors."  Schell v. U.S. Dep't of Health & Human Servs., 843 F.2d 933, 939 (6th Cir. 1988).  To fall within the privilege, the information must be both (i) pre-decisional and (ii) deliberative.  Id. at 940.

Respondents redaction request comes too late, is not warranted, and the information is already in the public domain.  The redactions that Respondents are requesting relate to both the existence of the Sanctions Memorandum and John Schultz's explanation that the Sanctions Memorandum was prepared as part of an exercise within Enforcement and Removal Operation's Removal Management Division.  However, the Sanctions Memorandum is attached to Petitioners' motion for a preliminary injunction, see Ex. 1-36 to Pet'rs PI Mot., and Respondents do not object to Petitioners relying on its existence.  Furthermore, Respondents argument merely explains that the memorandum was prepared in a pre-decisional context.  Respondents do not explain how their argument merely asserting the pre-decisional context of the preparation of the Sanctions

Memorandum is itself deliberative, or why a declaration or deposition testimony by Schultz attesting to that context is itself deliberative.  Additionally, Respondents argued their position with respect to the Sanctions Memorandum being an internal exercise during the oral argument in open court on the motion for sanctions on October 24, 2018, without any effort to prevent public dissemination.  Accordingly, the redacted portions of the brief, Schultz's declaration, and Schultz's deposition testimony are not protected by the deliberative process privilege.

Even if the Court were to conclude that portions of the Schultz declaration and response brief were protected by the deliberative process privilege, Respondents have not overcome the heavy burden of providing a compelling reason to justify non-disclosure to the public.  Shane Grp., Inc. v. Blue Cross Blue Shield of Michigan, 825 F.3d 299, 305 (6th Cir. 2016).  Both parties address the Sanctions Memorandum in their briefing.  The public, therefore, is entitled to assess for itself the merits of the parties' arguments and the Court's eventual resolution of the dispute. Id.  Accordingly, Respondents are not granted leave to redact any portion of their response to the motion for sanctions or any part of the Schultz declaration in support of their response.

Consistent with this order, the parties must meet to discuss which documents need to be struck and which documents need to be refiled on the docket and submit to the Court a proposed order to the effect by close of business on October 30, 2018; if there is no agreement, the parties shall contact the Court to address the issue further.

SO ORDERED.

Dated:  October 29, 2018                                              s/Mark A. Goldsmith
     Detroit, Michigan                                                MARK A. GOLDSMITH
                                                                           United States District Judge

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on October 29, 2018.

                                              s/Karri Sandusky
                                              Case Manager