# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**USAMA JAMIL HAMAMA**, et al.,

   Petitioners and Plaintiffs,

v.

**REBECCA ADDUCCI**, et al.,

   Respondents and Defendants.

Case No. 2:17-cv-11910
Hon. Mark A. Goldsmith
Mag. David R. Grand

Class Action

(filed under seal)

## RESPONDENTS' MOTION TO RE-DETAIN
## MOUAYED KAS YONAN

On November 20, 2018, this Court granted Petitioners' renewed motion for a preliminary injunction under *Zadvydas*. Op., ECF No. 490. The Court's order instructed Respondents to "release on orders of supervision all members of the *Zadvydas* subclass who have been detained for more than six months." *Id*. at 57. Following the Court's entry of that order, the parties submitted briefs to the Court with their respective positions on when class members who are covered by the *Zadvydas* preliminary injunction could be re-detained by Respondent U.S. Immigration and Customs Enforcement ("ICE"). The Court addressed this issue in the order that it filed on March 12, 2019, stating that "prudent course for dealing with re-detention issues is to decide the matters on a case-by-case basis, as they arise." ECF No. 532, PageID 14644.

For the reasons stated in the attached memorandum, Respondents request that Court permit them to continue to detain class member Mouayed Kas Yonan. After securing his release under this Court's initial preliminary injunction on detention issues, Mr. Kas Yonan committed additional crimes and was sent to jail for those crimes. After completing that sentence, he re-entered immigration custody directly from criminal custody after this Court entered the preliminary injunction on Petitioners' *Zadvydas* claim.

On March 15, 2019, Respondents' counsel, William Silvis, e-mailed Petitioners' counsel to ascertain their positon on the relief requested in this motion. Petitioners' counsel Margo Schlanger responded that Petitioners do not concur in the relief requested in this motion.

Dated:  March 18, 2019

Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General,
Civil Division

WILLIAM C. PEACHEY
Director

CARA E. ALSTERBERG
MICHAEL A. CELONE
Trial Attorneys

*/s/ William C.  Silvis*
WILLIAM C. SILVIS
Assistant Director
District Court Section
PO Box 868 Ben Franklin Station
Washington, DC 20044
Tel: (202) 307-4693
Fax: (202) 305-7000
william.silvis@usdoj.gov

*Counsel for Respondents*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this date, I caused a true and correct copy of the foregoing to be served via CM/ECF upon all counsel of record.

Dated: March 18, 2019          Respectfully submitted,

*/s/ William C. Silvis*
WILLIAM C. SILVIS

*Counsel for Respondents*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**USAMA JAMIL HAMAMA**, et al.,

    Petitioners and Plaintiffs,

v.

**REBECCA ADDUCCI**, et al.,

    Respondents and Defendants.

Case No. 2:17-cv-11910
Hon. Mark A. Goldsmith
Mag. David R. Grand

Class Action

(filed under seal)

## RESPONDENTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO RE-DETAIN MOUAYED KAS YONAN

## STATEMENT OF ISSUE PRESENTED

1.  Should the Court allow the government to re-detain Mouayed Kas Yonan, a *Hamama* class member who was arrested, charged, and convicted of four criminal counts in August 2018, *after* he had been released following a bond hearing ordered by the preliminary injunction on detention issues, ECF No. 191, and who entered immigration custody—directly from criminal custody—after the Court entered the preliminary injunction on Petitioners' *Zadvyas* claim?

**Respondents' Answer: Yes**

## CONTROLLING OR MOST APPROPRIATE AUTHORITY

8 U.S.C. § 1226(c)

On November 20, 2018, this Court granted Petitioners' renewed motion for a preliminary injunction under *Zadvydas*. Op., ECF No. 490. The Court's order instructed Respondents to "release on orders of supervision all members of the *Zadvydas* subclass who have been detained for more than six months." *Id*. at 57. Following the Court's entry of that order, the parties submitted briefs to the Court with their respective positions on when class members who are covered by the *Zadvydas* preliminary injunction could be re-detained by Respondent U.S. Immigration and Customs Enforcement ("ICE"). The Court addressed this issue in the order that it filed on March 12, 2019, stating that "prudent course for dealing with re-detention issues is to decide the matters on a case-by-case basis, as they arise." ECF No. 532, PageID 14644.

ICE initially detained class member Mouayed Kas Yonan on September 20, 2017. Kas Yonan had been ordered removed from the United States on August 11, 2005, after an Immigration Judge sustained charges of removal under 8 U.S.C. sections 1227(a)(2)(A)(ii)[1] and (iii)[2]. Kas Younan moved to reopen his immigration proceedings in November 2017 and his proceedings were reopened on December

---

[1] Any alien who at any time after admission is convicted of two or more crimes involving moral turpitude, not arising out of a single scheme of criminal misconduct.
[2] An alien who is convicted of an aggravated felony at any time after admission.

20, 2017. His removal proceedings remain pending. Since he has reopened his proceedings and has entered immigration detention directly from criminal custody on his most recent crime, there seems to be little dispute that he is now properly detained under 8 U.S.C. § 1226(c). Following the Court's order granting the preliminary injunction on Petitioners' detention claims, ECF No. 191, Mr. Kas Yonan received a bond hearing on April 3, 2018, and an immigration judge ordered his release on a $20,000 bond. *See* Decision of the Board of Immigration Appeals ("BIA Decision"), 1 (attached hereto as "Exhibit A").[3] According to ICE records, he was released from immigration detention on April 5, 2018.

Four months later he was arrested in Oakland County, Michigan, for stealing a wallet at a Panera Bread restaurant. *See* Information (attached hereto as "Exhibit B"). Specifically, he was charged with one count of Larceny in a Building (MCL 750.360), and three counts of Financial Transaction Device – Stealing/Retaining Without Consent (MCL 750.157N1), for conduct that took place on or about August 12, 2018. *Id.* On October 29, 2018, a Circuit Judge in Oakland County sentenced Mr. Kas Yonan to 220 jail days for his crimes. *See* Judgment (attached hereto as "Exhibit C"). On January 20, 2019, after completing his jail sentence, Oakland County released Mr. Kas Yonan into ICE's custody, where he remains today.

---

[3] ICE appealed the immigration judge's bond order and, on October 19, 2018, the BIA sustained the appeal and vacated the bond order. BIA Decision, 2. Mr. Kas Yonan, however, was not in ICE custody while the appeal was pending.

Under these circumstances, ICE should be permitted to re-detain Mr. Kas Yonan. After his release in April 2018, Mr. Kas Yonan almost immediately seized the opportunity to commit additional crimes. ICE had objected to Mr. Kas Yonan's release on bond based on his extensive criminal history, which spanned over thirty years. BIA Decision, 1-2. On appeal, the BIA agreed, and concluded that ICE had established, "by clear and convincing evidence, that the respondent poses a danger to persons or property such that no bond should be set." Further, during the period when the Court was considering Petitioners' renewed preliminary injunction on the *Zadvydas* issue, Mr. Kas Yonan was not in immigration custody, but was in the custody of Oakland County. Respondents understand that the Court's primary concern in granting preliminary relief on the *Zadvydas* claim is that class members were in immigration detention without clear prospects for when they would be returned to Iraq.[4] This case is different, however, because Mr. Kas Yonan had his freedom after receiving a bond hearing under this Court's initial preliminary injunction on detention issues, but squandered the opportunity by committing additional crimes. Under these circumstances, he should be now treated as any other individual who is in removal proceedings.

---

[4] While not seeking to relitigate the *Zadvydas* preliminary injunction here, Respondents respectfully note that Iraq continues to cooperate with repatriation. On March 15, 2019, for example, Respondents provided Petitioners with copies of 32 travel documents that the Government of Iraq has issued for Iraqi nationals.

Dated:  March 18, 2019

      Respectfully submitted,

      JOSEPH H. HUNT
      Assistant Attorney General,
      Civil Division

      WILLIAM C. PEACHEY
      Director

      CARA E. ALSTERBERG
      MICHAEL A. CELONE
      Trial Attorneys

      */s/ William C.  Silvis*
      WILLIAM C. SILVIS
      Assistant Director
      District Court Section
      PO Box 868 Ben Franklin Station
      Washington, DC 20044
      Tel: (202) 307-4693
      Fax: (202) 305-7000
      william.silvis@usdoj.gov

      *Counsel for Respondents*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this date, I caused a true and correct copy of the foregoing to be served via CM/ECF upon all counsel of record.

Dated: March 18, 2019

                                          Respectfully submitted,

                                          */s/ William C. Silvis*
                                          WILLIAM C. SILVIS

                                          *Counsel for Respondents*