UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

USAMA J. HAMAMA, et al.,

       Petitioners,                    Case No. 17-cv-11910
vs.                                          HON. MARK A. GOLDSMITH

REBECCA ADDUCCI, et al.,

       Respondents.

_____/

# ORDER
# DENYING THE GOVERNMENT'S MOTION
# TO RE-DETAIN MOUAYED KAS YONAN (Dkt. 535)

This matter is before the Court on the Government's motion to re-detain Mouayed Kas Yonan (Dkt. 535). The Government is seeking to continue Yonan's civil detention for an indefinite amount of time. Yonan is not before this Court in a criminal proceeding where a punitive sentence may be imposed. Civil detention is only authorized in very narrow nonpunitive circumstances where a special justification outweighs an individual's Fifth Amendment right to be free from government custody. No such circumstances are present here.

Yonan was ordered removed from the United States on August 11, 2005, but lived in the United States for more than a decade under an order of supervision. On September 20, 2017, Yonan voluntarily surrendered to the United States Immigration and Customs Enforcement ("ICE") in the belief that he would soon be detained following the mass round-ups that began in June 2017. He remained in ICE custody until he received a bond hearing under this Court's January 2018 preliminary injunction requiring detention hearings for incarcerated class members (Dkt. 191). Yonan was released on bond on April 5, 2018, having spent a little over six months in ICE custody. In August 2018, Yonan was arrested for stealing a wallet that had been left on a

1

store counter and later using one of the wallet owner's credit cards. He pleaded guilty and received a custodial sentence of 220 days. ICE re-detained Yonan upon his release from custody on January 20, 2019. The Government now seeks leave of the Court to keep Yonan detained pending his removal to Iraq.

The Government has the authority to civilly detain individuals who are subject to final orders of removal. 8 U.S.C. § 1226. However, where there is no significant likelihood of removal in the reasonably foreseeable future and the detention stretches beyond six months, the detention becomes constitutionally fraught. Hamama v. Adducci, 349 F. Supp. 3d 665, 687 (E.D. Mich. 2018). The Court previously found that the Zadvydas subclass, of which Yonan is a member, "has been detained well beyond the presumptively reasonable period of six months," and that there is not a significant likelihood of removal to Iraq in the reasonably foreseeable future. Id. at 692. Therefore, the Court ordered the Government to release the Zadvydas subclass members who had been detained for more than six months under orders of supervision, unless the Government showed "that there is a strong special justification, within the meaning of Zadvydas, to detain a specific individual." Id. at 702.

Two special justifications noted by the Supreme Court in Zadvydas v. Davis are the risk of flight and danger to the community. 533 U.S. 678, 690-691 (2001). The justification of preventing flight "is weak or nonexistent where removal seems a remote possibility at best." Id. at 690. And the "dangerousness rationale [must] be accompanied by some other special circumstance, such as mental illness, that helps to create the danger." Id. at 691.

Here, the Government has not provided the Court with evidence, such as travel documents and a travel itinerary, demonstrating that Yonan's removal will take place in the reasonably foreseeable future. And it has not asserted that Yonan is a flight risk. Instead, the Government

2

notes that the Board of Immigration Appeals ("BIA") concluded that ICE had established "by clear and convincing evidence, that the respondent poses a danger to persons or property such that no bond should be set." Gov't Mot. at PageID.14667. The Government does not explain what that clear and convincing evidence is in its motion and it is not well detailed in the BIA decision. See BIA Decision, Ex. A to Gov't Mot. (Dkt. 535-2). The BIA says that Yonan has an "extensive criminal history spanning from 1987 to 2017." But the BIA decision does not state when these convictions were or what sentences were imposed. Id. It appears that all but Yonan's recent conviction happened prior to 2005.[1] Id. But convictions that may be decades old and a recent economic crime are not sufficient special circumstances to establish that Yonan is a danger to the community.

The Government is seeking to detain Yonan based on its belief that he may continue to commit crimes while he awaits the Government to remove him to Iraq. In other words, the Government is seeking to incarcerate Yonan not for what he has done, but for what it fears he might do. But the Supreme Court has "upheld preventive detention based on dangerousness only when limited to specially dangerous individuals and subject to strong procedural protections." Zadvydas, 533 U.S. at 691 (citing Kansas v. Hendricks, 521 U.S. 346, 368 (1997) (upholding scheme that imposes detention upon "a small segment of particularly dangerous individuals" and provides "strict procedural safeguards"), and United States v. Salerno, 481 U.S. 739, 750-752 (1987) (in upholding pretrial detention, stressing "stringent time limitations," the fact that

---

[1] The BIA decision also notes that Yonan was arrested sometime after 2005 for driving with an open container of alcohol, driving under the influence of narcotics, a hit and run causing property damage, and for violating an order of protection. It appears that no conviction resulted from that arrest. According to the BIA opinion, the immigration judge gave significant weight to Yonan's testimony regarding this activity when the immigration judge found that Yonan was not a danger to the community. BIA Opinion at 3-4. The record is not sufficient on the issue of Yonan's post-2005 arrest to take into consideration for the purposes of this motion.

3

detention is reserved for the "most serious of crimes," the requirement of proof of dangerousness by clear and convincing evidence, and the presence of judicial safeguards)). Preventive detention in this case, without a more substantial showing by the Government, would be antithetical to the Fifth Amendment's Due Process Clause protections.

Yonan has paid his debt to society for his recent crimes through a 220-day custodial sentence. No more is required or can be required in this civil proceeding. Because the Government has failed to substantiate any sound reason for Yonan's continued civil detention, its motion to re-detain Mouayed Kas Yonan (Dkt. 535) is **DENIED**. The Government must release Yonan under an order of supervision pursuant to the Court's November 20, 2018 Zadvydas Opinion (Dkt. 490) **on or before April 9, 2019**. Additionally, because the purpose of sealing the motion and response brief (Dkt. 537) are no longer served, both filings shall be **UNSEALED**.

SO ORDERED.

Dated: April 4, 2019  
    Detroit, Michigan

s/Mark A. Goldsmith  
MARK A. GOLDSMITH  
United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 4, 2019.

s/Karri Sandusky  
Case Manager