# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**USAMA JAMIL HAMAMA**, et al.,

    Petitioners and Plaintiffs,

v.

**REBECCA ADDUCCI**, et al.,

    Respondents and Defendants.

Case No. 2:17-cv-11910
Hon. Mark A. Goldsmith
Mag. David R. Grand
Class Action

## PETITIONERS/PLAINTIFFS' MOTION FOR
## RELEASE PURSUANT TO *ZADVYDAS* ORDER, ECF 490

Local Rule 7.1(a)(1) requires Petitioners/Plaintiffs (hereinafter Petitioners) to ascertain whether this motion is opposed. On May 1, 2019, Petitioners contacted Respondents' counsel by email seeking concurrence in this motion. On May 2, 2019, Respondents indicated that they do not concur.

***************

1. This Court's *Zadvydas* Order, ECF 490, provides that *Zadvydas* class members who have spent six months in detention must be released within 30 days unless the Government provides the Court with a strong special justification for their detention or removes them. Pg.ID# 14200-14201.

2. Raid Dawad, A-XXX-XXX-963, has been detained more than 180 days. As set forth in the accompanying brief, Mr. Dawad has been ordered removed to Iraq and therefore is a member of the *Zadvydas* Subclass who is entitled to release under ECF 490. Petitioners move this Court for his immediate

release.

3. Johnny Younan, A XXX-XXX-032, has also been detained more than 180 days, some of which occurred before and some of which occurred after a period of criminal custody. As set forth in the accompanying brief, this Court has already rejected Respondents' argument that a break in immigration custody resets the 180-day clock. *See* ECF 254, Pg.ID# 6228. Therefore, Mr. Younan is entitled to release under ECF 490. Petitioners move this Court for his immediate release.

4. Because, under ECF 490, the final date by which Mr. Dawad should be released is May 23, 2019, and the final date by which Mr. Younan should be released is May 15, 2019, Petitioners respectfully request that the Court set an expedited briefing schedule that would allow this Court to render a decision on this motion prior to May 15, 2019.

Respectfully submitted,

| | |
|---|---|
| Miriam J. Aukerman (P63165) | Judy Rabinovitz (NY Bar JR-1214) |
| Bonsitu A. Kitaba (P78822) | Lee Gelernt (NY Bar LG-8511) |
| ACLU FUND OF MICHIGAN | ACLU FOUNDATION |
| 2966 Woodward Avenue |   IMMIGRANTS' RIGHTS PROJECT |
| Detroit, Michigan 48201 | 125 Broad Street, 18th Floor |
| (313) 578-6814 | New York, NY 10004 |
| msteinberg@aclumich.org | (212) 549-2618 |
| | jrabinovitz@aclu.org |

/s/Kimberly L. Scott
Kimberly L. Scott (P69706)
Wendolyn W. Richards (P67776)
Cooperating Attorneys, ACLU Fund
  of Michigan
MILLER, CANFIELD, PADDOCK
 & STONE, PLC
101 N. Main St., 7th Floor
Ann Arbor, MI 48104
(734) 668-7696
scott@millercanfield.com

Nora Youkhana (P80067)
Nadine Yousif (P80421)
Cooperating Attorneys, ACLU Fund
  of Michigan
CODE LEGAL AID INC.
 27321 Hampden St.
Madison Heights, MI 48071
(248) 894-6197
norayoukhana@gmail.com

María Martínez Sánchez (NMBar126375)
ACLU OF NEW MEXICO
1410 Coal Ave. SW
Albuquerque, NM 87102
msanchez@aclu-nm.org

David B. Johnson (Ill. 6186478)
Cooperating Attorney, ACLU Fund
  of Michigan
573 Hawksnest Drive
South Haven, MI 49090
(616) 302-5226
Notworking2012@gmail.com

Margo Schlanger (P82345)
Cooperating Attorney, ACLU Fund
  of Michigan
625 South State Street
Ann Arbor, Michigan 48109
734-615-2618
margo.schlanger@gmail.com

Susan E. Reed (P66950)
MICHIGAN IMMIGRANT RIGHTS
  CENTER
3030 S. 9th St. Suite 1B
Kalamazoo, MI 49009
(269) 492-7196, Ext. 535
Susanree@michiganimmigrant.org

Lara Finkbeiner (NY Bar 5197165)
Mark Doss (NY Bar 5277462)
INTERNATIONAL REFUGEE
  ASSISTANCE PROJECT
One Battery Park Plaza, 4th floor
New York, NY 10004
(516) 838-1869
lfinkbeiner@refugeerights.org

*Attorneys for All Petitioners and Plaintiffs*

3

William W. Swor (P21215)
WILLIAM W. SWOR
 & ASSOCIATES
1120 Ford Building
615 Griswold Street
Detroit, MI 48226
wwswor@sworlaw.com

*Attorney for Petitioner/Plaintiff Usama Hamama*

Dated: May 2, 2019

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**USAMA JAMIL HAMAMA**, et al.,

    Petitioners and Plaintiffs,

v.

**REBECCA ADDUCCI**, et al.,

    Respondents and Defendants.

Case No. 2:17-cv-11910
Hon. Mark A. Goldsmith
Mag. David R. Grand
Class Action

# PETITIONERS/PLAINTIFFS' BRIEF IN SUPPORT OF
# MOTION FOR RELEASE PURSUANT TO *ZADVYDAS* ORDER, ECF 490

## STATEMENT OF ISSUES PRESENTED

I. Is Raid Dawad, who has a final order of removal to Iraq and has been detained in ICE custody for more than 180 days, a class member who is entitled to immediate release under this Court's *Zadvyas* Order (ECF 490)?

**Petitioners/Plaintiffs answer: Yes.**

**Respondents/Defendants answer: No.**

II. Is Johnny Younan, a class member who has been detained in ICE custody for more than 180 days, entitled to immediate release under this Court's *Zadvydas* Order (ECF 490)?

**Petitioners/Plaintiffs answer: Yes.**

**Respondents/Defendants answer: No.**

## CONTROLLING OR MOST APPROPRIATE AUTHORITY

ECF 490, *Opinion & Order Granting Petitioners' Renewed Motion for Preliminary Injunction (Dkt. 473)*

This Court's *Zadvydas* Order, ECF 490, provides that "[t]he Government must release on orders of supervision all members of the *Zadvydas* subclass who have been detained for more than six months within thirty days" unless the Government provides the Court with a strong special justification for their detention or removes them. Pg.ID# 14200-14201. Raid Dawad and Johnny Younan have both been detained more than 180 days, yet Respondents have not released them. For the reasons set forth below, the Court should order their immediate release.

**I.     Raid Dawad, A-XXX-XXX-963**

In 2008 Mr. Dawad was ordered removed to Iraq. *See* Exhibit A, Dawad Removal Order. He has been held in ICE detention since October 23, 2018, reaching the 6-month mark on April 23, 2018. He should therefore be released under this Court's *Zadvydas* Order, ECF 490, no later than 30 days after that date: May 23, 2019.

Respondents now assert that Mr. Dawad is not a member of the class, that the *Zadvydas* Order does not apply to him, and that they therefore do not have to release him. Petitioners disagree. Mr. Dawad's final order is for removal to Iraq. For the past eleven years, ICE has been attempting to deport Mr. Dawad to Iraq, and ICE has kept him in detention for the past six months for that reason. Moreover, ICE has treated Mr. Dawad as a class member until now. The reason

1

ICE has suddenly changed course is that because, after recent consular interviews, Iraq officials informed ICE that they do not consider Mr. Dawad an Iraqi citizen and will not be issuing travel documents for him. Mr. Dawad was born in Iraq. However, because his parents were refugees and not themselves Iraqi citizens, Iraq does not consider Mr. Dawad a citizen.

Petitioners informed the Court on April 26, 2019, that Respondents were refusing to release Mr. Dawad even though he has been in detention more than six months and even though there is no significant likelihood of his removal in the reasonably foreseeable future. In response, Respondents informed the Court that ICE believes Mr. Dawad is a citizen of Jordan, that ICE is attempting to determine if Jordan will issue travel documents for his return, and that if ICE is unable to secure Jordanian documents, it might release Mr. Dawad at some unspecified future date. Notably, Respondents have not, and cannot, argue that Mr. Dawad is significantly likely to be removed in the reasonably foreseeable future.

According to Mr. Dawad's immigration lawyer, it is unlikely that Jordan will agree that Mr. Dawad is a Jordanian citizen or accept him for removal because his parents are Palestinians, not Jordanians. *See* Exhibit B, Cowen Declaration ¶¶ 10-11. But even assuming Jordan does agree to his removal, Mr. Dawad would be entitled to have his final order reopened so that he could assert any claims against removal to Jordan. *See* 8 C.F.R. §1240.10(f):

2

> The immigration judge *shall* also identify for the record a country, or countries in the alternative, to which the alien's removal may be made pursuant to section 241(b)(2) of the Act if the country of the alien's designation will not accept him or her into its territory, or fails to furnish timely notice of acceptance, or if the alien declines to designate a country.

(Emphasis added.) Further, Mr. Dawad intends to vigorously contest any removal to Jordan—a country where Mr. Dawad has never been; even if he eventually loses, removal is unlikely until after years of litigation. *See* Exhibit B, Cowen Declaration ¶¶ 8-9. Apparently, Respondents believe they can keep Mr. Dawad locked up in the meantime.

The only reason Respondents give for detaining Mr. Dawad even though there is no significant likelihood of removal in the reasonably foreseeable future and even though his detention now exceeds the presumptively reasonable six-month period contemplated by *Zadvydas*, is that they believe he is not a class member. Petitioners disagree.

The Primary Class is defined as: "All Iraqi nationals in the United States who had final orders of removal at any point between March 1, 2017 and June 24, 2017 and who have been, or will be, detained for removal by U.S. Immigration and Customs Enforcement." ECF 404, Pg.ID# 9569. The *Zadvydas* Subclass is defined as: "All Primary Class Members, who are currently or will be detained in ICE custody, and who do not have an open individual habeas petition seeking release from detention." ECF 191, Pg.ID# 5359. The parties' dispute is over whether Mr.

3

Dawad should be considered an Iraqi national under the class definition. There is no dispute that he meets all other criteria for class membership.

Petitioners' view is that so long as Mr. Dawad's final order states that he is to be removed to Iraq, he should be considered an Iraqi national for purposes of the class definition. ICE may try to remove him to Jordan, and if that fails to somewhere else, and if that fails to somewhere else again. But as of now, he has not been ordered removed to some other country. He has been ordered removed to Iraq. And that is what should control for purposes of the class definition. If and when ICE succeeds in obtaining a removal order to some other country, Mr. Dawad would no longer be a class member. But that is not the situation today. ICE's suppositions about Mr. Dawad's potential nationality should not control whether he is a class member. Rather, that should be determined by the country listed on his removal order—a criterion which is objective and identifiable.

Accordingly, because Mr. Dawad is a member of the *Zadvydas* Subclass and has been detained for more than six months, the Court should order his immediate release in accordance with ECF 490.

## II.     Johnny Younan, A XXX-XXX-032

Mr. Younan was detained by ICE on or about June 12, 2017. Respondents have indicated that Mr. Younan was remanded to the U.S. Marshal Service on November 1, 2017—day 143 of his immigration detention—to serve a criminal

4

sentence. He was returned to ICE custody on March 8, 2019, and May 1, 2019 marked 55 days since that return. He reached 6 months—180 days—in detention on April 15. Pursuant to this Court's *Zadvydas* Order, he must therefore be released no later than May 15, 2019.

Respondents' position is that the break in ICE custody means that the 180-day clock started anew on March 8, 2019. This Court has already rejected that argument after the parties briefed this very issue in the context of how the 180-day clock should be calculated for purposes of the Bond Order, ECF 191. *See* Petitioners' Motion for Relief on Issues Related to Implementation of Detention Orders, ECF 227; Response to Petitioners' Motion for Relief on Issues Related to Implementation of Detention Orders, ECF 239. This Court ruled that:

> Each class member detained by ICE is entitled to a bond hearing under this Court's January 2 Order (ECF 191) upon reaching 180 days in ICE detention since March 1, 2017, regardless of whether that individual was transferred to criminal custody at any point after being detained by ICE and later returned to ICE custody. If Respondents believe that special circumstances warrant dispensation from this rule with respect to any particular class member, Respondents may seek such dispensation by motion.

ECF 254, Pg.ID# 6228.

There is no reason the same ruling should not apply here. Respondents have not moved for dispensation from this ruling in Mr. Younan's case. Accordingly, because Mr. Younan has been detained for more than 180 days, the Court should order that he be immediately released pursuant to ECF 490.

5

## III. Request for Expedited Briefing Schedule

As Mr. Dawad and Mr. Younan have already spent more than a half year in ICE detention, Petitioners ask that the Court set a briefing schedule that allows the Court to make a decision in time for them to be released on the schedule provided in the *Zadvydas* Order, ECF 490. Under that order, class members who have been detained for six months must be released within 30 days thereafter. For Mr. Younan, the final date by which he should be released under ECF 490 is May 15, 2019. For Mr. Dawad, the final date by which he should be released is May 23, 2019.

Respectfully submitted,

Miriam J. Aukerman (P63165)
Bonsitu A. Kitaba (P78822)
ACLU FUND OF MICHIGAN
2966 Woodward Avenue
Detroit, Michigan 48201
(313) 578-6814
msteinberg@aclumich.org

*/s/Kimberly L. Scott*
Kimberly L. Scott (P69706)
Wendolyn W. Richards (P67776)
Cooperating Attorneys, ACLU Fund
 of Michigan
MILLER, CANFIELD, PADDOCK
 & STONE, PLC
101 N. Main St., 7th Floor
Ann Arbor, MI 48104
(734) 668-7696
scott@millercanfield.com

Judy Rabinovitz (NY Bar JR-1214)
Lee Gelernt (NY Bar LG-8511)
ACLU FOUNDATION
 IMMIGRANTS' RIGHTS PROJECT
125 Broad Street, 18th Floor
New York, NY 10004
(212) 549-2618
jrabinovitz@aclu.org

Margo Schlanger (P82345)
Cooperating Attorney, ACLU Fund
 of Michigan
625 South State Street
Ann Arbor, Michigan 48109
734-615-2618
margo.schlanger@gmail.com

Nora Youkhana (P80067)
Nadine Yousif (P80421)
Cooperating Attorneys, ACLU Fund
  of Michigan
CODE LEGAL AID INC.
27321 Hampden St.
Madison Heights, MI 48071
(248) 894-6197
norayoukhana@gmail.com

María Martínez Sánchez (NMBar126375)
ACLU OF NEW MEXICO
1410 Coal Ave. SW
Albuquerque, NM 87102
msanchez@aclu-nm.org

David B. Johnson (Ill. 6186478)
Cooperating Attorney, ACLU Fund
  of Michigan
573 Hawksnest Drive
South Haven, MI 49090
(616) 302-5226
Notworking2012@gmail.com

Susan E. Reed (P66950)
MICHIGAN IMMIGRANT RIGHTS
  CENTER
3030 S. 9th St. Suite 1B
Kalamazoo, MI 49009
(269) 492-7196, Ext. 535
Susanree@michiganimmigrant.org

Lara Finkbeiner (NY Bar 5197165)
Mark Doss (NY Bar 5277462)
INTERNATIONAL REFUGEE
  ASSISTANCE PROJECT
One Battery Park Plaza, 4th floor
New York, NY 10004
(516) 838-1869
lfinkbeiner@refugeerights.org

*Attorneys for All Petitioners and Plaintiffs*

William W. Swor (P21215)
WILLIAM W. SWOR
 & ASSOCIATES
1120 Ford Building
615 Griswold Street
Detroit, MI 48226
wwswor@sworlaw.com

*Attorney for Petitioner/Plaintiff Usama Hamama*

Dated: May 2, 2019

7

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 2, 2019, I electronically filed the foregoing papers with the Clerk of the Court using the ECF system which will send notification of such filing to all ECF filers of record.

By: */s/Kimberly L. Scott*
Kimberly L. Scott (P69706)
Cooperating Attorneys, ACLU Fund of Michigan
MILLER, CANFIELD, PADDOCK
  & STONE, PLC
101 N. Main St., 7th Floor
Ann Arbor, MI 48104
(734) 668-7696
scott@millercanfield.com