UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

USAMA J. HAMAMA, et al.,

       Petitioners,                        Case No. 17-cv-11910

vs.                                            HON. MARK A. GOLDSMITH

REBECCA ADDUCCI, et al.,

       Respondents.
_____/

**OPINION & ORDER
GRANTING IN PART THE GOVERNMENT'S MOTION TO RE-DETAIN THIRTEEN
CLASS MEMBERS (DKT. 563)**

This matter is before the Court on the Government's motion to re-detain thirteen class members (Dkt. 563). Petitioners filed three response briefs (Dkts. 564, 565, and 572), and the Government has filed two reply briefs in support of its motion (Dkt. 568 & 572). Although the motion is one for re-detention, the briefing also raises issues related to the procedures for re-detention. With respect to the thirteen class members the Government seeks to re-detain, the Court issued three separate orders resolving the re-detention of the individual class members (Dkts. 567, 569, & 570). With respect to procedures, the Court has corresponded with counsel seeking further clarification on the parties' respective positions. For the reasons discussed below, the Government's motion is granted in part.

**I.    DISCUSSION**

The parties raise three issues with re-detention procedures: (1) the length of the initial re-detention for class members who have absconded, (2) Government disclosure of class member removal dates, and (3) sealing issues with respect to re-detention motions. The Court will address each issue in turn.

**A.  Initial Detention**

1

The parties agree on the conditions of re-detention except with respect to re-detention of class members who have absconded. Thus far, when the Court has authorized re-detention, it has allowed the Government to continue the initial detention for thirty days without seeking further leave of the Court. The Court has not, however, set a time period for initial re-detention for class members who have absconded. Petitioners argue that sixty days should suffice based on previous Government representations that it takes approximately six weeks to reschedule flights, while the Government argues that ninety days is more appropriate, because it may need additional time to obtain new travel documents. The Court finds that sixty days is an appropriate period of initial re-detention for class members who will still have valid travel documents at the time of their new removal date, but the ninety-day period is warranted for class members whose travel documents will expire in less than sixty days from the date of their re-detention.

### B. Projected Removal Dates

Petitioners seek a Court order requiring the Government to provide the intended week of deportation for projected removals in a format suitable for use as an exhibit to a stay motion filed with the immigration courts. They argue that this information is crucial for timely adjudication of motions in the immigration courts and because class members need this information to make the process of removal as safe and orderly as possible. The Government argues that the removal claims have been dismissed from this case and the information is unrelated to the remaining detention claims. The Court agrees with the Government. There is no basis for this Court to order the relief Petitioners are seeking with respect to the timing of class member removal prior to re-detention.

However, the week of deportation information is relevant to these proceedings for an independent reason. The Court needs the departure information to adjudicate motions for re-detention in a timely fashion and to avoid unnecessary work. The present motion illustrates the

point.

The Government filed its motion on July 3, 2019 requesting leave to permit re-detention of thirteen class members at least two weeks prior to their removal dates. Typically, Petitioners would have had two days to respond to the motion, but because of the Fourth of July weekend and the sheer number of class members identified in the Government's motion, the parties stipulated to allowing Petitioners to fully respond by July 10, 2019. The response briefs raised new issues and the Court ordered supplemental briefing both on its own initiative and at the parties' request, which did not conclude until July 22. However, at least one class member was scheduled for removal on July 14, 2019, which the Court did not learn about until July 16. As it turns out, the Court could not have provided the relief requested for this class member (authorization of re-detention two weeks before scheduled removal) because the Government filed its motion eleven days before the class member was scheduled to be removed. The Government then stipulated to a longer response time, which, unknown to the Court, made ruling on the motion involving thirteen class members in a timely manner impractical.

The Court devoted time needlessly to relief that it could not grant and issued three separate orders on re-detention. Rather than proceed in a piecemeal fashion, and to avoid unnecessary work, the Court orders the Government to file a separate motion for each class member that it seeks to re-detain and to include in the supporting declaration the week in which the class member is scheduled to be removed.

### C. Sealing Re-Detention Motions

Finally, with respect to sealing motions for re-detention, the parties raise two general concerns warranting sealing the motions. The Government is concerned with the risk of flight and Petitioners are concerned with class member safety. Both are valid concerns. However, the risk of flight becomes nonexistent once a class member has been re-detained or absconded. Therefore,

3

once the Court receives notice that a class member has been re-detained or absconded, the relevant motion for re-detention will be unsealed. Where the Court denies a motion for re-detention, the supporting declaration will remain sealed until the Court receives notice that the class member has been removed in order to avoid any risk of flight.

To the extent that any party believes that the motion briefing or any portion thereof should remain sealed, they may file a sealed motion seeking such relief under the analysis set forth in Shane Group, Inc. v. Blue Cross Blue Shield of Michigan, 825 F.3d 299 (6th Cir. 2016). With respect to all previously filed re-detention motions, the Government does not object to the motions being unsealed. Petitioners still have concerns related to class member safety. Therefore, Petitioners must review the filings and submit redacted versions to the Court through ECF utilities for review and entry.

## II. CONCLUSION

For the reasons stated above, the Government's motion for re-detention of thirteen class members (Dkt. 563) is **GRANTED IN PART**. The Court orders the following procedures with respect to motions for re-detention.

A separate motion must be filed under seal as to each class member the Government seeks to re-detain supported by a declaration that includes the week the class member is scheduled to be removed. If the Court grants the Government's motion, the class member may be re-detained subject to the following conditions:

1. The Government must file a notice with the Court within two days after the individual has been re-detained.

2. If the Government seeks to detain the individual for more than thirty days, it must seek further permission from the Court and specify how much additional detention time it seeks. Any such motion must provide a detailed explanation of:

a. each step necessary to accomplish removal (e.g. obtaining/updating travel documents, securing itineraries, etc.) and its estimated time for implementation, and

   b. the estimated date of removal.

3. Petitioners must respond to any such motion within three calendar days if they believe continued detention is unreasonable.

4. If the individual obtains a stay of removal or succeeds on a motion to reopen (i.e., no longer has a final order), the Government must release the individual within seven days or file a motion explaining why continued detention is warranted. Petitioners will have three calendar days to respond. No reply brief will be allowed unless otherwise ordered by the Court.

If a class member absconds, whether or not the individual was the subject of a motion for re-detention, the Government may re-detain the individual without leave of the Court subject to the following conditions:

1. The Government must file a notice with the Court within two days after the Government confirms that the individual has absconded and a notice with the Court within two days after the individual has been re-detained.

2. If the Government seeks to detain the individual for more than sixty days, it must seek further permission from the Court and specify how much additional detention time it seeks, unless the individual's travel documents will expire by the time of their scheduled removal, in which case a ninety-day period applies. Any such motion must provide a detailed explanation of:

   a. each step necessary to accomplish removal (e.g. obtaining/updating travel documents, securing itineraries, etc.) and its estimated time for implementation, and

   b. the estimated date of removal.

3. Petitioners must respond to any such motion within three calendar days if they believe continued detention is unreasonable.

4. If the individual obtains a stay of removal or succeeds on a motion to reopen (i.e., no longer has a final order), the Government must release the individual within seven days or file a motion explaining why continued detention is warranted. Petitioners will have three calendar days to respond. No reply brief will be allowed unless otherwise ordered by the Court.

All motions for re-detention and the supporting documents will remain sealed until the Court receives notice a class member has been re-detained or absconded. If the Court denies a motion for re-detention, the motion will be unsealed but the declaration supporting the motion for re-detention will remain sealed until the individual is removed. The Government must file a notice with the Court within two days after an individual who voluntarily reports for removal has been removed. To the extent that any party believes that the motion briefing or any portion thereof should remain sealed or be redacted, they may file a sealed motion seeking such relief under the analysis set forth in Shane Group, Inc. v. Blue Cross Blue Shield of Michigan, 825 F.3d 299 (6th Cir. 2016).

SO ORDERED.

Dated: July 29, 2019  
    Detroit, Michigan

s/Mark A. Goldsmith  
MARK A. GOLDSMITH  
United States District Judge