# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| **USAMA JAMIL HAMAMA**, et al.,<br><br>      Petitioners and Plaintiffs,<br><br>v.<br><br>**REBECCA ADDUCCI**, et al.,<br><br>      Respondents and Defendants. | Case No. 2:17-cv-11910<br>Hon. Mark A. Goldsmith<br>Mag. David R. Grand<br><br>Class Action<br><br>**(filed under seal)** |

# RESPONDENTS' EMERGENCY MOTION TO CONTINUE TO DETAIN PETITIONER ABDUL KAREEM AL SUDUN, A-XXX-XXX-460, TO PREPARE HIM FOR IMMINENT REMOVAL

Local rule 7.1(a)(1) requires Respondents/Defendants (hereinafter Respondents) to ascertain whether this motion is opposed. On September 11, 2019, undersigned counsel for Respondents e-mailed counsel for Petitioners/Plaintiffs (hereinafter Petitioners) seeking their position. On September 12, 2019, Petitioners counsel informed Respondents counsel that Petitioners do not consent to the continued detention of Mr. Abdul Kareem Al Sudun. Therefore, this motion is opposed.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

On November 20, 2018, this Court granted Petitioners' renewed motion for a preliminary injunction under *Zadvydas*. Op., ECF No. 490. The Court's order instructed Respondents to "release on orders of supervision all members of the *Zadvydas* subclass who have been detained for more than six months." *Id.* at 57. Following the Court's entry of that order, the parties submitted briefs to the Court with their respective positions on when class members who are covered by the *Zadvydas* preliminary injunction could be re-detained by Respondent U.S. Immigration and Customs Enforcement ("ICE"). The Court addressed this issue in an order filed on March 12, 2019, stating that the "prudent course for dealing with re-detention issues is to decide the matters on a case-by-case basis, as they arise." ECF No. 542, Page ID 14644. The Court has since addressed the process by which

Respondents must seek re-detention. ECF No. 576, Page ID 15614 ("A separate motion must be filed under seal as to each class member the Government seeks to re-detain supported by a declaration that includes the week the class member is scheduled to be removed."). Pursuant to the process as laid out in this Court's Order, ECF No. 576, Respondents seek to continue to detain Mr. Abdul Kareem Al Sudun prior to his imminent removal to Iraq within the next two weeks.

For the reasons stated in the attached memorandum, Respondents request that the Court permit them to continue to detain Mr. Abdul Kareem Al Sudun, for the brief period between when ICE would otherwise be required to release him under the *Zadvydas* preliminary injunction, ECF 490, and his scheduled removal date. Mr. Al Sudun will be approaching his 210 days in detention on Monday, September 16, 2019, and has not been released on an order of supervision pursuant to the *Zadvydas* preliminary injunction, but now has a: (1) final removal order; (2) travel document for his return to Iraq; and (3) scheduled flight to Iraq during the week of September 22, 2019.

Respondents maintain that each individual class member is more likely to pose a flight risk when their removals become imminent. To Respondents' knowledge, five class members (Mr. Ali Al Sadoon, Mr. Wisam Hamana, Mr. Talal Namo, Mr. Baha Alsaid, and Mr. Ali Al-Hisnawi) have already cut their tethers and

3

absconded when they were informed by ICE, ERO that their removals were scheduled. *See* July 3, 2019 Declaration of Charles Shanks, Assistant Field Office Director, Detroit Field Office, U.S. Immigration and Customs Enforcement, ¶¶ 38, 57, 75 (ECF No. 563-2); *see also* July 15, 2019 Declarations of Charles Shanks, ¶ 8 (ECF No. 568-1) and ¶ 5 (ECF No. 568-2). Therefore, ICE respectfully requests permission to continue Mr. Al Sudun's detention for approximately ten days prior to requesting his re-detention for removal.

Given the significant resources that Respondents expend in organizing and scheduling each of these flights – all of which must be escorted by ICE officers, ICE requests that Mr. Al Sudun continue to be detained to ensure that there is no further loss of resources. Because travel documents are only valid for six months, if Mr. Al Sudun were to be released and failed to appear for his scheduled removal flight, ICE may not be able to re-book another removal flight before his travel document expires. And, given that Mr. Al Sudun is aware that his removal is imminent, he may abscond as other class members have done. Thus, to guard against the lost resources and the inability to effectuate Mr. Al Sudun's removal if he absconds, ICE respectfully requests permission to continue his detention.

Accordingly, because there is a significant likelihood of removal in the reasonably foreseeable future for Mr. Al Sudun, ICE requests permission to continue

4

to detain him for an additional ten days prior to his removal scheduled the week of September 22, 2019.

Due to the circumstances of Mr. Al Sudun's imminent removal, Defendants request this Court's permission to continue to detain Mr. Al Sudun pending the resolution of this motion.

Dated:  September 12, 2019

Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General,
Civil Division

WILLIAM C. PEACHEY
Director

WILLIAM C. SILVIS
Assistant Director

*/s/ Cara E. Alsterberg*
CARA E. ALSTERBERG
Trial Attorney
District Court Section
PO Box 868 Ben Franklin Station
Washington, DC 20044
Tel: (202) 532-4667
Fax: (202) 305-7000
Cara.E.Alsterberg@usdoj.gov

*Counsel for Respondents*

5

## **CERTIFICATE OF SERVICE**

I hereby certify that on this date, I caused a true and correct copy of the foregoing to be served via CM/ECF upon all counsel of record.

Dated:  September 12, 2019             Respectfully submitted,

                                        */s/ Cara E. Alsterberg*
                                        CARA E. ALSTERBERG

                                        *Counsel for Respondents*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**USAMA JAMIL HAMAMA**, et al.,

    Petitioners and Plaintiffs,

v.

**REBECCA ADDUCCI**, et al.,

    Respondents and Defendants.

Case No. 2:17-cv-11910
Hon. Mark A. Goldsmith
Mag. David R. Grand

Class Action

**(filed under seal)**

## RESPONDENTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR EMERGENCY MOTION TO CONTINUE TO DETAIN PETITIONER ABDUL KAREEM AL SUDUN, A-XXX-XXX-460, TO PREPARE HIM FOR IMMINENT REMOVAL

7

**Introduction**

Respondents seek to continue to detain Mr. Abdul Kareem Al Sudun, A-XXX-XXX-460. He faces imminent removal to Iraq because he has (1) a final order of removal; (2) a travel document issued by the government of Iraq; and (3) a ticketed itinerary.

It is standard practice for U.S. Immigration and Customs Enforcement (ICE), Enforcement and Removal Operations (ERO) officers to detain individuals prior to removal. *See* ECF No. 551 (under seal), Declaration of Commercial Air Operations Unit Chief, Adonnis Smith., ¶¶ 5, 10, 11. Here, Respondents are requesting permission to continue to detain Mr. Al Sudun for an additional ten days for a removal flight scheduled within the week of September 22, 2019.

ICE also requests his continued detention to avoid the fact that flight risk may increase now that his removal is imminent. Continued detention is warranted given the significant resources that Respondents have to expend to organize and schedule for flights – which must include ICE officers as escorts. *Id*. Class members have already begun to fail to show up for their scheduled departure flights when ICE has directed them to appear at the airport for their departures. *See* July 3, 2019 Declaration of Charles Shanks, Assistant Field Office Director, Detroit Field Office, U.S. Immigration and Customs Enforcement, ¶¶ 38, 57 (ECF No. 563-2); *see* July

15, 2019 Declarations of Charles Shanks, ¶ 8 (ECF No. 568-1) and ¶ 5 (ECF No. 568-2); *see* Op. and Order Denying Respondents' Motion to Re-Detain, ECF No. 559 at 5. As such, ICE lost all of the resources that went into coordinating the travel, and was unable to reschedule these flights for approximately six weeks. ECF No. 551, Adonnis Decl., ¶¶ 5, 10, 11. Let alone the fact that ICE now has to take efforts to relocate class members who violated the conditions of their orders of supervision by cutting their tethers and absconding. ECF No. 563-2, Shanks Decl., ¶¶ 41, 59, 77. ICE cannot simply put another class member on a flight if an individual does not show up for his scheduled departure time. ECF No. 551, Adonnis Decl., ¶¶ 5, 10, 11.

Alternatively, should the Court deny Respondents' Motion to Continue to Detain Mr. Al Sudun, Respondents' request that Mr. Al Sudun be ordered to appear on the date of his scheduled removal at a place and time directed by ICE. In the event that he does not appear as directed and has not already departed from the United States, or violates his order of supervision by cutting his electronic tethers, ICE will re-detain him under the directions laid out in this Court's Order, ECF No. 576, Pg. ID 15615.

## Background

An IJ ordered Mr. Al Sudun removed from the United States on June 1, 2011. Declaration of Deportation Officer, Amanda B. Campbell ("Campbell Decl."), ¶ 7. Al Sudun waived appeal of that decision. Campbell Decl. ¶ 7. On August 30, 2011, Mr. Al Sudun was released from ICE custody on an Order of Supervision ("OSUP") while ICE made attempts to obtain a travel document from the Embassy of Iraq. *Id.* ¶ 8. While on his OSUP ███████████████████████████████ *Id.* ¶ 9. On February 15, 2019, Mr. Al Sudun was paroled and remanded into ICE custody where his OSUP from 2011 was revoked. *Id.* ¶ 11. On June 19, 2019, the Government of Iraq issued a travel document. *Id.* ¶ 12. This One-Way *Laissez-Passer* is valid for six months. *Id.* ICE had a ticketed itinerary for Mr. Al Sudun's return during the week of September 22, 2019. *Id.* ¶ 15. On the date of his removal, Mr. Al Sudun will have been in custody for approximately 10 additional days over 210 days. *Id.* ¶ 16.

## Argument

Because there is no impediment to his removal to Iraq, and ICE has a ticketed itinerary for his removal to Iraq scheduled for the week of September 22, 2019, Respondents request this Court's permission to continue to detain Mr. Al Sudun. Based on the record, he is significantly likely to be removed to Iraq in the reasonably

10

foreseeable future and, thus, his post final order detention is authorized under *Zadvydas v. Davis,* 533 U.S. 678 (2001).

His removal may only proceed in a manner consistent with the arrangements made by ICE. Unless under escort, the scheduled removal cannot proceed in transit through third countries as planned. Removal under escort, by necessity, requires that the alien be in the custody of the escorting officers. Therefore, for the planned removal to be carried out, continued detention for an additional ten days past his 210 days in ICE detention would save significant resources and guarantee a smooth repatriation without additional release, re-detention, and/or possibility that he may abscond once released.

Additionally, because his removal is imminent, ICE's interest in continuing to detain him for removal is even greater given the significant resources that it has expended to achieve this end because there may be increased incentive for him to flee. To Respondents' knowledge, five class members have cut their GPS tethers upon learning their removal was imminent, wasting ICE resources and time. ICE now must make efforts to relocate each of these individuals. *See* ECF No. 563-2, Shanks Decl., ¶¶ 38, 57, 75.

11

Alternatively, should the Court deny Respondents' Motion to Continue to Detain Mr. Al Sudun, Respondents request that he be ordered to appear on the date of his scheduled removal at a place and time directed by ICE.

However, due to the circumstances of Mr. Al Sudun's imminent removal, Defendants request this Court's permission to continue to detain Mr. Al Sudun pending the resolution of this motion.

## Conclusion

For the reasons stated above, Respondents respectfully request that the Court grant their motion to continue to detain Mr. Al Sudun. Respondents have confirmed his travel itinerary which will be effectuated within the week of September 22, 2019.

Dated:  September 12, 2019  			Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General,
Civil Division

WILLIAM C. PEACHEY
Director

WILLIAM C. SILVIS
Assistant Director

*/s/ Cara E. Alsterberg*
CARA E. ALSTERBERG
Trial Attorney
District Court Section

12

                    PO Box 868 Ben Franklin Station
Washington, DC 20044
Tel: (202) 532-4667
Fax: (202) 305-7000
Cara.E.Alsterberg@usdoj.gov

*Counsel for Respondents*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this date, I caused a true and correct copy of the foregoing to be served via CM/ECF upon all counsel of record.

Dated: September 12, 2019　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　*/s/ Cara E. Alsterberg*
　　　　　　　　　　　　　　　　　　CARA E. ALSTERBERG

　　　　　　　　　　　　　　　　　　*Counsel for Respondents*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this date, I caused a true and correct copy of the foregoing re-filing of ECF No. 601 to be served via CM/ECF upon all counsel of record with approved redactions.

Dated:  October 11, 2019         Respectfully submitted,

*/s/ Cara E. Alsterberg*
CARA E. ALSTERBERG

*Counsel for Respondents*