### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

**USAMA JAMIL HAMAMA,** et al.,

     Petitioners and Plaintiffs,

 v.

**REBECCA ADDUCCI**, et al.,

     Respondents and Defendants.

Case No. 2:17-cv-11910

Hon. Mark A. Goldsmith
Mag. David R. Grand

Class Action

### CLASS SETTLEMENT AGREEMENT

**TABLE OF CONTENTS**

Recitals..................................................................................................................... 1

I.    Settlement Coverage and Definitions ................................................................... 2

    A.    Coverage: ..................................................................................................... 2

    B.    Definitions:................................................................................................... 2

II.   Category 1 and Category 2 Class Members............................................................ 4

    A.    Category 1 Individual.................................................................................... 4

    B.    Category 2 Individual.................................................................................... 6

    C.    Disputes Over Categorization Decisions....................................................... 6

    D.    Effect of Changes in Agency Priorities......................................................... 6

    E.    Enforcement Action ...................................................................................... 6

III.  Governing Principles ............................................................................................. 7

IV.   Class Members With Final Orders of Removal...................................................... 8

    A.    Detention for Violation of Order of Supervision ........................................... 8

    B.    Detention for Removal .................................................................................. 9

    C.    Class Members with an Order Granting Protection from Removal to Iraq
and Class Members Whom ICE Seeks to Remove to a Third Country ............. 14

V.    Class Members Without Final Orders of Removal................................................. 14

    A.    Detention During Immigration Proceedings for Individuals In Immigration
Custody ....................................................................................................... 14

    B.    Detention During Immigration Proceedings for Individuals Not in
Immigration Custody ................................................................................... 15

    C.    Class Members Subject to Other Detention Authorities ................................. 19

VI.   Supervision Conditions, Return of Bond and Work Authorization........................ 19

    A.    Supervision Conditions ................................................................................ 19

    B.    Return of Bond ............................................................................................. 20

    C.    Work Authorization...................................................................................... 20

VII.  Notice and Reporting Provisions ........................................................................... 20

    A.    Reporting...................................................................................................... 20

    B.    Notices to the Parties.................................................................................... 21

    C.    Access to the Class........................................................................................ 21

    D.    Notice to Newly Detained Class Members .................................................... 22

VIII. Dispute Resolution Procedures.............................................................................. 22

    A.    Jurisdiction of the Court................................................................................ 22

B.    Matters Covered By This Agreement.................................................................. 22

C.    Meet and Confer Requirement ........................................................................... 23

D.    Special Master ................................................................................................... 24

E.    Non-Preclusive Effect of Factual Findings by Special Master .......................... 27

F.    Individual Habeas Proceedings ......................................................................... 27

G.    Ability of Class Members and Individual Counsel To Appear ........................... 28

IX.    Fees and Sanctions .................................................................................................... 28

X.    Term of Agreement .................................................................................................... 28

XI.    Preliminary Approval, Class Notice, Dismissal and Court Jurisdiction ................ 28

A.    Motion for Preliminary Approval ...................................................................... 28

B.    Provision of Class List ...................................................................................... 28

C.    Rule 23 Class Settlement Notice ....................................................................... 29

D.    Dismissal and Court Jurisdiction ...................................................................... 30

XII.    Miscellaneous Provisions .......................................................................................... 30

A.    Execution of Agreement .................................................................................... 30

B.    Entire Agreement. ............................................................................................. 30

C.    Modifications and Amendments ........................................................................ 30

D.    Governing Law .................................................................................................. 31

E.    Further Assurances ............................................................................................ 31

F.    Failure of Agreement to Become Effective ....................................................... 31

XIII.    Release of Claims ..................................................................................................... 31

EXHIBIT A: Proposed Dismissal Order ............................................................................ 34

EXHIBIT B: Special Master Checklist for Reviewing Class Member Challenges ........... 39

**CLASS SETTLEMENT AGREEMENT**

This Class Settlement Agreement ("Agreement") is entered into by and between all parties in the above entitled Action, namely: Petitioners Usama Jamil Hamama, Ali Al-Dilami, Sami Ismael Al-Issawi, Qassim Hashem Al-Saedy, Abbas Oda Manshad Al-Sokaini, Atheer Fawozi Ali, Jihan Asker, Moayad Jalal Barash, Jami Derywosh, Anwar Hamad, Jony Jarjiss, Habil Nissan, Adel Shaba, and Kamiran Taymour, on behalf of themselves and all members of the Class as defined in Section I.B.6 (the "Class Members"), and Respondents Robert Lynch, Field Office Director, Enforcement and Removal Operations Detroit, U.S. Immigration and Customs Enforcement ("ICE"), Patrick J. Lechleitner, Deputy Director and Senior Official Performing the Duties of the Director of ICE, Alejandro Mayorkas, Secretary, U.S. Department of Homeland Security ("DHS"), and Merrick Garland, Attorney General of the United States, in their official capacities (the "Respondents"). The Class Members and Respondents (collectively, the "Parties"), by and through their counsel, enter into this Agreement as of the date it is executed by all Parties, and it is effective upon approval of the Court pursuant to Rule 23 of the Federal Rules of Civil Procedure.

**RECITALS**

WHEREAS:

On June 15, 2017, Petitioners filed in the U.S. District Court for the Eastern District of Michigan ("Court") a petition for writ of habeas corpus and Class complaint for injunctive and declaratory relief in the above-captioned Action, on behalf of themselves and all others similarly situated, against Respondents, and subsequently filed amended petitions and Class complaints.

On September 24, 2018, the Court certified a Class of "All Iraqi nationals in the United States who had Final Orders of Removal at any point between March 1, 2017 and June 24, 2017 and who have been, or will be, detained for removal by U.S. Immigration and Customs Enforcement." (ECF No. 402, PageID.9531.)

This case has been vigorously litigated, with the Parties having engaged in extensive discovery, the Court having granted preliminary injunctions on July 24, 2017, January 2, 2018, and November 20, 2018, and the United States Court of Appeals for the Sixth Circuit having vacated those injunctions on December 20, 2018, and January 3, 2020, and having remanded for further proceedings.

The Parties thereafter began discussing the possibility of settlement, and on November 15, 2021, the Court referred the Action to the magistrate judge for settlement discussions. Months of vigorous good-faith negotiations ensued, resulting in this Agreement, which—subject to the Court's approval—fully resolves the Action.

The Parties have concluded that further litigation would be protracted and expensive for all Parties. The Parties believe this Agreement is a fair, adequate, and reasonable settlement

1

of the Action and have arrived at this Agreement after extensive arms-length negotiations. Class Counsel have concluded that the terms and conditions of this Agreement are in the best interests of Petitioners and the Class Members. Furthermore, this Agreement is in the public interest, as it avoids further diversion of private and governmental resources to adversarial action. After taking into account these factors, as well as the risks of further litigation, the Parties agreed to settle in the manner and upon the terms set forth in this Agreement.

NOW, THEREFORE, it is hereby STIPULATED AND AGREED, by and among the Parties, through their respective attorneys, subject to the approval of the Court pursuant to Federal Rule of Civil Procedure 23(e), in consideration of the benefits flowing to the Parties from this Agreement, that this Agreement constitutes a full, fair, and complete settlement of the Action, upon and subject to the following terms and conditions:

## I. SETTLEMENT COVERAGE AND DEFINITIONS

### A. Coverage

This settlement applies to all Iraqi nationals in the United States who had Final Orders of Removal at any point between March 1, 2017 and June 24, 2017, and whose Final Orders of Removal from that period have not already been executed.

### B. Definitions

The definitions below are for purposes of this Agreement only, and do not bind any party for how any term should be defined in any other context.

1. **"Action"** means the lawsuit captioned *Hamama v. Adducci*, Case No. 17-cv-11910 (E.D. Mich.).

2. **"Bond"** means the sum of money that ICE or an immigration court, after a hearing, ordered to be paid to secure a Class Member's release from immigration detention. This includes sums ordered to be paid both in immigration hearings held pursuant to Court orders in this Action and sums ordered to be paid in any other hearing before an immigration court. If the sum was altered during appeal, "Bond" means the final sum of money ordered to be paid at the conclusion of all appeals.

3. **"Category 1 Individual"** means a class member who meets the criteria in Section II.A.

4. **"Category 2 Individual"** means a class member who meets the criteria in Section II.B.

5. **"Category Review"** or **"Category Determination"** means a determination by ICE whether a Class Member is a Category 1 or a Category 2 Individual under this Agreement that occurs after the Effective Date of this Agreement.

2

6. **"Class"** means all Iraqi nationals in the United States who had Final Orders of Removal at any point between March 1, 2017 and June 24, 2017.

7. **"Class Counsel"** means the counsel representing the class in this litigation.

8. **"Class-wide Settlement"** means the settlement of the claims asserted by Petitioners, on behalf of themselves and others similarly situated, as reflected in this Agreement.

9. **"Court"** means the U.S. District Court for the Eastern District of Michigan.

10. **"Detained Class Member"** means a Class Member detained in ICE custody.

11. **"Effective Date"** means the date the Court issues a final order approving this Agreement.

12. **"Enforcement Action"** means to arrest or detain a Class Member or remove a Class Member from the United States.

13. **"Final Order of Removal"** means an order as defined in 8 U.S.C. § 1101(a)(47).

14. **"Individual Counsel"** means any attorney, other than Class Counsel, who represents a Class Member in individual immigration proceedings, individual habeas proceedings, or individual proceedings to enforce this Agreement.

15. **"Non-Detained Class Member"** means a Class Member who is not in ICE custody, and who has not been removed or effectuated their own removal.

16. **"Order Granting Protection from Removal"** means a grant of withholding of removal, pursuant to 8 U.S.C. § 1231(b)(3), and withholding or deferral of removal under the regulations implementing Article 3 of the United Nations Convention Against Torture, 8 C.F.R. § 1208.16-18, which in both instances protects against removal to a specific country, but not removal from the United States generally.

17. **"Order of Supervision"** means release pursuant to conditions imposed by an immigration officer as set out on ICE Form I-220b.

18. **"Pre-Order"** means not having a Final Order of Removal.

19. **"Settlement Date"** means the date on which this Agreement has been signed by all persons listed in the signature block of this Agreement.

20. **"Special Master"** means the individual appointed pursuant to Section VIII.D.1.

3

21. **"Stay of Removal"** means an order by an immigration officer, immigration judge, the Board of Immigration Appeals or a federal Court barring enforcement of a Final Order of Removal.

22. **"Travel Document"** mean documents that are used or required for travel by an Iraqi from the United States to Iraq and that are sufficient for the Class Member to be removed to Iraq.

## II. CATEGORY 1 AND CATEGORY 2 CLASS MEMBERS

### A. Category 1 Individual

A Category 1 Individual means a Class Member who poses a threat to national security, or a current threat to border security or public safety, as defined below.

1. **Threat to national security** means a Class Member who engaged in or is suspected of terrorism or espionage, or terrorism-related or espionage-related activities, or who otherwise poses a danger to national security.

2. **Threat to Border Security** means a Class Member who:

   a. is apprehended at the border or port of entry while attempting to unlawfully enter the United States after November 1, 2020; or

   b. is apprehended in the United States after unlawfully entering after November 1, 2020.

3. **Threat to Public Safety** means:

   a. **Class Members Released for More than Five (5) Years.** In light of the specific circumstances of this litigation, a Class Member shall not be considered a current threat to public safety based on a past criminal conviction unless that Class Member was most recently released from serving a term of state or federal imprisonment less than five (5) years prior to the date of the Category Determination. If such a Class Member commits new criminal conduct, whether the Class Member poses a current threat to public safety requires an assessment of the individual and the totality of the facts and circumstances as set out in Section II.A.3.c.

   b. **Class Members Released for Less than Five (5) Years.** For Class Members who were released less than five (5) years ago from serving a term of state or federal imprisonment prior to the date of the Category Determination, a determination of whether the Class Member poses a current threat to public safety requires an assessment of the individual and the totality of the facts and circumstances as set out in Section II.A.3.c.

4

### c. Factors for Determining Category Classifications

There can be aggravating factors that militate in favor of finding a Class Member to be a Category 1 Individual under Section II.A.3. Such factors can include, for example:

- the gravity of the offense of conviction and the sentence imposed;
- the nature and degree of harm caused by the criminal offense;
- the sophistication of the criminal offense;
- use or threatened use of a firearm or dangerous weapon; or
- a serious prior criminal record.

Conversely, there can be mitigating factors that militate in favor of not finding such a Class Member to be a Category 1 Individual. Such factors can include, for example:

- advanced or tender age;
- lengthy presence in the United States;
- a mental condition that may have contributed to the criminal conduct;
- a physical or mental condition requiring care or treatment;
- status as a victim of crime or victim, witness, or party in legal proceedings;
- the impact of removal on family in the United States, such as loss of provider or caregiver;
- whether the noncitizen may be eligible for humanitarian protection or other immigration relief;
- military or other public service of the noncitizen or their immediate family;
- time since an offense and evidence of rehabilitation; or
- conviction was vacated or expunged.

The above examples of aggravating and mitigating factors are not exhaustive. The circumstances under which an offense was committed could, for example, be an aggravating or mitigating factor depending on the facts. The broader public interest is also material in determining whether to take Enforcement Action. The specific facts of a case should be determinative.

ICE must evaluate the individual and the totality of the facts and circumstances and exercise its judgment accordingly. The overriding question is whether the Class Member poses a current threat to public safety. Some of the factors relevant to making the determination are identified above. ICE should not rely on the fact of conviction or the result of a database search alone. Rather, ICE shall, to the fullest extent possible, obtain and review the entire criminal and administrative record and other investigative inform-

ation to learn of the totality of the facts and circumstances of the conduct at issue. ICE shall also consider the Class Member's conduct since release from immigration detention if the Class Member was released from custody during this litigation.

## B. Category 2 Individual

A Category 2 Individual means a Class Member other than a Category 1 Individual.

## C. Disputes Over Categorization Decisions

ICE's weighing of the factors set out in Sections II.A-B to make a categorization determination is not subject to review by the Special Master or the Court. The following are subject to review, as set out in Section VIII:

1. Whether ICE has applied the categorization framework in Sections II.A-B.

2. ICE's determination whether a class member was most recently released from serving a term of state or federal imprisonment less than five years ago.

## D. Effect of Changes in Agency Priorities

If, after the Effective Date of this Agreement, ICE modifies or otherwise adopts new policies on prioritization of enforcement actions, the Parties will meet and confer. If Petitioners agree, ICE will apply the Agency's prioritization framework prior to the categorization framework discussed in Sections II.A. and II.B. The Agreement, including the categorization framework set out in Sections II.A and II.B, may not be modified to the detriment of Class Members. Any modifications related to the categorization framework set out in Section II.A and II.B, if agreed upon in writing by the Parties, need not comply with Section XII.C.

## E. Enforcement Action

1. If ICE takes Enforcement Action against a Class Member, that Enforcement Action shall be communicated within seven (7) business days to the Class Member, the Class Member's Individual Counsel, and Class Counsel.

2. The Class Member may initiate headquarters-level review of the Class Member's Category Determination, by using the ICE Case Review "Senior Reviewing Official" process. If the review is requested by Class Counsel, no G-28, Notice of Entry of Appearance as Attorney or Accredited Representative, or ICE Form I-60-001 shall be required.

3. ICE shall promptly inform the individual who initiated the Senior Reviewing Official process in Section II.E.2 and Class Counsel of the outcome of the headquarters-level review. A Class Member, Individual Counsel or Class

6

Counsel may request Special Master review of the determination in Section II.A and B regarding whether the Class Member was most recently released from serving a term of state or federal imprisonment less than five (5) years.

## III.   GOVERNING PRINCIPLES

A.   As further defined and specified below in Section IV, ICE shall not detain any Class Member with a Final Order of Removal except (1) if the Class Member violates an Order of Supervision, or (2) in order to effectuate removal. This Agreement does not limit or govern Respondents' ability to detain a Class Member, including a Class Member who is a suspected terrorist or is otherwise engaged in activity that endangers the national security of the United States, under 8 U.S.C. § 1226a or 8 C.F.R. § 241.14. This Agreement also does not limit ICE's authority to take custody of and detain someone it has reason to believe poses a substantial threat to national security.

B.   ICE shall not detain any Class Member who does not have a Final Order of Removal but is in immigration proceedings except as defined and specified in Section V.

C.   ICE shall release Class Members from detention when the justification or basis for detention ends.

D.   Except as provided in Section IV.B, below, Iraq's unwillingness to provide, or delay in providing, Travel Documents to a Class Member or Iraq's unwillingness to take, or delay in taking, any other actions necessary for removal in response to a Class Member's request shall not provide a basis, in whole or in part, for determination that the Class Member is a Category 1 Individual, for any ICE decision to take Enforcement Action, or for detention of a Class Member during the ninety (90) day and thirty (30) day periods in Section IV.B.4 and IV.B.5.

E.   Review of detention as otherwise authorized by law, regulations, or policy shall remain available to Class Members, subject to the provisions in Section VIII.

F.   The filing of a motion to reopen or an order granting reopening of a Class Member's immigration case shall not trigger or be the reason for detention or a Category Review. If a class member's case is reopened, detention must be consistent with Section V.

G.   Nothing in this Agreement shall be construed as granting the Court authority to enjoin or restrain the operation of the provisions of Part IV of Subchapter 2 of the Immigration and Nationality Act, other than with respect to the application of such provisions to an individual class member. *See* 8 U.S.C. § 1252(f)(1).

## IV.   CLASS MEMBERS WITH FINAL ORDERS OF REMOVAL

### A.   Detention for Violation of Order of Supervision

#### 1.   Category 1 Individual

a. ICE may detain a Category 1 Individual for a violation of an Order of Supervision, only for the period necessary to address the violation of the Order of Supervision if ICE so chooses, and in no event longer than fourteen (14) days, except as provided in Section III.A.

b. If, during this period of detention, ICE determines that it wishes to take further Enforcement Action, and that there is a reasonable likelihood that the Category 1 Individual will be removed within ninety (90) days after this period of detention began, ICE may continue to detain the individual for removal, subject to the provisions and procedures of Section II.A and IV.B.

c. The following shall not be considered a violation of an Order of Supervision:

   i. Reporting within two (2) business days of the scheduled report date.

   ii. A Class Member's failure to report prior to the Effective Date of this Agreement if, after receiving notice of this Agreement and being notified by ICE in writing of a new report date, the Class Member resumes reporting.

   iii. A Class Member's inability to obtain documents or information despite good faith efforts to do so.

   iv. A Class Member's unwillingness to state, either verbally or in writing, that the Class Member agrees to be removed.

   v. Technical difficulties in remote reporting methods or with electronic monitoring if brought to the ICE officer's attention within two (2) business days.

#### 2.   Category 2 Individual

a. ICE may hold a Category 2 Individual for a violation of an Order of Supervision, only for the time necessary to process the individual into an appropriate alternative to detention program, which shall be less than twenty-four (24) hours except under highly unusual circumstances entirely outside of ICE's control, such as a medical emergency.

**b.** If the Category 2 Individual's violation of an Order of Supervision makes the individual a Category 1 Individual, the provisions of Section IV.A.1 shall apply.

**c.** The following shall not be considered a violation of an Order of Supervision:

    **i.** Reporting within two business days of the scheduled report date.

    **ii.** A Class Member's failure to report prior to the Effective Date of this Agreement if, after receiving notice of this Agreement and being notified by ICE in writing of a new report date, the Class Member resumes reporting.

    **iii.** A Class Member's inability to obtain documents or information despite good faith efforts to do so.

    **iv.** A Class Member's unwillingness to state, either verbally or in writing, that the Class Member agrees to be to be removed.

    **v.** Technical difficulties in remote reporting methods or with electronic monitoring if brought to the ICE officer's attention within two (2) business days.

**3.** A Class Member who is supervised in the Detroit area of responsibility shall not be required to visit the consulate to obtain documents more than once a year, and the Class Member's obligation to make good faith efforts to obtain Travel Documents from Iraq shall end if, for reasons not based on Class Member non-cooperation, ICE receives written confirmation from Iraq that Iraq will not provide Travel Documents for the Class Member and the basis for the refusal, or confirmation that Iraq does not consider the Class Member to be Iraqi. If Iraq indicates it will issue Travel Documents if a Class Member provides specific information, or if Iraq indicates it will not issue Travel Documents immediately but could possibly issue in the future if circumstances change, then the Class Member is still required to participate in the Travel Document acquisition process as directed by ICE.

**B.  Detention for Removal**

**1.** Except as set out in Section IV.B.1.a-c, if ICE seeks to remove a Class Member who has a Final Order of Removal, and who is not covered by Section IV.B.7, ICE will provide written notice to the Class Member that the Class Member has ninety (90) days before ICE will begin finalizing Travel Documents and a travel itinerary for the Class Member's return to Iraq. During that ninety (90) day period ICE will not alter the custodial status of the non-detained Class Member unless the Class Member violates the Order of Supervision, as set forth in

Section IV.A, in which case the procedure and limitations in Section IV.A will apply.

a.  This provision does not apply if the Class Member is detained directly upon release from serving a term of federal or state imprisonment as described in Section IV.B.4.b.

b.  Pursuant to Section III.A, this provision also does not limit or govern Respondents' ability to detain a Class Member, including a Class Member who is a suspected terrorist or is otherwise engaged in activity that endangers the national security of the United States, under 8 U.S.C. § 1226a or 8 C.F.R. § 241.14. This provision also does not limit ICE's authority to take custody of and detain a Class Member whom ICE believes poses a substantial threat to national security.

c.  If ICE has credible information that there is a substantial risk that a Category 1 Class Member will engage in a violent crime or other very serious criminal activity during the 90-day notice period, ICE may detain the Class Member for removal without providing the 90-day notice or during the 90-day period following notice, provided that:

  i.  ICE shall endeavor to provide notice to Class Counsel within twenty- four (24) hours of the start of such detention, but no longer than seventy-two (72) hours of the start of such detention, and shall provide the name and A# of the Class Member and the locations in which the Class Member is detained,

  ii.  the detention is approved at the ICE Field Office Director level or higher,

  iii.  the Field Office Director submits an affidavit to the Special Master and Class Counsel within seven days that identifies the basis, beyond past criminal history, on which ICE has determined that the person currently presents a substantial risk of committing a violent or very serious crime during the 90-day notice period but without disclosing any classified or law enforcement sensitive information, and

  iv.  if ICE fails to provide the affidavit required under subsection (iii) within seven days, the Class Member shall be released within 24 hours. ICE will notify Class Counsel of the release at or near the time of the release and will provide Class Counsel with the name and A# of the Class Member, the release address, and the reason for detention's end.

2.  ICE may direct Class Members to make reasonable good faith attempts to obtain Travel Documents and to assist ICE in obtaining Travel Documents and conducting the removal, including by:

10

    **a.** Contacting Iraqi consular or embassy officials or appearing and participating in appointments and interviews with such officials and with ICE officials.

    **b.** Providing copies of documents (e.g., birth certificates or drivers' licenses) and information in the Class Member's possession and completing any forms or sections of forms that do not require a statement that s/he agrees to be removed.

    **c.** Attempting to obtain documents not in the Class Member's possession.

**3.** After the expiration of the ninety (90) day period in Section IV.B.1, if the Class Member has not obtained a Travel Document and/or departed from the United States, ICE may set a check-in date for the individual to fill out a Travel Document application and provide requested documents. This date may be communicated to the individual in the notice sent pursuant to Section IV.B.1, above.

**4. Non-Detained Category 1 Individuals**

    **a.** This section applies to Category 1 Class Members who were not detained by ICE as of the Settlement Date.

    **b.** After the expiration of the ninety (90) day period in Section IV.B.1, if the Class Member has not obtained a Travel Document and/or departed from the United States, and if there is a significant likelihood of removal within ninety (90) (additional) days, ICE may detain the Class Member for the Travel Document application process, subject to the provisions in this section. ICE may, without providing the notice in Section IV.B.1, detain a Class Member for the Travel Document application process, subject to the provisions in this section, if ICE (i) determines the Class Member is a Category 1 Individual, (ii) the Class Member is detained directly upon release from serving a term of federal or state imprisonment, and (iii) there is a significant likelihood of removal within ninety (90) days. Upon detention, ICE shall provide the Class Member with the notice required under Section VII.D.

    **c.** Initial detention under Section IV.B.4 may last up to ninety (90) days for the Travel Document application process, consular interview process, and removal.

    **d.** If ICE has not removed the Class Member within ninety (90) days, ICE shall conduct a custody review. Following the review, ICE may either:

        **i.** Release the individual.

        **ii.** Retain custody of the individual subject to the procedures below:

11

1. ICE shall provide notice to the Class Member and Individual Counsel that the result of the custody review is to continue detention.

2. ICE will report decisions to continue detention as part of the POCR process and the reporting provided in Section VII.A.

3. The Class Member may file a request for release with the Special Master.

4. Within seven (7) business days of receipt of a request for release filed with the Special Master, ICE shall provide the Special Master and the individual who filed the request for release with evidentiary support showing that Iraq has indicated that it will issue a Travel Document and that the Class Member's removal is significantly likely to occur within the reasonably foreseeable future.

5. The Class Member may file materials in opposition to detention within seven (7) business days of receipt of ICE's provision of evidentiary support.

6. The Special Master shall review the evidence. Unless the Special Master finds that ICE has demonstrated a significant likelihood of removal within the reasonably foreseeable future (which at this point means no longer than the next ninety (90) days, but could, depending on the circumstances, be shorter), the Special Master shall order the Class Member's release.

7. The Special Master shall serve the Class Member's request for release, subsequent filings and the Special Master's decision on Class Counsel, Department of Justice Counsel, and ICE Counsel, as provided in Section VIII.D.3.e.

8. Any release ordered by the Special Master does not preclude detention for removal for up to thirty (30) days once an itinerary is finalized and the Class Member has returned to ICE custody.

e. If ICE has not removed the Class Member within 180 days, the class member may seek an order for release from the Court. Continued detention shall be allowed only if ICE clearly demonstrates a very high likelihood of imminent removal, by demonstrating that Iraq has already provided a Travel

12

Document and ICE has already arranged a removal itinerary for the very near future.

**5. Non-Detained Category 2 Individuals**

a. After the expiration of the ninety (90) day period in Section IV.B.1, if the Class Member has not obtained a Travel Document and/or departed from the United States, and if a consular interview is scheduled, ICE may require the individual to report for that interview, after serving notice to the individual.

b. The Class Member will not be detained for purposes of a consular interview, except if:

    i. Detention is necessary in order to conduct the consular interview;

    ii. The Class Member failed to appear for a previously scheduled consular interview; or

    iii. The Class Member fails to make good faith efforts, as set out in Section IV.B.2, to comply with additional informational requests from ICE.

c. Detention under Section IV.B.5.b.i. or iii must be approved in advance by the Special Master.

d. Detention under Section IV.B.5.b shall be as brief as possible and in no event longer than ten (10) days for a video consular interview or thirty (30) days for an in-person consular interview.

e. If the Class Member does not appear for the Travel Document or consular interview appointment, ICE may detain the Class Member under the provisions of Section IV.A.2.

f. If Iraq denies the Travel Document, ICE will not detain the individual unless a Travel Document is subsequently issued, or detention is otherwise permitted under this Agreement.

g. Once ICE has obtained a Travel Document from Iraq, ICE may detain the Class Member for up to thirty (30) days to effectuate removal. ICE need not inform the Class Member in advance of detention that a Travel Document has been issued or that the Class Member will be detained.

**6. Individuals Detained as of Settlement Date**

a. ICE shall conduct a Category Review of all Class Members who are in custody on the date this Agreement is executed by the Parties.

**b.** For Class Members who are Category 1 Individuals, ICE shall apply the procedures and limitations set out in Section IV.B.4. The time that the Class Member has already spent in detention shall count towards the limitations in Sections IV.B.4.c and d.

**c.** Class Members who are Category 2 Individuals shall be released within ten (10) days of the Effective Date of the Agreement.

**7. Effect of a Stay of Removal**

**a.** ICE will not detain a Non-Detained Class Member who has a Stay of Removal except for a violation of an Order of Supervision and consistent with Section IV.A. However, if the stay is lifted, non-detained Category 1 Class Members may be detained consistent with Section IV.B.4.

**b.** If a Detained Class Member who is a Category 1 Individual is granted a Stay of Removal, ICE shall conduct a custody review within fifteen (15) days from when the stay is granted. If ICE conducted a custody review within the last seven (7) days, that analysis may be incorporated into the thirty (30) day custody review. If ICE decides to continue custody after the custody review, the Class Member may file a request for release with the Special Master, and the provisions of IV.B.4.d.ii shall apply.

**c.** If a Detained Class Member who is a Category 2 Individual is granted a Stay of Removal, that Class Member shall be released.

**C. Class Members with an Order Granting Protection from Removal to Iraq and Class Members Whom ICE Seeks to Remove to a Third Country**

The provisions of this Agreement that apply to Class Members who have a Final Order of Removal shall apply equally to Class Members who have an Order Granting Protection from Removal to Iraq and Class Members whom ICE seeks to remove to a third country.

**V. CLASS MEMBERS WITHOUT FINAL ORDERS OF REMOVAL**

**A. Detention During Immigration Proceedings for Individuals In Immigration Custody**

**1. Applicability**

This section applies to Class Members without a Final Order of Removal who:

**a.** were in immigration custody as of the Settlement Date and who remain in immigration custody as of the date of this Agreement; or

14

**b.** are detained pursuant to the procedures in Section IV, and who then reopen their cases while in immigration custody.

**2. Custody Determination Upon Reopening**

If a Class Member with a Final Order of Removal reopens the removal order while in custody, ICE will conduct a new custody determination upon the request of the Class Member.

**3. Class Members Subject to 1226(a)**

**a.** If ICE does not release a Class Member to whom 8 U.S.C. § 1226(a) applies after a custody review, that Class Member shall be eligible for a Bond hearing pursuant to applicable laws, regulations and policies.

**b.** Continued detention after a custody review or Bond hearing is subject to applicable laws, regulations and policies.

**4. Class Members Subject to 1226(c)**

**a.** ICE may continue to detain individuals already in immigration custody, as defined in Section V.A.1, to whom 8 U.S.C. § 1226(c) applies, subject to applicable laws, regulations and policies.

**B. Detention During Immigration Proceedings for Individuals Not in Immigration Custody**

**1. Applicability**

This section applies to Class Members without a Final Order of Removal who were not in immigration custody as of the Settlement Date or who have been released from immigration custody between the Settlement Date and the Effective Date of this Agreement.

**2. Reopening Without Redetention:** The filing of a motion to reopen or an order granting reopening of a Class Member's immigration case shall not trigger or be the reason for detention or a Category Review.

**3. Category Review Prior To Detention of Pre-Order Class Members Not in Immigration Custody:**

**a.** ICE agrees not to detain Class Members covered under Section V.B.1 absent a Category Review and approval by an Assistant Field Office Director.

15

**b.** ICE agrees that, in its discretion, it does not need to conduct a Category Review for individuals covered under Section V.B unless one of the following conditions exist:

   **i.** The Class Member has been convicted by local, state, or federal authorities for new criminal conduct after the Effective Date of this Agreement.

   **ii.** A local, state, or federal authority finds that the Class Member has failed to comply with the terms of probation or parole.

   **iii.** The Class Member has Absconded. For purposes of this section "Abscond" means failing to abide by the conditions of one's Order of Release on Recognizance or Order of Supervision. However, conduct that is not a violation of an Order of Supervision as set out in Sections IV.A.1.c and IV.A.2.c shall not be considered Absconding.

4. **Class Members Subject to 1226(a)**

   a. **Category 1 Class Members**

      **i.** If, after a Category Review conducted under Section V.B.3, ICE determines that a Class Member to whom 8 U.S.C. § 1226(a) applies is a Category 1 Individual, ICE may, but is not required to, exercise its discretion, considering the factors in Section V.B.7, to detain the Class Member.

      **ii.** ICE will ensure that any such Class Member who is detained is presented to the Executive Office for Immigration Review ("EOIR") for a Bond hearing, if one is requested, pursuant to applicable laws, regulations and policies. Continued detention after a Bond hearing is subject to applicable laws, regulations and policies.

   b. **Category 2 Class Members**

      ICE agrees that consistent with this Agreement it will not detain a Class Member who is a Category 2 Individual. ICE agrees to address any unintentional detention of Category 2 Individuals who are subject to 8 U.S.C. § 1226(a) through a meet and confer process.

5. **Class Members Subject to 1226(c)**

   a. **Category 1 Class Members**

16

     **i.** If, after a Category Review conducted under Section V.B.3, ICE determines that a Class Member to whom 8 U.S.C. § 1226(c) applies and who is not already in immigration custody is a Category 1 Class Member, ICE may, but is not required to, exercise its discretion, considering the factors in Section V.B.7, to detain the Class Member.

     **ii.** Continued detention is subject to applicable laws, regulations and policies.

**b. Category 2 Class Members**

ICE agrees that it will not intentionally detain a Category 2 Class Member to whom 8 U.S.C § 1226(c) applies but who is not already in immigration custody.

**6. Detention for Violation of Bond or Order of Recognizance**

**a. What Constitutes a Violation**

     **i.** ICE shall not consider any of the following to be a violation of a Bond Order or an Order of Release on Recognizance (unless specifically stated in the Bond Order):

       **1.** Reporting within two business days of the scheduled report date.

       **2.** A Class Member's failure to report prior to the Effective Date of this Agreement if, after receiving notice of this Agreement and being notified by ICE in writing of a new report date, the Class Member resumes reporting.

       **3.** A Class Member's inability to obtain documents or information despite good faith efforts to do so.

       **4.** A Class Member's unwillingness to state, either verbally or in writing, that s/he agrees to be removed.

       **5.** Technical difficulties in remote reporting methods or with electronic monitoring if brought to the ICE officer's attention within two (2) business days.

**b. Category 1 Individual:**

     **i.** ICE may detain a Category 1 Class Member for a violation of a Bond Order or an Order of Release on Recognizance.

    **ii.** For Category 1 Class Members subject to 8 U.S.C. § 1226(a), the detention shall be only for the period necessary to address the violation of the Bond Order or Order of Release on Recognizance if ICE so chooses, and in no event longer than fourteen (14) days, unless ICE conducts a Category Review pursuant to Section V.B.3 and exercises its discretion under Section V.B.4.a and V.B.5.a to detain the Class Member, considering the factors of Section V.B.7.

    **iii.** For Category 1 Class Members subject to 8 U.S.C. § 1226(c), if, as a result of the violation of the Bond Order or Order of Release on Recognizance, ICE exercises its discretion to detain the Class Member, considering the factors of Section V.B.7, ICE may detain the Class Member subject to applicable laws, regulations and policies.

**c. Category 2 Individual:**

    **i.** ICE may hold a Category 2 Class Member for a violation of a Bond Order or an Order of Release on Recognizance, only for the time necessary to process the Class Member into an appropriate alternative to detention program, which shall be less than twenty-four (24) hours except under highly unusual circumstances entirely outside of ICE's control, such as a medical emergency.

    **ii.** If the Category 2 Class Member's violation of a Bond Order or an Order of Release on Recognizance makes the Class Member a Category 1 Class Member, the provisions of Section V.B.6.b shall apply.

**7. ICE's Exercise of Discretion in Detention Decisions for Pre-Order Class Members Not in Immigration Custody**

In deciding whether to exercise its discretion (*see e.g.* Sections V.B.4.a, V.B.5.a) to detain individuals who are not in immigration custody but who are determined to be a Category 1 Individual after a Category Review under section V.B.3, ICE agrees to consider the following factors:

**a.** The aggravating and mitigating factors listed in Section II.A.3.c.

**b.** Any aggravating and mitigating factors related to the conduct that led to the Category Review pursuant to Section V.B.3.

**c.** Length of time and conduct in the community since any period of incarceration or detention, and whether there has been a change of circumstances that would warrant detention.

18

**d.** Status of the Class Member's immigration case, including the likely length of time until proceedings will be concluded and the ultimate likelihood of removal.

**e.** Ties to the community or family in the United States.

**f.** The ability of more intensive supervision or alternatives to detention to ameliorate flight risk or danger.

**g.** Any factors going to whether the noncitizen poses a flight risk or danger necessitating detention through removal proceedings.

## C. Class Members Subject to Other Detention Authorities

**1.** Class Members without Final Orders of Removal who are subject to a statute that ICE interprets as mandating detention shall for purposes of this Agreement, be subject to the provisions that apply to Class Members subject to 8 U.S.C. § 1226(c), except that nothing in this Agreement shall limit the ability of such Class Members to seek release from detention based on any applicable law, policy or judicial decision.

**2.** Class Members without Final Orders of Removal who are subject to a statute that ICE does not interpret as mandating detention, shall for purposes of this Agreement, be subject to the provisions that apply to Class Members subject to 8 U.S.C. § 1226(a), except that nothing in this Agreement shall limit the ability of such Class Members to seek release from detention based on any applicable law, policy or judicial decision.

## VI. SUPERVISION CONDITIONS, RETURN OF BOND AND WORK AUTHORIZATION

### A. Supervision Conditions

**1.** For Non-Detained Class Members, ICE agrees, upon written request of the Class Member, to review the continued appropriateness of the conditions in a Class Member's Order of Supervision, particularly any electronic monitoring requirements, home confinement, curfews, or any other conditions of release that exceed those in a standard Order of Supervision. For any such condition, ICE shall implement a presumption that it is no longer necessary if the Class Member has complied with the extant requirements for over one year. ICE may continue the condition in effect only if it has individuated reason to believe that the condition is clearly necessary for public safety or to prevent flight. If any such condition is continued, a Class Member may seek a similar review every ninety (90) days.

2.  In the case of any Class Member whom ICE could otherwise arrest and detain under the terms of this Agreement, ICE may offer GPS or other electronic monitoring as an alternative to arrest and detention.

### B.   Return of Bond

1.  Class Members who posted Bond shall be entitled to the return of their Bond if they have a Final Order of Removal, if they have an Order Granting Protection from Removal, or as otherwise required by law or policy. Such Class Members may make a written request to ICE to have the Bond orders cancelled so that the funds may be returned to the payor.

2.  In the event that such Class Members have difficulty obtaining the return of their Bond, they may contact a bond e-mail inbox established by ICE to facilitate return of the Bond. The Class Notice shall inform Class Members of this option and notify them to contact Class Counsel for the bond email address. Respondents shall provide Class Counsel with the email address for resolving bond issues.

3.  In its discretion, ICE may place a Class Member whose Bond has been returned under an appropriate Order of Supervision.

### C.   Work Authorization

1.  ICE shall not unreasonably deny or delay issuing verifications that Class Members, including Class Members with an Order Granting Protection from Removal, need in order to obtain work authorization.

2.  ICE will place Class Members who have obtained an Order Granting Protection from Removal on orders of supervision when released from ICE custody.

### VII.   NOTICE AND REPORTING PROVISIONS

### A.   Reporting

ICE shall notify Class Counsel and the Class Member's Individual Counsel with an EOIR-28 on file within seven (7) business days (except as otherwise specified below) whether any of the following has occurred, and provide the referenced information. ICE shall obtain a list of Individual Counsel from EOIR annually which may be used for notice to Individual Counsel:

1.  ICE has issued a ninety (90) day notice under Section IV.B.1, the date of such notice, and the name and A# of the Class Member receiving the notice. Respondents will provide a copy of the notice.

2. ICE has taken Enforcement Action against any Class Member (providing the name, A#, and priority status of the Class Member, the enforcement step taken, and the basis for enforcement).

3. Immigration detention of any Class Member (providing the name and A# of the Class Member, the locations in which the Class Member is detained, the start-date of detention, and if released within the initial seven (7) business days the end-date of detention, and the reason for detention's end). ICE shall endeavor to provide notice of any detention under Sections IV.A.1.a and V.B.6.b.i within twenty-four (24) hours of the start of such detention, but no longer than seventy-two (72) hours of the start of such detention.

4. ICE has conducted a post order custody review or a custody review under Section IV.B.4.d (providing the name and A# of the Class Member and the result of the custody review).

5. Iraq has declined to provide a Travel Document for any Detained Class Member (providing the name and A# of the Class Member and the date of the response). If Iraq has determined that the Class Member is not an Iraqi, Respondents will also provide that information.

6. Removal of any Class Member (providing the name and A# of the Class Member, the date of removal, and the place of disembarkation).

## B. Notices to the Parties

1. All notices contemplated by this Agreement shall be in writing.

2. All notices to Class Counsel or Respondents contemplated by this Agreement, may, unless expressly provided otherwise herein, be delivered by email. Class Counsel and Respondents shall provide one another with respective email addresses that shall be used for purposes of any written notice required to be sent by the Class Counsel and Respondents under this Agreement.

3. All notices to Class Members contemplated by this Agreement shall be sent by first Class mail or, for detained individuals, by hand delivery.

4. All notices to Individual Counsel contemplated by this Agreement shall be made either by First Class mail or by email.

## C. Access to the Class

1. The Parties shall meet and confer if Class Counsel or their designees experience difficulty accessing Detained Class Members.

21

**D.    Notice to Newly Detained Class Members**

1.   When ICE detains any Class Member for more than twenty-four (24) hours, it shall provide to that Class Member the Class Notice, a document provided by Class Counsel explaining the Class Member's rights under this Agreement and a copy of the Agreement.

**VIII.   DISPUTE RESOLUTION PROCEDURES**

**A.    Jurisdiction of the Court**

1.   **Enforcement of Agreement.** The Court shall retain jurisdiction to:

   a.   Enforce the terms and conditions of this Agreement subject to subsections (2)-(4); and

   b.   Decide constitutional challenges to the fact or length of a Class Member's detention.

2.   **Motions for Release.** The Court shall have jurisdiction over challenges to prolonged detention or based on limitations on detention specifically contained in this Agreement brought by individual Class Members during the term of this Agreement, except that Class Members must bring issues specified in Section VIII.D.2 before the Special Master.

3.   As provided in Section VIII.F, the Class Member retains the option of filing a petition for a writ of habeas corpus in this jurisdiction or any other jurisdiction where venue is proper, provided that the Class Member is not simultaneously litigating the same issue before the Special Master or the Court.

4.   Nothing in this Agreement shall be construed as granting the Court authority to enjoin or restrain the operation of the provisions of  Part IV of Subchapter 2 of the Immigration and Nationality Act, other than with respect to the application of such provisions to an individual class member.

**B.    Matters Covered By This Agreement**

1.   All disputes about whether a Party is complying with this Agreement and all challenges to detention based on the terms of this Agreement must be brought pursuant to the provisions set out in this Agreement.

2.   Nothing in this Agreement shall preclude or limit Class Members who are detained from seeking release from detention pursuant to applicable laws and policies in any appropriate forum, from pursuing immigration relief, or from asserting any other claim not expressly covered by this Agreement.

### C.   Meet and Confer Requirement

1. Unless otherwise provided in this Agreement or unless Respondents' counsel are unavailable, Petitioners shall meet and confer with Respondents prior to seeking any review under this Agreement by the Special Master or the Court.

   a. The meet and confer may be conducted by Individual Counsel or Class Counsel. For issues raised by Class Members in pro per before the Special Master, the meet and confer may take place in writing only (unless Respondents agree to do so orally) and the provisions of Section VIII.D.3.b.2 apply.

   b. DOJ Counsel agree to meet and confer within five business days of receiving notice requesting a meet and confer, unless the Parties agree to a later date.

   c. Class Counsel may determine whether to raise an individual Class Member's concerns through the meet and confer process and whether to proceed after a meet and confer in seeking review before the Special Master or the Court. If Class Counsel decline to proceed, the Class Member may still seek review in pro per or with Individual Counsel.

2. A Class Member who claims that Respondents have detained the Class Member in violation of the terms of the Agreement, shall provide Respondents with the basis for the alleged violation.

3. In response to a claim by a Class Member that Respondents have detained a Class Member in violation of the terms of the Agreement, Respondents agree to provide to Class Counsel and the person filing the request for release if not Class Counsel (i.e. either the Class Member in pro per or the Class Member's Individual Counsel) (a) the basis for the detention of the Class Member and (b) the applicable provision(s) of this Agreement. In the event that ICE agrees that a Class Member was detained in violation of this Agreement, ICE will release the Class Member from custody within five (5) days, unless such release is barred by statute. The Parties may, but are not required to, submit a stipulated order for the Class Member's release to the Court.

4. Although Respondents are obligated to adhere to this Agreement without further notice, Respondents shall have forty-eight (48) hours after notification to Respondents by a Class Member to correct any alleged violation of the Agreement before a Class Member may seek any relief or remedy from the Court or the Special Master as provided in Sections VIII.A and VIII.D. If the alleged violation is cured, then there is no breach of the Agreement.

23

**D. Special Master**

**1. Appointment of a Special Master**

**a.** The Parties shall provide the Court with the name of an agreed-upon Special Master when submitting their motion for preliminary approval of this Agreement under Section XI. If the Parties have not agreed upon a Special Master by that date, the Parties will submit to the Court the names of persons the Court should consider for appointment as Special Master, including appropriate background materials. The Court will then select and appoint the Special Master. The Parties agree that they will execute concurrently with this Agreement a proposed stipulated order for appointment of the Special Master to be submitted with the motion for preliminary approval of the Agreement.

**b.** In the event that a new Special Master needs to be named (e.g., the Special Master appointed in Section VIII.D.1 is no longer able to serve):

**i.** The Parties will promptly negotiate in good faith to identify a new Special Master.

**ii.** If the Parties cannot agree on the appointment of a new Special Master within thirty (30) days of the Special Master's notice to the Parties that the Special Master can no longer serve, the Parties will submit to the Court the names of persons the Court should consider for appointment as Special Master, including appropriate background materials. The Court will then appoint the Special Master.

**iii.** If there is no person serving as Special Master under this Agreement, issues that would otherwise be raised before the Special Master may be raised directly with the Court, subject to the meet and confer requirement of Section VIII.C.

**2. Authority of the Special Master**

The Special Master shall have authority to:

**a.** Review ICE's ex parte proposal to detain a Category 2 Individual, with a Final Order of Removal, for a consular interview under Section IV.B.5.b and c.

**b.** Review good faith challenges by Class Members under:

**i.** Section II.A.3 to whether the Class Member was most recently released from serving a term of state or federal imprisonment less than five years ago;

ii. Section IV.B.5.c to determine whether detention of a Category 2 Individual, with a Final Order of Removal, for a consular interview is appropriate under the standards in Section IV.B.5.b (such review should occur on receipt of a challenge notwithstanding the prior ex parte authorization of the detention);

iii. Section IV.B.4.d.ii, to determine for a Category 1 Individual, with a Final Order of Removal, who has been detained more than 90 days whether Iraq has indicated that it will issue a Travel Document and whether the Class Member's removal is significantly likely to occur in the reasonably foreseeable future such that detention can be continued;

iv. Section IV.B.6 to determine if its standards for the detention of Class Members detained as of the Settlement Date are met; and

v. Section IV.B.7 to determine if a detained Class Member who is granted a Stay of Removal and whom ICE continues to detain after a custody review should remain in detention.

vi. Determine an issue under this Agreement that the Parties, after a meet and confer under Section VIII.C., agree to refer to the Special Master for resolution.

c. The Special Master shall not have authority to review any claims made on a class-wide basis that would otherwise be prohibited by 8 U.S.C. § 1252(f)(1).

d. The Special Master shall not have authority to review any challenge to Respondents' ability to detain a Class Member under 8 U.S.C. § 1226a or 8 C.F.R. § 241.14.

### 3. Proceedings Before the Special Master

a. If a dispute over a provision listed in Section VIII.D.2 cannot be resolved within five (5) business days after the meet and confer held pursuant to Section VIII.C, the dispute will be presented to the Special Master for resolution.

b. If a Class Member acting in pro per raises an issue before the Special Master:

1. The Special Master shall review a checklist approved by the Parties to determine if the Special Master has jurisdiction. The current version of the checklist is attached as Exhibit B to this Agreement. If the Special Master determines there is no jurisdiction, the Special Master shall

send a letter approved by the Parties explaining the lack of jurisdiction to the Class Member.

**2.** If the Special Master determines that the issue is one covered under Section VIII.D.2 and the Special Master has jurisdiction, DOJ shall have five (5) days after receiving notice of the filing to attempt to resolve the issue directly with the Class Member before proceedings under Sections VIII.D.3 c-d. before the Special Master begin.

**c. Briefing Schedule**

**1.** Disputes under Section IV.B.4 related to the detention of Class Members with Final Orders of Removal shall be briefed on the schedule set out in Section IV.B.4.d.ii.

**2.** For all other disputes under Section VIII.D.2, the Class Member shall provide the Special Master and Respondents' counsel with a brief of not more than five (5) pages, and any supporting evidence. Respondents shall have seven (7) business days after receipt of the brief to file a response of not more than five (5) pages. The Class Member may file a reply of not more than five (5) pages within seven (7) business days of receipt of the response.

**3.** The Special Master may alter the briefing schedule or page length limitations.

**d.** After reviewing the briefs submitted, the Special Master shall, within five (5) business days, issue an order. The proposed order shall set out the facts found by the Special Master, and any conclusions of law. If the Special Master determines that a Class Member should be released from detention, Respondents shall release the Class Member within five (5) days of receipt of the Special Master's order.

**e. Service of Documents in Special Master Proceedings**

**1.** Parties shall file documents with the Special Master by email, or as otherwise directed by the Special Master.

**2.** Class Members filing in pro per may file documents by mail.

**3.** The Special Master shall serve copies of all filings by the parties and all decisions of the Special Master on the individual who submitted the filing for the Class Member (e.g. Individual Counsel or Class Member in pro per), Class Counsel, Department of Justice counsel, and ICE Counsel.

26

**f.** The Parties may move the Court for enforcement of an order of the Special Master if a Party does not comply with such an order.

**4. Payment of Special Master**

**a.** The fees and expenses of the Special Master, and any assistants performing work under the Special Master's guidance and supervision, including the costs of any insurance if required, will be paid by the Respondents.

**b.** Respondents' fee contract with the Special Master shall include a provision which prohibits fees for the review of any claims the Special Master does not have jurisdiction to review.

**i.** The parties agree that any dispute between the Respondents and the Special Master concerning payment for review of any claim that the Special Master lacked jurisdiction to review does not constitute a breach of Respondents' obligation to pay the Special Master's fees under the Agreement.

**E. Non-Preclusive Effect of Factual Findings by Special Master**

Factual findings made by the Special Master under this Agreement shall not be binding or have preclusive effect against either the Class Member or Respondents except with respect to seeking enforcement of the Special Master's rulings regarding an issue under Section VIII.D.2.

**F. Individual Habeas Proceedings**

**1.** Class Members, provided they are not simultaneously litigating the same issue before the Special Master or the Court, may file an individual petition for a writ of habeas corpus or other proceeding either:

**a.** In the Eastern District of Michigan. ICE agrees not to contest jurisdiction and venue in this Court. The Parties further agree that it is appropriate to designate such a case as a companion case to this Action within the meaning of L.R. 83.11(b)(7).

**b.** In any other Court where jurisdiction and venue are proper, including the jurisdiction where ICE is detaining the Class Member.

**2.** In any individual habeas petition brought by a Class Member, Respondents agree to stipulate to expedited briefing and expedited consideration, and further agree that they will not oppose representation by federal public defenders.

G. **Ability of Class Members and Individual Counsel To Appear**

1. Class Members may appear in pro per before the Special Master or, with the Court's approval, before the Court.

2. Individual Counsel for a Class Member may conduct meet and confers with Respondents on behalf of that Class Member, and may appear before the Special Master.

3. The Parties agree, subject to the approval of the Court, that a Class Member's Individual Counsel may file a limited appearance for purposes of representing the Class Member before the Court.

IX. **FEES AND SANCTIONS**

In consideration of the government's payment of the fees for the Special Master and other provisions of this Agreement, Petitioners agree that they will not seek sanctions, fees, or costs arising from or related to this Action.

X. **TERM OF AGREEMENT**

This Agreement shall remain in effect for three (3) years after the Effective Date.

XI. **PRELIMINARY APPROVAL, CLASS NOTICE, DISMISSAL AND COURT JURISDICTION**

A. **Motion for Preliminary Approval**

Following the Parties' execution of this Agreement, the Parties shall file a joint motion seeking preliminary approval of the Class-wide Settlement and provisional Class certification. The motion must request the Court to:

1. Preliminarily approve the Class-wide Settlement as being a fair, reasonable, and adequate settlement within the meaning of Federal Rule of Civil Procedure 23 and applicable law;

2. Approve the Notice Plan set forth in Section XI.C;

3. Set the date and time of the Fairness Hearing; and

4. Appoint a Special Master under Section VIII.D.1 if the Parties cannot agree.

B. **Provision of Class List**

Respondents shall produce a list with contact information for all Class Members to Class Counsel within four weeks of this Agreement being signed by all Parties. The

28

list shall contain the most recent contact information available to Respondents and shall include for each Class Member:

1.  Class Member name and A#, Class Member address, and Class Member telephone number.

2.  Immigration attorney name, immigration attorney address, immigration attorney telephone number, and immigration attorney email address. Before providing the class list, ICE shall obtain a list of Class Members' last known Individual Counsel from EOIR.

3.  Detention status (detained/not-detained) and detention location (if detained).

4.  Whether the Class Member was removed/departed, was granted relief, has a Final Order of Removal, or is in proceedings.

## C.   Rule 23 Class Settlement Notice

The Parties will propose the following notice plan for the Court's approval:

1.  Within three weeks of the Court's preliminary approval of the Class-wide Settlement, the Parties will provide the Court with a joint proposed Class Notice, and if they cannot agree, their respective versions. The Class Notice shall include a website address linking to any further information that Class Counsel wish to provide.

2.  After approval of a Class Notice by the Court, the Petitioners will provide an Arabic translation of the Notice to Respondents.

3.  Within three weeks of the Court's approval of the Class Notice, the notice shall be given to Class Members via the following:

    a.  ICE will provide the English and Arabic versions of the Class Notice to all Detained Class Members.

    b.  ICE will send the Class Notice as First Class mail to all Non-Detained Class Members at the address on file with ICE, except that Class Notice need not be sent to Class Members who have been removed from or departed the United States.

    c.  ICE will send the Class Notice by email to the last known attorney of record on file with ICE for each Class Member who has not been removed or departed the United States.

    d.  The ACLU of Michigan will post the Class Notice on its website.

D. **Dismissal and Court Jurisdiction**

1. If the Court, after holding a Fairness Hearing pursuant to Rule 23, indicates that it will approve this Agreement, the Parties shall forthwith jointly file the proposed stipulated order attached hereto as Exhibit A, for approval of the Agreement and dismissal of this Action with prejudice.

2. The proposed stipulated order shall provide that this Agreement is incorporated in full, that the Court shall retain jurisdiction for a term of three (3) years from the Effective Date to enforce the Settlement Agreement according to its terms, and that this Action shall be dismissed with prejudice. *Kokkonen v. Guardian Life Insurance Co. of America*, 511 U.S. 375 (1994); *Monroe, LLC v. Sower*, 850 F.3d 265 (6th Cir. 2017).

## XII. MISCELLANEOUS PROVISIONS

A. **Execution of Agreement**

This Agreement may be executed in two or more counterparts, each of which shall be deemed to be an original and all of which together shall be deemed to be one and the same Agreement. A facsimile or other duplicate of a signature shall have the same effect as a manually executed original. This Agreement shall be deemed executed on the date the Agreement is signed by all of the undersigned.

B. **Entire Agreement**

This Agreement, the Recitals, and attached exhibits contain the entire agreement between the Parties and constitute the complete, final, and exclusive embodiment of their agreement with respect to the Action. This Agreement is executed without reliance on any promise, representation, or warranty by any Party or any Party's representative other than those expressly set forth in this Agreement. The Recitals and exhibits to this Agreement are integral parts of the Agreement and the settlement and are incorporated into this Agreement as though fully set forth in the body of the Agreement.

C. **Modifications and Amendments**

Class Counsel and Respondents may mutually agree to modifications of this Agreement. Any agreed modifications will result in an amended settlement agreement to be submitted to the Court for the Court's approval. Section II.D governs modification to the categorization framework in Section II.A. and II.B. The Court shall retain jurisdiction to enforce the terms and conditions of the amended settlement agreement and any agreed-upon modifications under Section II.D. The Agreement may not be modified to the detriment of Class Members. If there are changes in policies, regulations, or case law that are more beneficial to the Class Members than what exists in this Agreement, either Class Counsel or Respondents may seek the Court's approval to amend the Agreement.

**D.    Governing Law**

This Agreement is governed by federal law and must be interpreted under federal law and without regard to conflict of laws principles. Absent applicable federal law, Michigan law shall be used to interpret this Agreement.

**E.    Further Assurances**

The Parties shall execute and deliver any additional papers, documents and other assurances, and must do any other acts reasonably necessary, to perform their obligations under this Agreement and to carry out this Agreement's expressed intent, to obtain the Court's approval of the Class-wide Settlement and Class Notice, and to distribute the Court-approved Class Notice to the Class Members.

**F.    Failure of Agreement to Become Effective**

The Parties shall use their best efforts to ensure that the Agreement becomes effective, that the Class-wide Settlement is approved by the Court, and that Class Notice (as approved by the Court) is delivered to the Class Members. If, notwithstanding such best efforts, the Agreement does not become effective, the Parties shall negotiate a new settlement agreement resolving the claims in this Action. Should the Parties be unable to negotiate a new settlement agreement, the Parties shall be returned to their respective positions in the Action as of the date of the execution of the Agreement.

**XIII.  RELEASE OF CLAIMS**

A.    Upon final approval of this Agreement by the Court, all Class Members waive and release Respondents from liability for all claims, demands, rights, liabilities and causes of action for habeas, declaratory or equitable relief, including injunctive relief, that were alleged in the Action.

B.    Respondents waive and release all Class Members from liability for all claims, demands, rights, liabilities and causes of action for habeas, declaratory or equitable relief, including injunctive relief, that were or could have been alleged in the Action.

C.    Petitioners, Class Members, and Respondents waive and release the Special Master and any assistants performing work under the Special Master's guidance and supervision from all claims, demands, rights, liabilities and causes of action related to the performance of the Special Master's duties under this Agreement, except for any claims, demands, rights, liabilities and causes of action arising out of (i) willful misconduct or a willful omission by the Special Master or assistants, (ii) any act by the Special Master exceeding the authority granted the Special Master pursuant to the Settlement Agreement, or (iii) any failure of the Special

Master or any assistants performing work under the Special Master's guidance and supervision pursuant to the Settlement Agreement to comply with any federal, state, or local laws, rules, and regulations, or the terms of the contract for services with Respondents.

**D.** Nothing in this Agreement shall have any preclusive effect on any damages claim by Class Members or on any other claim or defenses by any Class Member that may be or have been asserted in other actions, including immigration cases.

**E.** Nothing in this Agreement shall prevent any Class Members, now or in the future, from bringing any individual challenges to the legal basis of their custody (provided that they are not simultaneously litigating the same issue before the Special Master), from seeking immigration relief, from contesting conditions of detention, from challenging their removal, or from raising any other claim not expressly addressed in this Action.

**F.** By agreeing to this Agreement and the releases contained herein, Respondents do not waive any defenses available to any Respondent or the United States in any other pending or future action to claims that were or could have been made in the Action that arise from the same common nucleus of operative facts alleged by the Class Members.

*Attorneys for Plaintiffs/Petitioners*

Miriam J. Aukerman (P63165)
Daniel S. Korobkin (P72842)
American Civil Liberties Union
Fund of Michigan
2966 Woodward Avenue
Detroit, Michigan 48201
(616) 301-0930
maukerman@aclumich.org
dkorobkin@aclumich.org

_____
Kimberly L. Scott (P69706)
Wendolyn W. Richards (P67776)
Cooperating Attorneys, ACLU Fund
of Michigan
Miller, Canfield, Paddock & Stone,
PLC
101 N. Main St., 7th Floor
Ann Arbor, MI 48104
(734) 668-7696
scott@millercanfield.com
richards@millercanfield.com

Anand Balakrishnan (Ct Bar 430329)
Judy Rabinovitz (NY Bar JR-1214)
ACLU FOUNDATION
IMMIGRANTS' RIGHTS
PROJECT
125 Broad Street, 18th Floor
New York, NY 10004
(212) 549-2618
abalakrishnan@aclu.org
jrabinovitz@aclu.org

*Attorneys for
Defendants/Respondents*

Brian M. Boynton
Principal Deputy Assistant
Attorney General
Civil Division

William C. Peachey
Director

Cara E. Alsterberg
Senior Litigation Counsel

William C. Silvis
Assistant Director
United States Department of
Justice
Office of Immigration Litigation
District Court Section
PO Box 868 Ben Franklin Station
Washington, DC 20044
(202) 307-4693
William.Silvis@usdoj.gov

Dated: May 13, 2024

33

34

**EXHIBIT A: PROPOSED DISMISSAL ORDER**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**USAMA JAMIL HAMAMA**, *et al.*,

   Petitioners and Plaintiffs,

 v.

**REBECCA ADDUCCI**, *et al.*,

   Respondents and Defendants.

Case No. 2:17-cv-11910

Hon. Mark A. Goldsmith
Mag. J. David R. Grand

Class Action

## [PROPOSED]
## ORDER APPROVING SETTLEMENT AGREEMENT
## AND DISMISSING CASE

1. On June 15, 2017, Plaintiffs/Petitioners filed a petition for writ of habeas corpus and class complaint for injunctive and declaratory relief in the above-captioned action, on behalf of themselves and all others similarly situated, against Defendants/Respondents, and subsequently filed amended petitions and class complaints.

2. On September 24, 2018, this Court certified a class of "All Iraqi nationals in the United States who had final orders of removal at any point between March 1, 2017 and June 24, 2017 and who have been, or will be, detained for removal by U.S. Immigration and Customs Enforcement." (ECF No. 402, PageID.9531.)

3. This case has been vigorously litigated, with the parties having engaged in extensive discovery, the Court having granted preliminary injunctions on July 24, 2017, January 2, 2018, and November 20, 2018, and the United States Court of Appeals for the Sixth Circuit having vacated those injunctions on December 20, 2018, and January 3, 2020, and having remanded for further proceedings.

4. The parties have agreed to settle this case. The parties filed a joint motion for preliminary approval of their settlement agreement and approval of

their proposed class notice on {DATE}. (ECF No. ---.) The Court preliminarily approved the settlement and approved the form of the class notice attached to the parties' joint motion ("Class Notice," ECF No. ---). *See* [insert Order title], ECF No. ---.

5. The Court held a fairness hearing in open court on {DATE}. The Court confirmed that the Class Notice provisions have been complied with and the parties verified that Class Notice was provided to the class in accordance with ECF No. ---.

6. After reviewing the terms of the Settlement Agreement (ECF No. ---), hearing the representations of the parties, and considering the factors enumerated in Rule 23(e)(2) of the Federal Rules of Civil Procedure, the Court finds that the Settlement Agreement is a fair, reasonable, and adequate resolution of class members' claims in this matter, provides significant relief to the class, and is consistent with the public interest.

7. By incorporating the Settlement Agreement in full into this order, the Court retains jurisdiction to enforce the terms and conditions of the Settlement Agreement. *Kokkonen v. Guardian Life Insurance Co. of America*, 511 U.S. 375 (1994); *Monroe, LLC v. Sower*, 850 F.3d 265 (6th Cir. 2017). This Court will retain jurisdiction for a term of three years from the date of this Order.

8. The parties have agreed that {NAME} shall be appointed to fulfill the duties of the Special Master under the Settlement Agreement. [Alternative is parties have not agreed: The Court appoints {NAME} to fulfill the duties of the special master under the Settlement Agreement.]

9. In consideration of the government's payment of the fees for the Special Master and other provisions of the Settlement Agreement, Plaintiffs/Petitioners have agreed that they will not seek sanctions, fees, or costs arising from or related to this action.

10. As part of the Settlement Agreement, the Plaintiffs/Petitioners have agreed to voluntarily dismiss this action with prejudice. The parties stipulate to these terms of dismissal, and the court considers them proper. *See* Fed. R. Civ. P. 23(e), 41(a)(2).

36

Accordingly, it is ORDERED as follows:

1. The Settlement Agreement (ECF No. ---) is APPROVED.

2. The Settlement Agreement (ECF No. ---) is incorporated in full into this Order.

3. This action is DISMISSED with prejudice.

4. The Court retains jurisdiction over the provisions of the parties' Settlement Agreement (ECF No. ---) for three years from the date of this Order.

IT IS SO ORDERED.

Dated:                                          s/_____
Detroit, Michigan                       MARK A. GOLDSMITH
                                                    United States District Judge

37

The parties stipulate to this order.

*Attorneys for Plaintiffs/Petitioners*

Miriam J. Aukerman (P63165)
Daniel S. Korobkin (P72842)
American Civil Liberties Union
Fund of Michigan
2966 Woodward Avenue
Detroit, Michigan 48201
(616) 301-0930
maukerman@aclumich.org

Kimberly L. Scott (P69706)
Wendolyn W. Richards (P67776)
Cooperating Attorneys, ACLU
Fund
of Michigan
Miller, Canfield, Paddock & Stone,
PLC
101 N. Main St., 7th Floor
Ann Arbor, MI 48104
(734) 668-7696
scott@millercanfield.com

Anand Balakrishnan (Ct Bar
430329)
Judy Rabinovitz (NY Bar JR-1214)
ACLU FOUNDATION
IMMIGRANTS' RIGHTS
PROJECT 125 Broad Street, 18th
Floor
New York, NY 10004
(212) 549-2618
abalakrishnan@aclu.org
jrabinovitz@aclu.org

*Attorneys for
Defendants/Respondents*

Brian M. Boynton
Principal Deputy Assistant Attorney
General
Civil Division

William C. Peachey
Director

Cara E. Alsterberg
Senior Litigation Counsel

William C. Silvis
Assistant Director
United States Department of Justice
Office of Immigration Litigation
District Court Section
PO Box 868 Ben Franklin Station
Washington, DC 20044
(202) 307-4693
William.Silvis@usdoj.gov

38

**EXHIBIT B: SPECIAL MASTER CHECKLIST
FOR REVIEWING CLASS MEMBER CHALLENGES**

The Special Master shall have authority to review the following good faith challenges brought by detained Class Members:

☐ The Parties have agreed that older criminal convictions will not be used in determining whether an individual is a Category 1 individual as a Threat to Public Safety. Accordingly, if ICE designates a Class Member as Category 1 and there is a disagreement over whether the Class Member was most recently released from serving a term of state or federal imprisonment less than 5 years ago, the Class Member may seek the Special Master's review of that finding. *See* Sections II.A.3, VIII.D.2.b.i. The Special Master's review is limited to that discrete factual finding.

☐ Under the Agreement, a Category 2 Class Member with a final order of removal may be detained for a consular interview only under certain circumstances. *See* Section IV.B.5.b and c. ICE may detain a Category 2 Class Member because (1) detention is necessary to conduct the consular interview, or (2) because the Class Member fails to make the good faith efforts provided in Section IV.B.2 to comply with additional informational requests from ICE. Such detention must be approved in advance by the Special Master, and such approval may be sought on an ex parte basis. *See* Section IV.B.5.c. VIII.D.2.a. If the Special Master approves detention and the Class Member elects to challenge detention, the Class Member may seek review by the Special Master. *See* Section VIII.D.2.b.ii; ICE does not need prior authorization to detain a Class Member for the purposes of a consular interview if the Class Member failed to appear for a previously scheduled consular interview. *See* Sections IV.B.5.b.ii. and IV.B.5.c.

☐ A challenge to determine, for a detained Category 1 Individual, with a Final Order of Removal, who has been detained more than 90 days whether Iraq has indicated that it will issue a Travel Document and whether the Class Member's removal is

39

significantly likely to occur within the reasonably foreseeable future such that detention can be continued (Sections IV.B.5.d.ii; VIII.D.2.b.iii); and

☐ Upon execution of the Agreement, ICE has agreed to conduct a category review of all Class Members in immigration detention at that time and determine whether they are Category 1 or 2. ICE can continue the detention of Category 1 Class Members subject to the procedures and limitations in Sections IV.B.4. Category 2 Class Members shall be released within 10 days. The Special Master may review a Class Member's challenge to whether ICE correctly applied the standards for the detention of Class Members detained as of the Settlement Date as set forth in Section IV.B.6. *See* Section VIII.D.2.b.iv.

☐ Under the Agreement, the parties may, after a meet and confer, agree to refer an issue to the Special Master for resolution. *See* Section VIII.D.2.c.