## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**USAMA JAMIL HAMAMA**, *et al.*,

   Petitioners and Plaintiffs,

v.

**REBECCA ADDUCCI**, *et al.*,

   Respondents and Defendants.

Case No. 2:17-cv-11910

Hon. Mark A. Goldsmith
Mag. J. David R. Grand

Class Action

## SECOND AMENDED STIPULATED ORDER
## APPOINTING SPECIAL MASTER

1.  The Parties have entered into a Settlement Agreement (ECF No. 717-2) which provides that a Special Master shall be appointed and grants the Special Master the authority to resolve certain issues. The Parties and Professor Anil Kalhan have further agreed to the terms of this Second Amended Stipulated Order Appointing a Special Master ("Stipulated Order").

2.  After notice to the class and a fairness hearing, the Court approved the settlement on August 2, 2024. (ECF No. 728). The Parties also had notice and an opportunity to be heard regarding appointment of the Special Master.

3.  The Court now appoints Professor Anil Kalhan as the Special Master pursuant to Federal Rule of Civil Procedure 53, the inherent authority of the Court, and the agreement of the Parties. The Court is satisfied that Professor Kalhan has the requisite experience and qualifications to serve as Special Master.

4.  The Special Master's responsibilities are set out in Section VIII.D of the Settlement Agreement (ECF No. 717-2). Absent written agreement by the Parties, the Special Master's duties and authority are limited to those set out in Section VIII.D of the Settlement Agreement. By signing this Stipulated Order, the Professor Anil Kalhan hereby agrees to be bound by its terms once it is entered by the Court.

1

5.   The Special Master shall proceed with all reasonable diligence and shall perform and take all steps necessary to faithfully execute those responsibilities set out in Section VIII.D of the Settlement Agreement and in the Stipulated Order.

6.   The Special Master may communicate ex parte with the Court at the discretion of the Court and the Special Master.

7.   Orders issued by the Special Master shall be filed on the docket through ECF, as well as served according to the provisions of Section VIII.D.3 of the Settlement Agreement. A-numbers and sensitive or confidential information, such as information that could jeopardize a Class Member's security if removed, shall be redacted in any public filing. If an order of the Special Master requires redaction, the Special Master shall also file an unredacted copy of the order under seal. Briefing under Section VIII.D.3 of the Settlement Agreement, and other communications involving the Special Master, need not be filed on the docket.

8.   An order of the Special Master is final and binding unless a Party or Class Member files a written objection with the Court and serves the Special Master. If Respondents file a written objection to an order releasing a Class Member from detention within two business days after being served with the Special Master's order, Respondents' obligation to release the class member will be stayed for 10 business days to allow the Court time to consider the objection. Responses to any such objection must be filed on the docket within two business days and served on the Special Master. The two-day deadlines will be waived for detained Class Members if service, mailing, or communication difficulties impede their ability to file timely. All other objections must be filed with the Court and served on the Special Master within 14 days after being served with the Special Master's order. Responses to any such objection must be filed with the Court and served on the Special Master within 14 days. Objections and responses shall be limited to five pages. Orders of the Special Master shall set out the timeline and process for objections that are described in this paragraph.

9.   If an objection is filed, the Special Master shall provide the Court with all relevant briefing and exhibits within two business days of the objection being served on the Special Master, and the briefing and exhibits need not be filed on the docket. Review of the Special Master's factual findings and legal conclusions shall be de novo. The Court will endeavor to decide all objections as promptly as possible.

10.  The Special Master shall keep appropriate records and maintain records of all proceedings under Section VIII.D of the Settlement Agreement, whether or not filed on the docket, until two years after the termination of the Settlement Agreement.

11.  Pursuant to Rule 53(e), the Special Master shall file reports if directed to do so by the Court.

12.  The Special Master may, in consultation with and upon approval of Class Counsel and Respondents, hire assistants and translators (collectively referred to as "assistants") to perform work under the Special Master's guidance and supervision pursuant to the Settlement Agreement. The scope of work to be performed by the assistants must be approved by Class Counsel and Respondents.

13.  The fees and expenses of the Special Master, and any assistants performing work under the Special Master's guidance and supervision, will be paid by the Respondent U.S. Immigration and Customs Enforcement ("ICE"), for the period starting on May 7, 2024, through the termination of the Agreement. The Professor Anil Kalhan and ICE have agreed upon an hourly rate; any changes to this rate must be confirmed by Professor Anil Kalhan and ICE in writing. Any assistant's fees and expenses are subject to the annual cap in paragraph 14. Respondents will also pay the costs of the insurance described in Paragraph 17, if requested by the Special Master. On a monthly basis, the Special Master shall provide the Respondents and Petitioners with a detailed record of hours billed and expenses incurred in the preceding month. This requirement shall be excused when there are not any hours billed or expenses incurred the previous month. If Respondents dispute a bill from the Special Master, they shall have 15 days to review and submit objections to the Special Master or to request additional documentation from the Special Master. If any dispute over the Special Master's bill is not resolved within 30 days, Respondents will submit the dispute to the Court for resolution. Petitioners shall be copied on all communications with the Special Master or the Court.

14.  The Special Master's fees and expenses, including insurance, will be subject to an annual cap of $300,000. Insurance expenses include premiums, deductibles, and coverage for any extended reporting period covering the services the Special Master performed under the Agreement. After termination of the Agreement, the Special Master's expenses will be subject to an annual cap of

3

$100,000, and strictly limited to satisfying the deductibles for claims arising from the Special Master's performance under the Agreement. Any request by the Special Master to exceed an annual cap for demonstrated good cause must be approved by Respondents and may require a Court order. If any dispute over the annual cap is not resolved within 15 days, the Special Master or Respondents shall submit the dispute to the Court for resolution.

15. Pursuant to Rule 53(b)(3)(A), the Special Master has filed an affidavit (attached to this Stipulated Order as Exhibit A), disclosing any potential grounds for disqualification. The Parties have informed the Court and Special Master that they waive any potential grounds for disqualification presented by the fact that the Drexel University Federal Litigation and Appeals Clinic previously represented a person who is Class Member in this litigation.

16. If, with respect to any future matter before the Special Master, the Petitioners, Class Members or Respondents raise grounds for disqualification under 28 U.S.C. § 455, or if the Special Master identifies such grounds, the Special Master shall disqualify himself or herself, absent waiver of the disqualification by the Parties. If the Special Master is disqualified, the matter before the Special Master shall be decided by the Court.

17. The Special Master, and any assistants working under the Special Master's guidance and supervision, shall be deemed to have quasi-judicial immunity in the performance of their responsibilities under the Settlement Agreement, except for (i) any willful misconduct or omission, (ii) any act exceeding the authority granted the Special Master pursuant to the Settlement Agreement, or (iii) any failure to comply with any federal, state, or local laws, rules, and regulations, or the terms of the contract for services with the Respondents. No person or entity shall have the right to institute any action against the Special Master for any matter covered by this immunity, except with respect to subparagraphs (i)-(iii) above.

18. The Special Master will maintain at all times appropriate and sufficient insurance in connection with the Special Master's performance of responsibil-ities under the Settlement Agreement. One purpose of this insurance is to indemnify and hold harmless the Special Master and any assistants from any and all claims, demands, rights, liabilities, causes of action, and expenses directly or indirectly caused by, resulting from, arising out of or occurring in connection with the performance of the responsibilities set forth under the Settlement Agreement, except that the Special Master and any assistants

performing work under the Special Master's guidance and supervision pursuant to the Settlement Agreement will not be indemnified or held harmless from any and all claims, demands, rights, liabilities, causes of action, and expenses directly or indirectly caused by, resulting from, arising out of or occurring in connection with (i) any willful misconduct or omission, (ii) any act by the Special Master exceeding the authority granted the Special Master pursuant to the Settlement Agreement, or (iii) any failure to comply with any federal, state, or local laws, rules, and regulations, or the terms of the contract for services with the Respondents. A further purpose of this insurance is for the Special Master to indemnify and hold harmless the Parties, Class Counsel, and Counsel for the Respondents from any and all claims, demands, rights, liabilities, causes of action, and expenses directly or indirectly caused by, resulting from, arising out of or occurring in connection with the work of the Special Master and the assistants.

19. The Parties, Class Counsel, and Counsel for the Respondents will not be liable for any act, or failure to act, of the Special Master. By signing this Stipulated Order, Professor Anil Kalhan also agrees to indemnify and hold harmless the Parties, Class Counsel, Counsel for the Respondents, and Respondents from any and all claims, demands, rights, liabilities, causes of action, and expenses directly or indirectly caused by, resulting from, arising out of or occurring in connection with acts or omissions arising from his role as the Special Master and the work performed by any assistants retained for this matter, and shall maintain at all times appropriate and sufficient insurance for such indemnification, the costs of which shall be paid by Respondents.

20. The Special Master shall be appointed for the full duration of the Agreement from the date of appointment by the Court unless the Special Master becomes unable or unwilling to serve.

21. All terms used in this Stipulated Order have the meanings given to such terms in the Settlement Agreement.

22. The Court retains continuing and exclusive jurisdiction over the interpretation, implementation, and enforcement of this Stipulated Order. It is the intention of the Parties and the Court that this Court shall have exclusive jurisdiction over any litigation related to the work of the Special Master and assistants.

IT IS SO ORDERED.

Dated: October 11, 2024                    s/Mark A. Goldsmith
Detroit, Michigan                          MARK A. GOLDSMITH
                                           United States District Judge



Professor Anil Kalhan acknowledges and agrees to be bound by this Stipulated
Order.


/s/ Anil Kalhan
Professor Anil Kalhan

Dated: October 4, 2024


The parties stipulate to this order.

*Attorneys for Plaintiffs/Petitioners*          *Attorneys for Defendants/Respondents*

/s/ Miriam J. Aukerman
Miriam J. Aukerman (P63165)              Brian M. Boynton
Daniel S. Korobkin (P72842)             Principal Deputy Assistant
American Civil Liberties Union          Attorney General
    Fund of Michigan                    Civil Division
2966 Woodward Avenue
Detroit, Michigan 48201                 William C. Peachey
(616) 301-0930                          Director
maukerman@aclumich.org
                                        Cara E. Alsterberg
                                        Senior Litigation Counsel

Kimberly L. Scott (P69706)
Wendolyn Wrosch Richards (P67776)       /s/ William C. Silvis
Cooperating Attorneys, ACLU Fund        William C. Silvis (P63530)
 of Michigan                            Assistant Director
Miller, Canfield, Paddock & Stone, PLC  United States Department of Justice
101 N. Main St., 7th Floor              Office of Immigration Litigation
Ann Arbor, MI 48104                     District Court Section
(734) 668-7696                          PO Box 868 Ben Franklin Station

scott@millercanfield.com
richards@millercanfield.com

Anand Balakrishnan (Ct Bar 430329)
Judy Rabinovitz (NY Bar JR-1214)
ACLU FOUNDATION
IMMIGRANTS' RIGHTS PROJECT 125
Broad Street, 18th Floor
New York, NY 10004
(212) 549-2618
abalakrishnan@aclu.org
jrabinovitz@aclu.org

Dated: October 4, 2024

Washington, DC 20044
(202) 307-4693
William.Silvis@usdoj.gov

Dated: October 4, 2024

Ex. A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

USAMA JAMIL HAMAMA, et al.,

    Plaintiffs/Petitioners,

v.

REBECCA ADDUCCI, et al.,

    Defendants/Respondents.

Case No. 2:17-cv-11910

Hon. Mark A. Goldsmith
Mag. David R. Grand

Class Action

### AFFIDAVIT OF ANIL KALHAN UNDER FED. R. CIV. P. 53(B)(3)

I, Anil Kalhan, being first duly sworn, state the following:

1.    I am an attorney in good standing licensed to practice law in the State of New York since 2000. My New York bar number is 3896289.

2.    I am a Professor of Law at Drexel University in Philadelphia, Pennsylvania. I have held this position since August 2008.

3.    Pursuant to a Settlement Agreement in the above-captioned matter, I understand that I am being considered for appointment as a Special Master by the Honorable Mark A. Goldsmith (U.S. District Court for the Eastern District of Michigan).

4.    I am submitting this Affidavit in accordance with Federal Rule of Civil Procedure 53(b)(3)(A).

5.    I have been informed by counsel for both the parties in the above-captioned case of the nature of this case. I have also thoroughly familiarized myself with the issues and parties involved in this case.

6.    Based on my knowledge of the case, I hereby attest and affirm that I am not aware of any grounds for disqualification under 28 U.S.C. § 455 that would prevent me from serving as the Special Master in this action.

I declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the foregoing is true and correct.

Executed on May ___, 2024, in _____, Illinois _____

Anil Kalhan

STATE OF _____   )

County of _____   )

Sworn to and subscribed before me this ___ day of May 2024.

DANIEL R SCOTT
Official Seal
Notary Public - State of Illinois
My Commission Expires Nov 16, 2026

2