INCONSISTENT PAGE NUMBERS

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

USAMA JAMIL HAMAMA, et al.,

    Petitioners and Plaintiffs,

v.

REBECCA ADDUCCI, et al.,

    Respondents and Defendants.

Case No. 2:17-cv-11910
Hon. Mark A. Goldsmith
Mag. David R. Grand

Class Action

FILED
FEB 13 2026
CLERK'S OFFICE
DETROIT

**MOTION FOR RELEASE AND
TO APPEAR IN PRO PER**

**AND BRIEF IN SUPPORT OF MOTION**

demonstrate[ing] a very high likelihood of imminent removal, by demonstrating that Iraq has already provided a Travel Document and ICE has already arranged a removal itinerary for the very near future." *Id.* Section IV.B.4.d.ii.4., e. Absent such a showing, this Court must order the Class Member's release. *Id.*, Section IV.B.4.e.

I have been detained since 07/10/2025 [3. IMMIGRATION DETENTION BOOKING DATE], which is approximately 210 [4. NUMBER OF DAYS] days as of 02/04/2026 [5. TODAY'S DATE]. Based on the information available to me, there is no indication that ICE has already arranged a removal itinerary for the very near future. Therefore, I do not believe my removal is very highly likely and imminent.

### ARGUMENT

**a. The Court Has Jurisdiction to Hear My Motion for Release.**

The Settlement Agreement gives the Court the authority to review "challenges to prolonged detention or based on limitations on detention specifically contained in this Agreement brought by individual Class Members," except those which the Settlement Agreement specifies should go before the Special Master. Section VIII.A.2. The Settlement Agreement states that a Category 1 Class Member's challenge to prolonged detention lasting 180 days or more may be brought before

the Court. Section IV.B.4.e. I satisfy all of the criteria for Court review.[1]

The Settlement Agreement covers a Class of "all Iraqi nationals in the United States who had Final Orders of Removal at any points between March 1, 2017 and June 24, 2017." Section I.B.6. I am an Iraqi national who is currently in the United States. ICE issued me a Final Order of Removal on __2015__ [6. DATE ON YOUR INITIAL REMOVAL ORDER], and that Order was in effect during the period between March 1, 2017, and June 24, 2017. Thus, I am a class member with a final order of removal.

Upon information and belief, ICE has conducted a Category Review for me and has designated me as a Category _1_ individual. *See* Settlement Agreement, Section II.[2] Finally, I have been detained by ICE for more than 180 days. I am currently detained in ICE custody at __Nevada Sotherern Detention Center__ [7. NAME OF THE FACILITY WHERE YOU ARE DETAINED]. Upon information and belief, I have been detained there since __07/10/2025__ [8. IMMIGRATION DETENTION

---

[1] The Settlement Agreement also requires me to attempt to meet and confer with the government prior to seeking release. Section VIII.C.1. I reached out to the government's attorneys on _____ [9. DATE] via email, and as of the filing of this motion, _____ [10.] [my concerns regarding my continued detention have not been resolved] / [the government has not responded to my request for a meet and confer in the required five business days].

[2] While I reserve the right to challenge the correctness of that designation before the Special Master, I am not disputing my Category 1 status in this motion.

3

BOOKING DATE], which amounts to approximately _210 days_ [11. NUMBER OF DAYS]—i.e., more than 180 days.

b. **I am entitled to immediate release because ICE has not clearly demonstrated a very high likelihood of imminent removal.**

Pursuant to Section IV.B.4.e. of the Class Settlement Agreement, ICE may only continue to detain me beyond 180 days if they can "clearly demonstrate[] a very high likelihood of imminent removal." To do so, ICE must "demonstrate[e] that Iraq has already provided a Travel Document and ICE has already arranged a removal itinerary for the very near future." *Id.* As of the filing of this motion, ICE has told me that Iraq has issued a travel document for me. However, they have shown me any removal itinerary for the very near future or any other evidence that my removal is very highly likely and imminent.

[12.] _I have spoke to Ice supervisor Adams and told me on 01/22/2026 that Ice has been trying to get travel documents but have not been able to get them._

_____

_____

_____

_____

Thus, there is no evidence ICE has already arranged a removal itinerary for the very near future. Even with a travel document, the lack of a removal itinerary for the very near future should be dispositive: under the Settlement Agreement, ICE needs to show *both* a travel document and a removal itinerary in order to continue detaining me. *See* Section IV.B.4.e.

In addition, the record in this case shows how difficult it is for ICE to remove people to Iraq. Indeed, the Court found in 2018 that, based on the "plethora of credible evidence on support of their position… Petitioners' removal is not significantly likely in the reasonably foreseeable future." ECF No. 490, PageID.14189 - 14190. The difficulties that ICE had at that time continue. Indeed, data collected by *Hamama* Class Counsel show that ICE has only been able to remove 53 of the 1143 class members (~4%) with final orders of removal. Declaration of Lisa Gore, Exhibit A at ¶¶ 3-4. Those 53 removed class members spent an average of 253 days in detention prior to their removal, with some spending over 800 days. *Id.* at ¶ 5. In addition, once ICE was able to obtain travel documents for a detained class member, those class members averaged an additional 85 days in

detention before ICE was able to effect their removal, with some spending as long as an additional 150 days. *Id.* at ¶ 6.

[13.] I will comply with any supervision ICE may impose if IM released.

Accordingly, absent evidentiary support in the response to this motion that ICE has already arranged a removal itinerary for the very near future, I should be immediately released. If I am released and ICE is then able to arrange a removal itinerary, I am willing to report to the airport for removal or, if ICE deems it necessary, to be detained for the very limited time it would take for ICE to ensure that I embark on the plane they have arranged for me.

### c. I request permission to proceed in pro per.

Section VIII.G.1. of the Settlement Agreement provides that class members may appear in pro per with the Court's approval. I am currently unable to afford an attorney and have not been able to find *pro bono* legal representation to file this motion. In addition, Class Counsel is unable to represent me directly in filing this motion. Therefore, to ensure that I can access the relief provided by the Settlement Agreement, I am respectfully requesting that this Court allow me to file in pro per.

## CONCLUSION

Despite ordering me removed _nine_ [14. HOW MANY YEARS AGO] years ago and detaining me for roughly _seven_ [15. HOW MANY MONTHS] months, ICE has not yet removed me to Iraq. In fact, as evidenced by the lack of a removal itinerary for the very near future, my removal is nowhere near imminent. I respectfully request that this Court use its authority under the Settlement Agreement to immediately release me from detention.

I declare under penalty of perjury that the foregoing information concerning me and my detention is true and correct to the best of my information and belief.

Respectfully executed and submitted,

_[signature]_ [16. SIGNATURE]

_Ali Alhussein ( A# 202 159 317)_ [17. YOUR NAME & A NUMBER]

_02/04/2026_ [18. TODAY'S DATE]

Currently detained at:

[19. NAME & ADDRESS OF DETENTION FACILITY]

Nevada Sothern
Detention Center
2190 E Mesquite Avenue
Pahrump, NV 89060

# Exhibit A
# Declaration of Lisa Gore

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| USAMA JAMIL HAMAMA, et al., *Petitioners/Plaintiffs,* v. REBECCA ADDUCCI, et al., *Respondents/Defendants.* | Case No. 2:17-cv-11910 Hon. Mark A. Goldsmith Mag. David R. Grand Class Action |

## DECLARATION OF LISA GORE

I, Lisa Gore, make this statement under penalty of perjury of the laws of the United States and if called to testify I could and would do so competently based upon my personal knowledge as follows:

1. I work as a paralegal at the American Civil Liberties Union of Michigan where I have been an employee for the past five years. My job responsibilities include providing litigation and administrative support for staff attorneys, maintaining our intake database, and managing data sets for various projects. Since 2019, I have been tracking class member information in the *Hamama* litigation. I maintain and regularly update various spreadsheets containing information about class members' detention history, removals and releases, and updates in the procedural history of their individual immigration cases.

2. This declaration is based on data provided by Respondents in this litigation, as well as data from immigration attorneys and publicly available sources.

3. While all *Hamama* class members (by definition) had final orders of removal when this case began, some successfully reopened their cases and won immigration relief. Some are still litigating their immigration cases, and others reopened but then lost. According to class data provided by Respondents and current as of June 2, 2024, there are approximately 1143 class members with final orders. I have excluded from this number class members who have a final order granting withholding or relief under the Convention Against

1

Torture (CAT) and cannot be removed to Iraq (where the government data showed this information). We do not have comprehensive information about whether other individuals aside from those identified by the government may have CAT/withholding.

4. The government's data shows that ICE has removed approximately 53 class members since this case began in June 2017. In other words, in the last seven years, ICE has removed around 4.39% of those who had final orders when the case began, and around 4.64% of those who have final orders as of June 2, 2024 (i.e., excluding those who had been granted CAT/withholding). While there was initially a preliminary injunction in this case staying removal of class members, the Sixth Circuit vacated the injunction on December 20, 2018, *Hamama v. Adducci*, 912 F.3d 869 (6th Cir. 2018), meaning that there has not been any legal impediment to removal of class members with final orders since the mandate entered in April 2019.

5. According to our records, there have been 421 class members who have been detained at some point since June 2017. Of those 421 class members, 273 had final orders as of June 2, 2024. All 53 of the class members who were removed had been detained. On average, the 53 removed detainees spent approximately 252.96 days in detention prior to their removal. There were at least two class members who spent over 800 days in detention prior to removal.

6. For 39 of the 53 class members who were removed, our records contain information about when ICE was able to obtain travel documents. Even after ICE obtained travel documents from Iraq for those 39 individuals, they spent an average of 84.66 days in detention before they were ultimately removed. Some spent as long as 150 days in detention even after ICE had obtained travel documents from Iraq.

7. Of the 53 class members who have been removed, a significant number involve "voluntary" repatriations. The Court found in 2018 that Iraq was not accepting forced repatriations. ECF No. 490, PageID.14183. During the initial year and half of this case, when hundreds of class members were in detention, some agreed to be removed rather than to remain detained. *Id.* at PageID.14184 (noting that at least twenty-two class members had signed forms for voluntary removal to Iraq). There are approximately 30 class members who were removed between June 15, 2017, when this case began, and December 20,

2

2018, which is the date by which Respondents were ordered to release almost all class members, after which only a small number of class members have been in detention. *See* ECF No. 490, PageID.14200   14201 (giving Respondents 30 days from November 20, 2018, to release class members who had been detained over six months).

8. Only about 23 class members have been removed in the five and a half years since December 20, 2018. It is unclear how many of those are voluntary repatriations.

9. As of August 1, 2024, there were seven class members in detention, of whom five have final orders and two do not. Of those seven detained class members, all but one have been in detention more than 180 days. Three have been in detention for over 300 days, with one held for more than 400 days, and one held for over 500 days.

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct.

Executed, August 6, 2024, in Detroit, Michigan.

_____
Lisa Gore

Subscribed and sworn to before me, a notary public, on August 6, 2024.

_____
Daniel S. Korobkin

Acting in the County of Wayne.

3

# Motion D:

# **Motion to Court Seeking Release After 180 Days of Detention (No Removal Itinerary)**

Ali Alhussein (A# 202 159 317)
Nevada Southern Detention Center
2190 E Mesquite Avenue
Pahrump, NV 89060

Theodore Levin United States
Courthouse
Clerk's Office, Room 599
231 W. Lafayette Blvd.
Detroit, MI 48226

RECEIVED
FEB 13 2025
CLERK'S OFFICE
U.S. DISTRICT COURT