UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

USAMA JAMIL HAMAMA, et al.,

                Petitioners,

v.

REBECCA ADDUCCI, et al.,

                Respondents.

_____/

Case No. 17-cv-11910
Hon. Mark A. Goldsmith
Mag. Judge David R. Grand

### ORDER OF THE SPECIAL MASTER

Pending before the Special Master is an emergency motion filed on April 20, 2026 by ███ ███, a *Hamama* Class Member who the Special Master previously ordered ICE to release from detention in an order issued on April 10, 2026 ("April 10, 2026 Order").[1] Emergency Mot. to Enforce the Order of the Special Master (Apr. 20, 2026) ("Emergency Mot. to Enforce"); Order of the Special Master (Apr. 10, 2026) (Dkts. 770, 771). The emergency motion claims that "rather than comply[ing] with the dictates of the Special Master's Order and the terms of the Settlement Agreement," ICE has instead "refus[ed] to comply" and has continued to detain Mr. ███ in "defiance of the Special Master's order of release." Emergency Mot. to Enforce at 2–3, 4. Arguing that ICE is "rely[ing] on inapposite sections" of the Settlement Agreement to "disobey a lawful order," the motion requests that the Special Master enforce the April 10, 2026 Order and direct Mr. ███'s immediate release. *Id.* at 7. In response, ICE argues that the emergency motion is "premature" because Mr. ███ was required under Section VIII.C of the Agreement to "meet and confer" with ICE before filing the emergency motion, and suggests that "the issues raised in the motion can be addressed, and likely resolved, through this process." Opp'n to Emergency Mot. to Enforce (Apr. 20, 2026, at 7:41 PM) (via email).

The April 10, 2026 Order found that Mr. ███ has remained a Category 2 Individual throughout his current period of detention, since the evidentiary record contained no formal, contemporaneous documentation that ICE conducted a Category Determination applying the

---

[1] This Order incorporates and uses terms and definitions set forth in the Settlement Agreement.

1

framework in Sections II.A–B of the Settlement Agreement to reclassify Mr. ▮▮▮ as a Category 1 Individual before detaining him in January 2026. Order of the Special Master at 9–12 (Apr. 10, 2026) (Dkts. 770, 771). Accordingly, the April 10, 2026 Order concluded that ICE's initial detention of Mr. ▮▮▮ in January 2026 likely was without legal authorization, since none of the prerequisites to detention in Sections IV.B.5.b appeared to have been satisfied—but that in any event, his continued detention was no longer permissible under Section IV.B.5, since more than thirty days had elapsed since ICE obtained a Travel Document from Iraq and the Agreement provided no other legal basis for his continued detention at a Category 2 Individual. *Id.* at 12–13.

Under the terms of the Settlement Agreement and the Second Amended Stipulated Order Appointing Special Master, ICE was obligated to release Mr. ▮▮▮ "within five (5) days of receipt of the Special Master's order," Agreement § VIII.D.3.d, unless it filed a written objection with the District Court and served the Special Master, in which case its "binding" obligation to release Mr. ▮▮▮ would have been "stayed for 10 business days to allow the Court time to consider the objection." Second Amended Stipulated Order Appointing Special Master ¶ 8 (Oct. 11, 2024) (Dkt. 737). ICE did not file and serve any written objection to the April 10, 2026 Order within the required timeframe. However, late in the evening on April 15, 2026—shortly before the period within which ICE was required to release Mr. ▮▮▮ was set to expire—ICE notified the District Court that it had finalized an itinerary for Mr. ▮▮▮'s removal and intended to continue Mr. ▮▮▮'s detention for thirty days, purportedly under Section IV.B.4.d.ii.8 of the Agreement. Emergency Mot. to Enforce at 2; Agreement § IV.B.4.d.ii.8. In his emergency motion, Mr. ▮▮▮ argues that having been determined by the Special Master to remain a Category 2 Individual, he is not permissibly subject to detention under Section IV.B.4.d.ii.8 at all, since that provision by its terms applies only to Category 1 Individuals. Emergency Mot. to Enforce at 4–5.

In opposition to Mr. ▮▮▮'s emergency motion to enforce, ICE argues (without addressing the merits) that the motion is "premature" and requests that the Special Master "direct the parties to comply with their meet-and-confer obligations" under Section VIII.C of the Settlement Agreement "before further consideration of the motion." Opp'n to Emergency Mot. to Enforce. It is not at all clear that ICE interprets the Agreement's provisions correctly. Section VIII.C.1 requires the parties to meet and confer "prior to seeking any *review* under this Agreement by the Special Master or the Court." Agreement § VIII.C (emphasis added). However, Mr. ▮▮▮'s emergency motion to enforce does not seek "review" of any alleged violation by ICE of the Agreement. That review has already taken place, culminating in the April 10, 2026 Order. Rather, Mr. ▮▮▮ seeks *enforcement* of an order that the Special Master already has issued, as contemplated

2

by Section VIII.D.3.f of the Agreement, after review has taken place. *Id.* § VIII.D.3.f. Section VIII.D.3.f itself contains no meet-and-confer requirement, and it is far from clear that Section VIII.C's pre-adjudication meet-and-confer framework applies to a motion seeking enforcement of an order that already has been issued, after review and adjudication have been completed. Indeed, if Section VIII.C's meet-and-confer provisions were interpreted to apply to enforcement proceedings under Section VIII.D.3.f, that reading would risk turning *every* order by the Special Master to release a Class Member into a matter merely subject to further negotiation, enabling ICE to defeat or delay enforcement of such orders—as a matter of course—by disregarding the order and then invoking the claimed meet-and-confer obligation as a prerequisite to the filing of any motion to enforce. Such a result would appear to be flatly inconsistent with the text, structure, and parties' intentions in the Settlement Agreement.

In any event, ICE's request that the Special Master direct the parties to meet and confer before further consideration of the emergency motion to enforce cannot be entertained for a more basic reason. Section VIII.D.3.f of the Settlement Agreement provides that a party "may move the Court for enforcement of an order of the Special Master if a Party does not comply with such an order," but does not by itself confer any concurrent enforcement authority upon the Special Master. Agreement § VIII.D.3.f. Any motion under Section VIII.D.3.f for enforcement of the April 10, 2026 Order on the ground of noncompliance therefore must be directed to the District Court, not to the Special Master.

For the foregoing reasons, the emergency motion to enforce the April 10, 2026 Order is dismissed for lack of jurisdiction. Dismissal is without prejudice to any subsequent motion to enforce over which the District Court might properly have jurisdiction under Sections VIII.D.3.f or VIII.A.1 of the Settlement Agreement, Agreement §§ VIII.A.1, VIII.D.3.f, and does not preclude any other future request for relief under circumstances in which the Special Master (or as appropriate, the District Court or another court) might properly have jurisdiction.

Date: April 21, 2026

/s/ Anil Kalhan
ANIL KALHAN
Special Master

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served and filed, as required under the terms of the Settlement Agreement (Dkt. 717-2) and Second Amended Stipulated Order Appointing Special Master (Dkt. 737) in *Hamama v. Adducci*, No. 17-cv-11910 (E.D. Mich.), on April 21, 2026.

/s/Anil Kalhan
Special Master