IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **USAMA JAMIL HAMAMA**, et al.,<br><br>  Petitioners and Plaintiffs,<br><br>  v.<br><br>**REBECCA ADDUCCI**, et al.,<br><br>  Respondents and Defendants. | Case No. 2:17-cv-11910<br>Hon. Mark A. Goldsmith<br>Mag. David R. Grand<br><br>Class Action |

## MOTION TO ENFORCE THE ORDER OF THE SPECIAL MASTER (ECF NOS 770, 771) ORDERING RELEASE OF ███████████

In accordance with E.D. Mich. LR 7.1(a), Class Counsel sought concurrence from opposing counsel.  Opposing counsel did not concur.

For the reasons outlined in the accompanying brief, Class Counsel asks this Court to enforce the Order of the Special Master filed on April 10, 2026, which ordered Defendants to release Mr. ███████████ (ECF Nos. 770, 771), and require Defendants to release Mr. ███ immediately. As Mr. ███ is being unlawfully detained, Class Counsel respectfully asks that this Court order Defendants to respond to this motion within 24 hours.

Respectfully submitted,


s/Ewurama Appiagyei-Dankah
Ewurama Appiagyei-Dankah (P88212)
Miriam Aukerman (P63165)

American Civil Liberties Union
  Fund of Michigan
1514 Wealthy SE, Suite 260
Grand Rapids, MI 49506
(616) 301-0930
eadankah@aclumich.org

Bonsitu Kitaba-Gaviglio (P78822)
American Civil Liberties Union
  Fund of Michigan
2966 Woodward Ave.
Detroit, MI 48201
(313) 578-6800
bkitaba@aclumich.org

Dated: April 24, 2026

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**USAMA JAMIL HAMAMA**, et al.,

    Petitioners and Plaintiffs,

    v.

**REBECCA ADDUCCI**, et al.,

    Respondents and Defendants.

Case No. 2:17-cv-11910
Hon. Mark A. Goldsmith
Mag. David R. Grand

Class Action

**PLAINTIFFS' BRIEF IN SUPPORT OF MOTION TO ENFORCE THE ORDER OF THE SPECIAL MASTER (ECF NOS. 770, 771) ORDERING RELEASE OF** ███████████████

1

Pursuant to Section VIII.D.3.f of the *Hamama* Settlement Agreement ("the Settlement") (ECF No. 717-2), Class Counsel files this Motion to Enforce the Order of the Special Master filed on April 10, 2026, which ordered Defendants to release Mr. ▮▮▮▮▮▮▮▮ (ECF Nos. 770, 771). Although Mr. ▮▮ was represented by his immigration counsel before the Special Master, Class Counsel files this motion because of Class Counsel's interest in ensuring that Defendants comply with orders issued by the Special Master.[1]

On April 10, 2026, the Special Master ordered Defendants to release Mr. ▮▮ from detention, finding that he is a Category 2 *Hamama* class member under the Settlement (ECF No. 770, PageID.19986) and, accordingly, can only be detained for "up to thirty (30) days to effectuate removal." Settlement, § IV.B.5.g, ECF No. 717-2, PageID.18950. Defendants neither filed an objection to the Special Master's order with the Court nor released Mr. ▮▮. As of April 24, 2026, Mr. ▮▮ has been in detention for 85 days, far beyond what the Settlement permits for a Category 2 class member. Accordingly, Class Counsel asks this Court to enforce the Special Master's order and require Defendants to release Mr. ▮▮ immediately.

---

[1] Counsel have redacted this document consistent with the Stipulated Order Appointing Special Master, ECF No. 727, PageID.19060, which requires redaction of sensitive or confidential information that could jeopardize a class member's security. An unredacted copy is being filed under seal.

## I.     Background

ICE detained Mr. ███ on January 29, 2026. Special Master Order, ECF No. 770, PageID.19976.  On March 10, 2026, through his immigration counsel, Mr. ███ filed a Motion for Release before the Special Master (Exhibit A). Defendants filed an opposition to release (Exhibit B), and Mr. ███ filed a reply (Exhibit C). On April 10, 2026, the Special Master granted Mr. ███'s Motion for Release and ordered Defendants to release Mr. ███. ECF No. 770, PageID.19988.

In order to contest an order of release entered by the Special Master, a party must file a written objection with the Court within two business days. Stipulated Order Appointing Special Master, ECF No. 727, PageID.19060, ¶ 8 ("Stipulated Order"). Defendants did not do so. Instead, on April 15, 2026, five days after the Special Master's order entered, Defendants filed a Notice of Intent to Continue Detention for Mr. ███, ECF No. 772, claiming that his continued detention was authorized under § IV.B.4.d.ii.8 of the Settlement.

Mr. ███'s immigration counsel then filed a Motion to Enforce with the Special Master (Exhibit D) arguing that § IV.B.4.d.ii.8 is inapplicable because the Special Master had found that Mr. ███ is a Category 2 class member. Defendants sent an email response to the Special Master (Exhibit E). The Special Master issued a decision rejecting assertions made by the Defendants but dismissing Mr. ███'s Motion to Enforce for lack of jurisdiction on the grounds that the Settlement vests

3

enforcement authority with the Court. *See* Order of the Special Master, ECF 773.

Mr. ████ remains in custody at this time.

    II.    **Defendants' Continued Detention of Mr. ████ Violates Both the Settlement and the Stipulated Order Appointing Special Master.**

    **A. Defendants Failed to Follow the Stipulated Process for Objecting to the Special Master's Release Order.**

Defendants' continued detention of Mr. ████ violates the Settlement and the Stipulated Order Appointing Special Master. Where Defendants failed to follow the timeline and procedure for objecting to the order of the Special Master, they cannot use their disagreement with that decision to keep Mr. ████ in detention.

Orders issued by the Special Master are "final and binding unless a party or class member files a written objection with the Court and serves the Special Master." Stipulated Order, ECF No. 727, PageID.19060, ¶ 8. To contest a release order, Defendants must file "a written objection" with the Court, and they must do so "within two business days after being served with the Special Master's order." *Id.* If no objection is filed within two business days, then "Respondents shall release the Class Member within five (5) days of receipt of the Special Master's order." Settlement, § VIII.D.3.d, ECF No. 717-2, PageID.18963.

Here, as Defendants did not file an objection within two days of the Special Master's April 10, 2026 release order, they failed to timely object as required by the Stipulated Order. ECF No. 727, PageID.19060, ¶ 8. Because Defendants did not file

4

a timely objection to the Special Master's order, they were required to release Mr. ███ within five days—that is, by April 15, 2026. Settlement, § IV.B.5.g., ECF No. 717-2, PageID.18950. Instead, on April 15, 2026, Defendants filed a Notice of Intent to Continue Detention. ECF No. 772.

Both parties agreed to the terms of the Settlement and Stipulated Order, which establish that as to orders of the Special Master, this Court functions as an appellate court with reviewing authority. Stipulated Order, ECF No. 727, PageID.19060-19061, ¶¶ 8, 9. As with any other appeal process, parties must adhere to filing deadlines. Defendants have failed to do so here and cannot simply keep Mr. ███ in detention based on their disagreement with the Special Master's decision.

### B. The Special Master has Already Rejected Defendants' Arguments that Purport to Justify Mr. ███'s Continued Detention.

Defendants try to justify Mr. ███'s continued detention by arguing that they are not defying the Special Master's order, but rather are continuing detention under § IV.B.4.d.ii.8 of the Settlement. But that claim has already been decided—against them—by the Special Master. First, the Special Master concluded that Mr. ███ is a Category 2 class member, rejecting Defendants' argument that he should be designated as a Category 1 class member.  ECF No. 770, PageID.19986. Likewise, and based on his status as a Category 2 class member, the Special Master rejected Defendants' argument that Mr. ███'s continued detention is justified under §

5

IV.B.4.d.ii.8 of the Settlement. Because Mr. ███ is a Category 2 class member, the Special Master concluded that § IV.B.5.g of the Settlement—not § IV.B.4.d.ii.8— governs under what circumstances and for how long Mr. ███ can be detained. ECF No. 770, PageID.19986-19987. The Special Master further found that:

> Although Section IV.B.5.g permits ICE to detain a Category 2 Individual for up to thirty days to effectuate removal "[o]nce ICE has obtained a Travel Document from Iraq," and ICE did obtain a Travel Document from Iraq for Mr. ███ while he has been in detention, on ███████████, more than thirty days have now passed since that date. Accordingly, even if Mr. ███'s initial detention as a Category 2 Individual might have been permissible on some basis, his continued detention is no longer permissible under Section IV.B.5.

ECF No. 770, PageID.19987. Mr. ███ has already been detained far beyond the thirty days permissible for Category 2 class members. ICE can require Mr. ███ to report for removal if, in fact, it can remove him to Iraq despite current conditions in the Middle East.[2] But it can no longer detain him while it seeks to effectuate his removal.

## CONCLUSION

Defendants' refusal to release Mr. ███ contravenes the Special Master's order and flies in the face of the Settlement's core purpose: preventing the prolonged detention of *Hamama* class members.  Class Counsel respectfully requests that this

---

[2] *See* Special Master Order, ECF No. 768, PageID.19953 ("Moreover, as ICE acknowledges, Bradley Decl. ¶ 24, the ongoing military conflict and closure of airspace in the Persian Gulf region has created significant uncertainties concerning the likelihood of any removals to Iraq [.]")

Court enforce the Special Master's order granting Mr. ███'s Motion for Release and instruct Defendants to release Mr. ███ immediately.  Additionally, as Mr. ███ is being unlawfully detained, Class Counsel respectfully asks that this Court order Defendants to respond to this motion within 24 hours.

Respectfully submitted,

s/Ewurama Appiagyei-Dankah
Ewurama Appiagyei-Dankah (P88212)
Miriam Aukerman (P63165)
American Civil Liberties Union
  Fund of Michigan
1514 Wealthy SE, Suite 260
Grand Rapids, MI 49506
(616) 301-0930
eadankah@aclumich.org

Bonsitu Kitaba-Gaviglio (P78822)
American Civil Liberties Union
  Fund of Michigan
2966 Woodward Ave.
Detroit, MI 48201
(313) 578-6800
bkitaba@aclumich.org

Dated: April 24, 2026

7

## LOCAL RULE CERTIFICATION

I, Ewurama Appiagyei-Dankah, certify that this document conforms to the page limits set forth in the Stipulated Order Appointing Special Master and complies with terms set under the Local Rules.

s/Ewurama Appiagyei-Dankah (P88212)

**CERTIFICATE OF SERVICE**

I, Ewurama Appiagyei-Dankah, certify that I will serve an unredacted copy of

this motion and exhibits upon counsel for Defendants on April 24, 2026.

Respectfully submitted,

s/Ewurama Appiagyei-Dankah
Ewurama Appiagyei-Dankah (P88212)
American Civil Liberties Union
  Fund of Michigan
1514 Wealthy SE, Suite 260
Grand Rapids, MI 49506
(616) 301-0930
eadankah@aclumich.org