**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| **USAMA JAMIL HAMAMA**, et al., | |
| Petitioners and Plaintiffs, | Case No. 2:17-cv-11910 |
| | Hon. Mark A. Goldsmith |
| v. | Mag. David R. Grand |
| **REBECCA ADDUCCI**, et al., | Class Action |
| Respondents and Defendants. | |

**RESPONDENTS' RESPONSE TO PLAINTIFFS'**
**MOTION TO ENFORCE THE ORDER OF THE SPECIAL MASTER**
**(ECF NOS 770, 771) ORDERING RELEASE OF** ███████████

On April 24, 2026, Plaintiffs filed an Emergency Motion to Enforce the Order

of the Special Master ("Motion"), which ordered the release of class member ████

███████████ ("████████"). ECF No. 775, PageID.20031. Plaintiffs allege

Respondents continued to detain ████████ in violation of the Special Master's Order

and the *Hamama* Settlement Agreement ("Agreement"). However, because the class

member at issue was not detained in violation of the Agreement and has since been

removed, Respondents respectfully request the Court dismiss the Motion as moot.

1

## I.        Background

On March 10, 2026, class member ████████████████, through private counsel, submitted a request for release with the Special Master under Section IV.B.4.d.ii of the Agreement. ECF No. 717-2, PageID.18935. At the time of filing, ████████ was a *Hamama* class member who was in immigration detention at the ████████████████████████████████████ pending removal since January 29, 2026.

On March 20, 2026, Respondents submitted their opposition to ████████ request for release, arguing that he was a Category 1 class member not yet subject to release, and that, in addition to his criminal conduct, there was a significant likelihood of ████████ removal in the reasonably foreseeable future. ECF No. 776-3. Respondents' position on his category was supported by a ████████ ████ Sworn Petition for Protection Order, filed by ████████ ████ citing ████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████ *Id.* Respondents' position on the likelihood of ████████ removal was supported by the Travel Document issued to ████████ by the Iraqi Embassy, and the March 20, 2026, declaration of Supervisory Detention and Deportation Officer ████████. *Id.*

On April 10, 2026, the Special Master ordered ███████ release, finding that Respondents had not submitted sufficient evidence to establish that ICE conducted a Category Determination applying the categorization framework in Sections II.A–B. ECF No. 770, PageID.19981-87. As such, the Special Master found that ███████ was a Category 2 class member subject to release. *Id*. The Special Master did not reach the question of whether Respondents had provided sufficient evidence to demonstrate a "significant likelihood of removal in the reasonably foreseeable future" as required by Section IV.B.4.d.ii.6 or Section IV.B.4.e of the Agreement. *Id*. Under the terms of the Agreement, ███████ needed to be released by April 15, 2026, absent an objection by Respondents to the Special Master's Order filed with the District Court within two business days of the Order. *See* Agreement, ECF. 717-2, PageID.18963, § VIII.D.3.d; *see also* Amended Stipulated Order Appointing Special Master, ECF No. 730, PageID.19078, ¶ 8.

Respondents did not file an objection. However, on April 15, 2026, ICE finalized an itinerary for ███████ removal, scheduled to occur within thirty days.[1] Accordingly, Respondents promptly filed a Notice of Intent to Continue Detention for Removal with a copy of the itinerary, invoking the provision in the Agreement

---

[1] At the time Respondents filed their Notice for Intent to Continue Detention, ███████ removal was scheduled to occur on May 14, 2026.

permitting continued detention for up to thirty days to effectuate removal. *See* ECF No. 772 (citing Agreement, ECF No.717-2, PageID.18949, § IV.B.4.d.ii.8).

On April 20, 2026, ▮▮▮▮▮▮ through private counsel, filed an Emergency Motion to Enforce the Order of the Special Master before the Special Master. ECF No. 776-2. Respondents, via email, objected to the filing of this motion since counsel did not request to meet and confer. ECF No. 776-6. Respondents informed the Special Master that this matter could be resolved without Special Master or judicial intervention. *Id*. The Special Master dismissed the motion for lack of jurisdiction on April 21, 2026. ECF No. 773, PageID.20022. In the interest of judicial economy, Respondents emailed private counsel explaining the authority outlined *infra* supporting the continued detention.

On April 24, 2026, ▮▮▮▮▮▮ now through Class Counsel, filed the instant Motion with the Court.[2] For the foregoing reasons, the Motion should be dismissed.

II.     **Plaintiffs' Emergency Motion to Enforce is moot because ▮▮▮▮▮▮ was removed on April ▮, 2026, pursuant to his final order of removal**.

On April ▮, 2026, ▮▮▮▮▮▮ was removed to Iraq. Because ▮▮▮▮▮▮ is no longer in detention, and there is no ongoing relief for the Court to enforce, the

---

[2]     In accordance with E.D. Mich. LR 7.1(a), Class Counsel sought concurrence from Respondents prior to filing the Motion. Respondents did not concur and again provided the authority in the Agreement which permitted the continued detention. *See* Agreement, ECF No.717-2, PageID.18949, 18950, §§ IV.B.4.d.ii.8, IV.B.5.g.

Motion is now moot. ▮▮▮▮ was removed pursuant to a final order of removal dated June 12, 2007. There were no appeals or stays pending appeal in place at the time of his removal and, similarly, nothing in the Agreement restricted or prevented Respondents from effectuating ▮▮ ▮▮▮ removal. *See* Agreement, ECF No. 717-2, PageID.18944, 18959, §§ III.G., VIII. A.4. Thus, the Court should dismiss the Motion.

**III.      ▮▮▮▮▮ continued detention was permitted under the Agreement.**

Notwithstanding his removal, Respondents' continued detention of ▮▮▮▮ was proper under the Agreement. ICE maintains that ▮▮▮ properly fell within Category 1, which permitted his initial detention for up to ninety days to effectuate removal.[3] *See* Agreement, ECF No.717-2, PageID.18948, § IV.B.4.c. Further, ICE has the authority to continue the detention of Category 1 class members under Section IV.B.4.d.ii.8. of the Agreement, which provides:

> Any release ordered by the Special Master does not preclude detention for removal for up to thirty (30) days once an itinerary is finalized and the Class Member has returned to ICE custody.

Agreement, ECF No.717-2, PageID.18949, § IV.B.4.d.ii.8.

Respondents acknowledge that the Special Master did not agree with ICE's categorization and found ▮▮▮▮ to be a Category 2 member. ECF No. 770,

---

[3]      ▮▮▮▮ had not been detained for ninety days at the time of filing his Emergency Motion for Release before the Special Master. By the time he was removed, ▮▮▮▮ had been detained for a total of eighty-six continuous days.

5

PageID.19987. However, even as a Category 2 class member, the Agreement permits ICE to continue detention once a travel document is obtained for up to thirty days to effectuate removal under Section IV.B.5.g.[4] ECF No.717-2, PageID.18950, § IV.B.5.g.

Consistent with these provisions, the government filed its Notice of Intent to Continue Detention on April 15, 2026, and provided a copy of the itinerary, finalized that same day, showing the removal was scheduled to occur within thirty days, or before May 15, 2026. ECF No. 772. In fact, ███████ removal operation was rescheduled for an earlier date when it became available. Thus, ICE's continued detention of ██████ was fully compliant with both the letter and intent of the Agreement, and the Motion should have been dismissed notwithstanding his removal.

## IV. Conclusion

██████ was lawfully detained in accordance with the Agreement and was removed pursuant to a final order of removal. At all relevant times, Respondents

---

[4] Respondents dispute Plaintiffs' contention that the Special Master already rejected this provision of the Agreement as a valid reason for continued detention. *See* Motion, ECF. 775, PageID. 20038, at 6. The Special Master's observation regarding this provision was made *sua sponte,* before Respondents had invoked or briefed it as a basis for continued detention. As such, it cannot reasonably be construed as an adjudication of the issue.

acted within the scope of their legal authority. As such, the Motion should be dismissed.

Dated:  April 28, 2026                                          Respectfully submitted,

                                                                BRETT A. SHUMATE
                                                                Assistant Attorney General
                                                                Civil Division

                                                                ANTHONY P. NICASTRO
                                                                Acting Director

                                                                WILLIAM C. SILVIS
                                                                Assistant Director

                                                                CARA E. ALSTERBERG
                                                                Acting Assistant Director

                                                                ANDREW C. ABRAMS
                                                                Trial Attorney

                                                                */s/ Camila Yori*
                                                                CAMILA YORI
                                                                Trial Attorney
                                                                U.S. Department of Justice
                                                                Civil Division
                                                                Office of Immigration Litigation
                                                                P.O. Box 878. Ben Franklin Station
                                                                Washington, DC 20044
                                                                Tel: (202) 880-0385
                                                                camila.yori2@usdoj.gov

                                                                *Counsel for Defendants-Respondents*

## CERTIFICATE OF SERVICE

I hereby certify that on this date, a true and correct copy of the foregoing will be served via CM/ECF upon all counsel of record.


Dated:  April 28, 2026                    Respectfully submitted,

                                          */s/ Camila Yori*
                                          CAMILA YORI

                                          *Counsel for Defendants-Respondents*