# Exhibit A
Proposed Order

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**USAMA JAMIL HAMAMA**, et al.,

    Petitioners and Plaintiffs,

    v.

**REBECCA ADDUCCI**, et al.,

    Respondents and Defendants.

Case No. 2:17-cv-11910
Hon. Mark A. Goldsmith
Mag. David R. Grand

Class Action

**[PROPOSED] ORDER REGARDING COMPLIANCE ISSUES WITH
SETTLEMENT AGREEMENT, ECF NO. 717-2, AND REGARDING
MOTION TO ENFORCE THE ORDER OF THE SPECIAL MASTER, ECF.
NO. 770**

The parties, through their undersigned counsel, having stipulated and agreed to

some of the provisions set out below, and the Court, having resolved other disputed

issues after receiving submissions from and hearing argument by the parties, hereby

orders the following:

**I.   Definitions**

   **A.** All terms used in this Order have the meanings given to such terms in the

*Hamama v. Adducci* Settlement Agreement ("Settlement"), ECF No. 717-

2, as approved in the Order Approving Settlement Agreement and

Dismissing Case, ECF No. 728.

1

II.   [Petitioners] Designation of Senior Official(s) Responsible for *Hamama* Compliance.

A. Within five business days, Respondents shall designate a senior official or group of senior officials ("Designee(s)") at either the Department of Homeland Security Office of Principal Legal Advisor ("OPLA") or ICE Enforcement and Removal Operations ("ERO") as a centralized point of contact with responsibility for the *Hamama* settlement. The Designee(s) may be assisted by other OPLA or ERO staff. ICE shall notify Class Counsel of the name and qualifications of the Designee(s). If the ICE official(s) serving as Designee(s) changes, Respondents shall notify Class Counsel within three business days, and shall provide the name and qualifications of the new Designee(s).

B. The Designee(s) shall:

1. Be responsible for administration of and compliance with the Settlement Agreement ("Settlement"), ECF Nos. 717-2, 728.

2. Oversee any enforcement actions against *Hamama* class members, as defined at Section I.B.12 of the Settlement, irrespective of the location where the class member is located, supervised, arrested, or detained.

3. Personally approve all decisions about enforcement actions, detentions, removals, and the issuance of 90-day notices *prior* to any action being taken by U.S. Immigration and Customs Enforcement ("ICE") against

2

a *Hamama* class member.

C. The Designee(s) shall take all steps necessary to ensure Respondents' compliance with the Settlement, including but not limited to the following:

1. 90-Day Notices: The Designee(s) may, upon request of ICE ERO staff, issue the 90-day notices required under Section IV.B.1 of the Settlement Agreement. Respondents shall not issue such 90-day notices without approval of the Designee(s), and the notice shall include a statement that it was approved by the Designee(s). Respondents shall educate enforcement staff that issuance of a 90-day notice requires the approval of the Designee(s). If a *Hamama* class member is detained without having received a Designee-approved 90-day notice or is detained prior to expiration of the 90-day notice period, the Designee(s) shall determine if one of the exceptions to the 90-day notice applies (*see* Section IV.B.1.a-c of the Settlement), and if not shall ensure that the class member is released within 24 hours.

2. Prior to the initiation of any enforcement action by ICE, as defined in Section I.B.12 of the Settlement, the Designee(s) shall conduct a review of the proposed enforcement action and ensure that prior to its initiation, that Respondents have complied with all applicable provisions of the Settlement. Respondents shall take no enforcement

action against a *Hamama* class member unless it has first been personally approved by the Designee(s).

3. The Designee(s) shall monitor and report to Class Counsel on Compliance, as set out in Section III of this Order and Section VII.A.1 of the Settlement.

## III.   Monitoring and Reporting on Compliance

A. [Petitioners] The Designee(s) [Respondents: Respondents] shall create and maintain a spreadsheet or database of all enforcement actions taken against *Hamama* class members and all 90-day notices served on *Hamama* class members since the effective date of the Settlement.

B. The spreadsheet or database shall include the following information:

1. **Class Member Information**

   a. The name and A # of the class member.

   b. [Petitioners] Whether the class member is Category 1, as defined at Section I.B.3 of the Settlement, or Category 2 as defined at Section I.B.4 of the Settlement. *See* Section II.E.2-3 of the Settlement.

   c. A written description setting out the basis for the class member's classification as Category 1 or Category 2 that is sufficient to show that Respondents applied the Categorization Framework to each class member, pursuant to Sections I.B.5 and II.A-B of the

4

Settlement. *See* Section II.C of the Settlement.

d. The class member's current or last known immigration attorney in the Executive Office of Immigration Review (EOIR) system, including name, address, telephone number, and email address.

e. [Petitioners] The status of the class member's immigration proceedings, including whether the class member has a final order of removal (as defined in Section I.B.13 of the Settlement), an order granting protection from removal (as defined in Section I.B.16 of the Settlement) and/or a stay of removal (as defined in Section I.B.21 of the Settlement).

2. **<u>Information on Enforcement Actions: Arrest and Detention</u>**

a. [Petitioners] The date that the Designee(s) approved the class member's arrest or detention.

b. The date that Respondents arrested or detained the class member.

c. Whether the class member was detained directly from criminal custody.

d. If detained at the time of the report, the name of the detention facility where the class member is detained.

e. [Petitioners] The provision of the Settlement under which Respondents believe that the class member's arrest or detention is authorized.

f. If the class member was released, the date of release and the class member's current address and contact information.

3. **Information on Enforcement Actions: Removal**

a. [Petitioners] The date that the Designee(s) approved the class member's removal.

b. [Petitioners] The date(s) that ICE requested a travel document from Iraq; whether ICE had obtained a travel document from Iraq; the date of the travel document and the date until which it is effective; and whether (i) Iraq has declined to provide a Travel Document for the class member, or (ii) Iraq has determined that the class member is not Iraqi; and (iii) the date of any such determination. *See* Section VII.A.5 of the Settlement. [Respondents: If Iraq has approved a travel document.]

c. [Petitioners] For notices to class members who have an Order Granting Protection from Removal, whether ICE is seeking to remove the class member to a third country, and if so (i) the country/countries to which ICE is seeking to remove the class

member, if known, (ii) the date on which a request was made to the third country/countries to accept the class member; and (iii) whether a third country has agreed to accept the class member for removal and if so, that country and the date on which it agreed to accept the class member. *See* Sections IV.B.4.e and IV.C of the Settlement.

d. For each completed removal, the date that removal was completed and the location, including country and city, to which the class member was removed.

e. [Petitioners] For each pending planned removal, whether a travel itinerary has been obtained, and the week during which removal is scheduled to occur. *See* Section IV.B.4.e of Settlement.

f. For each past planned or attempted removal that was unsuccessful, the date on which removal was planned or attempted, and the reason that removal did not occur. *See* Sections IV.B.4.e and IV.B.5.g of Settlement.

4. **Information on 90-Day Notices**

a. [Petitioners]The date that ICE ERO staff requested approval of the 90-day notice being sent to the class member and the date that the Designee(s) approved the 90-day notice, pursuant to Section IV.B.1 of the Settlement. [Respondents] The date the 90-day notice was

issued to the class member and their attorney, where applicable. Copies of the 90-day notice will continue to be provided under the reporting requirements of Section VII.A.1, which will include the manner in which it was issued.

b. [Petitioners] The date the 90-day notice was issued to the class member and the manner in which it was issued, e.g. mail, hand-delivery. If the notice was mailed, Respondents shall also provide the address to which the notice was mailed and whether the notice was returned as undeliverable.

c. The date the 90-day notice was provided to Class Counsel and to the class member's current or last known immigration attorney, as required under Section VII.A.1 of the Settlement, and the name and contact information for the attorney.

C. Respondents, subject to terms of the Second Amended Stipulated Protective Order, ECF No. 313, shall provide Class Counsel [Petitioners] on a weekly basis until the expiration of the Settlement with [Respondents] the following, on a monthly basis, no later than the 10th day of each month, covering the preceding month, until the expiration of the Agreement:

1. An updated version of the spreadsheet described in Section III.B of this Order. The spreadsheet shall be cumulative, meaning that information

about past detentions, arrests, removals and notices remains in the spreadsheet. The provision of the spreadsheet does not alter Respondents' obligation to comply with other reporting obligations in the Settlement, including notifications about enforcement actions or the issuance of a 90-day notice as required pursuant to Section VII.A.

2. [Petitioners] A copy of any travel document issued by Iraq in the preceding week. *See* Sections IV.B.4.e and IV.B.5.g of Settlement.

3. A copy of any document or communication issued by a third country in the preceding week showing that the third country has agreed to accept a class member for removal. *See* Section IV.C of Settlement.

4. Respondents shall begin reporting the above information to Class Counsel [Petitioners] within ten business days of the entry of this Order [Respondents] in the month following the entry of this Order.

## IV. Revision to EARM Banner and Education of ICE Staff re Settlement

A. In order for Class Counsel to review the adequacy of the banner used within the ENFORCE Alien Removal Module ("EARM") to identify *Hamama* class members and inform ICE staff about the Settlement, Respondents have provided Class Counsel with the banner that has been in place in the EARM system for Hamama class members.

B. To ensure all ICE employees are aware of the terms and conditions of the Agreement, ICE shall maintain the banner in EARM for Hamama class members which states: "Hamama Class Member. Please contact [the Office of the Principal Legal Advisor ("OPLA")] and HQ RIO before taking any enforcement action." ICE shall ensure the EARM banner provides an active link of all Hamama points of contact, including the Deportation Officer assigned to Iraq and the embassy attaché. Respondents shall make the EARM banner for each Hamama class member recurring, such that the banner comes up anytime an ICE employee reviews a Hamama class member's information in EARM. [Petitioners] The banner shall include a link to more detailed instructions, the content of which shall be jointly agreed upon by the parties.

C. Respondents shall ensure that this banner language is included in the profile of each *Hamama* class member, including class members in detention, such that any personnel with access to EARM are aware of (i) a person's status as a Hamama class member, (ii) [Petitioners] the requirement that detention be pre-approved by the Designee(s), and (iii) prior authorization from the Designee(s) is required prior to undertaking any enforcement action or issuing a 90-day notice.

[Respondents] (ii) to contact OPLA for guidance before taking any action.

D. Respondents shall, [Petitioners] within five business days [Respondents] within thirty business days of this Order and every three months thereafter, send a broadcast message to all employees within ICE ERO and detention staff informing them [Petitioners] that they are not permitted to issue a 90-day notice or take any enforcement action against a *Hamama* class member without receiving preclearance from the Designee(s). [Respondents] informing them of the details of the Agreement and its requirements.  Respondents shall provide Class Counsel with a copy of the final language as used in the broadcast message within five business days after it is finalized.

E. Respondents shall include a link to the Updated Broadcast in the EARM banner so that ERO personnel can reference the message when working on a class member's profile.

F. [Petitioners] Respondents shall provide a training for all employees within ICE ERO who interact with or are responsible for *Hamama* class members about the *Hamama* settlement agreement and the protections that are afforded to *Hamama* class members. Respondents shall provide

11

this training to ERO staff no later than thirty (30) days after the entry of this Order.

**V. [Petitioners] Internal Checks for Settlement Compliance**

A. Respondents shall run a query on all *Hamama* class members every two (2) weeks to determine if any enforcement actions have been taken, so that the Designee(s) can ensure Respondents are compliant with the Settlement. Respondents shall begin running these queries within twenty (20) business days of this Order.

B. The Designee(s) shall, within five business days after each query is run, review whether each enforcement action was permissible under the Settlement, and take corrective action if it was not, including immediate release of any *Hamama* class member detained in violation of the Settlement Agreement.

**VI. Remedies in the Event of Future Non-Compliance**

A. If a *Hamama* class member is arrested or detained in violation of the Settlement, including but not limited to any violation of the 90-day notice requirement in Section IV.B.1, the 30-day limitation on detention for Category II class members under Section IV.B.5.g, and the 30-day limitation on detention under Section IV.B.4.d.ii.8 of the Settlement, [Petitioners] Respondents shall immediately release the class member

12

upon learning of the violation. If the parties disagree about whether the Settlement has been violated, the dispute shall be resolved according to the dispute resolution procedures in Section VIII of the Settlement. [Respondents] Respondents shall comply with the terms and conditions contained in the Agreement with regard to release of the class member.

B. [Petitioners] For a 90-day notice to be valid under Section IV.B.1 of the Settlement:

1. The notice must (a) have been issued to a class member who has a final order of removal, (b) be issued on official ICE letterhead and include the date it was issued at the top of the notice, and (c) if issued after the date of this Order, be approved by the Designee(s) prior to issuance and state that it was approved by the Designee(s).

2. Class Counsel must have been informed about the issuance of the notice within seven business days as required in Section VII.A.1 of the Settlement.

3. For class members who have an Order Granting Protection from Removal, as defined in Section I.B.16 of the Settlement, the notice must inform the class member that ICE is seeking to remove them to a third country, identify the country to which the class member is to be sent,

13

and state whether the third country has agreed to accept them. *See* Sections IV.C, VII.A.1, and VII.A.5 of Settlement.

C. Respondents shall rescind all previously issued non-compliant notices in writing. For any previously issued non-compliant 90-day notice, Respondents, before taking enforcement action, must reissue a compliant notice and provide timely notice to Class Counsel. The 90-day period runs from the date of the compliant, properly-issued and properly-reported 90-day notice. *See* Section VI.B of this Order.

## VII. Specific Class Member Reporting

A. Subject to the terms of the Second Amended Stipulated Protective Order, ECF No. 313, Respondents shall provide Class Counsel with the following information:

1. **Class Members Who Were Removed Without Notice to Class Counsel**

   a. As to the following class members, N.T. (AXXX-XXX-778) and S.H (AXXX-XXX-194), [Petitioners] S.M (AXXX-XXX-232, and R.J.B. (AXXX-XXX-215) Respondents shall provide the following information:

      i. An explanation for why Class Counsel was not timely notified in accordance with the Settlement that N.T, S.H. [Petitioners] S.M, and R.J.B had been detained or that they had been removed.

14

i. If they were in custody prior to removal, what date ICE took them into custody, where were they detained, and for how long each of them was detained.

ii. If they came directly from criminal custody.

iii. If they have immigration counsel, and if so, who their attorneys were, and what the attorney's contact information is.

iv. If they received a 90-day notice; if they did receive one:

    (i)   On what date they received the notice.

    (ii)   A copy of the 90-day notice.

    (iii)   If they had an immigration attorney, if a copy was provided to their immigration attorney.

vi. If ICE considered them to be Category 1 or Category 2 class members, and the basis for that classification under the categorization framework set out in Sections II.A-B of the Settlement.

vii. The location to where were they removed.

viii. The travel documents that were used for their removal.

ix. The last known contact information for N.T, S.H. [Petitioners] S.M, and R.J.B and the last known contact information for their emergency contact or closest family member.

2. **[Petitioners] Class Members Who Were Removed Despite the Class Member Having Obtained Documentation from Iraq Declining to Issue Travel Documents or Finding the Class Member Was Not Iraqi**

   a. Pursuant to Section VII.A.5 of the Settlement, all communications with and approvals from Iraq regarding the removal of S.A. (AXXX-XXX-241), including but not limited to communications about the issuance of a laissez passer for S.A, proof that Iraq would accept S.A., and proof of S.A's Iraqi nationality.

   b. All communications with and approvals from Iraq regarding the removal of A.D.N (AXXX-XXX-497), including but not limited to communications about the issuance of a laissez passer travel document for A.D.N, proof that Iraq would accept A.D.N, and proof of A.D.N's Iraqi nationality.

   c. All communications with and approvals from Iraq regarding the removal of F.S. (AXXX-XXX-XX5), including but not limited to communications about the issuance of a laissez passer travel document for F.S., proof that Iraq would accept F.S., and proof of F.S's Iraqi nationality.

VIII. **Issues to be Referred to [Court or Special Master] for Separate Briefing**

16

A. [Petitioners] The issues set out below in Sections VIII.A.1-4 will be briefed before the Special Master, with an option for either party to seek review of the Special Master's adjudication by the District Court: [Respondents] The issues set out below in Sections VIII.A.1-4 will be briefed separately before the District Court:

1. [Respondents: The Court shall resolve the dispute between the parties about] whether, if a *Hamama* class member is arrested or detained in violation of the Settlement, each day the class member spends unlawfully detained shall count toward the detention time limits set out in Sections IV.B.4 and IV.B.5.g of the Settlement.

2. Section IV.B.4.d.ii.8 of the Settlement provides: "Any release ordered by the Special Master does not preclude detention for removal for up to thirty (30) days once an itinerary is finalized and the Class Member has returned to ICE custody." The [Petitioners: Special Master] [Respondents: Court] shall resolve the dispute between the parties about whether this provision:

   a. bars detention of a Category 1 class member who has been ordered released by the Special Master unless ICE has finalized a flight itinerary to Iraq,

b. bars Respondents from redetaining or further detaining a Category 1 class member who the Special Master has ordered released for more than 30 days total (e.g., if a class member ordered released or is released pursuant to a Special Master order, and ICE thereafter obtains a flight itinerary and detains/redetains the class member for 30 days but does not accomplish removal during that time, the class member must be released; ICE can require the class member to report for a subsequently scheduled removal, but cannot detain/redetain the class member prior to removal except for a violation of supervision conditions under Section IV.A), and

c. requires that any period of time that a class member is detained pending the adjudication of an objection to an order for release issued by the Special Master (*see* ECF No. 717-4, PageID.18981, ¶¶ 8-9) shall count toward the 30-day time limit in Section IV.B.4.d.ii.8 of the Settlement.

3. Section IV.B.5.g of the Settlement, provides: "Once ICE has obtained a Travel Document from Iraq, ICE may detain the Class Member for up to thirty (30) days to effectuate removal." The [Petitioners: Special Master] [Respondents: Court] shall resolve the dispute between the parties about whether for Category 2 class members, this provision:

18

    a. bars detention for purposes of removal unless ICE has obtained a travel document to Iraq; and

    b. bars Respondents from detaining Category 2 class members for more than 30 days total (i.e., if ICE obtains a travel document and detains the class member for 30 days but does not accomplish removal during that time, the class member must be released; ICE can require the class member to report for a subsequently scheduled removal, but cannot redetain the class member prior to removal except for a violation of supervision conditions under Section IV.A).

4. The [Petitioners: Special Master] [Respondents: Court] shall resolve the dispute between the parties about whether prior periods of detention shall count towards the limits on detention that are set out in the Settlement, including whether:

    a. For Category 1 class members, each day of unlawful detention shall count towards the 90 days after which, pursuant to Section IV.B.4.d.ii.3 of the Settlement, a class member can file a Motion for Release before the Special Master and the 180 days after which, pursuant to Section IV.B.4.e of the Settlement, a class member can seek an order for release from the Court.

19

   b. For Category 2 class members, each day of unlawful detention shall count toward the 30-day detention maximum set out in Section IV.B.5.g of the Settlement.

B. The parties shall brief these issues before the [Petitioners: Special Master] [Respondents: Court]. Unless otherwise ordered by the [Petitioners: Special Master] [Respondents: Court], the briefing schedule shall be as follows:

- Petitioners shall submit their brief no later than Friday, July 24, 2026.

- Respondents shall submit their brief no later than Tuesday, August 4, 2026.

- Petitioners may submit an optional reply no later than Tuesday, August 11, 2026.

[Petitioners] A party that disagrees with the decision of the Special Master shall have 14 days after that decision to file objections with the District Court, with 14 days for the opposing party to file a response and 7 days for a reply.

## IX. The Dismissal of ECF Nos. 775, 776, Motion to Enforce the Order of the Special Master as Moot.

A. The Parties stipulate and agree that Class Counsel's Motion to Enforce the Order of the Special Master, Nos. 775, 776 are dismissed as moot.

20

## X. Next Steps

A. The Parties stipulate and agree that Respondents shall provide the following by July 8, 2026:

1. Pursuant to Section IV.B.1 of the Settlement, a list of all *Hamama* class members who have received a written notice from ICE that the Class Member has 90 days before ICE will begin finalizing Travel Documents and a travel itinerary, and the date on which each person received the 90-day notice letter from ICE, as requested by Petitioners on April 28, 2026.  This list shall be procured following ICE's audit of all class members and its identification of those who have not received a 90-day notice, but who have been identified as members ICE can begin the process of effectuating removal.

2. Respondents shall provide copies of all newly issued 90-day notices within seven business days of this order.

## XI.     Rescission of Invalid Notices

A. No later than [Petitioners] July 20, 2026 [Respondents] July 31, 2026, Respondents shall rescind in writing any previously-identified 90-day notices about removal to Iraq that were issued to class members with CAT or withholding or removal to Iraq, or who lack a final order of removal. If

Respondents learn of additional such notices, they shall rescind them within seven days.

B. [Petitioners] The parties shall meet and confer to identify all previously-issued 90-day notices that did not comply with Section VI.B. of this Order. Within 10 business days, Respondents shall rescind in writing any notices that do not comply with Section VI.B of this Order.

**IT IS SO ORDERED.**

_____

Hon. Mark A. Goldsmith
U.S. District Judge

Dated: _____, 2026

22