# Exhibit A: Respondents' Updated Proposed Order

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**USAMA JAMIL HAMAMA**, et al.,

    Petitioners and Plaintiffs,

    v.

**REBECCA ADDUCCI**, et al.,

    Respondents and Defendants.

Case No. 2:17-cv-11910
Hon. Mark A. Goldsmith
Mag. David R. Grand

Class Action

**RESPONDENTS' UPDATED PROPOSED ORDER REGARDING COMPLIANCE ISSUES WITH SETTLEMENT AGREEMENT, ECF NO. 717-2, AND REGARDING MOTION TO ENFORCE THE ORDER OF THE SPECIAL MASTER, ECF. NO. 775, 776**

The parties, through their undersigned counsel, having stipulated and agreed to some of the provisions set out below, and the Court, having resolved other disputed issues after receiving submissions from and hearing argument by the parties, hereby orders the following:

## I.   Definitions

A. All terms used in this Order have the meanings given to such terms in the *Hamama v. Adducci* Settlement Agreement ("Agreement"), ECF No. 717-2, as approved in the Order Approving Settlement Agreement and Dismissing Case, ECF No. 728.

1

## II.  Monitoring and Reporting on Compliance

A. Respondents shall create and maintain a spreadsheet of recent enforcement actions taken against *Hamama* class members and the 90-day notices that were served on *Hamama* class members since the effective date of the Settlement.

B.  The spreadsheet shall include the following information:

1. **Class Member Information**

    a.  The name and A # of the class member.

    b.  The class member's current or last known immigration attorney in the Executive Office of Immigration Review (EOIR) system, including name, address, telephone number, and email address.

2. **Information on Enforcement Actions: Arrest and Detention**

    a.  The date that Respondents arrested or detained the class member.

    b.  Whether the class member was detained directly from criminal custody.

    c.   If detained at the time of the report, the name of the detention facility where the class member is detained.

    d.  If the class member was released, the date of release and the class member's current address and contact information.

3. **Information on Enforcement Actions: Removal**

   a. If Iraq has approved a travel document for the class member.

   b. For each completed removal, the date that removal was completed and the location, including country, to which the class member was removed.

4. **Information on 90-Day Notices**

   a. The date the 90-day notice was issued to the class member and their attorney, where applicable. Copies of the 90-day notice will continue to be provided under the reporting requirements of Section VII.A.1, which will include the manner in which it was issued.

C. Respondents, subject to terms of the Second Amended Stipulated Protective Order, ECF No. 313, shall provide Class Counsel the following, on a monthly basis, no later than the 10th day of each month, covering the preceding month, until the expiration of the Agreement:

   1. An updated version of the spreadsheet described in Section III.B of this Order. The spreadsheet shall be cumulative, meaning that information about recent detentions, arrests, removals and notices remains in the spreadsheet. The provision of the spreadsheet does not alter Respondents' obligation to comply with other reporting obligations in

3

the Settlement, including notifications about enforcement actions or the issuance of a 90-day notice as required pursuant to Section VII.A.

2. Respondents shall begin reporting the above information to Class Counsel, in accordance with the foregoing, in the month following the entry of this Order.

## III.  Revision to EARM Banner and Education of ICE Staff re Settlement

A. In order for Class Counsel to confirm ICE ERO's use of a banner within the ENFORCE Alien Removal Module ("EARM") to identify *Hamama* class members and inform ICE ERO about the Settlement, Respondents have provided Class Counsel with the banner that has been in place in the EARM system for *Hamama* class members.

B. To ensure ICE ERO are aware of the terms and conditions of the Agreement, ICE ERO shall maintain the banner in EARM for *Hamama* class members which states: "Hamama Class Member. Please contact [the Office of the Principal Legal Advisor ("OPLA")] and HQ RIO before taking any enforcement action." ICE ERO shall ensure the EARM banner provides an active link of all *Hamama* points of contact, including the Deportation Officer assigned to Iraq and the embassy attaché.

C. Respondents shall ensure that this banner language is included in the profile of each *Hamama* class member, including class members in detention, such that any personnel with access to EARM are aware of (i) a person's status as a *Hamama* class member, (ii) to contact OPLA for guidance before taking any action.

D. Respondents shall ensure the EARM banner for each *Hamama* class member is recurring, such that the banner comes up anytime ICE ERO reviews a *Hamama* class member's information in EARM.

E. Respondents shall, within thirty days of this Order and every three months thereafter, send the Updated Broadcast to all employees within ICE ERO informing them of details of the Agreement and its requirements. Respondents shall provide Class Counsel with a copy of the final language as used in the broadcast message within five business days after it is finalized.

F. Respondents shall include a link to the Updated Broadcast in the EARM banner so that ICE ERO can reference the message when working on a class member's profile.

## IV. Remedies in the Event of Future Non-Compliance

A. If a *Hamama* class member is arrested or detained in violation of the Settlement, including but not limited to any violation of the 90-day notice requirement in Section IV.B.1, the 30-day limitation on detention for

Category II class members under Section IV.B.5.g, and the 30-day limitation on detention under Section IV.B.4.d.ii.8 of the Settlement, Respondents shall comply with the terms and conditions contained in the Agreement with regard to release of the class member.

## V.    Specific Class Member Reporting

A. Subject to the terms of the Second Amended Stipulated Protective Order, ECF No. 313, Respondents shall provide Class Counsel with the following information:

1. **<u>Class Members Who Were Removed Without Notice to Class Counsel</u>**

   a. As to the following class members, N.T. (AXXX-XXX-778), S.H. (AXXX-XXX-194), Respondents shall provide the following information:

      i.   An explanation for why Class Counsel was not timely notified in accordance with the Agreement that N.T. and S.H. had been detained or that they had been removed.

      ii.  If they were in custody prior to removal, what date ICE ERO took them into custody, where were they detained, and for how long each of them was detained.

      iii. If they came directly from criminal custody.

    iv.    If they have immigration counsel, and if so, who their attorneys were, and what the attorney's contact information is.

    v.    If they received a 90-day notice; if they did receive one:

        1.   On what date they received the notice.

        2.  A copy of the 90-day notice.

        3.  If they had an immigration attorney, if a copy was provided to their immigration attorney.

    vi.    If ICE ERO considered them to be Category 1 or Category 2 class members, and the basis for that classification under the categorization framework set out in Sections II.A-B of the Settlement.

    vii.    The location to where were they removed.

    viii.    The travel documents that were used for their removal.

    ix.    The last known contact information for N.T. and S.H., and the last known contact information for their emergency contact or closest family member.

## VI.   Issues to be Referred to the Court for Separate Briefing

A. The parties stipulate that the issues set out below in Sections VIII.A.1-4 will be briefed separately before the District Court:

1. The Court shall resolve the dispute about whether, if a *Hamama* class member is arrested or detained in violation of the Settlement, each day the class member spends unlawfully detained shall count toward the detention time limits set out in Sections IV.B.4 and IV.B.5.g of the Settlement.

2. Section IV.B.4.d.ii.8 of the Agreement provides: "Any release ordered by the Special Master does not preclude detention for removal for up to thirty (30) days once an itinerary is finalized and the Class Member has returned to ICE custody." The Court shall resolve the dispute between the parties about whether this provision:

   a. bars detention of a Category 1 class member who has been ordered released by the Special Master unless ICE has finalized a flight itinerary to Iraq,

   b. bars Respondents from redetaining or further detaining a Category 1 class member who the Special Master has ordered released for more than 30 days total (e.g., if a class member ordered released or is released pursuant to a Special Master order, and ICE ERO thereafter obtains a flight itinerary and detains/redetains the class member for 30 days but does not accomplish removal during that time, the class member must be released; ICE ERO can require the class member to report for a subsequently scheduled removal, but cannot detain/redetain the class

member prior to removal except for a violation of supervision conditions under Section IV.A), and

   c. requires that any period of time that a class member is detained pending the adjudication of an objection to an order for release issued by the Special Master (*see* ECF No. 717-4, PageID.18981, ¶¶ 8-9) shall count toward the 30-day time limit in Section IV.B.4.d.ii.8 of the Settlement.

3. Section IV.B.5.g of the Settlement, provides: "Once ICE has obtained a Travel Document from Iraq, ICE may detain the Class Member for up to thirty (30) days to effectuate removal." The Court shall resolve the dispute between the parties about whether for Category 2 class members, this provision:

   a. bars detention for purposes of removal unless ICE ERO has obtained a travel document to Iraq; and

   b. bars Respondents from detaining Category 2 class members for more than 30 days total (i.e., if ICE ERO obtains a travel document and detains the class member for 30 days but does not accomplish removal during that time, the class member must be released; ICE ERO can require the class member to report for a subsequently scheduled removal, but cannot redetain the class member prior to removal except for a violation of supervision conditions under Section IV.A).

4. The Court shall resolve the dispute between the parties about whether prior periods of detention shall count towards the limits on detention that are set out in the Settlement, including whether:

    a. For Category 1 class members, each day of unlawful detention shall count towards the 90 days after which, pursuant to Section IV.B.4.d.ii.3 of the Settlement, a class member can file a Motion for Release before the Special Master and the 180 days after which, pursuant to Section IV.B.4.e of the Settlement, a class member can seek an order for release from the Court.

    b. For Category 2 class members, each day of unlawful detention shall count toward the 30-day detention maximum set out in Section IV.B.5.g of the Settlement.

B. The parties shall brief these issues before the Court. Unless otherwise ordered by the Court, Respondents propose the following condensed briefing schedule:

- Petitioners shall submit their opening brief no later than seven days following the Court's entry of this Order.

- Respondents shall submit their response no later than seven days from the date Petitioners file their opening brief.

- Petitioners may submit an optional reply no later than five days from the date Respondents file their response.

- Respondents may submit an optional sur-reply no later than five days from the date Petitioners file their optional reply brief.

## VII. Dismissal of ECF Nos. 775, 776, Motion to Enforce the Order of the Special Master as Moot.

The Parties stipulate and agree that Class Counsel's Motion to Enforce the Order of the Special Master, Nos. 775, 776 are dismissed as moot.

**IT IS SO ORDERED.**

_____

Hon. Mark A. Goldsmith
U.S. District Judge

Dated: _____, 2026

11