IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**USAMA JAMIL HAMAMA, et al.,**

Petitioners and Plaintiffs,

v.

**REBECCA ADDUCCI, et al.,**

Respondents and Defendants.

Case No. 2:17-cv-11910
Hon. Mark A. Goldsmith
Mag. David R. Grand

Class Action

**PETITIONERS' MOTION TO FILE SUPPLEMENTAL STATEMENT REGARDING DEVELOPMENTS SINCE PRIOR BRIEFING (ECF NOS. 786, 789, 790, 791) REGARDING COMPLIANCE FAILURES WITH SETTLEMENT AGREEMENT, ECF NO. 717-2**

The Court has set a hearing on the proposed order on settlement compliance (ECF No. 799) for October 28, 2026. Briefing related to that proposed order was completed in July 2026. Petitioners seek the Court's permission to file a supplemental statement that will (1) provide updated information on developments since briefing was completed in July 2026; and (2) apprise the Court about areas where the parties have reached agreement. The proposed supplemental statement is attached as Exhibit A.

Respondents object to the supplemental statement but concur with the merged proposed order.

Respectfully Submitted,

s/Miriam Aukerman
Miriam Aukerman (P63165)
American Civil Liberties Union
Fund of Michigan
1514 Wealthy SE, Suite 260
Grand Rapids, MI 49506
(616) 301-0930
maukerman@aclumich.org

Nara Gonczigsuren Orantes (P85778)
Ramis J. Wadood (P85791)
Bonsitu Kitaba-Gaviglio (P78822)
American Civil Liberties Union
Fund of Michigan
2966 Woodward Ave.
Detroit, MI 48201
(313) 578-6800
gonczinj@aclumich.org
rwadood@aclumich.org
bkitaba@aclumich.org

Kimberly L. Scott (P69706)
Cooperating Attorney, ACLU
Fund of Michigan
Miller, Canfield, Paddock, & Stone,
PLC
101 N. Main St., 7th Floor
Ann Arbor, MI 48104
(734) 668-7696
scott@millercanfield.com

*Counsel for Plaintiffs-Petitioners*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**USAMA JAMIL HAMAMA, et al.,**

Petitioners and Plaintiffs,

v.

**REBECCA ADDUCCI, et al.,**

Respondents and Defendants.

Case No. 2:17-cv-11910
Hon. Mark A. Goldsmith
Mag. David R. Grand

Class Action

**PETITIONERS' SUPPLEMENTAL STATEMENT REGARDING DEVELOPMENTS SINCE PRIOR BRIEFING (ECF NOS. 786, 789, 790, 791) REGARDING COMPLIANCE FAILURES WITH SETTLEMENT AGREEMENT, ECF NO. 717-2**

## Introduction

In advance of the status conference on October 28, 2026, Petitioners write to update the Court on developments since briefing concluded in July on Respondents' non-compliance with the settlement agreement. On the positive side, the parties continue to work together to resolve violations as they occur. The parties have also narrowed some of their disputes, as further set out below. A proposed revised order is attached as Exhibit 1. On the negative side, the sheer volume of 90-day notices issued by the government, coupled with the scope of violations and the lack of regular standardized reporting, has made it extremely difficult for Class Counsel to

ensure that class members are receiving the protections of the settlement to which they are entitled.

**Mass Issuance of 90-Day Notices with Subsequent Mass Recissions Due to Invalidity of Notices Has Made Monitoring for Compliance Difficult**

Under the Settlement Agreement, the government must send out 90-day notices before detaining a class member for removal. After Petitioners raised Respondents' repeated non-compliance with that provision, Respondents decided to send out hundreds of 90-day notices. Many of these notices were invalid. The government agreed to rescind the invalid notices, *see* ECF No. 791, PageID.20402, and then reissued additional notices.

The result, as detailed in the attached declaration of Kathryn Haroney, has been a deluge of documents that have made it extremely difficult for Class Counsel to monitor compliance. Petitioners' best estimates are that Respondents have provided some 968 documents related to 90-day notices. However, Petitioners still do not know the actual number of individual 90-day notices that have been issued or the total number of affected class members. Petitioners' best estimates are that Respondents have rescinded approximately 476 notices. The notices are rife with errors. At least 64 notices were sent to class members who did not have final orders, or who had withholding or protection under the Convention Against Torture. Almost 300 notices were not timely sent to Class Counsel. For as many as 625 notices, Class

Counsel has been unable to confirm whether notice was timely sent to immigration counsel. *See* Haroney Declaration, Ex. 2.

Because of the volume of notices, rescission notices, and reissued notices, and because of the piecemeal nature in which they are provided, it has been extremely difficult for Class Counsel to monitor settlement compliance. In addition to the previously reported violations (*see* ECF Nos. 786, 790) and the systematic problems with issuance of the notices, Class Counsel has identified two additional instances where class members were detained in violation of the Settlement Agreement. *See* Haroney Declaration, Ex. 2, ¶ 25. Most concerning is that Class Counsel cannot know what additional violations may be occurring that are simply unreported. These continuing problems support Petitioners' core requests including the designation of a senior official responsible for compliance (Proposed Order, Ex. 1, Section II), weekly reporting by Respondents on a consolidated spreadsheet (*id.*, Section III), and regular internal checks by ICE for settlement compliance (*id.*, Section V).

**What Constitutes a Valid Notice Should Be Set Out in the Order**

Defendants have agreed to rescind 90-day notices issued to class members who (1) did not have a Final Order of Removal; (2) were granted Withholding of Removal to Iraq; (3) were granted protection from removal to Iraq under the Convention Against Torture (CAT); or (4) whose copy of the prior 90-day Notice was not provided to Class Counsel. *See* Respondents' Sur-Reply, ECF No. 791,

PageID.20402. Respondents have been rescinding these invalid notices, though this sometimes requires Class Counsel to first notify Respondents why a particular notice is invalid. *See* Haroney Declaration, Ex. 2.

Despite this apparent agreement on what constitutes valid notice under the Settlement Agreement, Respondents oppose including a provision in the order that sets out what constitutes valid notice. *See* Proposed Order, Ex. 1, Section VI.B. Respondents have suggested that this issue is now moot because they have rescinded the invalid notices. However, issuance of notices is ongoing, and Class Counsel continue to find invalid notices. *See* Haroney Declaration, Ex. 2, ¶ 17. So that both parties are clear about what is and is not valid notice, that information should be included in the Court's order.

**Inclusion of Seven-Day Notice Information and Attorney Notice Information in Government Spreadsheets**

As reflected in Section III.B of the Proposed Order, Ex. 1, the parties agree on some information that should be contained in the government's spreadsheets, but disagree on other information. Since that list was developed, the government has started regularly using a 7-day notice when it engages in an enforcement action (e.g., detention). *See* Ex. 3 (Redacted Sample 7-Day Notice). The government's weekly spreadsheet should therefore include information on those notices. Further, as there appear to be systemic problems with provision of notice to immigration counsel

and/or verification thereof, *see* Haroney Declaration, Ex. 2, ¶¶ 12.c, 21, such information should also be provided.

**Areas of Agreement**

The parties have been able to resolve three previously disputed issues. First, the parties agree that what was Section VIII of the 7/1/2026 Proposed Order, ECF No. 790-1 (Issues to Referred to [Court or Special Master] for Separate Briefing) can be deleted. To avoid any unnecessary briefing, the parties have agreed that these issues can be adjudicated if and when they arise in relation to individual class members.

Second, Plaintiffs have agreed to drop their request that the EARM Banner also contain a link to detailed instructions. *See* 7/1/2026 Proposed Order, Section IV, ECF No. 790-1.

Third, Plaintiffs have agreed to drop their request for information about class member S.M. *See* 7/1/2026 Proposed Order, Section VII, ECF No. 790-1.

These revisions are reflected in the updated Proposed Order, Ex. 1.

Respectfully Submitted,

s/Miriam Aukerman
Miriam Aukerman (P63165)
American Civil Liberties Union
Fund of Michigan
1514 Wealthy SE, Suite 260
Grand Rapids, MI 49506
(616) 301-0930
maukerman@aclumich.org

Nara Gonczigsuren Orantes (P85778)
Ramis J. Wadood (P85791)
Bonsitu Kitaba-Gaviglio (P78822)
American Civil Liberties Union
Fund of Michigan
2966 Woodward Ave.
Detroit, MI 48201
(313) 578-6800
gonczinj@aclumich.org
rwadood@aclumich.org
bkitaba@aclumich.org

Kimberly L. Scott (P69706)
Cooperating Attorney, ACLU
Fund of Michigan
Miller, Canfield, Paddock, & Stone,
PLC
101 N. Main St., 7th Floor
Ann Arbor, MI 48104
(734) 668-7696
scott@millercanfield.com

*Counsel for Plaintiffs-Petitioners*