IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **USAMA JAMIL HAMAMA, et al.,** | |
| Petitioners and Petitioners, | Case No. 2:17-cv-11910<br>Hon. Mark A. Goldsmith<br>Mag. David R. Grand |
| v. | |
| **REBECCA ADDUCCI, et al.,** | Class Action |
| Respondents and Defendants. | |

**RESPONDENTS' MOTION TO FILE SUPPLEMENTAL STATEMENT REGARDING THE PARTIES' UPDATED MERGED PROPOSED ORDER**

The Court held a hearing on the proposed order regarding settlement compliance (ECF No. 799) on October 28, 2026. Respondents seek the Court's permission to file a supplemental statement that will (1) apprise the Court about areas where the parties have reached agreement, and (2) provide clarity regarding an area of disagreement: Petitioners' request for a Court-appointed designee and/or preapproval process. The supplemental statement is attached hereto. The parties updated merged proposed order may be found at ECF No. 801-1.

Petitioners do not oppose this motion, provided they may file a reply to Respondents' response within one (1) business day.

Respectfully Submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

ANTHONY P. NICASTRO
Director

AUGUST E. FLENTJE
Deputy Director

WILLIAM C. SILVIS
CARA E. ALSTERBERG
Assistant Directors

ANDREW C. ABRAMS
Trial Attorney

*/s/ Camila Yori*
CAMILA YORI
Trial Attorney
U.S. Department of Justice
Civil Division
Office of Immigration Litigation
P.O. Box 878. Ben Franklin Station
Washington, DC 20044
Tel: (202) 880-0385
camila.yori2@usdoj.gov

*Counsel for Defendants-Respondents*

Date: November 6, 2026

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **USAMA JAMIL HAMAMA, et al.,** | |
| Petitioners and Petitioners, | Case No. 2:17-cv-11910<br>Hon. Mark A. Goldsmith<br>Mag. David R. Grand |
| v. | |
| **REBECCA ADDUCCI, et al.,** | Class Action |
| Respondents and Defendants. | |

**RESPONDENTS' SUPPLEMENTAL STATEMENT REGARDING THE PARTIES' UPDATED MERGED PROPOSED ORDER**

**Introduction**

The Court held a hearing on the proposed order of settlement compliance (ECF No. 799) on October 28, 2026, at 10:30 a.m. On the eve of the hearing, Petitioners filed a motion for leave to file a supplemental statement. The motion attached the supplemental statement and a detailed affidavit. *See* ECF Nos. 800, 800-3 (Oct. 27, 2026 Declaration of Kathryn Haroney) ("Haroney Decl."). At the hearing, the Court gave the parties the opportunity to keep working toward agreement and to

file a final, updated merged proposed order. On November 3, 2026, the Court granted Petitioners motion.[1]

Respondents respectfully submit this Supplemental statement to update the Court on the parties' efforts to finalize the proposed order addressing compliance issues with the *Hamama* Settlement Agreement, ECF No. 717-2. *See also* ECF Nos. 786, 789, 790, 791.

## I. Areas of Agreement and Updated Merged Proposed Order

The parties met, engaged in productive discussions, and resolved three previously disputed issues. First, Respondents agree to Section V of the 10/27/2026 Parties' Updated Proposed Order, ECF No. 800-2 (Internal Checks for Settlement Compliance). Here, Respondents agree to conduct a weekly check to ensure all enforcement actions have been properly recorded.

Second, Respondents agree to formalize what constitutes a valid 90-day notice and the circumstances in which a 90-day notice may be rescinded.

---

[1] Petitioners filed their supplemental statement at 8:20 p.m. the night before the hearing. Respondents have not had the opportunity to review the statements and the enclosed affidavit or respond to the filing because they have been diligently negotiating with Plaintiffs to try to find agreement on the proposed order. Respondents object to the allegations contained in the Haroney Declaration as they have not yet had a chance to investigate or substantiate the claims made by the declarant.

Lastly, Respondents have agreed to add additional contents to the agreed upon spreadsheet, including class member addresses and information about the 7-day notices.

## I. Areas of Disagreement

The parties disagree on Petitioners' request for a Court-appointed designee and/or preapproval process. *See* ECF No. 801-1, Section II. Respondents believe this remaining dispute arises from a misunderstanding of how the agency is structured and how it operates, and not from a basic disagreement about the Settlement Agreement's goals or the parties' commitment to compliance.

Respondents maintain that the size and structure of the agency and nature of immigration enforcement do not permit a scenario where a single official, or designee, could be appointed to oversee the compliance of the *Hamama* Agreement or implement a pre-approval process.

On a large scale, the Department of Homeland Security ("DHS") is a department comprised of multiple operational and support components responsible for protecting the homeland, including agencies such as U.S. Immigration and Customs Enforcement ("ICE"), U.S. Customs and Border Protection, U.S. Citizenship and Immigration Services. See U.S. Department of Homeland Security, *Organizational Chart*, https://www.dhs.gov/organizational-chart (last visited Nov. 6, 2026). ICE is one of the principal operational agencies within DHS and conducts

immigration enforcement, customs enforcement, and homeland security investigations. ICE's Enforcement and Removal Operations ("ERO") are responsible for operations across the 24 field offices, including arrests, the management of detention centers, and removal operations. U.S. Immigration and Customs Enforcement, *Enforcement and Removal Operations*, U.S. Dep't of Homeland Sec., https://www.ice.gov/ero.

Within ICE, OPLA serves as the agency's chief legal office and principal legal component, providing legal counsel and representation in support of ICE's mission. U.S. Immigration and Customs Enforcement, *Office of the Principal Legal Advisor*, U.S. Dep't of Homeland Sec., https://www.ice.gov/opla (last visited Nov. 6, 2026). OPLA is organized into several divisions and functional areas, including the Enforcement and Removal Operations Law Division, Homeland Security Investigations Law Division, District Court Litigation Division ("DCLD"), and other specialized legal divisions. *See* U.S. Immigration and Customs Enforcement, *Organizational Structure*, U.S. Dep't of Homeland Sec., https://www.ice.gov/leadership/organizational-structure (last visited Nov. 6, 2026); U.S. Immigration and Customs Enforcement, *Enforcement & Litigation*, Office of the Principal Legal Advisor, U.S. Dep't of Homeland Sec., https://www.ice.gov/opla/enforcement-litigation (last visited Nov. 6, 2026).

DCLD is the component that serves as agency counsel for ERO in federal district court litigation and is responsible for managing and overseeing complex litigation matters, including nationwide and class-action lawsuits, such as the *Hamama* litigation. U.S. Immigration and Customs Enforcement, *Enforcement & Litigation*, Office of the Principal Legal Advisor, U.S. Dep't of Homeland Sec., https://www.ice.gov/opla/enforcement-litigation (last visited Nov. 6, 2026). With respect to the *Hamama* litigation, DCLD maintains a dedicated team consisting of three line attorneys and one supervising manager who focus exclusively on the case and interact on a daily basis with ERO personnel.

Respondents maintain that the dedicated team of qualified attorneys at OPLA who manage compliance for the agency and counsel the ERO are in the best position to oversee the *Hamama* Settlement Agreement. These attorneys understand the day-to-day operations and have the expertise necessary to provide guidance to the field offices on the letter of the Settlement Agreement. Additionally, Respondents have agreed to additional safeguards, such as weekly queries, to prevent future violations through the existing chain of command. Thus, the existing compliance framework already includes subject-matter expertise, routine monitoring, and established supervisory channels. These measures provide sufficient oversight and early detection of potential compliance issues, thereby addressing the concerns that a

centralized monitoring structure is intended to remedy and avoiding the impracticability of restructuring how the agency operates.

Respectfully Submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

ANTHONY P. NICASTRO
Director

AUGUST E. FLENTJE
Deputy Director

WILLIAM C. SILVIS
CARA E. ALSTERBERG
Assistant Directors

ANDREW ABRAMS
Trial Attorney

*/s/ Camila Yori*
CAMILA YORI
Trial Attorney
U.S. Department of Justice
Civil Division
Office of Immigration Litigation
P.O. Box 878. Ben Franklin Station
Washington, DC 20044
Tel: (202) 880-0385
camila.yori2@usdoj.gov

*Counsel for Defendants-Respondents*

Date: November 6, 2026